FILED

DEC 1 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
In re                          )   Case No:
                               )
FREDERICK LEE BAKER,           )     Cal. Supreme Ct S1564499
                               )
On Habeas Corpus.              )   Monterey County
                               )   Superior Court No. HC-4990
                               )
```

CV 07    6289 CW

(PR)

PETITIONER'S DECLARATION(S)
1 through 4 IN SUPPORT OF
PETITION FOR WRIT OF HABEAS
CORPUS

Frederick L. Baker
Correctional Training Facility
Central-Facility
C-22918
P.O. Box 689, B-321
Soledad, CA 93960-0689

```
Fred L. Baker
Correctional Training Facility
Central Facility
C-22918
P.O. Box 689, B-321
Soledad, CA 93960-0689

Petitioner in Pro Per
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT

| | |
|---|---|
| In re ) | Case No. |
| ) | |
| FRED L. BAKER, ) | DECLARATION BY PETITIONER OF |
| ) | COURT ABUSING ITS DISCRETION |
| ) | IN DENYING PETITIONER'S HABEAS |
| ) | PETITION IN VIOLATION OF THE |
| ) | RULES GOVERNING HABEAS CORPUS |
| ) | PROCEDURE, PENAL CODE SECTION(S) |
| On Habeas Corpus. ) | 1480 AND 1484 |
| ) | |

I Fred L. Baker, declare:

1.    That it is the function of the court to discover the truth of factual allegations set forth by a habeas petitioner, and to provide justice by fashioning a remedy where the petitioner has stated a prima facie case.

2.    The most important factual allegation in Petitioner's habeas corpus petition were that Respondent lost the second tape that contained the critical information needed to complete the record for review.

3.    That by the court failing to compel Respondent to respond to the material factual allegations set forth in the habeas petition, the court failed to follow the procedures that govern habeas corpus proceedings of fulfilling its function

-1-

in determining what material issues are truly disputed.

4.  That by failing to compel Respondent to respond to the factual allegations set forth in the petition, the court failed its function of determining what material issues are truly disputed.

5.  That by Respondent failing to address the factual allegations of the missing tape; the statutes and regulations defining the distinction between the process of reviewing the record and the means of recording the hearing/decision; to analyze and address the equitable remedy fashioned by the court; and to follow the court order, they failed to narrow the facts and issues that are truly in dispute preventing Petitioner from controverting those facts.

6.  That by Respondent failing to address the material factual allegations the return was defective in two ways; It failed to fulfill its function of narrowing the facts and issues to those that are truly in dispute; and prevent habeas corpus Petitioner from controverting those facts.

7.  That the goal of procedure that govern habeas corpus proceedings is to provide framework in which court can discover truth and do justice in timely fashion.

8.  That because the court did not have before it the facts and issues disputed, nor there controverted, it could not identify the material factual issues actually in dispute. Accordingly, Petitioner did not receive a full and fair determination of the material factual allegations that form the basis of the habeas petition.

-2-

Decl.(1) of Fred L. Baker in Supp. of the Writ of Habeas Corpus

9. That the court abused its discretion in denying Petitioner's habeas petition in not following the rules governing habeas procedure. If sworn as a witness, I would be competent to testify to the facts contained herein this declaration because they are within my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 12/4, 2007, at Soledad, California.

*[signature]*
FRED L. BAKER
Petitioner in Pro Per

-3-

Decl.(1) of Fred L. Baker in Supp. of the Writ of Habeas Corpus

Fred L. Baker
Correctional Training Facility
Central-Facility
C-22918
P.O. Box 689, B-321
Soledad, CA 93960-0689

Petitioner in Pro Per

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT

In re                              )   No.
                                   )
    FRED L. BAKER,                 )   DECLARATION OF FRED L. BAKER
                                   )   INSUPPORT OF WRIT OF HABEAS
On Habeas Corpus.                  )   CORPUS.
_____)

    I Fred L. Baker declare:

    1. That my codefendant in Case No. CR 17643 was Vernice Rose Habbitt.

    2. The only time Steven Scoby-Canado was involved in the trial proceedings is when he was called as a witness for the Prosecution against Habbitt and testified to the following: 1) His relationship with other participants; 2) They had all lived in Perris; 3) that he lived in an apartment near Wood Road in Perris with his parents, his sister defendant Habbitt and another sister; 4) that at about 4 A.m. on the night in question he was arrested at the apartment of yet another sister; 5) that he arrived there in a red Vega and that the first time he saw the red Vega was on Wood Road. Thereafter

-1-

he refuse to answer any further questions and the court found him in contempt.

3. That Steven Scoby-Canado was adjudicated as a juvenile in the Juvenile Court system.

4. That at no point in the Appellate decision for case no. CR 17643 or Case No. 4 Crim 12415 does it states that Steven Scoby-Canado and I were tested for gunshot residue and only my test came back positive for gunshot residue.

5. That codefendant Early Ferris admitted that defendant Scoby-Canado also shot Mr. Dixon.

6. That ballistics test indicated that only one of the two bullets recovered from Mr. Dixon was tested due to damage. If sworn as a witness, I would be competent to testify to the facts contained herein because they are within my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 12/4, 2007, at Soledad, California.

FRED L. BAKER
Petitioner in Pro Per

-2-
Decl.(2) of Fred L. Baker in Supp. of the Writ of Habeas Corpus

```
Fred L. Baker
Correctional Training Facility
Central-Facility
C-22918
P.O. Box 689, B-321
Soledad, CA 93960-0689

Petitioner in Pro Per
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT

| | |
|---|---|
| In re ) | Case No. |
| ) | |
| **FRED L. BAKER,** ) | DECLARATION BY PETITIONER OF |
| ) | RESPONDENT'S FAILURE TO FOLLOW |
| ) | THE RULES GOVERNING HABEAS |
| ) | CORPUS PROCEDURE DENYING |
| ) | PETITIONER A FULL AND FAIR |
| ) | DETERMINATION OF THE FACTUAL |
| ) | ALLEGATIONS THAT FORM THE BASIS |
| **On Habeas Corpus.** ) | OF THE HABEAS PETITION |
| ) | |

I Fred L. Baker, declare:

1. The most important factual allegation in Petitioner's habeas corpus petition were that Respondent lost the second tape that contained the critical information needed to complete the record for review. If sworn as a witness, I would be competent to testify to the facts contained herein because they are within my personal knowledge.

2. That Respondent has the burden of producing the record.

3. That Respondent has failed to satisfy its burden of producing the record.

4. That Respondent failed to address the factual allegations of the missing tape.

-1-

Decl.(3) of Fred L. Baker in Supp. of Writ of Habeas Corpus

5. That Respondent failed to address the statutes and regulations defining the distinction between the process of reviewing the record and the means of recording the hearing/decision.

6. That Respondent failed to analyze and address the equitable remedy fashioned by the court.

7. That Respondent failed to follow the court order.

8. That because of Respondent's failure to follow the rules that govern habeas procedure by not responding, Petitioner did not receive a full and fair determination of the factual allegations that form the basis of the habeas petition.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 12/4, 2007, at Soledad, California.

FRED L. BAKER
Petitioner in Pro Per

-2-

Decl.(3) of Fred L. Baker in Supp. of the Writ of Habeas Corpus

```
Fred L. Baker
Correctional Training Facility
Central-Facility
C-22918
P.O. Box 689, B-321
Soledad, CA 93960-0689

Petitioner in Pro Se
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT

| In re | ) | Case No. |
|---|---|---|
| FREDERICK LEE BAKER, | ) | DECLARATION OF PETITIONER IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS |
| On Habeas Corpus. | ) | |

I, Frederick L. Baker, declare:

1. That I am a resident of the State of California and the Petitioner in the above entitled matter. If sworn as a witness, I would competently testify to the facts contained herein because they are within my personal knowledge.

2. That on September 24, 2004, the Board of Parole Hearings ("Board") held my seventh parole consideration hearing at the Correctional Training Facility in Soledad. (BT at p. 1.)

3. That in applying the legal principles of Penal Code Sections 3041, 3042 and the Rules and Regulations governing parole consideration hearings for life inmates to this case, the Board panel determined that I was no longer a threat to public safety and set my base term. (Exh. A & BT at pp. 5-6.)

-1-

Decl.(4) of Fred L. Baker in Supp. of the Petition for Writ of Habeas Corpus

4. That the victim (Pen. Code § 3043, subd. (b)), the deputy district attorney (id., § 3042, subd. (a)), and myself and my attorney (id., § 3041.5, subd. (a)(2)), were given the opportunity to voice our opinions. (Exh. K at p. 9, lns 1-2.)

5. That deputy commissioner Rolando Mejia recorded (2) two tapes during the proceedings. (See BT at pp. 1, 43, & 84; see also Pen. Code § 3042, subd. (b).)

6. That the Board panel recorded onto the second tape the summary of its findings with supporting reasons from the BPT-1000(b) grant worksheet generated at the hearing.

7. That shortly thereafter, the panel gave me a copy of its findings with the affixation "PAROLE GRANTED." (Exh. A.)

8. That on September 28, 2004, I signed the notice and conditions of parole. Which included, the conditions I was required to meet to be paroled, and I was also informed of the consequences of failure to meet those conditions. (See Exh(s) A and B.)

9. That subsequent of the September 2004 hearing, the Board failed to produce all tapes for transcription. (BT at pp. 84-85.)

10. That the Board either lost or misplaced the second tape. (See BT at p. 85, lns 3-4; Exh. N at p.2, lns 13-14; Pen. Code § 3042, subd. (b).)

-2-

Decl.(4) of Fred E. Baker in Supp. of the Petition for Writ of Habeas Corpus

1    11.    That on December 14, 2004, the Board sitting en banc overturned the finding of suitability (Exh. D) on the conclusionary statement of the Decision Review Unit that "due to an apparent malfunction of the recording equipment, that the decision portion of the hearing cannot be transcribed." (See Exh. C.)

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on 12/4, 2007 at Soledad, California.

*[signature]*

FREDERICK LEE BAKER
Petitioner in Pro Se

-3-

Decl.(4) of Fred L. Baker in Supp. of the Petition for Writ of Habeas Corpus