## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re                          )    Case No:
                               )
    FRED L. BAKER,             )    Crim
                               )
        Petitioner.        )    Monterey County Superior
_____)    Court No. HC 04990

---

**EXHIBITS: A thru Z**

---

**BOARD TRANSCRIPT**

---

Fred L. Baker C-22918
Correctional Training Facility
P.O. Box 689, B-321
Soledad, CA 93960-0689

# EXHIBIT "A"

BOARD OF PRISON TERMS                                                          STATE OF CALIFORNIA

# LIFE PRISONER: PAROLE CONSIDERATION
## PROPOSED DECISION (BPT §2041)

[  ]    PAROLE DENIED

If this proposed decision denying parole is approved, the Board will send you a copy of the approved decision, including the reasons for denial of parole, within 30 days of the hearing.

II.    [X]    PAROLE GRANTED    *Do NOT release pending decision Review.*

A.  Base Period of Confinement ................................................. _180_ Months

Case No. _____ Count No. _____ Offense _____

B.  Firearm Enhancement ................................................ + _____ Months

C.  Other Crimes Total ................................................ + _68_ Months

Case No. _____ Count No. _____ Offense _____ _____ mos.

Case No. _____ Count No. _____ Offense _____ _____ mos.

Case No. _____ Count No. _____ Offense _____ _____ mos.

D.  Total Term ................................................ = _248_ Months

E.  Postconviction Credit From _7/31/87_ To _9/24/04_ − _60_ Months
                              (Date)            (Date)

F.  Total Period of Confinement ................................. = _188_ Months

The period of confinement indicated is a tentative decision proposed by this panel. The decision will be reviewed pursuant to BPT §2041, and, if approved, a copy of the approved decision will be sent to you within 30 days. At that time appropriate pre-prison credits will be applied and a parole release date computed.

You will not engage in any conduct specified in BPT §2451. Such conduct may result in rescission or postponement of your parole date.

If the proposed decision denying or granting parole is disapproved, you will receive a copy of the proposed decision and the reasons for disapproval. You will then receive a copy of the modified decision or will be scheduled for a new hearing, as appropriate.

### PANEL HEARING CASE

ne  *Susan Fisher*                                          Date _9/24/04_

ne  *R. Bordonja*                                           Date _9/24/04_

ne                                                          Date

| | | | |
|---|---|---|---|
| *BAILER, Fred* | CDC NUMBER | INSTITUTION | HEARING DATE |
| | _C 22918_ | _CTF-S_ | _9/24/04_ |

Distribution: White—C. File.
Canary—BPT
Pink—Prisoner

1005 (Rev. 8/1/81)

# EXHIBIT "B"

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS
NOTICE AND CONDITIONS OF PAROLE
CDC 1515 (Rev 05/01)

You will be released on parole effective_____, 20_____ for a period of_____. This parole
   ubject to the following notice and conditions. Should you violate conditions of this parole, you are subject to arrest, suspension and/or revocation of your
   .role.

You waive extradition to the State of California from any state or territory of the United States or from the District of Columbia. You will not contest any effort
to return you to the State of California.

When the Board of Prison Terms determines, based upon psychiatric reasons, that you pose a danger to yourself or others, the Board may, if necessary for
psychiatric treatment, order your placement in a community treatment facility or state prison or may revoke your parole and order your return to prison.

You and your residence and any property under your control may be searched without a warrant by an agent of the Department of Corrections or any law
enforcement officer.

If another jurisdiction has lodged a detainer against you, you may be released to the custody of that jurisdiction. Should you be released from their custody
prior to the expiration of your California parole, or should the detainer not be exercised, you are to immediately contact the nearest Department of Corrections'
Parole and Community Services Division Office for instructions concerning reporting to a parole agent.

You have been informed and have received in writing the procedure for obtaining a Certificate of Rehabilitation (4852.21 PC).

**CONDITIONS OF PAROLE**

**1. SPECIAL CONDITIONS MUST:** a) Relate to the crime for which you were convicted, b) Relate to conduct which is itself criminal, c) Prohibit conduct
which may be related to future criminality. You are subject to the following special conditions: _____

_TO   BE   DETERMINED   BY   P&CSD._

_____

Reasons for the imposition of special conditions of parole: _____

_____

_____

_____ I acknowledge my special conditions of parole.     _____     _____
Parolee's Initials                                              SIGNATURE OF UNIT SUPERVISOR        DATE SIGNED

**2. RELEASE, REPORTING, RESIDENCE AND TRAVEL:** Unless other arrangements are approved in writing, you will report to your parole agent on the
  ˑst working day following your release. Any change of residence shall be reported to your parole agent in advance. You will inform your parole agent within
   2 hours of any change of employment location, employer or termination of employment.

**3. PAROLE AGENT INSTRUCTIONS:** You shall comply with all instructions of your parole agent and will not travel more than 50 miles from your residence
without his/her prior approval. You will not be absent from your county of residence for a period of more than 48 hours and not leave the State of California
without prior written approval of your parole agent.

**4. CRIMINAL CONDUCT:** You shall not engage in conduct prohibited by law (state, federal, county or municipal). You shall immediately inform your parole
agent if you are arrested for a felony or misdemeanor crime. Conduct prohibited by law may result in parole revocation even though no criminal conviction
occurs.

**5. WEAPONS:** You shall not own, use, have access to, or have under your control: (a) any type of firearm or instrument or device which a reasonable person
would believe to be capable of being used as a firearm or any ammunition which could be used in a firearm: (b) any weapon as defined in state or federal statutes
or listed in California Penal Code Section 12020 or any instrument or device which a reasonable person would believe to be capable of being used as a weapon
as defined in Penal Code Section 12020; (c) any knife with a blade longer than two inches, except kitchen knives which must be kept in your residence and knives
related to your employment which may be used and carried only in connection with your employment; or (d) a crossbow of any kind.

**6.** You shall sign this parole agreement containing the conditions of parole specified in Board of Prison Terms (BPT) Rules Section 2512 and any special conditions
imposed as specified in BPT Rules Section 2513. Penal Code Section 3060.5 provides that the BPT shall revoke the parole of any prisoner/parolee who refuses
to sign the Notice and Conditions of Parole. You have the right to appeal the special conditions of parole. Special conditions imposed by the Parole and Community
Services Division may be appealed pursuant to California Code of Regulations (CCR), Section 3084 and 3085. Special Conditions of parole imposed by the
BPT may be appealed pursuant to CCR, Section 2050.

**I have read or have had read to me and understand the conditions of parole as they apply to me.**

| CDC NUMBER | PAROLEE NAME (Print or Type) | PAROLEE SIGNATURE | DATE SIGNED |
|---|---|---|---|
| C-22918 | BAKER, Fred L. | F. Bak | 9/28/04 |

**TO BE COMPLETED BY STAFF:**
Does the inmate/parolee have a qualifying disability requiring effective communication? ☐ Yes   ☑ No
If yes, cite the source document and/or observations: _____
  ˑhat type of accommodation/assistance was provided to achieve effective communication to the best of the inmate's/parolee's ability?
_____

| STAFF NAME (Print or Type) | STAFF SIGNATURE | DATE SIGNED |
|---|---|---|
| S. ARNO, CCI | Arno | 9/28/04 |

DISTRIBUTION: ORIGINAL - CENTRAL FILE, CANARY - PAROLE AGENT, PINK - PAROLEE / INMATE

# EXHIBIT "C"



BOARD OF PRISON TERMS
REVIEW OF PROPOSED DECISION

STATE OF CALIFORNIA

| INMATE: **BAKER, Fred** | CDC NUMBER: | **C-22918** |

| TYPE OF HEARING:   7th subsequent parole consideration | DATE OF HEARING:   9/24/04 |

The Decision Review Unit has reviewed the hearing and recommends further review of the following issue(s):

Review by the Decision Review Unit of the prisoner's seventh subsequent parole consideration hearing dated September 24, 2004, has disclosed that due to an apparent malfunction of the recording equipment, the decision portion of the hearing cannot be transcribed.

Since a complete record of the hearing is not only required by law, but is also necessary for a review of the hearing decision, a rehearing of the prisoner's seventh subsequent parole consideration hearing will be required.

**RECOMMENDATION: Disapprove the proposed September 24, 2004 hearing decision and schedule a rehearing on the next available calendar.**

_____
DECISION REVIEW UNIT SIGNATURE

11/30/04
DATE:

_____
CHIEF COUNSEL SIGNATURE

11-30-04
DATE

COMMENTS:

BPT 1138a (12/03)                    Page 1 of 1

# EXHIBIT "D"

Board of Prison Terms                                   State of California

## MISCELLANEOUS DECISION

### FACTS

During the December 14, 2004 Executive Meeting of the Board of Prison Terms, the Board, sitting en banc, considered the findings of the Decision Review Unit regarding the proposed decision dated September 24, 2004, for life prisoner Fred Baker, C-22918. Following consideration, the full Board voted to disapprove the proposed decision of September 24, 2004, and schedule a rehearing of the prisoner's seventh subsequent parole consideration hearing on the next available calendar.

### DECISION(S)

Disapprove the September 24, 2004 proposed decision and schedule a rehearing of the prisoner's seventh subsequent parole consideration hearing on the next available calendar.

| STAFF (Name) | TITLE | DATE |
|---|---|---|
| MARVEN E. SPEED II | Executive Officer | 12-20-04 |

| NAME | NUMBER | INSTITUTION |
|---|---|---|
| BAKER, Fred | C-22918 | CTF |

# EXHIBIT "E"

FILED

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

MAR 2 5 2005

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____DEPUTY
K. MERCADO

In re:

      Fred L. Baker (C-22918)

              On Habeas Corpus.

)
)
)
)
)
)

Case No.: HC 04990

ORDER

      Petitioner contends that the Board of Prison Terms has denied him Due Process by rescinding its September 24, 2004, finding that he was suitable for parole based solely on the fact that the Board lost the decision portion of the transcript from the hearing. Petitioner contends that he should not be punished for Respondents' failure to properly operate its recording equipment. Respondents are directed to file an Informal Response to Petitioner's claims pursuant to Rule 4.551(b) of the California Rules of Court. Respondents shall file their Informal Response within twenty-one (21) days from the date on which this Order is filed. Petitioner may file a Reply within twenty-one (21) days of receiving the informal response.

Dated: March 25, 2005

Hon. Marla O. Anderson

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on
MAY - 5 2005
_____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses as

hereinafter set forth:

Fred L. Baker (C-22918)
Correctional Training Facility
P.O. Box 689
Soledad, CA  93960-0689

Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA  94102
Attn:  Correctional Law Department

MAY - 5 2005

Dated:_____

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy   K. MERCADO

# EXHIBIT "F"



*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5531
Facsimile: (415) 703-5843
E-Mail: Denise.Yates@doj.ca.gov

July 27, 2005

The Honorable Marla O. Anderson
Monterey County Municipal Court
P.O. Box 1051
Salinas, CA 93902-0414

RE:   *In re Fred L. Baker (C-22918), On Habeas Corpus*
      Superior Court of California, County of Monterey, Case No. HC04990

Dear Judge Anderson:

This letter is written pursuant to the court's request for an informal response to Petitioner Baker's claims. Baker, an inmate incarcerated at the Correctional Training Facility, alleges that the Board of Parole Hearings[1] ("Board") violated his due process rights when it ordered that his seventh subsequent parole consideration hearing, held on September 24, 2004, be reheard because the decision portion of the hearing could not be transcribed. (Pet. at p. 3-3(a).) Baker's due process rights were not violated when the Board ordered that his hearing be reheard because the law requires that the entire hearing be recorded and transcribed. Accordingly, the petition should be denied.

Baker's contention that his due process rights were violated is without merit because the law requires that: the parole consideration hearing be recorded and transcribed; the hearing officer state his findings and supporting reasons on the record; and the transcripts be made available to the public. (Pen. Code, § 3042, subds. (b) & (c).) Thus, because the entire hearing was not able to be transcribed, the hearing was not held in accordance with the law. (*Ibid.*; Exs. 1 & 2.) Accordingly, Baker's hearing must be reheard. (Exs. 1 & 2.) Otherwise, the Board and the Governor would be deprived of their statutory right to review the parole grant. (Pen. Code, §§ 3041(b), 3041.1; Exs. 1 & 2.)

In addition, Baker requests that this court take judicial notice of a stipulation of dismissal of a habeas petition and of the findings and recommendations in unrelated state and federal

---

[1] Until recently, the Board was known as the Board of Prison Terms and was distinct from the California Department of Corrections. As of July 1, 2005, the Board has been subsumed by the newly-organized California Department of Corrections and Rehabilitation.

The Honorable Marla O. Anderson
July 27, 2005
Page 2

habeas cases. Baker's requests for judicial notice should be denied. First, regarding the stipulation of dismissal in the *Boyd* case from Ventura County Superior Court, Baker does not explain how a stipulation vacating the rescission hearing of another inmate and reinstating that inmate's parole release date, without any explanation for those actions, is relevant to Baker's rehearing. Nor does Baker explain the relevance of a federal court's findings and recommendations that there was a blanket policy to deny murderers parole during the Wilson and Davis administrations. Baker is not serving a life sentence for murder, and neither Wilson nor Davis were Governor when the decision was made to rehear Baker's seventh subsequent parole consideration hearing. Thus, because the decisions are not relevant to determining the issue presented in this case (Evid. Code, § 210), Baker's request for judicial notice should be denied (*id*, § 350).

     In summary, the Board properly scheduled Baker's seventh subsequent parole consideration hearing for a rehearing. The original hearing on September 24, 2004, was not in accordance with the law because the decision portion of the hearing was not able to be transcribed. (Pen. Code, § 3042, subds. (b) & (c).) Thus, vacating the Board's decision and scheduling a rehearing did not violate his due process rights. Moreover, because the September 24, 2004 proposed decision was vacated, Baker's parole date is no longer in effect (Cal. Code Regs., tit. 15, § 2041, subd. (a)), and he is not entitled to be released on parole or bail. Further, Baker's requests for judicial notice should be denied because they are not relevant to the issue before this court. Accordingly, this court should deny the petition.

                  Sincerely,

                  DENISE A. YATES
                  Deputy Attorney General

        For    BILL LOCKYER
              Attorney General

Attachments: Exhibits 1-2

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   In re FRED L. BAKER

No.:   HC04990

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 27, 2005,** I served the attached

### INFORMAL RESPONSE LETTER

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Fred L. Baker**
**C-22918**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 27, 2005, at San Francisco, California.

| | |
|---|---|
| J. Tucay | *J. Tucay* |
| Declarant | Signature |

20023295.wpd

# EXHIBIT "G"

Fred L. Baker C-22918
Correctional Training Facility
P.O. Box 689, B-321
Soledad, CA 93960-0689

August 8, 2005

The Honorable Marla O. Anderson
Superior Court of California
County of Monterey
240 Church Street
Salinas, CA 93901

**RE:** In re Fred L. Baker (C-22918)
On Habeas Corpus, Case No. HC04990



FILED

AUG 1 0 2005

LISA M. GALDOS,
CLERK OF THE SUPERIOR COURT
_____, DEPUTY
MELISSA MENDONSA

Dear Judge Anderson:

On March 25, 2005, this Court requested Respondents to file an informal response to Petitioner's claims. On July 27, 2005, Respondents filed their objections. Respondents have not cited any evidence, nor provided any convincing argument countering the points made in the petition or outlined in the informal response. Petitioner files the following reply in response to Respondents objections. In sum, the record before this Court, shows that neither the non-relevance judicial notice assertian nor Respondents attempt to redefine the due process issues raised in the petition is successful. This Court should grant the petition and order Respondents to show cause why the relief requested should not be granted.

Respondents assertion that Petitioner's due process rights were not violated when the Board ordered that his hearing be reheard is misplaced. Interestingly enough, Respondents cite Pen. Code, § 3042, subds. (b) & (c), for the proposition that Petitioner's "contention that his due process rights were violated is without merit." Objections, page 1, para. 2. But Respondents' objections fail to mention that Petitioner's contention is meritorious pursuant to Pen. Code, § 3041, subd. (b).

The law defining the manner in which suitability determinations are to be disapproved requires that "any decision of the parole panel finding an inmate suitable for parole <u>shall</u> become final within 120 days of the date of the hearing, <u>unless</u> the panel made an error of law, or that the panel's decision was based on an error of fact, or that new information should be presented to the board, any of which when corrected or considered by the board has a substantial likelihood of resulting in a substantially different decision upon a rehearing. Ibid; emphasis added.

The Honorable Marla O. Anderson
August 8, 2005
Page 2


Moreover, in its recent interpretation of Penal Code § 3041, the California Supreme Court expressly noted that a panel decision finding an inmate suitable for parole may not be overturned and ordered reheard by the full Board except upon a finding of the specified factors. Thus, even if there was some deficiency effecting the decision portion of the hearing, Respondents had a duty to process Petitioner's parole application in the manner defined by the Supreme Court. (In re Dannenberg, 34 Cal.4th 1061 (2005); In re Rosenkrantz, 29 Cal.4th 616 (2002).)

Respondents assert, because the entire hearing was not able to be transcribed, the hearing was not held in accordance with law.[1] Respondents err. Due process was satisfied by giving Petitioner the opportunity to be heard at the September 24, 2004, parole hearing and a written statement setting forth the parole grant, the conditions Petitioner must meet to be released and the consequences of failure to meet those conditions. (Pen. Code § 3041.5.)

It is note-worthy to point out at this time, that the incursions at issue in this case happened subsequent of the September 2004 hearing. While it's Respondents position that Petitioner's hearing must be reheard, or it would deprive the Board and the Governor of their statutory right to review the parole grant, Respondents objections fail to mention that they have the burden of establishing the record. (Pen. Code 3042, subd. (b)["The Board of Prison Terms shall record all those hearings and transcribe recordings of those hearings within 30 days of any hearing."]) Consequently, the September 2004 hearing was recorded, as evident from the Reporter's Transcript (RT) lodged with the Court Clerk.

Petitioner concedes that if tapes of the hearing was illegible it may necessitate a new hearing, but the issue here is one of the missing tape, which never made it to the transcriber, Infra. As evidence of the existence of a second tape, Petitioner incorporates by reference the following excerpts. During the opening proceedings Deputy Commissioner Mejia stated "We're now on record." RT, page 1:1-2. At the end of side A of the first tape Commissioner Mejia noted "Okay, we're now on side B of this hearing." RT, page 43:26-27. Once side B was completed, the Commissioner stated "Okay, we've got to go to another tape." RT, page 84:3-4. The second tape was then

--------------------------

1. Nowhere in the transcriber's declaration does she indicate a problem with transcribing tape(s). However, after the complete transcription of the first tape, in contrast, she notes "no further tapes were received for transcription." (RT, page 84:5-6.)

The Honorable Marla O. Anderson
August  8, 2005
Page 3

inserted into the recording device and the hearing was continued until its
completion. Petitioner strongly contends, in light of the foregoing,
Respondents had a duty to inquire into the whereabouts of the second tape.
Particularly since it contains the crucial information Respondents now are
complaining about which would require the rehearing of Petitioner's September
24, 2004 hearing. Furthermore, Respondents fail to mention in their objections
that the statute and regulations governing Petitioner's claims provide
alternative remedies.

      Penal Code § 3041, subd. (b), clearly mandates that the board is required
to consult with the commissioners who conducted the hearings when reviewing a
finding of suitability. It is through this process that the board is able to
ascertain a written summary of the evidence considered, the evidence relied
on, and the findings of the hearing panel with supporting reasons. Thus,
satisfying the claims asserted in paragraph(s) two and four of   Respondents
objections. (Pen. Code § 3042, subds. (b) & (c), qualified by Cal. Code of
Regs., (CCR) tit. 15 § 2254 [recognizing a  record may be "a verbatim
transcript, tape recording or written summary"].)

      Respondents assert that Petitioner's judicial notice of the Boyd and
Coleman cases should be denied because the issues are not relevant to
determining the issues presented in this case. <u>Objections, pare. 3.</u> Petitioner
requested judicial notice in those cases by way of example, to show that the
abrogations presented in this case is a common practice of Respondents. It's
interesting that the Attorney General does not discern the operative facts of
Petitioner's issues and those of the cases submitted for judicial notice. In
particular, the findings and recommendations of the Coleman case, where it's
been determined that the Board operated a sub-rosa policy that was being
inforced by Board members willing to disregard their statutory duty, reviewing
decisions finding a prisoner suitable and setting a new hearing before a
different panel, re-hearing favorable rescission proceedings and hand-picking
panel members to ensure the desired outcome, and panel members agreeing upon
an outcome in advance of the hearing. On May 19, 2005, the findings and
recommendations was adopted in full by Senior Judge Lawrence K. Karlton.
(Exhibit M.)

      In the present case, Respondents overturned Petitioner's finding of
suitability without relying upon any of the specified factors mandated by
statute or in a manner consistent with the California Supreme Court.
Respondents admitted in their objections that a hearing was not held in
accordance with the law. However, Respondents err in asserting that it was the
September 24, 2004 hearing.

The Honorable Marla O. Anderson
August  8, 2005
Page 4


It was during the Decision Review when Respondents first complained about the apparent malfunction of the recording equipment and concluding that the decision portion of the hearing cannot be transcribed. Yet, on the record it shows that the transcriber was never given a second tape and asked whether or not it was transcribable. In fact, in her declaration she explicitly noted that she transcribed tape(s) which total one in number and cover a total of pages numbered 1 through 84. (RT, page 85.) The question remains what happened to the second tape?

Respondents had a duty to "consult with the commissioners who conducted the parole consideration hearing" (Pen. Code § 3041, subd. (b)) and find out why the information (decision portion) was not readily available. In lieu of recovering the tape, Respondents had a duty to obtain a written summary through consultation with the commissioners. Thus it appears rather than pursuing the available alternative remedies, the Decision Review Unit offered the cursory statement "the Decision Review Unit has disclosed that due to an apparent malfunction of the recording equipment, the decision portion of the hearing cannot be transcribed." (Exhibit C.)

Petitioner submits, there is nothing in the record to indicate that there was any such consultation, the Decision Review Unit does not claim there was consultation, and the Attortey General omits any such consultation from her objections altogether. Consequently, there is no evidence to support Respondents assertion that the decision portion of the hearing could not be transcribed. As noted earlier, Respondents expressed that the issues raised in the Coleman case is not relevant to Petitioner's issues. I respectfully disagree, for the reasons set forth in this petition it's clear that the operative facts are the same.[2] The requirement of an impartial decision-maker transcends concern for diminishing the likelihood of error.

Respondents not only had a duty to consult with the commissioners in this case, but also with the transcriber, and to act in good faith with due diligence to obtain the crucial information bearing on Petitioner's constitutional right to be free from restraint. Thus, because the decisions in the judicial notices are relevant to the issues present in Petitioner's case, the judicial notice request should not be denied.

--------------------------------
2. The Legislature recently examined the process by which parole hearings were conducted and reviewed, and it altered that process for the apparent purpose of providing additional protection to indeterminate life inmates who have received a favorable suitability determination. The new subdivision (b) was inspired by information...that [the Board] is referring favorable suitability decisions for re-hearing by a parole hearing panel other than the panel that determined parole suitability. (Dannenburg, 34 Cal.4th 1061; PC § 3041(b).)

In summary, the informal response lacks merit and should be rejected. Respondents assert that because the entire hearing was not transcribed, the hearing was not held in accordance with law and that the Board and Governor would be deprived of their statutory right to review a parole. Petitioner submits, even under the informal response contemplated by Rule 60 the assertion is both vague and conclusory. Respondents states vaguely that the record of the suitability hearing is incomplete without specifically stating how the record is incomplete. For example, did Respondents (a) listen to the tape(s), (b) received any communication from the transcriber indicating a problem with transcribing a tape, or (c) interview the Commissioners to confirm the Panel's finding of suitablity?

Petitioner strongly contends, Respondents' assertion that the decision portion of the hearing cannot be transcribed due to an apparent malfunction of the recording equipment is conclusory at best. Respondents offers no evidence having an indicia of reliability to support its claim.

In contrast, on this record the controverted and/or disputed material facts reveal that: (1) the Board and Governor is not being deprived of their statutory right to review Petitioner's finding of suitabilbity (PC § 3041.2); (2) Respondents do have the statutory burden of establishing the record (PC § 3042(b ; (3) Respondents do have under governing statute and regulations an alternative means of recording and transcribing the hearing Commissioners findings and supporting reasons for granting parole that can be made available to the public, and would allow the Board and the Governor their statutory right to review the parole grant (PC §§ 3041.2, 3042(b); (4) there is a missing tape (RT, pas 84 & 85); and (5) Respondents do have a statutory duty to inquire and ascertain the whereabouts of the (missing) tape. (Dannenburg, supra, 34 Cal.4th 1061; PC § 3041(b).)

Petitioner therefore submits, given the aforemention, the depth of analysis by the granting panel, the cursory disapproval statements by Respondents, and the Attorney General's failure to file a responsive pleading, this Court should grant the petition and order the Respondents to show cause why the relief requested should not be granted.

Sincerely,

FRED L. BAKER
Petitioner in Pro Per

Attachments: Exhibits J-M

## PROOF OF SERVICE BY MAIL

(C.C.P.  §§1013A, 2015.5)

STATE OF CALIFORNIA )
                                    ) SS.
COUNTY OF MONTEREY )

I, _____Fred L. Baker_____, am a resident of the State of California,

County of Monterey. I am over the age of 18 years and I   am/am not   a party to the within action.

My   business/residence   address is P.O. Box 689, Soledad, California, 93960-0689.

On ____August  8,_____, 20 05____, I served the foregoing:

PETITIONER'S REPLY TO RESPONDENTS INFORMAL RESPONSE; EXHIBITS

J THROUGH M.

on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage

fully prepaid in the United States mail at Soledad, California, addressed as follows:

DENISE A. YATES
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

      There is regular delivery service by the U.S. Postal Service between the place of mailing

and the places so addressed.

      I declare under the penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

      Executed this ___8th___ day of ____August_____, 20 05_____, at

Soledad, California.

/S/ _____

# EXHIBIT "H"

FILED

AUG 2 3 2005

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
                              DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

In re:                                          ) Case No.: HC 04990
                                                )
        Fred L. Baker (C-22918)                 ) ORDER
                                                )
                      On Habeas Corpus.         )
                                                )
_____)

Petitioner contends that the Board of Prison Terms has denied him Due Process by rescinding its September 24, 2004, finding that he was suitable for parole based solely on the fact that the Board lost the decision portion of the transcript from the hearing. On March 25, 2005, the Court ordered Respondent to provide an Informal Response to Petitioner's claims.

Respondent contends that the Board's actions were proper because Penal Code §§ 3041(b), 3041.1 and 3042(b)-(c) require that all portions of the hearing be transcribed to ensure that the Governor is not deprived of his statutory right to review the parole grant. Respondent further contends that the Court should not take judicial notice of an order issued by the Ventura County Superior Court in an unrelated case that was attached as an exhibit to the Petition as there is no showing that the Ventura County case bears any similarity to the facts of this case.

The Court agrees that the Ventura County case is inapplicable here and DENIES Petitioner's request for judicial notice. Moreover, the Court acknowledges the requirements of Penal Code § 3042 and its applicability to Petitioner's claim. However, it is important to note that it was Respondent, rather than Petitioner, who failed to record the "Decision" portion of the hearing as required by Penal Code § 3042. The Informal Response fails to address this apparent inequity. In addition, the Informal Response does not discuss several important issues, including: 1) when Petitioner's rescheduled hearing is set to occur, 2) whether the same Board members will preside over the rescheduled hearing and 3) whether the rescheduled

1  hearing will involve a *de novo* review of Petitioner's suitability for parole or simply a review of

2  the decision.  In the present case, it would appear that the most equitable solution would be to

3  reschedule the hearing before the same Board members with instructions to adopt the existing

4  transcript from the former hearing and recreate their Decision to recommend parole based on

5  that transcript and their independent recollection.

6        Accordingly, Respondent is Ordered to Show Cause why Petitioner should not be

7  granted the relief sought in his Petition.  Specifically, Respondent is Ordered to Show Cause

8  why any rescheduled hearing should not be heard by the same Board members with

9  instructions to issue a Decision recommending parole.  The Alternate Public Defenders Office

10  is appointed to represent Petitioner.  Respondent shall file its Return within thirty (30) days of

11  the mailing of this Order.  Petitioner may file any Traverse within thirty (30) days of service of

12  the Return.  Upon receipt of the Return and Traverse, the Court shall determine whether to

13  address the matter on the pleadings or set an evidentiary hearing.

14

15  Dated: August 23, 2005

16

17                                    Hon. Marla O. Anderson

18

19

20

21

22

23

24

25

2

1

## CERTIFICATE OF MAILING

2

### C.C.P. SEC. 1013a

3    I do hereby certify that I am not a party to the within stated cause and that on

4    **AUG 2 3 2005**    I deposited true and correct copies of the following document:

5    ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

6    California, directed to each of the following named persons at their respective addresses as

7    hereinafter set forth:

8

9    Fred L. Baker (C-22918)
     Correctional Training Facility
10   P.O. Box 689
     Soledad, CA 93960-0689

11

12   Monterey County Alternate Public Defender's Office
     Attn: Dwayne Woods
13   111 West Alisal
     Salinas, CA 93901

14

15   Office of the Attorney General
     455 Golden Gate Ave., Suite 11000
16   San Francisco, CA 94102
     Attn: Correctional Law Department

17

18   Dated: **AUG 2 3 2005**                    LISA M. GALDOS,
                                                 Clerk of the Court

19

20                                              By: _Melissa Mendonsa_
                                                Deputy   MELISSA MENDONSA

21

22

23

24

25

3

# EXHIBIT "I"

1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5531
    Fax:  (415) 703-5843
8  Attorneys for Respondent A. Kane,
   Acting Warden at Correctional Training Facility
9

10                SUPERIOR COURT OF CALIFORNIA

11                   COUNTY OF MONTEREY

12

13  In re                               CASE NO. HC 04990

14      FRED L. BAKER (C-22918),         **RESPONDENT'S REQUEST FOR AN
                                         EXTENSION OF TIME TO FILE A
15                       Petitioner,     RETURN**

16  On Habeas Corpus.

17

18         Respondent A. Kane, Acting Warden at the Correctional Training Facility, for the reasons

19  set forth in the accompanying declaration of counsel, respectfully requests that this court grant

20  respondent an extension of time in which to file a return.

21

22  Dated:  September 15, 2005         Respectfully submitted,

23                                     BILL LOCKYER
                                       Attorney General of the State of California
24

25

26                                     DENISE A. YATES
                                       Deputy Attorney General
27
                                       Attorneys for Respondent A. Kane, Acting
28                                     Warden at the Correctional Training Facility

                                     1

Resp't Req. for an EOT to File a Return
In re Fred L. Baker (C-22918)                              Case No. HC 04990

1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5531
     Fax: (415) 703-5843
8  Attorneys for Respondent A. Kane,
   Acting Warden at Correctional Training Facility
9

10                    SUPERIOR COURT OF CALIFORNIA

11                        COUNTY OF MONTEREY

12

13   In re                                CASE NO. HC 04990

14       **FRED L. BAKER (C-22918),**        **DECLARATION OF COUNSEL IN
                                            SUPPORT OF RESPONDENT'S**
15                          Petitioner,      **REQUEST FOR AN EXTENSION OF
                                            TIME TO FILE A RETURN**
16   **On Habeas Corpus.**

17

18           I, DENISE A. YATES, declare as follows:

19           1.      I am an attorney admitted to practice before the courts of the State of California

20   and before this Court.  I am employed by the California Attorney General's Office as a Deputy

21   Attorney General in the Correctional Law Section, and I am assigned to represent the respondent

22   in this case in which petitioner Baker challenges the Board of Prison Terms's[1] decision to rehear

23   his parole suitability hearing.

24           2.      In its order filed August 23, 2005, the court ordered respondent to file a return

25   within thirty days of the order being mailed.  Adding five days for service by mail, respondent's

26   return is due September 27, 2005.

27           3.      Respondent requests an extension of time to file a return because it would be

28
   ---
   [1]  The Board of Prison Terms's is now referred to as the Board of Parole Hearings.

                                        1
   ---

1   premature to file it before Baker has his next parole suitability hearing, which is currently

2   scheduled to be held on October 4, 2005, in front of the same commissioner and deputy

3   commissioner who conducted his September 24, 2004 suitability hearing.  In addition,

4   respondent would be more able to accurately and completely respond to the petition after the

5   hearing.  Further, if Baker is again granted parole, the Board has 120 days during which time it

6   can review the decision.  Also, the Governor can review the decision up to ninety days before

7   Baker's scheduled release date and request that the Board review the decision en banc.  For these

8   reasons, I respectfully request that respondent's deadline to file a return be extended to, and

9   including, thirty days after the grant of parole is final.  If Baker is denied parole, respondent

10  requests that his return be due thirty days from the date the transcript of the parole suitability

11  hearing becomes final.  As a courtesy, I will notify the court of the outcome of Baker's October

12  4, 2005 hearing within a week of the hearing.

13          4.      This request for an extension of time is not made for any purpose of harassment,

14  undue delay, or for any improper reason.

15          5.      Petitioner Baker should not be prejudiced by this requested extension of time.

16  Respondent has not previously requested an extension of time to file a return.

17          I declare under penalty of perjury that the foregoing is true and correct and that this

18  declaration was executed on September 15, 2005, at San Francisco, California.

19

20

21          DENISE A. YATES
            Deputy Attorney General

22

23

24

25

26

27

28

2

1
2
3
4
5
6
7
8
9
10                          SUPERIOR COURT OF CALIFORNIA

11                             COUNTY OF MONTEREY

12

13   In re                              CASE NO. HC 04990

14       **FRED L. BAKER (C-22918),**        **[PROPOSED] ORDER**

15                          Petitioner,

16   **On Habeas Corpus.**

17

18          This court considered respondent's request for an extension of time, and good cause

19   appearing,

20          IT IS HEREBY ORDERED that respondent's request for an extension of time is

21   **GRANTED**.  Respondent shall notify the court of the outcome of Baker's October 4, 2005

22   parole suitability hearing by October 11, 2005.  If Baker is granted parole, respondent shall file a

23   return within thirty days after the grant of parole is final.  If Baker is denied parole, respondent

24   shall file a return within thirty days from the date the transcript of the parole suitability hearing

25   becomes final.

26

27   Dated: _____       _____

28                                  MARLA O. ANDERSON
                                    Superior Court Judge

                                    1

[Proposed] Order
*In re Fred L. Baker (C-22918)*                              Case No. HC 04990

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **In re FRED L. BAKER**

No.:   **HC04990**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **September 15, 2005**, I served the attached

### RESPONDENT'S REQUEST FOR AN EXTENSION OF TIME TO FILE A RETURN

### DECLARATION OF COUNSEL IN SUPPORT OF RESPONDENT'S REQUEST FOR AN EXTENSION OF TIME TO FILE A RETURN

### [PROPOSED] ORDER

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Dwayne Woods, Esq.**
**Monterey County Alternate**
**Public Defender's Office**
**111 West Alisal**
**Salinas, CA 93901**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **September 15, 2005**, at San Francisco, California.

| | |
|---|---|
| J. Tucay | _J. Tucay_ |
| Declarant | Signature |

20028775.wpd

# EXHIBIT "J"

1

SUPERIOR COURT OF CALIFORNIA

2

COUNTY OF MONTEREY

3

4    In re:                                    )    Case No.: HC 04990
                                               )
5            Fred L. Baker (C-22918)           )    ORDER
                                               )
6                        On Habeas Corpus.     )
                                               )
7    ─────────────────────────────────────

8        On September 16, 2005, Respondent sought an extension of time in which to file its

9    Return. Specifically, Respondent noted that Petitioner's rescheduled parole hearing was set for

10   October 4, 2005, and that the outcome of this hearing could render Petitioner's claims moot.

11   Respondent has since notified the Court that Petitioner was found unsuitable for parole at the

12   October 4, 2005, hearing and that it expects the transcript from that hearing to be finalized

13   within six weeks. Respondent asks that the Court not require it to file its Return until after the

14   transcript has been finalized.

15       Although Petitioner's claim does not involve the October 4, 2005, hearing, it is clear

16   that the result of this hearing and the transcript thereof are directly related to the Petition.

17   Accordingly, Respondent's request for an extension of time is GRANTED IN PART.

18   Respondent shall file its Return on or before November 25, 2005. Petitioner may file any

19   Traverse on or before December 16, 2005.

20       Respondent's request that the Court modify its Order to Show Cause is DENIED. The

21   extent to which the transcript from the September 24, 2004, hearing was incomplete and the

22   portions of the hearing that were not recorded present evidentiary issues that may be addressed

23   in Respondent's Return. Given the fact that the transcript contains approximately eighty pages

24   of testimony, the Court remains interested in Respondent's position as to why a *de novo*

25

1

1   hearing (one which appears to have reached a different conclusion) was necessary to correct

2   Respondent's failure to properly record the September 24, 2004, hearing.

3          IT IS SO ORDERED.

4

5   Dated: October 24, 2005

6

7                                                    Hon. Marla O. Anderson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2

1

**CERTIFICATE OF MAILING**

2

**C.C.P. SEC. 1013a**

3

I do hereby certify that I am not a party to the within stated cause and that on

4

_____OCT 2 4 2005_____    I deposited true and correct copies of the following document:

5

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

6

California, directed to each of the following named persons at their respective addresses as

7

hereinafter set forth:

8

9     Fred L. Baker (C-22918)
      Correctional Training Facility
10    P.O. Box 689
      Soledad, CA  93960-0689
11
      Michael Herro, Esq.
12    134 Central Avenue
      Salinas, CA  93901
13

14    Office of the Attorney General
      455 Golden Gate Ave., Suite 11000
15    San Francisco, CA  94102
      Attn:  Correctional Law Department
16
           OCT 2 4 2005
17    Dated:_____          LISA M. GALDOS,
                                       Clerk of the Court
18

19                                     By: _____
20                                        Deputy

21

22

23

24

25

3

# EXHIBIT "K"

1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone: (415) 703-5531
     Fax: (415) 703-5843
8  Attorneys for Respondent A. Kane, Acting Warden at
   the Correctional Training Facility

9

10              SUPERIOR COURT OF CALIFORNIA

11                 COUNTY OF MONTEREY

12                    SALINAS DIVISION

13

14  In re                              NO. HC 04990

15      FRED L. BAKER,                  RETURN TO THE ORDER TO
                                        SHOW CAUSE; SUPPORTING
16                          Petitioner, MEMORANDUM OF POINTS AND
                                        AUTHORITIES
17  On Habeas Corpus.

18

19                       **INTRODUCTION**

20        Petitioner Fred Baker (C-22918) is a state inmate who alleges that the Board of Parole

21  Hearings ("Board") violated his due process rights when the panel ordered that his seventh

22  subsequent parole consideration hearing, held on September 24, 2004, be reheard because the

23  hearing could not be entirely transcribed. (Petn. at pp. 3-3(a).)  Specifically, Baker challenges the

24  Board's authority to have held a rehearing and concludes that because the Board's actions were

25  inconsistent with the governing law and his incarceration has exceeded the relevant sentencing

26  guidelines, he should be released.  (Petn. at pp. 3-3(d), Prayer for Relief.)  Despite recognizing

27  the requirement that the entire hearing must be transcribed, the court ordered respondent to show

28  cause "why any rescheduled hearing should not be heard by the same Board members with

                                    1

Return to the Order to Show Cause; Supp. Mem. of P. & A.
*In re Fred L. Baker (C-22918)*                                    Case No.  HC 04990

1    instructions to issue a Decision recommending parole." (Order, filed Aug, 23, 2005.) In a

2    subsequent order, the court stated that "[g]iven the fact that the transcript contains approximately

3    eighty pages of testimony, the Court remains interested in Respondent's position as to why a *de*

4    *novo* hearing (one which appears to have reached a different conclusion) was necessary to correct

5    Respondent's failure to properly record the September 24, 2004 hearing." (Order, filed Oct. 24,

6    2005.)

7         Baker's due process rights were not violated when the Board ordered that his hearing be

8    reheard because the law requires that the entire hearing be recorded and transcribed. Further,

9    because Baker did not raise the issue in his petition, the court improperly directed respondent to

10   justify holding a rehearing rather than having the panel re-create its decision, and the court

11   cannot grant any relief on this basis. Accordingly, the petition should be denied.

12                                        **RETURN**

13        Respondent, A. Kane, Acting Warden at the Correctional Training Facility, for a return to

14   the order to show cause, states:

15       1.    Petitioner Fred L. Baker (C-22918) is lawfully in the custody of the Department of

16   Corrections and Rehabilitation under a valid judgment of conviction for multiple offenses,

17   resulting in a possible life sentence. (Ex. 1.) Baker does not contest the validity of his

18   conviction in this petition. (See Petn. at pp. 3-3(a).) Rather, Baker contends that the Board

19   violated his due process rights when it ordered that his seventh subsequent parole consideration

20   hearing, held on September 24, 2004, be reheard because the entire hearing could not be

21   transcribed. (*Ibid.*)

22       2.    At his subsequent parole consideration hearing held on September 24, 2004,

23   petitioner was present and represented by counsel. (Ex. 2 at pp. 1-2.) The victim and a

24   representative from the district attorney's office were also present. (*Id.* at p. 2.) Commissioner

25   Susan Fisher and Deputy Commissioner Rolando Mejia conducted the hearing. (*Id.* at p. 2.)

26   Commissioner Fisher summarized the commitment offenses (*id.* at pp. 9-15), and Baker

27   conceded that the summary was accurate (*id.* at p. 15) and provided additional details.

28       3.    Baker, his female cousin (Bernice Habbit), his male juvenile cousin (Canado), and

                                              2

1   another male juvenile (Ferris) went on a crime spree. (Ex. 2 at p. 25.) On the night of the

2   offenses, Canado and Ferris went to Baker's grandmother's house where Baker was, and then

3   they all went to his uncle's house where Habbit was. (*Id.* at pp. 57-58.) At his uncle's house,

4   Baker smoked marijuana laced with PCP. (*Id.* at pp. 16-18.) Baker and Canado decided, in

5   order to get Habbit some milk for her baby, that they would steal a car armed with guns that they

6   took from his uncle's house. (*Id.* at p. 26.) Baker decided he would dress up as a woman and

7   stand with Habbit on the side of the road, making it easier for someone to pull over. (*Id.* at pp.

8   26-27.)

9          4.      Accordingly, their first crime began when Habbit and Baker pretended to be

10  hitchhiking, and a man stopped to offer the two "females" a ride. (*Id.* at p. 10.) Thereafter,

11  either Ferris or Canado pulled a gun on the driver. (*Ibid.*) The driver was then pulled from his

12  station wagon, his wallet was stolen, and he ran for his life as either Ferris or Canado fired a shot

13  at him. (*Id.* at pp. 11, 66-67.) After the driver ran off, Baker first took possession of a gun when

14  Canado handed it to him from the back seat. (*Id.* at pp. 67-68.) The suspects drove away in the

15  victim's station wagon and continued their criminal activities by next committing a robbery and

16  kidnaping. (*Ibid.*)

17         5.      Habbit entered a 7-Eleven store and put items on the counter to purchase, but then

18  said she had to go to the car to get her money. (Ex. 2 at p. 11.) Shortly thereafter, the three

19  males entered the store wearing stocking masks and carrying rifles. (*Id.* at pp. 11-12.) Baker and

20  Canado were each pointing a gun at the cashier, Ms. Ingram, and about $140 was taken from the

21  register. (*Id.* at p. 12.) They then put another 7-Eleven employee, Ms. Rommel, in the back of

22  the station wagon and ordered Ms. Ingram to provide Ms. Rommel's car keys so the suspects

23  could take Ms. Rommel's Pinto. (*Ibid.*) Baker and Canado put Ms. Ingram into the Pinto and

24  the station wagon followed. (*Ibid.*) At an orange grove, the suspects ordered Ms. Ingram and

25  Ms. Rommel out of the cars and told them to run and get out of sight or they would kill them.

26  (*Ibid.*) Canado fired a shot over the victims' heads. (*Id.* at p. 74.) The suspects drove away and

27  later pushed the Pinto into the bushes. (*Id.* at p. 13.) The suspects finalized their crime spree by

28  shooting and paralyzing a man.

3

1      6.     Their third crime involved Val Dixon, whose car had broken down. (Ex. 2 at p.

2  13.) Mr. Dixon had called a tow truck and was returning to his car when the suspects pulled up

3  in the station wagon, and Habbit asked Mr. Dixon if he needed a ride. (*Ibid.*) Mr. Dixon

4  declined, the suspects drove off, but then made a u-turn. (*Ibid.*) When the car approached, Baker

5  was holding a rifle and pointing it at Mr. Dixon, and Baker said " hey sucker." (*Id.* at p. 75.) Mr.

6  Dixon was shot as he attempted to push the gun barrel away from his body. (*Id.* at p. 13.) The

7  suspects drove away. (*Ibid.*) The doctors treating Mr. Dixon discovered that he had been shot

8  twice. (*Id.* at pp. 13-14.) Mr. Dixon is paralyzed from the waist down. (*Id.* at p. 14.)

9      7.     When the police stopped the suspects in the station wagon, Habbit exited the

10  driver's door; Ferris exited and threw away live ammunition; Canado exited; and Baker was

11  found hiding under the vehicle. (Ex. 2 at p. 14.) Two high-powered rifles were found in the

12  back seat and one was found in the front passenger seat. (*Ibid.*) The suspects stated that Canado

13  and Baker both had their guns pointed out the window, and both suspects fired when Mr. Dixon

14  grabbed the guns. (*Ibid.*)

15      8.     In reading the appellate opinion from Baker's criminal conviction, the deputy

16  district attorney identified multiple inconsistencies with Baker's story. First, regarding how the

17  guns were acquired, the deputy district attorney noted that a hardware store had recently been

18  burglarized and guns and ammunition were taken. (Ex. 2 at p. 54.) In addition, laboratory tests

19  of gunshot residue indicated that Baker was the one who shot Dixon, and ballistics tests indicated

20  that the bullet had been fired from one of the guns taken at a hardware store burglary. (*Ibid.*)

21  Further, the station wagon contained rifles taken from the hardware store and used during the

22  crime spree. (*Id.* at p. 56.) Yet, at the hearing, Baker insisted that Canado got the guns from the

23  back of the house (*id.* at p. 60) and that there were guns at the house because his uncle was in law

24  enforcement and went hunting (*id.* at p. 26).

25      9.     At the hearing, Baker contradicted himself multiple times regarding the guns. He

26  initially said that they decided to bring the guns along when they decided to steal a car. (Ex. 2 at

27  p. 26.) Then later, Baker said that they did not talk about bringing the guns; rather, one of the

28  other guys just went and got the guns and brought them along. (*Id.* at p. 83.) In addition, Baker

Return to the Order to Show Cause; Supp. Mem. of P. & A.

*In re Fred L. Baker (C-22918)*                  Case No. HC 04990

1   contradicted himself when he explained when he first saw the guns.  Baker initially said that

2   Canado got the guns from the back of the house and that he saw the guns just before they smoked

3   the PCP.  (*Id.* at p. 60.)  Later, Baker said he saw the guns for the first time when they were

4   leaving the house to walk to where they would pretend to hitchhike and then carjack someone.

5   (*Id.* at p. 64.)

6      10.   Baker's testimony regarding the shooting of Mr. Dixon was faulty.  Baker stated

7   that his finger was on the trigger when Mr. Dixon slapped the gun and therefore his finger pulled

8   the trigger.  (*Id.* at p. 21.)  Despite contrary evidence, Baker denied that he shot Mr. Dixon twice.

9   (*Id.* at pp. 75-77.)  When asked to explain how Mr. Dixon got shot twice, Baker speculated that

10  one of the other suspects also had his gun pointing out the window, so when he heard Baker

11  shoot Mr. Dixon, the other suspect also shot his gun.  (*Id.* at p. 49.)  Mr. Dixon said he only saw

12  one gun pointed at him.  (*Id.* at p. 75.)

13     11.   Baker's explanation for his behavior is trivial compared to the harm he inflicted

14  that night.  The week before the offenses, Baker allegedly went into a rage when he learned that

15  his girlfriend had aborted their child.  (*Id.* at p.16.)  Further, these crimes were not an anomalous

16  incident to be blamed on the PCP.  Rather, the crimes were further evidence of Baker's

17  escalating attitude problem.  Within the two years prior, Baker had burglarized a store and

18  escaped the juvenile facility he was sent to, resulting in Baker being sentenced to the California

19  Youth Authority.  (Ex. 2 at pp. 19-21.)

20     12.   As the deputy district attorney was asking clarifying questions of Baker during the

21  hearing, the tape needed to be changed.  (Ex. 2 at pp. 83-84.)  The rest of the hearing was unable

22  to be transcribed.  (*Id.* at p. 84; Ex. 3.)  At a minimum, what was not transcribed includes the

23  victim's statement (ex. 6 at p. 28, lines 18-19 [referring to his testimony "last time"]), and the

24  panel's decision (Pen. Code, § 3042, subd. (c) [requiring the hearing officer to state her findings

25  and supporting reasons on the record]).  According to the written documents prepared at the

26  hearing, the panel granted Baker parole and set his total term at 248 months, not including credit

27  earned.  (Ex. 5.)  The panel conspicuously notified Baker on multiple documents that its decision

28  was a proposed decision, it was not final, and it would be reviewed.  (*Ibid.*)

13. During its mandatory review, Daniel Moeller of the Decision Review Unit recommended that because the transcript was incomplete, the Board should disapprove the September 24, 2004 decision granting parole and schedule a rehearing. (Ex. 3; Moeller Decl. at p. 1.) Terry Farmer, the then-chief counsel of the Board of Prison Terms, endorsed the recommendation. (*Ibid.*) The Board sitting en banc considered the findings and recommendation of the Decision Review Unit, and voted to disapprove the September 24, 2004 proposed decision and schedule a rehearing. (Ex. 4.)

14. A panel consisting of the same members who granted Baker parole on September 24, 2004, conducted the rehearing and reached a conclusion opposite to their original decision. (Ex. 6 at p. 31.) Baker was denied parole for one year. (*Ibid.*)

15. Baker does not establish any grounds for habeas corpus relief.

16. A parole consideration decision is not in accordance with the law unless a complete hearing transcript is made. The victim (Pen. Code, § 3043, subd. (b)), the district attorney (*id.*, § 3042, subd. (a)), and the defendant (*id.*, § 3041.5, subd. (a)(2)) must have an opportunity to voice their opinions. Further, the transcript must be available to the public (*id.*, § 3042, subd. (b)), and it must include the findings and reasons supporting the decision (*id.*, § 3042, subd. (c)). Finally, the Board (*id.*, § 3041, subd. (b)) and the Governor (*id.*, § 3041.1) must be able to competently review the panel's decision.

17. The Board did not rescind the panel's finding that Baker was suitable for parole. (Cal. Code Regs., tit. 15, §§ 2450 et seq.) Rather, the Board reviewed the panel's decision pursuant to sections 2041 et seq. of title 15 of the California Code of Regulations, and properly ordered that the decision be disapproved and a rehearing be scheduled. (Cal. Code of Regs., tit. 15, § 2042 [including that an error of law is a basis for disapproving a decision]; Pen. Code, § 3041, subd. (b) [providing that the decision of a parole panel will not become final if upon review the Board finds that the panel made an error of law].)

18. Holding another hearing because Baker's original hearing was unable to be transcribed did not violate Baker's due process rights because he does not have a due process interest in a proposed decision that was not in accordance with the law.

1    19.    Because Baker did not raise the issue in his petition, the court improperly directed

2    respondent to justify holding a rehearing rather than having the panel re-create its decision, and

3    the court cannot grant any relief on this basis.

4    20.    Except as expressly admitted, respondent denies every allegation of this petition,

5    including that Baker's administrative, statutory, or constitutional rights were violated when the

6    Board ordered that Baker's September 24, 2004 parole consideration hearing be reheard.

7    21.    Respondent denies that discovery or an evidentiary hearing is necessary in this

8    case.

9    22.    Respondent denies that Baker should be released on parole, on his own

10    recognizance, or on bail.

11    23.    This return is based on the allegations made in the accompanying memorandum of

12    points and authorities and exhibits, which are incorporated by reference.

13    WHEREFORE, the petition for writ of habeas corpus should be denied, and the order to

14    show cause should be discharged.

15

16    Dated:  November 23, 2005                    Respectfully submitted,

17                                                BILL LOCKYER
                                                  Attorney General of the State of California
18
                                                  JAMES M. HUMES
19                                                Chief Assistant Attorney General

                                                  FRANCES T. GRUNDER
20                                                Senior Assistant Attorney General

21                                                ANYA M. BINSACCA
                                                  Supervising Deputy Attorney General
22

23

24                                                DENISE A. YATES
                                                  Deputy Attorney General
25
                                                  Attorneys for Respondent A. Kane, Acting
26                                                Warden at the Correctional Training Facility

27

28

                                        7

Return to the Order to Show Cause; Supp. Mem. of P. & A.
In re Fred L. Baker (C-22918)                                    Case No.  HC 04990

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **The Petition Should Be Denied Because the Paramount Concern for Public Safety Would Be Compromised if the Board Was Required to Rely on an Untimely, Re-Created Transcript of the Hearing.**

The Board properly disapproved the September 24, 2004 decision granting Baker parole and requested a rehearing because the hearing transcript was incomplete. <u>Not</u> ordering a rehearing would be contrary to law and public policy. When determining a prisoner's suitability for parole, the overriding concern is for public safety. (*In re Dannenberg* (2005) 34 Cal.4th 1061, 1084.) "[B]oth the Legislature and the voters have . . . indicated, in multiple ways, their abiding concern that the Board not schedule the release of *any* life-maximum prisoner who is still dangerous." (*Id.* at p. 1088.) The panel must consider the statements and recommendations of the victim, the judge, the district attorney, the prisoner's trial attorney, the investigating law enforcement agency, and information from the public, and the panel must acknowledge in its decision that it has done so. (*Id.* at pp. 1084-1085.) The California Supreme Court recognized the import of this information being part of the hearing record by finding that public input could be decisive in a parole suitability determination. (*Id.* at p. 1085.)

Because determining one's suitability is such a consequential decision, the decision is not final until it has been subject to multiple levels of review. First, the decision is reviewed and the decision may be affirmed or modified without a new hearing, or a new hearing may be ordered. (Cal. Code of Regs., tit. 15, § 2041, subd. (h).) A new hearing is appropriate if there was an error of law or fact, or based on new information. (*Id.*, § 2042; Pen. Code, § 3041, subd. (b).) If the chief counsel recommends that a new hearing should be held, a new hearing will not be ordered unless a majority of the Board sitting en banc votes to do so. (Pen. Code, § 3041, subd. (b); Cal. Code Regs., tit. 15, § 2041, subd. (h).) Regardless of the Board's decision on review, the Governor has the right to review the decision and request an en banc hearing by the Board. (Pen. Code, § 3041.1.) In that case, the en banc Board cannot grant parole unless a majority of the Board members votes to do so. (*Ibid.*)

Here, the Board's actions of ordering a rehearing were legally mandated. The hearing transcript omitted any further questions by the deputy district attorney, the panel, or Baker's

8

1  counsel. (See generally Ex. 2.)  In addition, the transcript lacked the victim's statement (ex. 6 at

2  p. 28, lines 18-19 [referring to his testimony "last time"]), and the panel's findings and reasoning

3  for granting Baker parole (Pen. Code, § 3042, subd. (c) [requiring the hearing officer to state her

4  findings and supporting reasons on the record]).  Moreover, as is the usual practice, Baker and/or

5  his attorney, as well as the deputy district attorney, likely gave a closing statement that was not

6  included in the transcript.  (See Ex. 2, p. ii [reflecting that no closing statements were

7  transcribed]; Ex. 7 at pp. 15-22 [reflecting the deputy district attorney's closing statement]; Ex. 7

8  at pp. 22-27 [reflecting Baker's attorney's closing statement].)  The Board could not effectively

9  fulfill the statutory requirement that the hearing transcripts be made available to the public and be

10  subject to different levels of executive review with such an incomplete transcript.

11        In addition, relying on the partial transcript or re-creating it based on the panel's

12  recollection is not consistent with public policy.  Such reliance is perverse considering that the

13  paramount concern when determining whether someone is suitable for parole is ensuring public

14  safety.  Requiring the reviewers of the hearing to rely on the panel's re-created version of a

15  significant part of the hearing, including its decision and reasoning, would be antithetical to

16  ensuring that the soundness of the panel's decision to release a man who continuously gave

17  inconsistent explanations regarding the guns that tormented his carjacking, robbery, and

18  kidnaping victims and finally paralyzed Mr. Dixon.

19        Further, Baker was not served an injustice.  He was aware that the panel's decision

20  finding him suitable for parole was not a final decision and was subject to review.  (Ex. 5.)

21  Therefore, he did not have any expectation of being released.  (*In re Powell* (1988) 45 Cal.3d

22  894, 903 [noting that a prisoner "has no vested right in his prospective liberty on a parole release

23  date"].)

24        In addition, the equitable relief contemplated by the court would be futile.  Having the

25  panel members re-create the decision granting parole based on the existing transcript and their

26  recollection would still not cure the fact that the entire transcript was not recorded as required by

27  law.

28        In summary, yes, Baker is not responsible for the hearing being transcribed in part only.

9

1   But Baker was not deprived of any due process because there is no regulation or statute

2   mandating his release if the panel finds Baker suitable for parole, but the entire hearing,

3   including the panel's reasoning supporting its tentative decision, is not transcribed. Rather, the

4   process complied with the law. The tentative decision granting parole was reviewed, a rehearing

5   was had, and upon further review, the same panel concluded that public safety concerns required

6   finding Baker unsuitable for parole. (Cal. Code Regs., tit. 15, § 2281, subd. (a) ["a life prisoner

7   shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will

8   pose an unreasonable risk of danger to society if released from prison"]; accord Pen. Code, §

9   3041, subd. (b).) Accordingly, the petition should be denied and the order to show cause should

10  be discharged.

11  **II.     The Petition Should Be Denied Because the Court Improperly
             Directed Respondent to Address a Claim that Baker Did Not**

12  **Raise in His Petition.**

13       In its order to show cause and subsequent order of October 24, 2005, the court directed

14  respondent to address the issue of why a de novo hearing was necessary, rather than just having

15  the panel re-create its decision from memory. The court cannot grant relief on this issue because

16  Baker did not raise the issue in his petition. It is well-established that a court order directing

17  respondent to address issues not raised in the petition is improper. (*Board of Prison Terms v.*

18  *Superior Court* (2005) 130 Cal.App.4th 1212, 1237.) In a habeas proceeding, "the petitioner

19  bears a heavy burden initially to *plead* sufficient grounds for relief." (*People v. Duvall* (1995) 9

20  Cal.4th 464, 474, emphasis in original.) To meet this heavy burden, the petitioner should state

21  the facts fully and particularly; conclusory allegations without support are insufficient. (*Ibid.*)

22       Only when the petitioner's initial burden of pleading is met may the court issue an order

23  to show cause. (*People v. Duvall, supra,* 9 Cal.4th 464 at pp. 474-475.) "When an order to show

24  cause does issue, it is limited to the claims raised in the petition and the factual bases for those

25  claims alleged in the petition." (*Id.* at p. 475, [quoting *In re Clark* (1993) 5 Cal.4th 750, 781, fn.

26  16].) "The [habeas] case is heard and determined on the issues framed by the pleadings." (*Ex*

27  *parte Connor* (1940) 16 Cal.2d 701, 711.) Respondent should be directed to address only those

28  issues. (*Duvall,* at p. 475; *Board of Prison Terms v. Superior Court, supra,* 130 Cal.App.4th at

10

1     p. 1237.)  Therefore, a superior court's discretion in reviewing habeas petitions does not include

2     adding a claim that the petitioner did not raise in his petition.  (See *Board of Prison Terms v.*

3     *Superior Court, supra,* 130 Cal.App.4th at pp. 1235-1237.)

4             The court's concern with why the Board ordered a rehearing rather than allowing the

5     panel to re-create its decision from memory is an issue addressing the proper relief and was not

6     raised by Baker in his petition.  In his petition, Baker challenges the Board's authority to have

7     held a rehearing and concludes that because the Board's actions were inconsistent with the

8     governing law and his incarceration has exceeded the relevant sentencing guidelines, he should

9     be released.  (Petn. at pp. 3-3(d), Prayer for Relief.)  Baker does not contend that the Board

10    should have proceeded in one manner or another, just that ordering the rehearing was

11    inconsistent with the governing law.  Moreover, Baker does not contend that a re-created hearing

12    is the appropriate relief.  Rather, he contends that he should be released.  Thus, because Baker

13    did not raise the issue in his petition, the court improperly directed respondent to justify holding a

14    rehearing rather than having the panel re-create its decision, and the court cannot grant any relief

15    on this basis.

16    ////

17    ////

18    ////

19    ////

20    ////

21    ////

22    ////

23    ////

24    ////

25    ////

26    ////

27    ////

28    ////

Return to the Order to Show Cause; Supp. Mem. of P. & A.

*In re Fred L. Baker (C-22918)*                                                    Case No.  HC 04990

1

<div align="center"><u>CONCLUSION</u></div>

2      Baker was not deprived of any due process when the Board properly ordered that his

3   parole consideration hearing be reheard in accordance with the law.  In addition, the court

4   improperly directed respondent to address an issue that Baker did not raise in his petition.

5   Accordingly, the court should deny the petition and discharge the order to show cause.

6

7   Dated:  November 23, 2005                      Respectfully submitted,

8                                                 BILL LOCKYER
                                                  Attorney General of the State of California
9
                                                  JAMES M. HUMES
10                                                Chief Assistant Attorney General

11                                                FRANCES T. GRUNDER
                                                  Senior Assistant Attorney General
12
                                                  ANYA M. BINSACCA
13                                                Supervising Deputy Attorney General

14

15                                                DENISE A. YATES
                                                  Deputy Attorney General
16
                                                  Attorneys for Respondent A. Kane, Acting
17                                                Warden at the Correctional Training Facility

18

19

20

21

22

23

24

25

26

27

28

<div align="center">12</div>

Return to the Order to Show Cause; Supp. Mem. of P. & A.
*In re Fred L. Baker (C-22918)*                          Case No.  HC 04990

1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5531
     Fax: (415) 703-5843
8  Attorneys for Respondent A. Kane, Acting Warden at
   the Correctional Training Facility
9

10                   SUPERIOR COURT OF CALIFORNIA

11                      COUNTY OF MONTEREY

12                        SALINAS DIVISION

13

14  In re                              NO. HC 04990

15     FRED L. BAKER,                  DECLARATION OF DANIEL
                                       MOELLER IN SUPPORT OF THE
16                        Petitioner,  RETURN TO THE ORDER TO
                                       SHOW CAUSE
17  On Habeas Corpus.

18

19         I, DANIEL MOELLER, declare as follows:

20         1.     I am employed by the California Department of Corrections and Rehabilitation.

21  Since May 2005, I have been a deputy commissioner for the Board of Parole Hearings. For

22  approximately five years before that, I was a staff counsel for the Board of Prison Terms where

23  my duties included reviewing the proposed decisions of parole consideration hearings for any

24  errors of law or fact.

25         2.     I am familiar with the Decision Review Unit's recommendation regarding the

26  seventh subsequent parole consideration hearing on September 24, 2004, for inmate Fred Baker

27  (C-22918). I signed the recommendation on behalf of the Decision Review Unit, and the then-

28  chief counsel of the Board of Prison Terms, Terry Farmer, endorsed the recommendation.

                                        1
   Decl. of Daniel Moeller in Supp. of the Return to the Order to Show Cause
   In re Fred L. Baker (C-22918)                              Case No. HC 04990

3.      I am also familiar with the statutes and regulations governing parole consideration decisions and the Board's mandatory review of them.  When as in Baker's case, a significant portion of the transcript is unable to be transcribed, the hearing is not in accordance with the law. The victim (Pen. Code, § 3043, subd. (b)), the district attorney (*id.*, § 3042, subd. (a)), and the defendant (*id.*, § 3041.5, subd. (a)(2)) must have an opportunity to voice their opinions.  The law requires that the transcript must be available to the public (Penal Code, § 3042, subd. (b)), and it must include the findings and reasons supporting the decision (*id.*, § 3042, subd. (c)).  In addition, the Board (*id.*, § 3041, subd. (b)) and the Governor (*id.*, § 3041.1) must be able to competently review the panel's decision.

4.      In order to comply with the law, the appropriate remedy for such an incomplete transcript was to order the decision be disapproved and a rehearing be scheduled.  (Cal. Code of Regs., tit. 15, § 2042 [including that an error of law is a basis for disapproving a decision]; Pen. Code, § 3041, subd. (b) [providing that the decision of a parole panel will not become final if upon review the Board finds that the panel made an error of law].)

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 23, 2005.


DANIEL MOELLER
Deputy Commissioner, Board of Parole Hearings

Decl. of Daniel Moeller in Supp. of the Return to the Order to Show Cause
*In re Fred L. Baker (C-22918)*

Case No. HC 04990
TOTAL P.02