# EXHIBIT "L"

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

**FILED**

DEC 23 2005

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
L. MORRIS _____ DEPUTY

In re                    )          HC 04990
                         )
    FRED L. BAKER        )
                         )
    On Habeas Corpus     )

---

TRAVERSE/RESPONSE TO RETURN TO
ORDER TO SHOW CAUSE; MEMORANDUM
AND POINTS AND AUTHORITIES
IN SUPPORT OF RELIEF

---

Michael Herro
Attorney at Law
134 Central Ave.
Salinas, Ca. 93901

Attorney for Petitioner

1 | Michael Herro, Attorney at Law
SBN: 233749
2 | Law Office of Michael Herro
134 Central Ave.
3 | Salinas, California 93901

4 | Phone and fax (831) 753-0992

5 | Attorney for Petitioner

6

7 |               SUPERIOR COURT OF CALIFORNIA

8 |                   COUNTY OF MONTEREY

9

10

11 | In Re                         )   HC 04990
                                  )
12 | FRED L. BAKER,                )
                                  )
13 | On Habeas Corpus.             )   TRAVERSE/RESPONSE TO
                                  )   RESPONDENT'S RETURN TO ORDER
14 |                               )   TO SHOW CAUSE; MEMORANDUM OF
                                  )   POINTS AND AUTHORITIES IN
15 |                               )   SUPPORT OF RELIEF

16 |                     INTRODUCTION

17 |      On August 23, 2005 this Court ordered Respondents to show

18 | cause why Petitioner should not be granted the relief sought in

19 | his petition.  Specifically, Respondents were ordered to show

20 | cause why any rescheduled parole hearing should not be heard by

21 | the same Board members who heard the September 24, 2004 hearing,

22 | with instructions to issue a decision recommending parole.

23 | Petitioner was provided appointed counsel through the Alternate

24 | Defender's Office of Monterey County, with above named attorney

25 | receiving a copy of the O.S.C. on or around September 1, 2005.

26 |      Respondents had been granted an extension of time to file

27 | their Return, which under the original Order to Show Cause issued

28

1  in this matter was due on September 27, 2005.  Respondents

2  informed the Court in the Request for an Extension, that a

3  hearing had been rescheduled for Oct. 4, 2005 in front of the

4  same commissioners. Respondents took advantage of this Court

5  granting the extension requested by conducting a de *novo* hearing,

6  which predictably resulted in a recommendation against parole.

7  In so doing, it appears Respondents were attempting to avoid

8  justifying why Petitioner was not entitled to the relief sought.

9      On November 23, 2005, Respondent's filed their Return.  This

10  Return attempts to address both the original Order to Show Cause,

11  and a subsequent order issued by this Court in response to a

12  letter from Respondents, dated October 5, 2005, in which it was

13  indicated that no response to the Request for an Extension to

14  File had been received and also requesting "that the Court advise

15  the parties if it is going to modify the Order to Show Cause,

16  namely, whether Respondent should still address why inmate

17  Baker's should not be heard by the same Board members with

18  instructions to issue a decision recommending parole."

19  Essentially this request to "modify" the O.S.C. was Respondent

20  asking the Court if they are still required to show cause why

21  Petitioner was not entitled to relief, because they had taken

22  steps not to provide the requested remedy but rather designed to

23  avoid having to answer to the Court.  Further, despite

24  Respondents asking the Court to issue an order based on their

25  request, respondent suggest in their Return that the Court had no

26  authority to question why they proceeded in a manner wholly

27  inconsistent with the Court's original order.  (Please see the

28  transcript from the Oct. 4, 2005, hearing, attached to the Return

1   as Exhibit 6, in which it is stated that the proceeding is a

2   "rehearing" pursuant to a court order [pg.1, lines 20-27 and

3   pg.2, lines 1-22], yet they clearly do not proceed in accordance

4   with that order as they conducted a *de novo* hearing, including

5   admittedly different testimony from the victim [starting at pg.

6   28, line 12] and new argument from the D.A. [starting at pg.

7   15]).

8       Petitioner was given until December 16, 2005 to file a

9   Traverse in this matter.  A one week Extension of time to file

10  was requested and granted, making the Travers due by December 23,

11  2005.

12      This Traverse/Response is submitted to present additional

13  facts in support of the claims on which the Order to Show Cause

14  was issued.  It hereby incorporates by reference the Petition for

15  Writ of Habeas Corpus, exhibits attached thereto, and the other

16  pleadings filed in this matter, and the attached Memorandum of

17  Points and Authorities, in support of its motion that this Court

18  grant the relief requested.

19

20                      DENIALS AND EXCEPTIONS

21      1.  Petitioner contest and takes exception to the Return, in

22  that paragraphs 8 through 11 fail to affirmatively state facts

23  that contradict the factual allegations in the Petition for Writ

24  of Habeas Corpus.  Specifically, the above cited paragraphs deal

25  with matters not addressed in the Petition, making them non-

26  responsive, and thereby irrelevant, as responses to the factual

27  allegations in the Petition.

28      2.  Petitioner denies and takes exception to the portion of

1  paragraph one that alleges his custody is lawful and proper.

2     3.  Petitioner admits that paragraphs 2 through 7 are

3  factually accurate based on the record.

4     4.  Respondent takes exception to paragraph 12 of the Return

5  in that it alleges the September 24, 2004 hearing was unable to

6  be transcribed.  Nowhere in the transcriber's declaration does

7  she indicate any problem with transcribing the one tape provided

8  to her, nor is there anything within the declaration of Daniel

9  Moeller, indicating that he ever consulted with the transcriber

10  regarding either the presence of or the malfunctioning of a

11  second tape.  ( See Exhibit 2 of Return, pg. 84, lines 3-4 and

12  Exhibit 4 of the Return) The issue that must be addressed is in

13  regard to the apparently missing second tape, which was never

14  presented to the transcriber.  (See Exhibit 2 of the Return, pg.

15  84 indicating "no further tapes were received for

16  transcription").

17     5.  Petitioner admits that paragraph 13 of th Return is

18  true.

19     6.  Petitioner admits the factual information in paragraph

20  14 of the Return, but takes exception to ~~the~~ any suggestion that

21  the Oct. 4, 2005 hearing, and the result reached therein, should

22  impact his request for relief based on the inequities that

23  occurred subsequent to the September 24, 2004 hearing.

24     7.  Petitioner denies and takes exception to paragraph 15 of

25  the Return.

26     8.  Petitioner denies and takes exception to paragraph 16 of

27  the Return, as it suggests that a parole hearing decision is not

28  in accordance with the law unless a complete transcript is made.

1  To the contrary, the decision made at the September 24, 2004

2  hearing was in accordance with the law.  Petitioner was given the

3  opportunity to be heard, as were the victim and others, a written

4  statement setting forth the recommendation of parole was

5  generated, as were documents regarding the condition of release

6  and consequences for failure to meet those conditions.

7       9.  Petitioner denies and takes exception to paragraph 17 of

8  the Return, in that it alleges that the Board properly ordered

9  that the September 24, 2004 decision be disapproved and a new

10  hearing be rescheduled.  Such action is the basis of the petition

11  in this matter.

12       10.  Petitioner denies and takes exception to paragraph 18

13  of the Return in that it alleges that ordering of rehearing was

14  not in violation of Petitioner's due process rights.

15  Respondents's cannot carry their burden of establishing a record

16  that would support their position.

17       11.  Petitioner denies and takes exception to paragraph 19

18  of the Return, in that it states this Court is without the power

19  and authority to direct Respondent to justify the need for a *de*

20  *novo* hearing, rather that having the panel recreate their prior

21  decision from the transcript and their own recollection.  Case

22  law provides that the Superior Court has the power to re-state

23  inartfully drafted claims for the purpose of clarity.  Aside from

24  that, this Court clearly has authority to direct the Respondents

25  to justify their action in response to a request by Respondents

26  themselves asking that they not be required to do so.

27       12.  Except as expressly admitted in this Traverse,

28  Petitioner denies and takes exception to each and every

1    allegation contained in the Return.

2        THEREFORE, the Petition for Writ of Habeas corpus should be

3    granted, and the Respondents be ordered to release Petitioner

4    forthwith.

5

6    Dated: December 23, 2005                    Respectfully Submitted,

7

8                                               Michael Herro

9                                               Michael Herro

10                                              Attorney for Petitioner

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF RELIEF

I

RESPONDENTS FAILED TO ADDRESS THE FACTUAL ALLEGATION
OF THE PETITION THAT FORMED THE BASIS OF PETITIONER'S
CLAIM AND MISSTATED THE FACTS  AS  SET FORTH THEREIN

The error of law that the Respondents keep reiterating is misstating the facts as stated in the factual allegations of the habeas corpus. From the very beginning, Petitioner has held the position that there was never a malfunctioning of the recording equipment, but rather, a second tape that is missing. Respondents had the burden of establishing the record. Thus, it is important to note that it was Respondent, rather than Petitioner, who failed to record the "Decision" portion of the hearing as required by Penal Code § 3042.

Respondents had clearly mandated available remedies to avail themselves of what they're now labeling as an error of law. See (Penal Code § 3041(b) and Cal. Code of Regs., tit. 15, § 2254.) It is through these remedies that Respondents were able to ascertain a written summary of the evidence considered, the evidence relied on, and the findings of the hearing panel with supporting reasons. Therefore, making the record available to the public, and preserving the Board and Governor their statutory right to review the parole grant. Consequently, addressing the concerns of Penal Code § 3042, subds. (b) & (c). Respondents failed to address this apparent inequity in their Informal Response, and continue to do so in the present Return.

The habeas procedure as stated in the Penal Code contemplates the custodian of the confined person shall file a responsive

1 pleading called a return.  Accordingly, the California Supreme

2 Court has required more of the return than mere compliance with the

3 literal language of section § 1480; the Court requires the return

4 to "allege with facts tending to establish the legality of

5 petitioner's detention."  See In re Sixto, (1989) 48 Cal.3d 1247,

6 1252; "The return ... must allege facts establishing the legality

7 of the petitioner's custody."  See People v. Romero, (1994) Cal.4th

8 728; "return must allege facts."  See In re Lawler, (1979) 23

9 Cal.3d 190, 194.  The Court further noted:

10     "The requirement that the return allege facts responsive to the
petition is critical, for the factual allegations in the return

11 are either admitted or disputed in the traverse and this
interplay frames the factual issues that the court must decide.

12 Facts set forth in the return that are not disputed in the
traverse are deemed true."

13

14 See People v. Duvall, (1995) 9 Cal.4th 464 (citing Lawler, supra,

15 23 Cal at p. 194).

16     In the present case, Respondents filed a return that did not

17 dispute the material facts alleged by Petitioner.  Accordingly,

18 this Court must find that Respondent is deemed to admitted those

19 material factual allegations that they've failed to dispute.  See

20 Sixto, supra, 48 Cal.3d at 1252.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

II

PURSUANT TO PENAL CODE SECTION 3041(b) AND THE CALIFORNIA
CODE OF REGULATIONS TITLE 15, DIVISION TWO, SECTION(S)
2041, 2042, 2044 AND 2451, THE BOARD OF PAROLE HEARINGS
HAS LOST JURISDICTION TO PRESIDE OVER PETITIONER'S PAROLE
APPLICATION

A.    Governing Statute

Penal Code § 3041(b) provides in pertinent part:

"a decision of the parole panel finding an inmate suitable for parole
shall become final within 120 days of the date of the hearing. During
that period, the baord may review the panel's decision.  The panel's
decision shall become final ... unless the board finds that the panel
made an error of law, or that the panel's decision was based on an
error of fact, or that new information should be presented to the
board, any of which when corrected or considered by the board has
a substantial likelihood of resulting in a substantially different
decision upon a rehearing.  In making this determination, the board
shall consult with the commissioners who conducted the parole
consideration hearing."

B.    Governing Regulations 2/

Board regulations defining the time and manner in which

suitability determinations are to be reviewed, disapproved or

rescinded are set forth in four sections.

1)    Mandatory Time-Limits

Section 2041, establishes that a reconsideration panel shall,

within a maximum period of twenty days or a board review committee

shall, within a maximum period of 60 days from the date of the

hearing:

"(i) affirm the original proposed decision, (ii) order a new
hearing, or (iii) modify the decision without a new hearing."

(subd. (d)1 & 2), and in the event of an en banc referral "the full

board shall review within a maximum period of forty-five days from

the date of the hearing any proposed decision referred by a member of

the hearing panel who requested the full board to consider the case." 2044.

2. At the time Petitioner was found suitable for parole, the language cited
by the Deputy Attorney General was not part of Cal. Code of Regs., tit. 15, §§
2041, 2042.  Thus, it's not applicable to the issues before the Court.

1    2)  Specified Criteria

2        Section 2042 provides the criteria for disapproval of a

3    decision, which include:

>   "clerical errors, apparent inconsistency of result from results
4   generally obtained for the same or similar cases, incorrect
    application of the law (statutes or regulations), a decision
5   not supported by the findings, findings not supported by the
    evidence on the record, or a unique or unusual policy issue
6   posed by the proposed decision"

7
    and section 2451 identifies conduct upon which "good cause" for

8   rescission must be premised, including:

9
    "(1) any disciplinary conduct subsequent to the parole grant, (2)
10  psychiatric deterioration of the prisoner, (3) fundamental errors
    occurred, resulting in the improvident granting of a parole date,
11  and (4) new information indicating parole should not occur, such
    as an inability to meet a special condition of parole, information
12  significant to the original grant of parole being fradulently with-
    held from the board."

13

14  C.   Standard of Review

15       This Court is "authorized to review the factual basis of

16  a decision of the Board denying parole in order to ensure that the

17  decision comports with the requirements of due process of law."

18  See In re Rosenkrantz, (2002) 29 Cal.4th 616, 677.

19  "[I]n conducting such a review, the court may require only whether
    some evidence in the record before the Board supports the decision
20  to deny parole, based upon the factors specified by statute and
    regulations. If the decision's consideration of the specified
21  factors is not supported by some evidence in the record and thus is
    devoid of factual basis, the court should grant the prisoner's
22  petition for writ of habeas corpus and should order the Board to
    vacate its decision denying parole and thereafter to proceed in
23  accordance with due process of law."

24  Id. at 658.  "To impose a standard of review that is less stringent

25  than the 'some evidence' test set forth in Powell [45 Cal.3d 894]

26  would permit the Board to render a decision without any basis

27  in fact.  Such a decision would be arbitrary and capricious,

28  thereby depriving the prisoner of due process of law."  Id. at 657-58.

1    Judicial oversight must be extensive enough to protect the

2   limited right of parole applicants "to be free from an arbitrary

3   parole decision ... and to something more than mere pro forma

4   consideration."  See In re Sturm, (1974) 11 Cal.3d 258, 268.

5        In the context of parole, the requirements of due process

6   are satisfied if "some evidence" supports the decision.  See

7   McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002).  Moreover,

8   in accordance with the United States Supreme Court's decision

9   in Superintendent v. Hill, 475 U.S. 445, 86 L.Ed.2d 356, 105 S.Ct.

10  2768 (1985) and the Ninth Circuits decision in Jancsek v. Oregon

11  Bd. of Parole, 883 F.2d 1389 (9th Cir. 1987), the California

12  Supreme Court has indicated that there must be "some evidence"

13  supporting parole rescission.  See Powell, supra, 45 Cal.3d at 904.

14       In this Court, Respondents had placed their "some evidence"

15  claim in a significantly different posture because none of the

16  evidence supporting "good cause" was presented as in other courts

17  (E.g., Caswell, McQuillion, Powell, Rosenkrantz).  Additionally,

18  in bold contrast to the California Supreme Court's recent opinion

19  in In re Dannenberg, (2005) 34 Cal.4th 1061, Respondents overturned

20  and ordered reheard the granting panel's finding of suitability

21  simply by failing to locate and transcribe the "[missing] tape"[3/]

22  (Ex. 2, p. 84:3-4) or take advantage of the alternative remedies.

23       Because the time already served by Petitioner is in gross

24  excess of the established guidelines for his commitment offense,

25  his continued incarceration further advances the "excessive

26  confinement" threshold that the Supreme Court has held to violate

27       3.  By way of example, Petitioner request this Court to take Judicial Notice
    of In re FREDDY FIKES, (B-65105), as the proceeding plainly governs the situation

28  in this case.  See Appendix B; BPT-1000(a) Denial-Worksheet attached hereto.
    The decision worksheet applicable to the present case is attachment Appendix A.

1   the cruel and unusual punishment clause (art. I, § 17) of the

2   California Constitution.  See <u>In re Rodriguez</u>, (1975) 14 Cal.3d

3   639, 646-656.

4                               III

6       AFTER PETITIONER SUCCESSFULLY CONTROVERTED THE
      FACTUAL INFORMATION SUBMITTED WITH RESPONDENTS'

7       INFORMAL RESPONSE, THE COURT PROPERLY DIRECTED
      RESPONDENTS TO ADDRESS THE CLAIM RAISED IN THE

8       PETITION ON WHICH THE ORDER TO SHOW CAUSE WAS
      ISSUED.

10      The goal of the procedures that govern habeas corpus is to

11   provide "a framework in which a court can discover the truth and do

12   justice in a timely fashion."  See <u>Board of Prison Terms v.</u>

13   <u>Superior Court</u>, (2005) 31 Cal.Rptr.3d 70, 90 (citing <u>People v.</u>

14   <u>Duvall</u>, supra, 9 Cal.4th at 482.)  Thus, when presented with a

15   petition for writ of habeas corpus, the court evaluates it by

16   asking "whether, assuming the petitioner's factual allegations are

17   true, the petitioner would be entitled to relief?"  See <u>Romero</u>,

18   supra, 8 Cal.4th at 738.

19      If the court finds that the petition states a prima facie

20   case, "the Court is obligated by statute to issue a writ of habeas

21   corpus."  See <u>Romero</u>, supra, 8 Cal.4th at 737; <u>Duvall</u>, supra,

22   9 Cal.4th at 474.  In crafting the Order to Show Cause the Court

23   has the power to "explain its preliminary assessment of the

24   petitioner's claims, re-state inartfully drafted claims for the

25   purposes of clarity, and limit the issues to be addressed in the

26   return to only those issues for which a prima facie showing has

27   been made."  See <u>Board of Prison Terms v. Superior Court</u>, supra,

28   31 Cal.Rptr.3d at 89-90.  Once the Court has decided that habeas

1 relief is warranted, "it authorizes the court to fashion a remedy

2 for the deprivation of any fundamental right which is cognizable on

3 habeas corpus." See Board of Prison Terms v. Superior Court,

4 supra, 31 Cal.Rptr.3d at 87.

5     In fashioning a remedy for the apparent inequity Petitioner

6 suffered at the hands of Respondents, the Court noted that

7 Respondents' Informal Response failed to "discuss several important

8 issues, including: 1) when Petitioner's rescheduled hearing is set

9 to occur, 2) whether the same Board members will preside over the

10 rescheduled hearing and 3) whether the rescheduled hearing will

11 involve a de novo review of Petitioner's suitability for parole or

12 simply a review of the decision." OSC, page 1:20-25. The Court

13 then summarized that "the most equitable solution would be to

14 reschedule the hearing before the same Board members with

15 instructions to adopt the existing transcript from the former

16 hearing and recreate their Decision to recommend parole based on

17 that transcript and their independent recollection. Accordingly,

18 Respondent is Ordered to Show Cause why Petitioner should not be

19 granted the relief sought in his Petition. Specifically,

20 Respondent is Ordered to Show Cause why any rescheduled hearing

21 should not be heard by the same Board members with instructions

22 to issue a Decision recommending parole." OSC, page 2:3:13.

23     After Petitioner was found unsuitable for parole, by the same

24 Board members at the October 4, 2005, hearing, involving a de novo

25 review, the Court denied Respondents' request that the Court

26 modify its Order to Show Cause and indicated that "the Court

27 remains interested in Respondent's position as to why a de novo

28 hearing (one which appears to have reached a different conclusion)

1  was necessary to correct Respondent's failure to properly record

2  the September 24, 2004, hearing."

3      In its answer, Respondents note "relying on the partial

4  transcript or re-creating it based on the panel's recollection is

5  inconsistent with public policy.  Such a reliance is perverse

6  considering that the paramount concern when determining whether

7  someone is suitable for parole is ensuring public safety."

8  Objections, page 9:11-14.  Respondents neglect to mention in their

9  objections that the Board has prescribed a rule that governs the

10  Court's equitable solution, in which Respondents rely on the

11  partial transcript and adopts the panel's decision and reasoning

12  for the decision from an alternative source.  See Appendix B.

13      Further, Respondents offers no evidence to show that Petitioner

14  has become an unreasonable risk of danger or risk to public safety

15  since his finding of suitability.  See Caswell, supra, 92 Cal.App.

16  4th at 1027 (holding that "a rescission may not be upheld merely

17  because the Board has mouth words that have been held to

18  constitute 'cause' for rescission.  There must be a factual under-

19  pinning for the Board's determination cause.")

20      Finally, Respondents conclude that "the court's concern with why the Board

21  ordered a rehearing rather than allowing the panel to re-create its

22  decision from memory is an issue addressing the proper relief

23  and ... because [Petitioner] did not raise the issue in his

24  petition, the court improperly directed respondent to justify

25  holding a rehearing rather than having the panel re-create its

26  decision, and the court cannot grant any relief on this basis."

27  Objections, page 11:4-15.

28      Respondents err.  The fundamental nature of the Due Process

1   claim is based on the fact that the Board of Parole Hearings
2   rescinded its September 24, 2004, finding that Petitioner was
3   suitable for parole based solely on the fact that the Board lost
4   the decision portion of the transcript from the hearing has not
5   changed.

6       Certainly new details arose during the discovery portion of
7   this matter. For example, we learned that the rescheduled hearing
8   was set to be held on October 4, 2005, in front of the same
9   commissioner and deputy commissioner who conducted the September
10  24, 2004 suitability hearing. But none of the new facts developed
11  in discovery fundamentally altered the facts alleged in petition or
12  claims made before the Court. Accordingly, the Court has properly
13  directed Respondents to address the claims raised in the petition,
14  and can grant the relief requested.

15

16

## CONCLUSION

17      In closing, Petitioner would simply like to emphasize, it has
18  been over a year since his finding of suitability and nothing has
19  changed from the time of the parole grant to indicate that parole
20  should not occur.

21      While it is most certainly within this Court's discretion to
22  remand back to the Board, it is note-worthy to point out that
23  Respondents have had many opportunities to avail themselves of
24  available remedies, including the remedy fashioned by this Court,
25  but failed to do so. Given the fact that Respondents take the
26  position that the "equitable relief contemplated by the court
27  would be futile." Objections, page 9:24. There is no reason to
3   remand back to the Board.

1    In a somewhat analogous situation, the California Court of

2 Appeals declined to remand to the Governor, The Court explained:

3    "Although the Board can give a prisoner a new hearing and
consider additional evidence, the Governor's constitutional

4 authority is limited to review of the materials provided by the
Board.  Since we have reviewed the materials that were before the

5 Board and found no evidence to support a decision other than the
one reached by the board, a remand to the Governor in this case

6 would amount to an idle act." (In Re Smith, (2003) 109
Cal.App.4th 489,507).

7

8    In the absence of any evidence in the record supporting the

9 Board's decision, remanding the case for a new hearing would be

10 futile, and the appropriate remedy is to grant the release of

11 Petitioner.  (McQuillion v. Duncan II (9th Cir., 2003) 342 F.3d

12 1012, 1015-1016).

13    Respondents have not cited any evidence, nor provided

14 convincing argument refuting the points made in the Petition and

15 outlined in Petitioner's previously filed informal response.

16 They fail t o address or justify their position in light of the

17 order to Show Cause.  Thus, the Court should grant the Petition

18 and order Respondents to release Petitioner from incarceration

19 forthwith.

20

21 Dated: December 23,2005

                              Respectfully Submitted,

22

23

24 _____
                              Michael Herro

25                            Attorney for Petitioner

26

27

28

# EXHIBIT "M"

1  Michael Herro, Attorney at Law
   SBN: 233749
2  Law Office of Michael Herro
   134 Central Ave.
3  Salinas, California 93901

4  Phone and fax (831) 753-0992

5  Attorney for Petitioner



LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
MELISSA MENDONCEPUTY

6                SUPERIOR COURT OF CALIFORNIA
                   COUNTY OF MONTEREY
7

8

9  ┌─────────────────────────────┐
   In Re                         )   HC 04990
10                               )
   FRED L. BAKER,                )
11                               )   MOTION TO AMEND
   On Habeas Corpus.             )   TRAVERSE/RESPONSE TO RETURN
12                               )   PURSUANT TO C.C.P. 576
                                 )
13 └─────────────────────────────┘

14

15     TO THE SUPERIOR COURT FOR CALIFORNIA FOR THE COUNTY OF

16 MONTEREY, HONORABLE MARLA. O ANDERSON

       Petitioner, by and through his appointed counsel, hereby
17
   respectfully requests this Court to grant this motion to amend
18
   the Traverse/Response that was filed in this matter on December
19
   23, 2005.  Specifically, Petitioner moves this Court to amend
20
   that pleading by including the three pages attached that were
21
   inadvertently omitted from the filed copy.  These pages should be
22
   placed immediately after the page containing footnote 3.
23
       This request is pursuant to C.C.P. 576, which provides "any
24
   judge, at any time before or after commencement of trial, in the
25
   furtherance of justice, and upon such terms as may be proper, may
26
   allow the amendment of any pleading...".
27
       Retention of this power is necessary to ensure that
28

1  technical and inadvertent pleading errors do not lead to
2  premature dismissals that would frustrate the ends of justice or
3  require holding unnecessary evidentiary hearings that would
4  squander to judicial resources.

5  Dated: January 6, 2006                    Respectfully Submitted,

7                                            Michael Herro

# EXHIBIT "N"

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

In re                                    ) Case No.: HC 4990
                                         )
    Fred L. Baker (C-22918)              ) ORDER
                                         )
                      On Habeas Corpus.  )

Petitioner brought a writ of habeas corpus in which he contends that The Board of Prison Terms violated his right to Due Process by rescinding its September 24, 2004 parole suitability finding. The ___le reason for the Board's rescission was that a portion of the parole suitability hearing was not transcribed. Only a partial transcript could be obtained either because the tape recorder malfunctioned or because the Board only provided one of two hearing tapes for transcription. Petitioner argues that he should not be punished for the Board's failure to operate its recording equipment or failure to ensure that all hearing tapes were submitted for transcription.

Subsequent to the filing of the writ, the Board conducted a *de novo* hearing before the original hearing panel. The panel then reversed its previous finding of suitability. Petitioner now avers that a proper record could have been made without conducting a *de novo* hearing. This claim was neither expressly nor implicitly raised in the habeas petition, as it was entirely unknown at the time the writ was filed what process would be undertaken by the Board to remedy the Board's error.

The Court issued an Order to Show Cause, noting that Penal Code section 3042(b)[1] places the duty on the Board, not the inmate, to record and transcribe parole suitability

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

1

1  hearings.  The Court ordered Respondent to show cause why any rescheduled hearing should

2  not be before the same Board members with instructions to issue a Decision recommending

3  parole, and to address the apparent inequity created by Respondent's interpretation of the law.

4  In the Court's view, the most equitable solution involved (1) the adoption by panel members of

5  the existing transcript and the documents created or relied upon by the Board at the hearing,

6  and (2) a recreation of the panel's Decision based upon the transcript and documents, together

7  with the independent recollections of panel members.

8         Respondent defended the Board's actions as proper, arguing that Sections 3041(b),

9  3041.1, and 3042(b)-(c) require that all portions of a suitability hearing be transcribed to ensure

10  that the Governor is not deprived of his statutory right to review a grant of parole.  In this,

11  Respondent errs.  The sections cited by Respondent merely provide a process for the review of

12  a parole hearing decision.  No mandate is set forth requiring a rehearing where, as here, the

13  recording equipment malfunctions or staff simply neglects to produce all tapes for

14  transcription.  A hearing record is sufficient for purposes of review whether it be made by

15  transcript or *written summary*.  "A record (a verbatim transcript, tape recording or written

16  summary) shall be made of all hearings.  The record of hearing shall include *or incorporate by*

17  *reference* the evidence considered, the evidence relied on, and the findings of the hearing panel

18  with supporting reasons."  15 CCR sec. 2254 (emphasis added).

19         Respondent failed to analyze or discuss the relevant equities of the matter, asserting that

20  "the court improperly directed Respondent to justify holding a rehearing rather than having the

21  panel recreate its decision . . . ."  It is the function of the court to discover the truth of factual

22  allegations set forth by a petitioner, and to provide justice by fashioning a remedy where the

23  petitioner has stated a *prima facie* case.  *Board of Prison Terms v. Superior Court* (2005) 130

24  Cal.App.4[th] 1212.  A court is not constrained in its crafting of an appropriate remedy simply

25  because an action has been inartfully pled.  Nevertheless, a court's power under Section 1484

2

1  "to do and perform all other acts and things necessary to a full and fair hearing and

2  determination of the case" is limited. Pen. Code sec. 1484. "The superior court's power under

3  section 1484 does not authorize the court to consider new claims not expressly or implicitly

4  raised in the original habeas petition or supported by the factual allegations in the original

5  habeas petition unless those claims have been asserted in a supplemental habeas petition filed

6  with the permission of the court." *Id.*, at pp. 1238-39 (emphasis added).

7      Petitioner filed his Traverse/Response, a motion to amend the Traverse/Response, and a

8  Request for Judicial Notice. Respondent filed an opposition and objection, and Petitioner filed

9  his response thereto. Petitioner asserts that the Decision granting parole was in accordance

10  with the law, even if the hearing transcript is incomplete. Petitioner maintains that he, the

11  victim and others were given an opportunity to be heard, and that "a written statement setting

12  forth the recommendation of parole was generated, as were documents regarding the condition

13  of release and consequences for failure to meet those conditions." The Court notes that the

14  California Department of Corrections and Rehabilitation (CDCR) generates specific forms

15  utilized by the Board during parole consideration hearings, including BPT Form 1000(a) [Life

16  Prisoner Parole Consideration Worksheet], Form 1000(b) [Setting a Term-Life Prisoner Parole

17  Granted], and Form 1005 [Life Prisoner: Parole Consideration Proposed Decision]. DOM sec.

18  74040.5.3 ("Required BPT Forms (Life Cases)"). It is mandated that the forms be prepared

19  prior to the hearing and utilized during the hearing. DOM secs. 74040.5.3, 74040.5.4.

20      Petitioner requests that the Court take judicial notice of blank BPT worksheets (BPT

21  Forms 1000(a)-(b) used by Board members during the hearings to justify their decision to grant

22  or deny parole. Judicial notice may be taken of facts and propositions which are not reasonably

23  subject to dispute and are subject to immediate and accurate determination through sources of

24  reasonably undisputable accuracy. Evid. Code sec. 452(h). A court must take judicial notice

25  of such matters if the requesting party provides sufficient notice to the adverse party, and

3

1    furnishes the court with sufficient information to comply with the party's request. Evid. Code

2    sec. 453. Here, the forms subject to the request are promulgated and utilized by Respondent,

3    and appear to be blank copies of documents which the Board was required to utilize during

4    Petitioner's initial hearing. DOM secs. 74040.5.3, 74040.5.4. The documents bear BPT Form

5    numbers 1000(a) and 1000(b), respectively. Respondent does not dispute the existence or

6    accuracy of these forms. Accordingly, the Court takes judicial notice of the blank BPT Forms

7    1000(a)-(b) as Parole consideration worksheets utilized by the Board in considering an

8    inmate's suitability for parole.

9           Petitioner further requests that the Court judicially notice a document entitled "Review

10   of Proposed Decision," BPT Form 1138. The document appears to embody an administrative

11   act of the Board, and is executed by Chief Counsel David E. Brown and Chief Deputy

12   Commissioner James B. Dowling. Administrative acts are subject to judicial notice. Evid.

13   Code sec. 452(c). The Court has reviewed a declaration appended to the document, in which

14   the declarant identifies the document and the purpose for which it was created. The declarant

15   states that a portion of his hearing transcript was unrecorded due to an alleged problem with the

16   recording equipment. There, the Board did not conduct a new hearing but instead utilized the

17   decision worksheet "to complete the process." Declarant attempts to incorporate by reference

18   the Review of Proposed Decision into his declaration. The document indicates that in

19   Declarant's case, the recommendations by the Decision Review Unit to (1) append an errata

20   sheet to the transcript which set forth the information on the Life Prisoner Parole Consideration

21   Worksheet, and (2) check the box on the title page of the transcript indicating that an errata

22   sheet was prepared, were approved by the Board. Judicial notice of the authenticity and

23   contents of an official document does not serve to establish the truth of all the recitals therein,

24   nor render admissible those matters which are inadmissible. 1 Witkin, Cal. Evid. (4th ed.) sec.

25   19; Evid. Code sec. 452(c). Accordingly, the Court takes judicial notice of the Board's official

1  act in utilizing Form 1138 in its determination of Declarant's parole suitability, but not the

2  veracity of the facts alleged therein.

3      The Traverse/Response further sets forth Petitioner's claim that the Board lacked

4  jurisdiction to preside over his parole suitability hearing given the time constraints of Sections

5  3041(b), 2041, 2042 and 2451. The Court takes no position as to the merits of this claim, as it

6  was neither raised in the original petition nor supported by the factual allegations contained

7  therein. *Board of Prison Terms v. Superior Court, supra*, 130 Cal.App.4[th] at 1238-39.

8  Nevertheless, where the "superior court determines that the habeas petition has pleading

9  defects and believes that a correction of the defects is necessary to ensure a full and fair

10  hearings and a determination of the case, the superior court has the discretion to give notice of

11  the defect and grant leave to amend or supplement the petition." *Id.*, at 1239 (citing *People v.*

12  *Handcock* (1983) 145 Cal.App.3d Supp. 25, 32-33).

13      The Court finds that the instant petition contains pleading defects which must be

14  corrected in order to ensure that Petitioner receives a fair and complete determination of his

15  claims. The underlying petition solely challenged the fact of the Board's rescission of its

16  suitability finding. Subsequent to the discovery of new facts during the course of discovery,

17  Petitioner developed additional theories of relief, which addressed, *inter alia*, the process

18  involved in the rescission. In the interests of justice and as contemplated by Section 1484, the

19  Court now grants Petitioner leave to amend or supplement his petition by addressing those facts

20  and theories relevant to the Board's rescission which were not expressly or implicitly raised in

21  the petition, as set forth hereinabove. Petitioner is invited to attach to the amended or

22  supplemental petition the following: (1) the Board's written statement recommending that

23  parole be granted; (2) forms and documents generated and utilized by the Board in connection

24  with Petitioner's hearing; and (3) a further declaration in which Declarant properly

25  authenticates and identifies the documents to which he refers. Petitioner shall have 30 days

1  from the date of this Order in which to file his amended or supplemental petition; all other

2  filing timelines shall be in accordance with Rule 4.551 of the California Rules of Court.

3      IT IS SO ORDERED.

4  Dated:

5                                        _____

6                                        Hon. Marla O. Anderson
                                        Judge of the Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

6

# EXHIBIT "O"

1  Michael Herro, Attorney at Law
   SBN: 233749
2  Law Office of Michael Herro
   134 Central Ave.
3  Salinas, California 93901

4  Phone and fax (831) 753-0992

5  Attorney for Petitioner Fred L. Baker

**FILED**

JUL 1 0 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
——— X. Hanson ———DEPUTY

6

7          SUPERIOR COURT OF MONTEREY COUNTY

8             IN AND FOR THE STATE OF CALIFORNIA

9

10

11
   IN RE                    )    HC 04990
12 FRED L. BAKER            )
   **ON HABEAS CORPUS**     )    AMENDED/SUPPLEMENTAL
13                          )
                            )    PETITION AND ATTACHMENTS
14                          )
                            )    Dept. 9- Judge Anderson
15                          )
                            )
16                          )
                            )
17

18      On June 5, 2006 an Order was issued by this Court granting

19 leave to Petitioner to file a supplement or amendment to his

20 original petition by addressing certain facts that in the

21 Court's view had not been raised expressly or implicitly in the

22 original petition and pleadings filed in this matter.  The

23 Order stated any supplement or amendment be filed within 30

24 days of issuing the Order.  It was mailed to counsel for

25 Petitioner.  The Order was received on or about June 8, 2005.

26 Based on receiving service by mail, under C.C.P. 1013, this

27 amended/supplemental petition was to be filed within 35 days

28

1  from the date the Order issued.

2      Specifically, the Court gave Petitioner leave to address
3  whether the Board of Prison Terms lost jurisdiction to preside
4  over parole suitability hearings held subsequent to the
5  challenged September 24, 2004 hearing, pursuant to Penal Code
6  sections 3041(b), 2041, 2042 and 2451.   Further, the Court
7  invited Petitioner to attach the following to any supplement or
8  amendment to the petition; 1.) the Board's written statement
9  recommending that parole be granted, 2.) forms and documents
10 generated and used by the Board in connection with Petitioner's
11 hearing, and 3.) a further declaration in which Declarant
12 properly authenticates and identifies documents referred to in
13 his declaration.   The declaration referred to above is that of
14 Freddy Fikes, another inmate who was involved in a situation
15 were a portion of his parole suitability hearing was not tape
16 recorded, but a *de novo* rehearing wasn't necessary because the
17 Board could rely on certain documents produced as part of the
18 hearing in making their decision whether to grant or deny
19 parole.

20

21 AMENDMENT OF ORIGINAL PETITION TO INCLUDE CLAIM THAT BOARD LOST
22     JURISDICTION TO PRESIDE OVER "REHEARING" OF THE PAROLE
23 SUITABILITY HEARING CONDUCTED ON SEPTEMBER 24, 2004 BECAUSE OF
24   TIME LIMITS SET BY PENAL CODE SECTION 3041(B) AND CALIFORNIA
25    CODE OF REGULATIONS, TITLE 15, DIVISION TWO, SECTIONS 2041,
26                      2042, 2044 AND 2451.

27     Petitioner hereby request that the above claim be amended
28 to and included as part of original petition for Habeas Corpus

1  filed in this matter on Jan. 27, 2005, as an additional ground

2  on which to base the Petitioner's claim for relief.

3      Petitioner was found suitable for parole following a full

4  hearing conducted on September 24, 2004.  On November 30, 2006

5  the Decision Review Unit recommended that the 9/24/2004

6  decision be disapproved and that a rehearing be conducted on

7  the matter on the next available calender.  Then, on December

8  14, 2004, the Board of Prison Terms voted disapprove of the

9  proposed decision to grant parole.

10     These actions were taken despite the time limits

11 delineated in 15 CCR 2041, and the other sections cited above,

12 and therefore were taken at a time when both the Decision

13 Review Unit and the Board of Prison Terms had lost jurisdiction

14 over the matter.  The Traverse filed in this matter fully

15 addresses the statutory time limits referred to above,

16 appearing as section "II", and is hereby incorporated by

17 reference.  Petitioner respectfully request the Court consider

18 the legal citations and argument in the above mentioned

19 pleading as support for the above claim.

20                          ATTACHMENTS

21     As previously stated, through the Order issued by the

22 Court on June 5, 2006, Petitioner was granted leave to attach

23 to this amended/supplemental petition certain documents.

24     Accordingly, the following have been attached;

25 1.  "The Board's written statement recommending that parole be

26 granted."

27     Attached as Exhibit A to this amended/supplemental

28 petition is BPT Form 1001, generated and signed at the

1  September 24, 2004 hearing, a copy of which was obtained by

2  Petitioner from his Central File, which is kept at Correctional

3  Training Facility-Soledad, where he is incarcerated.

4  2.  "Forms and documents generated and utilized by the Board in

5  connection with Petitioner's (Sept. 24, 2004) hearing."

6       Petitioner and his counsel made attempts to obtain

7  documents relevant to the above mentioned materials,

8  specifically the BPT 1000(b)[Setting a Term-Life Prisoner

9  Parole Granted] form that was generated as a result of

10  Petitioner's 9/24/2004 hearing.  an informal request made by

11  Petitioner's counsel that any such "forms and documents" be

12  provided, pursuant to the Court's 6/5/2006 Order was made on or

13  around June 23, 2006.   Counsel for the Respondents replied by

14  a two-page letter, dated June 28, 2006, which has been attached

15  to this amended/supplemental petition as Exhibit B.

16       The Petitioner himself also made efforts to obtain such

17  forms and documents through the prison where he is

18  incarcerated.  A declaration by Petitioner, [which includes its

19  own exhibits, numbered 1-4], has been attached to this

20  amended/supplemental petition as Exhibit C.

21       Based on the above, Petitioner request that the Court

22  order Respondent to produce for review by both the Petitioner

23  and the Court the BPT 1000(b) form referenced above and any

24  other "forms and documents" that might be attached by

25  Petitioner in response to the Court's 6/5/2006 Order.

26  3.  "A further declaration in which Declarant (Freddy Fikes)

27  properly authenticates and identifies the documents to which he

28  refers."

1      A declaration from Mr. Freddy Fikes, [with it's own

2  exhibits, labeled, by Declarant, Appendix B(2)(3) and (4)] has

3  been attached to this amended/supplemental petition Exhibit D.

4

5  Dated: July 10, 2006        Respectfully Submitted,

6                              _Michael Herro_____

7                              Michael Herro, Attorney for Petitioner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

BOARD OF PRISON TERMS                                    STATE OF CALIFORNIA
LIFE PRISONER HEARING DECISION FACE SHEET

---

[✓] PAROLE GRANTED - (YES)  *Do not release*
    CDC:  Do not release prisoner before  *until review*
          Governor's review

[ ] PAROLE DENIED - (NO)

| Records Use Only |
|---|
| Parole Release Date |
| YR   MO   DAY |
| Attach Prison Calculation Sheet |

[ ] AGREED UNSUITABLE (Attach 1001A Form) FOR:_____YEAR(S)
[ ] HEARING POSTPONED/REASON:_____

---

## PANEL RECOMMENDATIONS AND REQUESTS

**The Board Recommends:**

[ ] No more 115's or 128A's          [X] Stay discipline free
[ ] Work to reduce custody level     [ ] Learn a trade*              [X] Earn positive chronos
[X] Get self-help* *Continue*        [ ] Get therapy*               [ ] Get a GED*

[ ] Recommend transfer to_____
[ ] Other_____
     *These programs are recommended if they are offered at your prison and you are eligible/able to participate.

---

| Penal Code 3042 Notices | [ X ] Sent   Date: *8/6/04* |
|---|---|

Commitment Offense(s)     *P209 W/12022.5*     *KIDNAP FOR ROBBERY W/USE F'ARM*
                          Code(s)                Crime(s)
                          *CR17643*              *6*
                          Case #(s)              Count #(s)

| Date Inmate Came to CDC *11/6/80* | Date Life Term Began | Minimum Eligible Parole Date *7/31/94* |
|---|---|---|
| [ ] Initial Hearing | [X ] Subsequent (Hearing No.) 7 | Date of Last Hearing |

CDC Representative
Attorney for Prisoner                          Address
D.A. Representative                            County

This form and the Board's decision at the end of the hearing is only <u>proposed</u> and NOT FINAL. <u>It will not become final until it is reviewed.</u>

Chair     *Susan Fisher*                    Date  *9/24/04*
Panel Member  _____            Date
Panel Member  _____ *RVM*            Date
NAME *BAKER, FRED*      CDC # *C22918*   PRISON *CTF*   CALENDAR *9/04*     DATE

BPT 1001 (REV. 08/03)

# EXHIBIT B

**BILL LOCKYER**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5531
Facsimile: (415) 703-5843
E-Mail: Denise.Yates@doj.ca.gov

June 28, 2006

**VIA FACSIMILE**

Michael Herro, Attorney at Law
Law Office of Michael Herro
134 Central Ave.
Salinas, CA 93901
Fax: (831) 753-0992

RE:     In re Fred L. Baker (C-22918), On Habeas Corpus
        Superior Court of California, County of Monterey, Case No. HC 4990

Dear Mr. Herro:

        I am writing in response to your telephone message of June 26, 2006, in which you
informally requested some Board documents. You requested a copy of the BPT form 1000(b)
from Baker's September 24, 2004 hearing. You also requested a copy of the other documents
referenced in the court's June 5, 2006 Order. The BPT form 1000(b) is a worksheet that the
commissioners use as a guide in announcing their decision. The worksheet is not meant to be
placed in the central file nor is it regularly maintained by the Board. The court's statement that
the BPT forms 1000(a) and (b) are prepared before the hearing and utilized by the Board during
the hearing reflects a misunderstanding of the Department Operations Manual. The BPT forms
1000(a) and (b) are the forms used when the Board denies or grants a life prisoner parole,
respectively. (Dep't Operations Manual, § 74040.5.3.) Obviously, the Board does not prepare
these forms before the hearing because it does not yet know if it will deny or grant the prisoner
parole. Rather, the case records staff simply makes these forms available to the commissioners
for use at the hearing, if necessary. (See *id.*, § 74040.5.4.)

Mr. Michael Herro
June 28, 2006
Page 2

Regarding your second request, I am unable and unwilling to respond to it. If you are
referring to the court's comment that you should amend or supplement the petition with "forms
and documents generated and utilized by the Board in connection with Petitioner's hearing," your
request is ambiguous. I do not know the total documents you or the court are referring to. Until
you can specify which documents you are requesting and confirm that they are not in your
client's central file, I cannot provide a better response. Thank you for your consideration.

Sincerely,

DENISE A. YATES
Deputy Attorney General

For    BILL LOCKYER
       Attorney General

# EXHIBIT C

1  Michael Herro, Attorney at Law
   SBN: 233749
2  Law Office of Michael Herro
   134 Central Ave.
3  Salinas, California 93901

4  Phone and fax (831) 752-0992

5  Attorney for Petitioner

6              SUPERIOR COURT OF CALIFORNIA

7                  COUNTY OF MONTEREY

8

9

10

11  In re                    )      HC 04990
                             )
12  FRED BAKER,              )      **DECLARATION OF FRED BAKER (C-22918)**
                             )
13  On Habeas Corpus.        )
                             )
14                           )
                             )

15

16      I, FRED BAKER, hereby declare that if called as a witness, I would

17  competently testify as follows:

18      1.    I am a resident of the state of California, County of

19  Monterey and the Petitioner in this matter.

20      2.    On June 8, 2006, I received a copy of the Court's order

21  granting me leave to amend or supplement my petition, and attach

22  thereto: 1) the Board's written statement recommending parole be

23  granted; 2) forms and documents generated and utilized by the Board

24  in connection with my September 2004 hearing; and 3) a further

25  declaration in which Declarant (Freddy Fikes) properly authenticates

26  and identifies the documents to which refers.  See (Decl-Ex. 1.)

27  .    3.    On June 9, 2006, at approximately 9:30 a.m., I contacted

28  Correctional Counselor (CCI) Williams, via institutional phone and

                              1

1  and requested a copy of the information specified by the Court.

2  Specifically, the worksheet utilized by the Board bearing BPT form

3  number 1000(b)[Setting a Term-Life Prisoner Parole Grant], as well

4  as all forms and documents generated and utilized by the Board in

5  connection with the September 2004 hearing.   CCI Williams.instructed

6  me to submit a Multi-Purpose Form (CTF-304), listing the documents

7  I needed.  Upon conclusion of the call I submitted the form.  See

8  (Decl-Ex. 2.)   However, due to conflicting work hours and the hours

9  in which I can access the law library, I was unable to attach a copy

10  of the Court order with the request.

11     4.    Accordingly, on June 11, 2006, I obtained copies of the

12  Court Order.

13     5.    On  June 13, 2006, I submitted a subsequent Multi-Purpose

14  Form to CCI Williams, attached thereto a copy of the Order.  See

15  (Decl-Ex. 3.)

16     6.    On June 16, 2006, CCI Williams called me to the housing

17  unit office for an "Olsen's Review" to review my Central File.  Upon

18  reviewing the file, in the presences of CCI WIlliams, I noted the

19  BPT 1000(b) form was not part of the file.  I then asked CCI Williams

20  was he able to locate the documents requested per the Court order, at

21  which point he stated that he had sent copies of everything he could

22  find in connection with the September 24, 2004 hearing.  A copy of

23  those documents are attached to this declaration as declarant's exhibit

24  number four.  See (Delc-Ex. 4.)

25     7.    After further inquiring about the requested material, I was

26  told to  "have your attorney call me at my number here at the

27  institution ext. # 4347, and I [Williams] will let him know that those

28  documents are not part of the C-file.")

2

1    I declare under penalty of perjury under the laws of the State

2  of California that the foregoing is true and correct.  My expressions

3  of belief as to each specified fact are based on the reasons I have

4  given as to each such fact.  I am willing to testify to the same in

5  a court of law.  I so swear, this <u>18</u> day of June, 2006, at Soledad,

6  California.

7

8                                        Fred Baker
                                         Declarant
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# DECL.-EXHIBIT 1

SAN JOSE CA 951

06 JUN 2006 PM 6 L

RECEIVE

JUN 8 2006



Mr. Fred L. Baker
C-22918, B-321
Correctional Training Facility
P.O. Box 689
Soledad, Ca. 93960-0689

93960+0689

Michael Herro
Attorney at Law
134 Central Avenue
Salinas, Ca 93901

LEGAL MAIL

LEGAL AND CONFIDENTIAL



□ **Salinas Division**
240 Church St., Suite 318
Salinas, CA 9390:
(831) 775-5400

□ **Monterey Division**
1200 Aguajito Road
Monterey, CA 93940
(831) 647-5800

□ **Marina Division**
3180 Del Monte Blvd
Marina, CA 93933
(831) 883-5300

□ **King City Division**
250 Franciscan Way
King City, CA 93930
(831) 386-5200

http://www.co.monterey.ca.us/court/



# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF MONTEREY

LISA M. GALDOS
Court Executive Officer
and Jury Commissioner

# Fax

**TO:**    Michael Herro

**FAX NO.:**  **753-0992**

**FROM:**   Heidi Whilden

**DATE:**    June 5, 2006

**NUMBER OF PAGES IN THIS FAX:   7**  (including cover)

The information contained in this facsimile transmission may be confidential, and may be legally protected attorney work-product, or may be inside information. This information is intended only for the use of the recipient(s) named below. If you have received this information in error, please immediately notify us by telephone to arrange for return of all documents. Any unauthorized disclosure, distribution, or taking of any action in reliance on the contents of this information is strictly prohibited and may be unlawful.

---

**COMMENTS:**

Attached is a courtesy copy of the Judge's ruling in the Baker matter. It is undated and will bear the date on which it is filed by the habeas clerk. I will request that the clerk file and process the order today.

---

THE MISSION OF THE COURT IS TO DISPENSE JUSTICE IN ALL MATTERS WITHIN
ITS JURISDICTION IN AN IMPARTIAL MANNER AND IN ACCORDANCE WITH THE LAW

# DECL.-EXHIBIT 2

MULTI-PURPOSE FORM

TO: _Williams_ _CCI_    DATE: _6/9/06_
     (Name)              (Title)

☐ MEDICAL CONCERN                    ☐ TRUST ACCOUNT BALANCE $ _____
☐ DENTAL CONCERN                     ☐ TRUST ACCOUNT WITHDRAWAL
☐ VISITING CONCERN                   ☐ REQUEST FOR ROOM CHANGE
☐ REQUEST FOR INTERVIEW              ☐ REQUEST FOR UNIT CHANGE
☐ PACKAGE ROOM                       ☐ FAMILY HOUSING UNIT VISIT INTERVIEW
☐ REQUEST FOR I.D. CARD              ☐ REQUEST FOR CHAPLAIN INTERVIEW
☐ REQUEST TO REVIEW CENTRAL FILE     ☐ MEDICALLY CLEARED FOR CULINARY REQUEST
☐ MAIL ROOM: Request for metered envelopes (No Funds)
☐ E.P.R.D.: You should be within six (6) months of release date to inquire

REASON FOR REQUEST (Be specific: Explain your problem): _I need a copy of the following_
_documents from my C-file pertaining to my September 24, 2004 parole_
_hearing. This request is made pursuant to the Monterey Superior's_
_Court order of June 2, 2006: The Board's written statement recommendi_

DATE: _____    STAFF RESPONSE: _____

INMATE NAME: _Baker, F._    INMATE NUMBER: _C 22918_    CELL: _B-321L_
ASSIGNMENT: _Clothing_    HOURS: _0630 Hrs - 1430 Hrs_ RDO'S: _S/S/H_

CTF-304 (Rev. 04-97)
B 321 L
See Reverse Side

that parole be granted; ²⁾ BPT-1000(b) Worksheet; ³⁾ BPT-1138(a)
Review of Proposed Decision; and ⁴⁾ all forms and documents
generated and utilized by the Board in connection with
the Sept. 2004 hearing.

Your assistance in this matter
is greatly needed and appreciated.

Respectfully [signature] F Bak

Thank You

# DECL.-EXHIBIT 3

# MULTI-PURPOSE FORM

TO: __Williams_____ __CCI_____ DATE: __6/13/2006__

      (Name)                      (Title)

❑ MEDICAL CONCERN               ❑ TRUST ACCOUNT BALANCE $ _____

❑ DENTAL CONCERN                ❑ TRUST ACCOUNT WITHDRAWAL

❑ VISITING CONCERN              ❑ REQUEST FOR ROOM CHANGE

❑ REQUEST FOR INTERVIEW        ❑ REQUEST FOR UNIT CHANGE

❑ PACKAGE ROOM                 ❑ FAMILY HOUSING UNIT VISIT INTERVIEW

❑ REQUEST FOR I.D. CARD         ❑ REQUEST FOR CHAPLAIN INTERVIEW

❑ REQUEST TO REVIEW CENTRAL FILE   ❑ MEDICALLY CLEARED FOR CULINARY REQUEST

❑ MAIL ROOM: Request for metered envelopes *(No Funds)*

❑ E.P.R.D.: You should be within six *(6)* months of release date to inquire     **(Please see reverse side)**

REASON FOR REQUEST *(Be specific: Explain your problem):* On June 9, 2006, I contacted you concerning a recent

Court order (HC 04990) I received requiring a copy of specific documents from my C-file in

connection with my September 24, 2004, parole hearing.  You advised me to submit a multi-purpose

form, which I did, listing the items.  However, due to a lack of access to a copier at that time

DATE: _____ STAFF RESPONSE: _____

INMATE NAME: __Baker, F._____ INMATE NUMBER: __C-22918_____ CELL: __B-321L__

ASSIGNMENT: __Clothing Room_____ HOURS: __0630 Hrs - 1430 Hrs.__ RDO'S: __S/S/H__

                                                                       CTF-304 (Rev. 04-97)

(con't)

I was unable to attach a copy of the Court order.  A copy of that Order is attached
to this multi-purpose form.  Please see page 4, lines 2-6, and 5, lines 22-24.  The
documents are needed asap due to time restraints.  Your assistance in this matter
is greatly needed and appreciated.

Respectfully submitted,

F. Baker C-22918

# DECL.-EXHIBIT 4

Board of Prison Terms                                     State of California

## MISCELLANEOUS DECISION

### FACTS

During the December 14, 2004 Executive Meeting of the Board of Prison Terms, the Board, sitting en banc, considered the findings of the Decision Review Unit regarding the proposed decision dated September 24, 2004, for life prisoner Fred Baker, C-22918. Following consideration, the full Board voted to disapprove the proposed decision of September 24, 2004, and schedule a rehearing of the prisoner's seventh subsequent parole consideration hearing on the next available calendar.

### DECISION(S)

Disapprove the September 24, 2004 proposed decision and schedule a rehearing of the prisoner's seventh subsequent parole consideration hearing on the next available calendar.

| STAFF (Name) | TITLE | DATE |
|---|---|---|
| MARVIN E. SPEED II | Executive Officer | 12-20-04 |

| NAME | NUMBER | INSTITUTION |
|---|---|---|
| BAKER, Fred | C-22918 | CTF |

Board of Prison Terms                                          State of California

## MISCELLANEOUS DECISION

### FACTS

During the December 14, 2004 Executive Meeting of the Board of Prison Terms, the Board, sitting en banc, considered the findings of the Decision Review Unit regarding the proposed decision dated September 24, 2004, for life prisoner Fred Baker, C-22918. Following consideration, the full Board voted to disapprove the proposed decision of September 24, 2004, and schedule a rehearing of the prisoner's seventh subsequent parole consideration hearing on the next available calendar.

### DECISION(S)

Disapprove the September 24, 2004 proposed decision and schedule a rehearing of the prisoner's seventh subsequent parole consideration hearing on the next available calendar.

| STAFF (Name) | TITLE | DATE |
|---|---|---|
| MARVIN E. SPEED II | Executive Officer | 12-20-04 |

| NAME | NUMBER | INSTITUTION |
|---|---|---|
| BAKER, Fred | C-22918 | CTF |

BOARD OF PRISON TERMS                                                STATE OF CALIFORNIA

# LIFE PRISONER PAROLE CONSIDERATION WORKSHEET

[ ] INITIAL HEARING          [V] SUBSEQUENT HEARING

| PRISONER'S NAME *Baker* | CDC NUMBER *C.22918* |
|---|---|
| DATE OF HEARING | LOCATION *CTF* |

## LEGAL STATUS

| DATE RECEIVED *1-6-80* | DATE LIFE TERM STARTS (IF DIFFERENT) | COUNTY *Riverside* |
|---|---|---|

OFFENSE *Kidnap in Robbery w/use Farm*                    CASE NUMBER *CR-17643*

COUNT NUMBER(S) *06*                    PENAL CODE SECTION(S) VIOLATED *P209 W/P12022.5*

TERMS *7 to Life*                    MEPD *7-31-94*

## OTHER COMMITMENT OFFENSES *OR* STAYED COUNTS

| STAYED | OFFENSE | CODE SECTION | COUNTY | CASE NUMBER | COUNT NUMBER |
|---|---|---|---|---|---|
| [ ] | | | | | |
| [ ] | | | | | |
| [ ] | | | | | |

## PRESENT AT HEARING

| PANEL MEMBER | PANEL MEMBER | PANEL MEMBER |
|---|---|---|
| | | |

OTHERS PRESENT

[ ] PRISONER (IF ABSENT, WHY?) _____

[ ] ATTORNEY _____

[ ] DEPUTY D.A. _____ COUNTY OF _____

[ ] OTHERS: _____

## STATEMENT OF FACTS

[ ] THE HEARING PANEL INCORPORATES BY REFERENCE FROM THE DECISION OF THE HEARING HELD

ON _____, PAGES _____ THROUGH _____

THE STATEMENT OF FACT IS

[ ] QUOTED FROM THE BOARD REPORT, DATED _____, PAGE(S) _____

[ ] QUOTED FROM THE PROBATION OFFICER'S REPORT, PAGE(S) _____

[ ] QUOTED FROM THE COURT OPINION, PAGE(S) _____

BPT  1000  (Rev. 8/01)

[X] PAROLE GRANTED - (YES)    *Do not release until review*
   CDC:  Do not release prisoner before
        Governor's review

[ ] PAROLE DENIED - (NO)

| Records Use Only | | |
| --- | --- | --- |
| Parole Release Date | | |
| | YR   MO   DAY | |
| Attach Prison Calculation Sheet | | |

[ ] AGREED UNSUITABLE (Attach 1001A Form) FOR:_____YEAR(S)
[ ] HEARING POSTPONED/REASON:_____

## PANEL RECOMMENDATIONS AND REQUESTS

**The Board Recommends:**

[ ] No more 115's or 128A's    [X] Stay discipline free
[ ] Work to reduce custody level  [ ] Learn a trade*    [X] Earn positive chronos
[X] Get self-help* *Continue*   [ ] Get therapy*    [ ] Get a GED*

[ ] Recommend transfer to_____
[ ] Other_____
    *These programs are recommended if they are offered at your prison and you are eligible/able to participate.

| Penal Code 3042 Notices | [ X ] Sent  Date: *8/6/04* |
| --- | --- |

| Commitment Offense(s) | *P209 W/12022.5* | *KIDNAP FOR ROBBERY W/USE F'ARM* |
| --- | --- | --- |
| | Code(s) | Crime(s) |
| | *CR17643* | *6* |
| | Case #(s) | Count #(s) |

| Date Inmate Came to CDC *11/6/80* | Date Life Term Began | Minimum Eligible Parole Date *7/31/94* |
| --- | --- | --- |
| [ ] Initial Hearing | [X] Subsequent (Hearing No.) 7 | Date of Last Hearing |

| CDC Representative | |
| --- | --- |
| Attorney for Prisoner | Address |
| D.A. Representative | County |

This form and the Board's decision at the end of the hearing is only <u>proposed</u> and NOT FINAL. <u>It will not become final until it is reviewed.</u>

| Chair | *Susan Fisher* | Date | 9/24/04 |
| --- | --- | --- | --- |
| Panel Member | | Date | |
| Panel Member | *RVM* | Date | |

NAME *BAKER, FRED*   CDC # *C22918*   PRISON *CTF*   CALENDAR *9/04*   DATE

BPT 1001 (REV. 08/03)

LIFE PRISONER: PAROLE CONSIDERATION
PROPOSED DECISION   (BPT §2041)

[ ]   PAROLE DENIED

If this proposed decision denying parole is approved, the Board will send you a copy of the approved decision, including the reasons for denial of parole, within 30 days of the hearing.

I.   [ ]   PAROLE GRANTED   *Do NOT release pending Decision Review.*

A.   Base Period of Confinement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _180_ Months

| Case No. | Count No. | Offense | |

B.   Firearm Enhancement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .+ _____ Months

C.   Other Crimes Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .+ _68_ Months

| Case No. | Count No. | Offense | ____ mos. |
| Case No. | Count No. | Offense | ____ mos. |
| Case No. | Count No. | Offense | ____ mos. |

D.   Total Term . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .= _248_ Months

E.   Postconviction Credit From _7/31/87_ To _9/24/04_   − _60_ Months
                                       (Date)              (Date)

F.   Total Period of Confinement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .= _188_ Months

The period of confinement indicated is a tentative decision proposed by this panel. The decision will be reviewed pursuant to BPT §2041, and, if approved, a copy of the approved decision will be sent to you within 30 days. At that time appropriate pre-prison credits will be applied and a parole release date computed.

You will not engage in any conduct specified in BPT §2451. Such conduct may result in rescission or postponement of your parole date.

If the proposed decision denying or granting parole is disapproved, you will receive a copy of the proposed decision and the reasons for disapproval. You will then receive a copy of the modified decision or will be scheduled for a new hearing, as appropriate.

**PANEL HEARING CASE**

| | |
|---|---|
| *Susan Fisher* | Date _9/24/04_ |
| *R. Shawlonger* | Date _9/24/04_ |
| | Date |

| | CDC NUMBER | INSTITUTION | HEARING DATE |
|---|---|---|---|
| *BAILER, Fred* | C 22918 | CTFS | 9/24/04 |

BPT 1005 (Rev. 8/1/81)

# EXHIBIT D

1  Michael Herro, Attorney at Law
   SBN: 233749
2  Law Office of Michael Herro
   134 Central Ave.
3  Salinas, California 93901

4  Phone and fax (831) 752-0992

5  Attorney for Petitioner

6                    SUPERIOR COURT OF CALIFORNIA

7                       COUNTY OF MONTEREY

8

9

10

11  In re                    )    HC 04990
                             )
12  FRED BAKER,              )    DECLARATION OF FREDDY FIKES
                             )    (B-65105) IN SUPPORT OF THE
13  On Habeas Corpus.        )    AMENDED OR SUPPLEMENTAL
                             )    PETITION
                             )
14                           )

15

16      I, FREDDY FIKES, declare as follows:

17      1.    I am a residence of the State of California, County of

18  Monterey.  I am age 18 and older and not a party to this matter.

19      2.    I am familiar with the Board of Parole Hearings' actions

20  regarding the seventh subsequent parole consideration hearing on

21  September 24, 2004, for inmate Fred Baker, in which it was noted that

22  due to an apparent malfunction of the recording equipment, the

23  decision portion of the hearing could not be transcribed.

24      3.    I am also familiar with the decision review process.

25      4.    When as in Baker's case, a significant portion of my July

26  1, 1992 hearing was unable to be transcribed, a new hearing was not

27  required.  In lieu of a rehearing, the Decision Review Unit recommended

28  that the hearing panel's decision and reasoning for the decision

                                1

1  be "taken entirely from the [BPT-1000(a)] decision worksheet." See

2  (Appendix B(2)).

3       5.    On October 14, 1992, the Decision Review Committee adopted

4  the Decision Review Unit's recommendation in full (Appendix B(3)), and

5  shortly thereafter, David E. Brown (then, Chief Counsel) ordered the

6  recommendation to be adopted.  Consequently, my two year denial was

7  upheld without any further proceedings. (Appendix B(4)).

8       I declare under penalty and perjury that the foregoing is true

9  and correct and that this declaration was executed on _June_____

10  _9_, 2006, at Soledad, California.

11

12

13  _Freddy Fikes_____
    FREDDY FIKES

14  Declarant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# APPENDIX B (2)

BOARD OF PRISON TERMS

REVIEW OF PROPOSED DECISION                                          STATE OF CALIFORNIA

==============================================================================

☐ APPROVED    ☒ REFER TO DECISION REVIEW COMMITTEE    ☐ REFER TO RECONSIDERATION PANEL

| INMATE    Freddy Fikes | CDC NUMBER B 65105 |
|---|---|
| TYPE OF HEARING  Subsequent Parole Consideration Hearing | DATE OF HEARING 7/1/92 |

The Decision Review Unit (LMS) has completed a review of the above hearing and has identified the following issues which need further review.

The transcript of the hearing in this matter is incomplete. Apparently, the last portion of the hearing was not recorded, probably because of a problem with the tape recorder. Fortunately, the decision worksheet containing the decision and reasoning for the decision was retained. Therefore, DRU is recommending that the decision printed below, taken entirely from the decision worksheet (BPT 1000(a)) be adopted by the decision review committee.

RECOMMENDATION:

Do an Errata Sheet containing the following from the Life Prisoner Parole Consideration Worksheet:

<u>DECISION</u>

The panel reviewed all information received from the public and relied on the following circumstances in concluding that the prisoner is not suitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison:

1. The offense was carried out in a manner which exhibits a callous disregard for the life and/or suffering of another.
2. The offense was carried out in a dispassionate and/or calculated manner.
3. Multiple victims were attacked and injured in the same or separate incidents.
4. The victim was abused during the offense.
5. The kidnap and rape of the victim did not deter the prisoner from later ............ committing another kidnap and physically harming another female victim.
6. The prisoner has prior criminality which includes an arrest for burglary and auto theft. The charges were dismissed.
7. The prisoner has programmed in a limited manner while incarcerated, failed to upgrade educationally and vocationally as previously recommended by the Board, and not participated to any extent in beneficial self-help and/or therapy programs.
8. The March 30, 1992, psychological report by Dr. Reed is unfavorable.

The panel makes the following findings:

1. The prisoner needs therapy in order to face, discuss, understand, and cope with stress in a non-destructive manner. Until progress is made, the prisoner continues to be unpredictable and a threat to others.
2. Therapy in a controlled setting is needed but motivation and amenability are questionable.
3. Nevertheless, the prisoner should be commended for excellent work reports and being disciplinary free since 1989.

The prisoner is denied parole for two years. The panel finds that it is not reasonable to expect that parole would be granted at a hearing during the following two years. The specific reasons for this finding are as follows:

1. The prisoner committed the offense in an especially heinous, atrocious and cruel manner. Specifically, he participated in the kidnap and rape of one female victim and one month later the forced oral copulation of another. As a result, a longer period of observation and/or evaluation is required before the Board should set a parole date.

1138
Page Two
Fikes, Freddy (B 65105)

2. A recent psychological report dated March 30, 1992, authored by Dr. Reed indicates a need for a longer period of observation and evaluation or treatment.
3. The prisoner has not completed necessary programming which is essential to his adjustment and he needs additional time to gain such programming.

The panel recommends that the prisoner:

1. Remain disciplinary free.
2. Upgrade vocationally and educationally.
3. Participate in self-help and therapy programming.

The panel requests that The Department of Corrections:

1. Transfer the prisoner to an appropriate facility for the purpose of Category "T" programming.
2. Enter the prisoner in a Category "T" program to explore:
   a. His violence in the free community and evaluate his psycho-sexual problems,
   b. The extent to which the prisoner has explored the commitment offense and come to terms with the underlying causes, and the need for further therapy programs while incarcerated.

and check the box on the title page of the transcript indicating that an errata sheet has been prepared.

---

| DECISION REVIEW UNIT SIGNATURE | DATE |
|---|---|
| DAVID F. BROWN, CHIEF COUNSEL | 9-25-92 |

| REVIEWED BY LEGAL COUNSEL | LEGAL COUNSEL INITIALS | RESULT |
|---|---|---|
| ☑ YES   ☐ NO | _DFB_ | ☑ CONCUR   ☐ DISSENT |

LEGAL COUNSEL COMMENTS:

---

I have reviewed the above-referenced file and ☑ concur   ☐ dissent with the Decision Review Unit.
COMMENTS:

*Refer To Decision Review Committee*

---

CHIEF DEPUTY COMMISSIONER SIGNATURE                    DATE
*James B. Dowling*                                     9-30-92

BPT 1138 (4/87)
STATE OF CALIFORNIA                    BOARD OF PRISON TERMS

# APPENDIX B (3)

BOARD OF PRISON TERMS                                                                    .TE OF CALIFORNIA
## DECISION REVIEW COMMITTEE REVIEW OF PROPOSED DECISION
=================================================================================

| INMATE  Freddy Fikes | |
|---|---|
| | CDC Number  B 65105 |
| TYPE OF HEARING  Subsequent Life Parole Consideration Hearing | DATE OF HEARING  7/1/92 |

CHOOSE ONE:                         ☐   Schedule new hearing          ☐   Modify decision

MODIFICATION ORDERED:

A.  Do the following:

Do an Errata Sheet containing the following from the Life Prisoner Parole Consideration Worksheet:

<u>DECISION</u>

The panel reviewed all information received from the public and relied on the following circumstances in concluding that the prisoner is not suitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison:

1.  The offense was carried out in a manner which exhibits a callous disregard for the life and/or suffering of another.
2.  The offense was carried out in a dispassionate and/or calculated manner.
3.  Multiple victims were attacked and injured in the same or separate incidents.
4.  The victim was abused during the offense.
5.  The kidnap and rape of the victim did not deter the prisoner from later committing another kidnap and physically harming another female victim.
6.  The prisoner has prior criminality which includes an arrest for burglary and auto theft.  The charges were dismissed.
7.  The prisoner has programmed in a limited manner while incarcerated, failed to upgrade educationally and vocationally as previously recommended by the Board, and not participated to any extent in beneficial self-help and/or therapy programs....
8.  The March 30, 1992, psychological report by Dr. Reed is unfavorable.

The panel makes the following findings:

1.  The prisoner needs therapy in order to face, discuss, understand, and cope with stress in a non-destructive manner.  Until progress is made, the prisoner continues to be unpredictable and a threat to others.
2.  Therapy in a controlled setting is needed but motivation and amenability are questionable.
3.  Nevertheless, the prisoner should be commended for excellent work reports and being disciplinary free since 1989.

The prisoner is denied parole for two years.  The panel finds that it is not reasonable to expect that parole would be granted at a hearing during the following two years.  The specific reasons for this finding are as follows:

1.  The prisoner committed the offense in an especially heinous, atrocious and cruel manner.  Specifically, he participated in the kidnap and rape of one female victim and one month later the forced oral copulation of another.  As a result, a longer period of observation and/or evaluation is required before the Board should set a parole date.
2.  A recent psychological report dated March 30, 1992, authored by Dr. Reed indicates a need for a longer period of observation and evaluation or treatment.
3.  The prisoner has not completed necessary programming which is essential to his adjustment and he needs additional time to gain such programming.

1138
Page Two
Fikes, Freddy (B 65105)

The panel recommends that the prisoner:

   1. Remain disciplinary free.
   2. Upgrade vocationally and educationally.
   3. Participate in self-help and therapy programming.

The panel requests that The Department of Corrections:

   1. Transfer the prisoner to an appropriate facility for the purpose of Category "T" programming.
   2. Enter the prisoner in a Category "T" program to explore:
      a. His violence in the free community and evaluate his psycho-sexual problems.
      b. The extent to which the prisoner has explored the commitment offense and come to terms with the underlying causes, and the need for further therapy programs while incarcerated.

and check the box on the title page of the transcript indicating that an errata sheet has been prepared.

OR

B. Take the following action:  (please specify)_____

_____

SUPPORTIVE REASONING FOR DECISION:

This follows the intent of the hearing panel.

_____  10/14/92
COMMISSIONER SIGNATURE          DATE                    ☑ CONCUR      ☐ DISSENT

_____  10/14/92
COMMISSIONER/D.C. SIGNATURE     DATE                    ☑ CONCUR      ☐ DISSENT

_____  10/14/92
COMMISSIONER/D.C. SIGNATURE     DATE                    ☑ CONCUR      ☐ DISSENT

I dissent from the majority for the following reasons:_____

_____
    SIGNATURE                        DATE

===================================================================================
BPT 1139 (4/87)              Page 2
===================================================================================

# APPENDIX B (4)

Board of Prison Terms
Errata Sheet
10/19/92

Prisoner:  Freddy Fikes, B-65105

Type of Hearing:  10th Subsequent Parole Consideration

Date of Hearing:  July 1, 1992

Place of Hearing:  California State Prison, Corcoran

Hearing Panel:  Ron Koenig and Joseph Aceto, Commissioners
Cheryl Pliler, Deputy Commissioner

Decision Review Committee Panel Ordering Correction:
Maureen O'Connell, James Nielsen, and Manuel Guaderrama

Correction Ordered:

[The transcript of the hearing in this matter is incomplete.  Apparently, the last portion of the hearing was not recorded, probably because of a problem with the tape recorder.  Fortunately, the decision worksheet containing the decision and reasoning for the decision was retained.]

DECISION

The panel reviewed all information received from the public and relied on the following circumstances in concluding that the prisoner is not suitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison:

1.  The offense was carried out in a manner which exhibits a callous disregard for the life and/or suffering of another.
2.  The offense was carried out in a dispassionate and/or calculated manner.
3.  Multiple victims were attacked and injured in the same or separate incidents.
4.  The victim was abused during the offense.
5.  The kidnap and rape of the victim did not deter the prisoner from

ERRATA SHEET
Fikes B-65105:   7/1/92
Page Two

later committing another kidnap and physically harming another female victim.

6.   The prisoner has prior criminality which includes an arrest for burglary and auto theft.  The charges were dismissed.

7.   The prisoner has programmed in a limited manner while incarcerated, failed to upgrade educationally and vocationally as previously recommended by the Board, and has not participated to any extent in beneficial self-help and/or therapy programs.

8.   The March 30, 1992 psychological report by Dr. Reed is unfavorable.

The panel makes the following findings:

1.   The prisoner needs therapy in order to face, discuss, understand, and cope with stress in a non-destructive manner.  Until progress is made, the prisoner continues to be unpredictable and a threat to others.

2.   Therapy in a controlled setting is needed, but motivation and amenability are questionable.

3.   Nevertheless, the prisoner should be commended for excellent work reports and being disciplinary free since 1989.

The prisoner is denied parole for two years.  The panel finds that it is not reasonable to expect that parole would be granted at a hearing during the following two years.  The specific reasons for this finding are as follows:

1.   The prisoner committed the offense in an especially heinous, atrocious and cruel manner.  Specifically, he participated in the kidnap and rape of one female victim and, one month later, the forced oral copulation of another.  As a result, a longer period of observation and/or evaluation is required before the Board should set a parole date.

2.   A recent psychological report dated March 30, 1992, authored by Dr. Reed, indicates a need for a longer period of observation and evaluation or treatment.

3. The prisoner has not completed necessary programming which is

ERRATA SHEET
Fikes  B-65105:    7/1/92
Page Three


essential to his adjustment and he needs additional time to gain such programming.

The panel recommends that the prisoner:

1.  Remain disciplinary free.
2.  Upgrade vocationally and educationally.
3.  Participate in self-help and therapy programming.

The panel requests that the Department of Corrections:

1.  Transfer the prisoner to an appropriate facility for the purpose of Category "T" programming.
2.  Enter the prisoner in a Category "T" program to explore:
    a.  His violence in the free community and evaluate his psycho-sexual problems, and
    b.  The extent to which the prisoner has explored the commitment offense and come to terms with the underlying causes, and the need for further therapy programs while incarcerated.


Signed: _____
         DAVID E. BROWN
         Chief Counsel

## PROOF OF SERVICE BY MAIL

I, the undersigned, do hereby declare:

That I am a citizen of the United States, I am a resident of the County of Monterey, California. I am over the age of eighteen (18) years; and not a party to the cause set forth in the attached motion.         My business address is:

Law Office of Michael Herro
134 Central Ave.
Salinas, Ca. 93901

On July 10, 2006, I served the attached "AMENDED/SUPPLEMENTAL PETITION" by mail, through the United States Postal Service, delivery to,

1. The Office of the Attorney General-Correctional Law Divison
   Attn: Deputy Attorney General Denise Yates
   455 Golden Gate Ave., Suite 11000
   San Francisco, Ca. 94102-7004

I declare the above to be true and correct, under penalty of perjury, dated July 10, 2006 in Salinas, California.

Michael Herro