# EXHIBIT "P"

1

SUPERIOR COURT OF CALIFORNIA

2

COUNTY OF MONTEREY

FILED

NOV 2 9 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT

3

_____ DEPUTY

4

In re                                    )    Case No.: HC 4990    K. Hanson
                                         )
5

Fred L. Baker (C-22918)          )    ORDER
                                         )
6

On Habeas Corpus.  )
                                         )

7

8

     Petitioner brought the instant petition for writ of habeas corpus in which he averred that

9

the Board of Prison Terms violated his constitutional right to due process by rescinding its

10

September 24, 2004 parole suitability finding.  As explained in the original Order to Show

11

Cause issued by this Court, the sole reason for the Board's rescission was that a portion of the

12

parole suitability hearing was not transcribed.  Only a partial transcript could be obtained either

13

because the tape recorder malfunctioned or because the Board only provided one of two

14

hearing tapes for transcription.  Petitioner has been incarcerated since November 6, 1980

15

following his conviction of kidnap for robbery with use of a firearm (Pen. Code secs. 209,

16

12022.5).  He has served twelve years beyond his minimum eligible parole date of July 31,

17

1994.

18

     The Court issued an Order to Show Cause, directing Respondent to establish why any

19

rescheduled hearing should not be before the same Board members with instructions to issue a

20

Decision recommending parole, and to address the apparent inequity created by Respondent's

21

interpretation of the law.  Respondent defended the Board's actions as proper, and declined to

22

address the relevant equities of the matter.  Petitioner then filed his Traverse/Response, a

23

motion to amend the Traverse/Response, and a Request for Judicial Notice.  Respondent filed

24

an opposition and objection, and Petitioner filed a subsequent response.  The Court granted

25

Petitioner's request for judicial notice of blank BPT Forms 1000(a)-(b) [parole consideration

1

1   worksheets utilized by the Board in considering an inmate's suitability for parole] and BPT

2   Form 1138 [Review of Proposed Decision].  As to the latter documents, the Court took judicial

3   notice of the Board's official act in utilizing Form 1138 in its determination of Declarant's

4   parole suitability, but not the veracity of the facts alleged therein.  The Court did not consider

5   Petitioner's jurisdictional claims (Pen. Code sec. 3041(b); 15 CCR secs. 2041, 2042, 2451).

6   *Board of Prison Terms v. Superior Court* (2005) 130 Cal.App.4th 1212, 1238-39.

7          Upon review and consideration of the pleadings, the Court determined that the habeas

8   petition contained pleading defects which required correction in order to ensure that Petitioner

9   was afforded a full and fair hearing and a determination of the issues presented.  The Court

10   gave notice of the defects and granted Petitioner leave to amend or supplement the petition.

11   Specifically, Petitioner was invited to (1) address whether the Board lost jurisdiction to preside

12   over the December 2004 parole suitability re-hearing; (2) attach the September 2004

13   recommendation granting parole; (3) attach the forms and documents generated and utilized by

14   the Board in connection with the September 2004 hearing; and (4) provide a further

15   Declaration from inmate Fikes concerning the Board's actions in relying on hearing documents

16   to produce a hearing transcript in lieu of conducting a *de novo* hearing.

17          The Court has read and considered Petitioner's amended/supplemental petition and

18   attachments.  It appears that Petitioner has alleged sufficient facts and circumstances therein to

19   state a *prima facie* case for relief.  *People v. Duvall* (1995) 9 Cal.4th 464.  Accordingly,

20   Respondent is Ordered to Show Cause why Petitioner should not be afforded the relief sought

21   in his amended/supplemental petition.  Respondent is further Ordered to ascertain from case

22   records staff which forms it made available to the commissioners for use at Petitioner's

23   September 2004 parole suitability hearing,[1] and to provide the Court with accurate copies of

24

25   [1] By correspondence dated June 28, 2006, Respondent advised counsel for Petitioner that "case records staff simply
makes [BPT 1000(a) and (b)] forms available to the commissioners for use at the hearing, if necessary."
Respondent further claimed that Petitioner's production request was "ambiguous" as to the "forms and documents

1    such forms and documents.  The Court notes that in the "Parole Consideration Proposed

2    Decision (BPT sec. 2041)" worksheet completed by the September 2004 BPT panel, Petitioner

3    was specifically advised:  "If the proposed decision . . . granting parole is disapproved, you will

4    receive a copy of the proposed decision and the reasons for disapproval."  Apparently, the copy

5    for the proposed decision and stated reasons of the grounds for disapproval are not in

6    Petitioner's central file.  Respondent is requested to provide the Court with a copy of the

7    proposed decision and stated reasons for the disapproval of the September 2004 suitability

8    finding.

9        Respondent shall show cause by Return filed in this Court within thirty (30) days after

10    the date of filing this Order.  Petitioner may file his Traverse within thirty (30) days after

11    service and filing of the Return.  Upon receipt of the Return and Traverse, the Court shall

12    determine whether to address the matter on the pleadings or set an evidentiary hearing.

13        IT IS SO ORDERED.

14    Dated:    NOV 2 0 2006

15                                              MARLA O. ANDERSON

16                                              Hon. Marla O. Anderson
                                               Judge of the Superior Court

17

18

19

20

21

22

23

24

25    generated and utilized by the Board in connection with Petitioner's hearing."  It is disingenuous to suggest that the
      Board is unable to identify which of its own documents it generates and utilizes in the performance of its duties in
      conducting parole suitability hearings.

# CERTIFICATE OF MAILING

## C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

**NOV 2 0 2006** _____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses as

hereinafter set forth:

Michael Herro
Law Office of Michael Herro
134 Central Avenue
Salinas, CA  93901

Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA  94102
Attn:  Correctional Law Section

Pam Ham, DDA
240 Church St., Rm. 101
Salinas, CA  93901
*Via interoffice mail*

Dated: **NOV 2 0 2006**

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy
K. Hanson

4

# EXHIBIT "Q"

1
2
3
4
5
6
7
8
9
10              SUPERIOR COURT OF CALIFORNIA
11                    COUNTY OF MONTEREY
12                      SALINAS DIVISION
13

| 14 | In re | No. HC 4990 |
|---|---|---|
| 15 | **FRED L. BAKER,** | **[PROPOSED] ORDER** |
| 16 | Petitioner, | Dept: |
| 17 | **On Habeas Corpus.** | Judge: The Honorable Marla O. Anderson |

18

19          The court considered respondent's request for an extension of time to file a supplemental

20  return, and good cause appearing,

21          IT IS HEREBY ORDERED that respondent's request for an extension of time to file a

22  supplemental return is **GRANTED**; respondent shall file a supplemental return by **January 8,**

23  **2007**. If petitioner wishes to file a traverse, he shall file his traverse within thirty days after

24  service and filing of the return.

25

26  Dated: _____          _____
                                            Hon. Marla O. Anderson
27                                          Judge of the Superior Court

28

                                  1

1  BILL LOCKYER
   Attorney General of the State of California
2  MARY JO GRAVES
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5531
    Fax:  (415) 703-5843
8  Attorneys for Respondent Ben Curry, Acting Warden
   at the Correctional Training Facility
9  SF2005200086

10                    SUPERIOR COURT OF CALIFORNIA

11                       COUNTY OF MONTEREY

12                        SALINAS DIVISION

13

14  | In re | No. HC 4990 |

15      **FRED L. BAKER,**         **RESPONDENT'S REQUEST FOR**
                                    **AN EXTENSION OF TIME TO FILE**
16                    Petitioner,   **A SUPPLEMENTAL RETURN;**
                                    **COUNSEL'S SUPPORTING**
17  **On Habeas Corpus.**           **DECLARATION**

18

19                                  Judge:      The Honorable Marla O.
                                                Anderson

20                              **REQUEST**

21        Respondent Ben Curry, Acting Warden at the Correctional Training Facility, requests that

22  the court, for the reasons set forth in the attached declaration of counsel, grant an extension of

23  time to, and including, **January 8, 2007,** to file a supplemental return.

24                            **DECLARATION**

25        I, DENISE A. YATES, declare as follows:

26        1.      I am an attorney admitted to practice before the courts of the State of California

27  and before this Court.  I am employed by the California Attorney General's Office as a Deputy

28  Attorney General in the Correctional Writs and Appeals Section, and I am assigned to represent

                                        1

1  respondent in this case.

2    2.    Pursuant to the court's November 20, 2006 order to show cause, respondent's

3  supplemental return is due December 20, 2006.  I need additional time to file a supplemental

4  response in this case because although I have prepared the supplemental return, I have been

5  unable to secure a declarant for the supporting declaration.  Because I am uncertain when I will

6  be able to secure a declarant during this holiday season, I respectfully request additional time

7  until January 8, 2007, file a supplemental return.

8    3.    This request for an extension of time is not made for any purpose of harassment,

9  undue delay, or for any improper reason.  Without this requested extension of time, I would not

10  be able to properly and thoroughly address the court's concerns.

11    4.    On December 20, 2006, I left a message for Baker's counsel, Michael Herro, that I

12  would be requesting this extension of time.  Petitioner Baker is serving a life sentence with the

13  possibility of parole and should not be prejudiced by this request, especially since I am informed

14  that he waived his parole consideration hearing yesterday.

15    5.    Respondent has not previously requested an extension of time to file a

16  supplemental return in response to the court's November 20, 2006 order to show cause.

17    I declare under penalty of perjury that the foregoing is true and correct and that this

18  declaration was executed on December 20, 2006, at San Francisco, California.

19

20    DENISE A. YATES

21    Deputy Attorney General

22

23

24

25

26

27

28

Resp't's.Req. for an EOT to File Supp. Return; Counsel's Supporting Decl.
*In re Fred Baker (C-22918)*                                    No. HC 4990

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **In re FRED L. BAKER**

No.:   **HC04990**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **December 20, 2006**, I served the attached

### RESPONDENT'S REQUEST FOR AN EXTENSION OF TIME TO FILE A SUPPLEMENTAL RETURN; COUNSEL SUPPORTING DECLARATION

### [PROPOSED] ORDER

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Michael Herro**
**Attorney at Law**
**Herro Law Offices**
**134 Central Avenue**
**Salinas, CA  93901**
Attorney for Fred L. Baker C-22918

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **December 20, 2006**, at San Francisco, California.

| | |
|---|---|
| J. Tucay | *J. Tucay* |
| Declarant | Signature |

20071552.wpd

# EXHIBIT "R"



## SUPERIOR COURT, STATE OF CALIFORNIA
## COUNTY OF MONTEREY

Date:  12-29-2006

Hon.   Judge Marla Anderson      Habeas Judge

Kristie Hanson          Deputy Clerk

| People of the State if California,<br><br>vs.<br><br>Fred L. Baker (C-22818) | Case No.     HC4990<br><br>Minute Order:   Order to Extend Time<br>To File Supplemental Return |
| --- | --- |

It has come to the attention of the Court that due to clerical error, the file was misplaced until 12-29-2006.

Therefore, good cause showing, the respondent shall have an additional 30 days from the date of service of this order to show cause by Supplemental Return filed in this court, thereafter, Petitioner may file his Traverse within 30 days from the service and filing of the return.


MARLA ANDERSON
_____
Judge of the Superior Court

**CERTIFICATE OF MAILING**

**C.C.P. SEC. 1013a**

I do hereby certify that I am not a party to the within stated cause and that on

_1/5/07_ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses as

hereinafter set forth:

Michael Herro
Law Office of Michael Herro
134 Central Avenue
Salinas, CA 93901


Dated: _1/5/07_

LISA M. GALDOS,
Clerk of the Court


By: _____
Deputy
                    K. Hanson

# EXHIBIT "S"

Petitioner's COPY

1  Fred L. Baker
   Correctional Training Facility
2  Central-Facility
   C-22918, B-321L
3  P.O. Box 689
   Soledad, CA 93960-0689
4
5  Petitioner in Pro Per

**FILED**

JAN 0 8 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
S. GARSIDE _____DEPUTY

6

7                  SUPERIOR COURT OF MONTEREY COUNTY

8                  IN AND FOR THE STATE OF CALIFORNIA

9

10

11  In re                            )    HC 04990
                                     )
12       FRED L. BAKER,              )    **MOTION TO GRANT RELIEF**
                                     )    **REQUESTED IN PETITION**
13  On Habeas Corpus.                )    **OF WRIT OF HABEAS CORPUS**
                                     )
14                                   )
                                     )
15

16       TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF

17  MONTEREY, HONORABLE MARLA O. ANDERSON:

18       Petitioner, Fred Lee Baker, in Pro Per hereby respectfully

19  request that this Court grant the relief requested in the

20  above entitled matter.  This matter was originally filed on

21  Janurary 27, 2005.  Respondents submitted their Return on

22  November 23, 2005 and Petitioner submitted an Amended Traverse/

23  Response on January 6, 2006.  On or about June 6, 2006, the

24  Court issued an Order, inviting Petitioner leave to file a

25  supplemental pleading to his original petition to address some

26  very specific issues which in the Court's view were not expressly

27  or implicitly raised in the original petition and pleadings filed

28  in this matter.  Specifically, Petitioner was invited to address

1

whether the Board lost jurisdiction to preside over the December

2004 parole suitability hearing.

On July 10, 2006 Petitioner filed his amended/supplemental petition and attachments pursuant to the above Order.  Upon review and consideration of the pleadings in a subsequent Order dated November 20, 2006, the Court issued findings that Petitioner had "alleged sufficient facts and circumstances therein to state a prima facie case for relief.  Accordingly, the Court ordered Respondent to Show Cause why Petitioner should not be afforded the relief sought in his amended/supplemental petition.  In doing so, the Court stated that Respondent shall show cause by Return filed in this Court within (30) days after the date of the Order.  Petitioner was invited to file a traverse within (30) days thereafter.

On December 22, 2006 Petitioner received a letter from Court appointed counsel Michael Herro, dated December 20, 2006 informing him that Mr. Herro would no longer be able to represent Petitioner.  Mr. Herro further noted "[a]s of today's date I do not believe the AG has filed their Return, which by the terms of the order would be due on Dec. 20, 2006."  (A copy of the December 2006 letter is attached hereto as Appendix 1.)

This Court has the authority to grant the relief requested pursuant to Penal Code §§ 1474, 1480, Cal. Rules of Ct., § 4.551(d)-(f), and the memorandum of points and authorities submitted herein.

I

## PETITIONER'S BURDEN PURSUANT TO PENAL CODE § 1474

To satisfy the initial burden of pleading adequate grounds

1  for relief, an application for habeas corpus must be made by

2  petition, and "[i]f the imprisonment is alleged to be illegal,

3  the petition must also state in what the alleged illegality

4  consists." (id., § 1474, subd. (2).)

5     In summarizing the rules governing habeas corpus relief,

6  the California Supreme Court ruled in In re Duvall, (1995) 9

7  Cal.4th 464, 474, that "[t]he petition should both (i) state

8  with particularity the facts on which relief is sought

9  [citations], [and] (ii) include copies of reasonably available

10 documentary evidence supporting the claim, including pertinent

11 portions of trial transcripts and affidavits or declarations.

12 [Citations]."

13    Moreover, when a reviewing court has determined that the

14 petition states a prima facie case on a claim that is not

15 procedurally barred, and issues an order to show cause directing

16 the respondent to serve and file a written return, the

17 "petitioner may either file a traverse or the parties may

18 stipulate that the original habeas corpus petition be treated

19 as a traverse. [Citations]." (Duvall, supra, 9 Cal.4th at

20 p. 477; Cal. Rules of Ct., Rule 4.551(e).)

21                               II

22    **RESPONDENT'S RESPONSIBILITY PURSUANT TO PENAL CODE § 1480**

23    To fulfill the duty conferred upon Respondent by statute,

24 case law provides "the custodian of the confined person shall

25 file responsive pleading, called a return, justifying the

26 confinement. [Citation]." (Duvall, supra, 9 Cal.4th at pp.

27 476-477; Board of Prison Terms v. Superior Court, (2005) 130

28 Cal.App.4th 1212, 1237.)

                              3

1    The principle reiterated in this Court's precedent -- that

2  where a return containing only general denials is deficient --

3  is also firmly embedded in California law:  "we have required

4  the return to 'allege facts tending to establish the legality

5  of petitioner's detention.'" (In re Sixto, (1989) 48 Cal.3d 1247,

6  1252; see also In re Romero, (1994) 8 Cal.4th 728, 738 [indicat-

7  ing "[t]he return ... must allege facts establishing the legality

8  of petitioner's detention."]; In re Lawler, (1979) 23 Cal.3d

9  190, 194 [return must allege facts]; In re Saunders, (1970)

10  2 Cal.3d 1033, 1047 (same).)

11    In addition to the California Supreme Court's finding that

12  Respondent's return "must either admit the factual allegations

13  set forth in the habeas corpus petition, or allege additional

14  facts that contradict those allegations" (Duvall, supra, 9 Cal.4th

15  484), California law dictates that "[a]ny material allegation

16  of the petition not controverted by the return is deemed admitted

17  for the purpose of the proceeding."  (Cal. Rules of Ct.,

18  4.551(d).)

19                        III

20           MEMORANDUM OF POINTS AND ATHORITIES
                IN SUPPORT OF RELIEF REQUESTED

21

22  A.      Procedure Governing Habeas Corpus

23    In this State, "[t]he rules governing postconviction habeas

24  corpus relief recognize the importance of the 'Great Writ,'

25  an importance reflected in its constitutional status ... "

26  (In re Clark, (1993) 5 Cal.4th 750, 763-764.)  The "state

27  constitution guarantees that a person improperly deprived of

28                         4

his or her liberty has the right to petition for a writ of
habeas corpus." (Duvall, supra, 9 Cal.4th at 474.)  Thus, the
petition serves primarily to launch the judicial inquiry into
the legality of the restraints on the petitioner's personal
liberty.

In explaining the role of the court in habeas proceedings
the California Supreme Court noted:

> "[w]hen presented with a petition for writ of
> habeas corpus,  a court must first determine
> whether  the petition states a  prima facie
> case for relief - that is,  whether it states
> facts that,  if true,  entitle the petitioner
> to  relief - and  also whether  the  stated
> claims are for any reason procedurally barred.
> [Citation]."

(Romero, supra, 8 Cal.4th at 737.)  If the court's preliminary
assessment indicates that the "petition is sufficient on its
face ..., the court is obligated to issue a writ of habeas
corpus."  (Ibid.; Penal Code § 1476.)  Moreover, California Court's
have developed the practice of using the order to show cause
as a substitute for the writ of habeas corpus requiring the
"respondent custodian to serve and file a written return."
(Romero, supra, 8 Cal.4th at 738, quoting In re Hochberg, (1970)
2 Cal.3d 870, 874.)

Because the return "is an essential part of the scheme" by which relief
is granted in a habeas corpus proceeding, "the respondent must
respond to the order to show cause by filing a return that
addresses the prima facie claims, to which the petitioner may
reply in a traverse."  (Romero, supra, 8 Cal.4th 739; Board
of Prison Terms v. Superior Court, supra, 130 Cal.App.4th at
1240.)  "When [Respondent's] return fails to dispute the

1  factual allegations contained in the petition and traverse, it

2  essentially admits those allegations." (Bland v. California

3  Dept. of Corrections, 20 F.3d 1469, 1471 (9th Cir. 1994) (quoting

4  Sixto, supra, 48 Cal.3d at 1247).)

5  **B.    Applicability to Petitioner's Case**

6  Here, as detailed in the original petition filed in propria

7  persona on January 27, 2005, Petitioner challenged the Board's

8  authority to rescind its September 24, 2004 finding of

9  suitability for parole based solely on the fact that the Board

10  lost the decision portion of the transcript from the hearing,

11  there was no evidence to support rescission, and that his

12  continued incarceration grossly exceeds the established

13  guidelines.  (Pet. at pp. 3(a)-3(d).)

14  After determining that Petitioner made a prima facie case

15  for relief, this Court ordered Respondent to Show Cause why

16  Petitioner should not be granted the relief sought in his

17  petition.[1]/  (Order, August 23, 2005.)  However, rather than

18  filing a return responsive to the petition, Respondent has

19  instead chosen to defy the Court's directive and cites to Penal

20  Code Sections 3041(b), 3041.1, and 3042(b)-(c) for the

21  proposition that the Board's actions were proper and legally

22  mandated.  Respondent further complain that the Court improperly

23  directed respondent to justify holding a rehearing rather than

24  having the panel re-create its decision. (Resp. Return at pp. 6-8.)

25

26  1.  On November 20, 2006, Respondent was directed to address the
additional claims raised in the amended/supplemental petition filed on July

27  10, 2006.  To date, Petitioner has not been served a copy of Respondent's
Return.

28

6

1    In a subsequent Order this Court rejected Respondent's

2    contention, concluding that "[n]o mandate is set forth requiring

3    a rehearing where, as here, the recording equipment malfunctions

4    or staff simply neglects to produce all tapes for transcription,"

5    and further noting that a "court is not constrained in its

6    crafting of an appropriate remedy simply because an action has

7    been inartfully pled." (Order, June 5, 2005.)

8    In the instant case, Respondent was afforded an opportunity

9    to respond to the Order to Show Cause but has failed to do so,

10   thus, with respect to the granting of habeas corpus, the

11   California Supreme Court explained:

12

13          "we did not say that respondent must be given
            an opportunity, before a court grants habeas
            relief, to file some sort of opposition;
14          rather, we said the respondent must be given
            an opportunity to file a return, which is a
15          document filed only after issuance of an order
            to show cause or a writ of habeas corpus."

16

17   (Romero, supra, 8 Cal.4th at 744.) The Supreme Court then

18   reaffirmed its position in Adoption of Alexander S., (1988)

19   44 Cal.3d 857, stating that "a court may grant a habeas corpus

20   petitioner final release from custody or other affirmative

21   relief after issuance of an order to show cause or a writ of

22   habeas corpus." (8 Cal.4th as 744.)

23   Accordingly, because Respondent's return did not dispute

24   the material facts alleged in the petition following the

25   issuance of the Order to Show Cause, this Court must find that

26   Respondent is deemed to admitted the facts that form the basis

27   of Petitioner's claims, and grant the petition for writ of

28   habeas corpus. (Sixto, supra, 48 Cal.3d at 1252; In re

1  Rosenkrantz, (2002) 29 Cal.4th 616, 658; Cal. Rules of Ct.,

2  Rule 4.551(d).)

3       THEREFORE, the Petition for Writ of Habeas Corpus should

4  be granted, and the Respondents be ordered to release Petitioner

5  forthwith.

6

7  Dated: January 4, 2007.            Respectfully Submitted,

8

9                                     _____

10                                    Fred L. Baker
                                      Petitioner in Pro Per

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPERIOR COURT OF MONTEREY COUNTY

IN AND FOR THE STATE OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | HC 04990 |
| FRED L. BAKER, | ) | **CERTIFICATE OF SERVICE** |
| On Habeas Corpus. | ) | |

I, the undersigned, hereby certify that I am a resident of the State of California, County of Monterey. I am over the age 18 years and a party to the within action. My business/ residence address is P.O. Box 689, Soledad, California, 93960-0689.

On **January 4, 2007**, I caused to be served the attached

**MOTION TO GRANT RELIEF REQUESTED IN
PETITION OF WRIT OF HABEAS CORPUS**

**DECLARATION OF FRED L. BAKER IN SUPPORT OF MOTION TO
GRANT RELIEF REQUESTED IN
PETITION OF WRIT OF HABEAS CORPUS**

**LETTER OF MICHAEL HERRO, DATED DECEMBER 20, 2006**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the internal mail collection system at the Correctional Training Facility at P.O. Box 689, Soledad, CA 93960-0689, addresed as follows:

Michael Herro
Law Office of Michael Herro
134 Central Avenue
Salinas, CA 93901

Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Attn: Correctional Law Section

I declare under penalty of perjury that the foregoing is true and correct.

_____
Declarant

Mr. Frederick L. Baker
C-22918
Correctional Training Facility-Soledad
P.O. Box 689
Soledad, Ca. 93960

December 20, 2006

Mr. Baker-

I know it has been quite some time since we corresponded and I am truly sorry for not getting back to you sooner. I did talk to Ethel Martin not long ago and hope she got you the message from me. I will not attempt to provide an excuse as to how this matter has been handled either by myself or the court's, other than to tell you that I am sincerely sorry and that it was not my intention to prolong this matter, or let it "slip through the cracks". I am willing to do whatever is necessary (a declaration, etc.) should you seek remedy from a higher court.

I filed your request for ruling as requested, and then got a call from the research attorney explaining that an order had been issued, but that it was "lost" in the court building when it was shut down due to an industrial accident. I went repeatedly to the clerk's office over the next several weeks and asked if any order had been filed that they had a record of, but nothing ever showed up. On October 30, I moved from private practice into the Public Defender's Office, and Ms. Martin contacted me here at that office not long after. Following my conversation with her, I called the research attorney again, insisting that something be done on your case, as all of us involved with the courts and their administration had completely failed to properly handle your petition. She apologized profusely, told me that in fact they had just located the file and the "lost" order and that it would be sent out immediately. A short while after, I did receive the Order to Show Cause included with this letter. As of today's date I do not believe the AG has filed their Return, which by the terms of the order would be due on Dec. 20, 2006.

Due to my new position in the Public Defender's Office, I am no longer able to represent you in this matter. I have asked the Alternate Defender's Office, who originally assigned me your case to assign new counsel immediately to prepare the Traverse contemplated by the most recent order. If you feel that having a different attorney appointed will in any way not serve your best interest or prejudice your claim, I am willing to do whatever is necessary to continue representing you in this matter. Please write and let me know how you wish for me to proceed. Again, it is difficult to express how truly sorry I am about what has transpired in this matter, and hope that I can be of some service to you in the future.

Sincerely,

Michael Herro

# EXHIBIT "T"

ORIGINAL

1 | BILL LOCKYER
Attorney General of the State of California
2 | MARY JO GRAVES
Chief Assistant Attorney General
3 | JULIE L. GARLAND
Senior Assistant Attorney General
4 | ANYA M. BINSACCA
Supervising Deputy Attorney General
5 | DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
7 | Telephone: (415) 703-5531
Fax: (415) 703-5843
8 | Attorneys for Respondent Ben Curry, Acting Warden
at the Correctional Training Facility
9 | SF2005200086

FEB 0 7 2007

# FILED

FEB 0 7 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____DEPUTY
S. GARSIDE

10 | SUPERIOR COURT OF CALIFORNIA

11 | COUNTY OF MONTEREY

12 | SALINAS DIVISION

13

14 | In re                                                   No. HC 4990

15 |    **FRED L. BAKER,**                      **RESPONDENT'S RETURN TO
                                                          THE AMENDED/SUPPLEMENTAL**
16 |                               Petitioner,    **PETITION**

17 | **On Habeas Corpus.**                        Judge:        The Honorable Marla O.
                                                                        Anderson

18

19 | INTRODUCTION

20 |       A review of the protracted litigation in this case is warranted.  Petitioner Baker, a prisoner

21 | now proceeding with counsel in this habeas case, originally challenged the Board of Prison

22 | Terms' (Board, now Board of Parole Hearings) decision that his September 24, 2004 parole

23 | consideration hearing must be reheard because the entire hearing could not be transcribed.  (Petn.

24 | at pp. 3-3(a).)  After the parties filed informal responses, the court ordered respondent to show

25 | cause why a hearing should not be held by the same Board members, adopting the partial

26 | transcript and recreating their decision recommending parole based on the transcript and their

27 | independent recollection.  (Order, filed August 23, 2005.)

28 |       Respondent informed the court that a rehearing was held, Baker declined to appear at the

1

Resp't's Return to the Amended/Supplemental Pet.
*In re Fred L. Baker (C-22918)*                                                        No. HC 4990

1   hearing, and the Board denied Baker parole for one year.  The court then questioned why a de

2   novo hearing was necessary to correct the Board's failure to properly record the 2004 hearing.

3   (Order, filed October 24, 2005.)  In his return, respondent explained that because the transcript

4   did not contain the statements by the victim, the petitioner, or his attorney, as well as the Board's

5   decision, the hearing was not held in accordance with the law and must be redone.  Further,

6   Baker's due process rights were not violated because the parole grant was a preliminary decision

7   subject to review by the Board and the Governor, and Baker did not have a due process liberty

8   interest in a preliminary decision.  Moreover, it would be inappropriate to sanction something as

9   serious as paroling a life prisoner based on a decision the Board was forced to recreate from their

10  memory.  Finally, respondent argued that the court could not grant any relief based on the Board

11  considering Baker's parole suitability de novo because Baker did not raise that issue in his

12  petition.

13          Baker filed at traverse, to which respondent objected.  First, respondent objected to

14  Baker's request that the court take judicial notice of documents regarding another inmate's

15  hearing (inmate Freddy Fikes) where the decision was recreated based on the decision work sheet

16  that was fortuitously retained and reflected the Board's reasoning.  Second, respondent objected

17  to Baker's newly-asserted claim that the Board had lost jurisdiction to preside over Baker's

18  "parole application" because Baker did not raise it in his petition.

19          The court took judicial notice of the BPT forms 1000(a) and 1000(b), and regarding the

20  decision worksheet used in inmate Fikes's hearing, the court took judicial notice of the Board's

21  official act in utilizing the form, but not the truth of the facts reflected on the form.  Finally, the

22  court invited Baker to file an amended or supplemental petition to address facts and theories that

23  he did not raise in his original petition.  The court invited Baker to attach to his amended or

24  supplemental petition: (1) the Board's written statement recommending that parole be granted;

25  (2) the forms and documents generated and used by the Board in connection with his hearing;

26  and (3) a declaration properly authenticating and identifying the documents inmate Fikes

27  references.

28          Baker filed an amended/supplemental petition in which he requested an additional ground

2

1  be added to his original petition.  In his amended/supplemental petition, Baker summarily alleges

2  that the Board's actions exceeded the time limits set forth in California Code of Regulations, title

3  15, sections 2041, 2042, 2044, and 2451, and Penal Code section 3041(b).  Baker then

4  incorporates by reference section two in his traverse addressing this ground.  Baker produced the

5  documents he obtained from his central file, and the BPT 1000(b) form was not one of them.

6        The court has now ordered respondent to show cause why Baker should not be afforded

7  the relief sought in his amended petition.  Further, the court ordered respondent to ascertain from

8  case records staff which forms it made available to the commissioners for use at Baker's 2004

9  parole consideration hearing, and to provide the court with accurate copies of such forms and

10 documents.  In addition, the court requested respondent to provide a copy of the proposed

11 decision and stated reasons for disapproval of Baker's 2004 hearing.

12        The amended/supplemental petition should be denied because it does not state a prima

13 facie case for relief because the Board did not lose jurisdiction to rehear Baker's parole

14 consideration hearing.

15                              SUPPLEMENTAL RETURN

16        Respondent Ben Curry, Acting Warden at the Correctional Training Facility, for a

17 supplemental return to the November 20, 2006 order to show cause, states:

18        1.      Respondent denies that incorporating by reference an argument in his traverse

19 meets Baker's burden of specifying the facts upon which relief is sought.  (*In re Gallego* (1998)

20 18 Cal.4th 825, 837-838, fn. 12 [finding that a habeas petitioner's incorporation by reference of

21 allegations set forth in other parts of the petition and the facts set forth in the exhibits did not

22 meet his burden of presenting specific allegations in support of his claim]); see also *People v.*

23 *Duvall* (1995) 9 Cal.4th 464, 474 [noting that a habeas petitioner has the burden to specify the

24 facts establishing grounds for his release]; *Board of Prison Terms v. Superior Court (Ngo)*

25 (2005) 130 Cal.App.4th 1212, 1237 ["Only those claims raised in the original habeas petition or

26 in a supplemental habeas petition may be considered by the court."]; cf. *In re Rosenkrantz* (2002)

27 29 Cal.4th 616, 675 [noting that exhibits to habeas pleadings that are incorporated by reference

28 are not evidence, but merely supplement the allegations, and are subject to admissibility at an

                                    3

1  evidentiary hearing based on the rules of evidence]; but cf. *In re Gay* (1998) 19 Cal.4th 771, 781,

2  fn. 7 [addressing the allegations in the petitioner's traverse that he had incorporated by reference

3  from his petition and informal reply].)  Alternatively, respondent denies that Baker states a prima

4  facie case for relief in his amended/supplemental petition.  (*People v. Duvall*, *supra*, 9 Cal.4th at

5  p. 474.)

6       2.     Respondent denies that the Board "lost jurisdiction" to preside over Baker's

7  rehearing under the alleged time limits of sections 2041, 2042, 2044, and 2451 of title 15 of the

8  California Code of Regulations, and Penal Code section 3041, subsection (b).  The Board's

9  September 24, 2004 decision did not become final for 120 days, namely, until January 22, 2005.

10  (Cal. Code Regs., tit. 15, § 2041, subd. (h); Pen. Code, § 3041, subd. (b.).)  The sixty-day limit of

11  section 2044 of the regulations does not apply to this case because a hearing panel member did

12  not request that the en banc Board consider this case.  (Cal. Code Regs., tit. 15, § 2044, subd.

13  (a).)  Rather, the decision to hold a rehearing was the result of the normal decision review

14  process.  (Return, Exs. 3-4.)  Further, section 2042 of the regulations does not provide a time

15  limit during which the Board must act.  Section 2451 of the regulations also does not provide a

16  time limit and is not relevant because it addresses rescission hearings, which Baker's was not.

17       3.     Respondent denies that section 2041, subdivision (d) of the regulations applies to

18  any issue raised in Baker's petition.  Further, respondent denies that any regulatory language used

19  by respondent in his return was not applicable at the time of Baker's hearing.  (Cal. Code Regs.,

20  tit. 15, §§ 2041-2042, History.)  Moreover, respondent denies that the bases for disapproving a

21  decision are limited to those delineated in section 2042 of the regulations.

22       4.     Respondent denies that Baker requested any relief in his amended/supplemental

23  petition.  Alternatively, respondent denies that Baker is entitled to be released from prison.  If the

24  court decides to grant Baker habeas relief, the remedy is limited to a new parole consideration

25  hearing before the Board that comports with due process.  (See *In re Rosenkrantz*, *supra*, 29

26  Cal.4th at p. 658 [noting that the proper remedy for a Board decision lacking some evidence is a

27  new hearing comporting with due process]; *In re Carr* (1995) 38 Cal.App.4th 209, 218 [finding

28  that the appropriate relief for a due process violation is to provide the process due].)

4

Resp't's Return to the Amended/Supplemental Pet.
*In re Fred L. Baker (C-22918)*
    No. HC 4990

1          5.          Respondent denies that Baker's due process rights were violated at his September

2    24, 2004 hearing.  Respondent also denies that some evidence did not support the Board's

3    October 4, 2005 decision denying Baker parole.

4          6.          Respondent denies that the court ordered respondent to show cause based on

5    Baker's claim of cruel and unusual punishment.  Alternatively, respondent denies that Baker has

6    stated specific facts to meet his burden of stating a prima facie case for relief on this claim.

7    (*People v. Duvall, supra,* 9 Cal.4th at p. 474.)  Finally, respondent denies that Baker has been

8    incarcerated in gross excess of the established guidelines for his offense and that his continued

9    incarceration constitutes excessive confinement in violation of the California Constitution.  The

10   the sentencing matrix is not relevant, and the Board need not consider it, until the prisoner is

11   found suitable for parole.  (*In re Dannenberg, supra,* 34 Cal.4th at p. 1098.)

12         7.          Respondent denies that inmate Fikes's declaration properly authenticates the

13   documents attached to it as exhibits.  Fikes's declaration merely identifies the documents, and

14   does not explain where the documents came from, that they are true and accurate copies, and how

15   he knows they are true and accurate copies.  (See Evid. Code, § 1400.)

16         8.          Respondent alleges that it would be impossible to recreate the September 24, 2004

17   Board decision granting parole based on existing documents.  (See Levorse Decl; Maciel Decl.)

18         9.          Baker was scheduled for a subsequent parole consideration hearing on December

19   19, 2006, but it was postponed at Baker's request because of his pending habeas petition.

20         10.         Except as expressly admitted, respondent denies each and every allegation of the

21   amended/supplemental petition.

22         This supplemental return is based on the allegations and authorities above, respondent's

23   informal response, respondent's original return filed on November 28, 2005, respondent's

24   October 5, 2005 letter to the court, respondent's opposition to petitioner's request for judicial

25   ////

26   ////

27   ////

28   ////

5

1  notice, and respondent's objection to the traverse, all of which are incorporated by reference.

2       WHEREFORE, respondent respectfully requests that the petition for writ of habeas

3  corpus be denied and the orders to show cause be discharged.

4       Dated:  January 31, 2007           Respectfully submitted,

5                                          BILL LOCKYER
                                           Attorney General of the State of California
6
                                           JAMES M. HUMES
7                                          Chief Assistant Attorney General

8                                          FRANCES T. GRUNDER
                                           Senior Assistant Attorney General
9                                          ANYA M. BINSACCA
                                           Supervising Deputy Attorney General
10

11

12                                         DENISE A. YATES
                                           Deputy Attorney General
13

14                                         Attorneys for Respondent Ben Curry, Acting
                                           Warden at the Correctional Training Facility
15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

Resp't's Return to the Amended/Supplemental Pet.
*In re Fred L. Baker (C-22918)*                                              No. HC 4990

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **In re FRED L. BAKER**

No.:   **HC04990**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **February 1, 2007**, I served the attached

### RESPONDENT'S RETURN TO THE AMENDED/SUPPLEMENTAL PETITION

### DECLARATION OF SANDRA MACIEL IN SUPPORT OF RESPONDENT'S SUPPLEMENTAL RETURN

### DECLARATION OF DEBRA LEVORSE IN SUPPORT OF RESPONDENT'S SUPPLEMENTAL RETURN

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Michael Herro**
**Attorney at Law**
**Herro Law Offices**
**134 Central Avenue**
**Salinas, CA 93901**
attorney for Fred L. Baker
C-22918

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **February 1, 2007**, at San Francisco, California.

| | |
|---|---|
| J. Tucay | *J. Tucay* |
| Declarant | Signature |

ORIGINAL

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  MARY JO GRAVES
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
7  Telephone: (415) 703-5531
   Fax: (415) 703-5843
8  Attorneys for Respondent Ben Curry, Acting Warden
   at the Correctional Training Facility
9  SF2005200086

FILED

FEB 0 7 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_Garside_ DEPUTY
S. GARSIDE

10              SUPERIOR COURT OF CALIFORNIA

11                COUNTY OF MONTEREY

12                 SALINAS DIVISION

13

14  In re                          No. HC 4990

15   **FRED L. BAKER,**           **DECLARATION OF SANDRA**
                       **MACIEL IN SUPPORT OF**
16               Petitioner,   **RESPONDENT'S SUPPLEMENTAL**
                       **RETURN**
17  **On Habeas Corpus.**

18                       Judge:     The Honorable Marla O.
19                               Anderson

20     I, Sandra Maciel, declare:

21       1.     I have been employed by the California Department of Corrections and

22  Rehabilitation as a Staff Services Manager I for the Board of Parole Hearings in the Decision

23  Processing and Scheduling Unit (DPU/SCH) since May 2001. In this capacity, I supervise staff

24  who perform various duties regarding the parole consideration hearing process, including

25  managing lifer packets that the records department of various prisons forwards to the Board after

26  a parole hearing. If sworn as a witness, I would be competent to testify to the facts contained

27  herein because they are within my personal knowledge.

28       2.     After a parole consideration hearing, the DPU/SCH receives from the institution's

1

Sandra Maciel Decl. in Support of Resp't's Supplemental Return
*In re Fred Baker (C-22918)*                              No. HC 4990

1  records department the lifer packet, the tape(s) of the hearing, and the forms filled out by the

2  Board panel at the hearing. The DPU/SCH retains the lifer packet, the tape(s), and the completed

3  forms for one year after the hearing was conducted. In the thirteenth month, the DPU/SCH

4  purges the tapes and documents. That is, after an official transcript is prepared, the

5  corresponding hearing tape(s) are destroyed. In addition, the documents in the lifer packet

6  duplicative of those in the prisoner's central file are shredded, and some of the forms completed

7  by the Board panel at the hearing, including the hearing transcript, are saved electronically.

8  DPU/SCH staff are instructed to save the forms listed in exhibit one to this declaration if the

9  DPU/SCH received them.

10      3.    If a BPT 1000(b) Grant Worksheet was completed during a parole hearing, it is

11  normally destroyed and thus, is not forwarded to the DPU/SCH. If a BPT 1000(b) Grant

12  Worksheet was forwarded to the DPU/SCH, the DPU/SCH staff are instructed to electronically

13  scan the form. A BPT 1000(b) Grant Worksheet for Baker's 2004 parole consideration hearing

14  was not located and therefore, was presumably destroyed in the normal course of business or was

15  never completed.

16      4.    The Board does not prepare a separate decision suggested by the language at the

17  bottom of the BPT 1005 form: "If the proposed decision denying or granting parole is

18  disapproved, you will receive a copy of the proposed decision and the reasons for disapproval."

19  Rather, at the hearing, the prisoner is informed of the reasons for the decision, which are then

20  reflected in the decision portion of the hearing transcript, and he is provided a copy of the BPT

21  1005 form. And after it is transcribed, a copy of the hearing transcript is forwarded to the

22  prisoner.

23      I declare under penalty of perjury that the foregoing is true and correct and that this

24  declaration was executed on January 31, 2007, at Sacramento, California.

25

26

27  _Sandra Maciel_
    Sandra Maciel
    Staff Services Manager I
28  Decision Processing and Scheduling Unit

2

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  MARY JO GRAVES
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5531
     Fax:  (415) 703-5843
8  Attorneys for Respondent Ben Curry, Acting Warden
   at the Correctional Training Facility
9  SF2005200086

**ORIGINAL**

**FILED**

FEB 0 7 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
**S. GARSIDE**

10              SUPERIOR COURT OF CALIFORNIA

11                   COUNTY OF MONTEREY

12                     SALINAS DIVISION

13

14  In re                              No. HC 4990

15     **FRED L. BAKER,**              **DECLARATION OF DEBRA
                                        LEVORSE IN SUPPORT OF**
16                      Petitioner,    **RESPONDENT'S SUPPLEMENTAL
                                        RETURN**
17  **On Habeas Corpus.**

18                                     Judge:        The Honorable Marla O.
                                                     Anderson
19

20        I, Debra Levorse, declare:

21        1.        I have been employed by the California Department of Corrections and

22  Rehabilitation at the Correctional Training Facility (CTF) since approximately June 15, 1981.  I

23  am a Correctional Counselor III and have been employed as the Classification and Parole

24  Representative in the records department at CTF since approximately July 2, 2001.  In this

25  capacity, I supervise staff ("CTF staff") who perform various duties regarding the parole

26  consideration hearing process, including preparing certain documents that are presented to the

27  Board before parole consideration hearings.  In addition, I am the liaison between the Board of

28  Parole Hearings and CTF.  If sworn as a witness, I would be competent to testify to the facts

                                        1

1   contained herein because they are within my personal knowledge.

2       2.      I understand that the court has ordered case records staff to ascertain which forms

3   were made available to the Board commissioners for use at prisoner Fred Baker's (C-22918)

4   September 24, 2004 parole consideration hearing and to provide accurate copies of these forms

5   and documents.

6       3.      Before a parole consideration hearing, CTF staff forwards certain blank Board

7   forms to the Board for use at the parole consideration hearing, as well as a packet of documents

8   (lifer packet), which is also sent to the prisoner's attorney and the district attorney before the

9   hearing.  CTF staff forwards to the Board the following Board forms:

10          BPT 1000 Life Prisoner Parole Consideration Worksheet

11          BPT 1001 Life Prisoner Hearing Decision Face Sheet

12          BPT 1001A Life Prisoner Hearing - Extraordinary Action and Decision

13          BPT 1008 Life Prisoner Parole Consideration Hearing Checklist

14  The lifer packet consists of the documents in the prisoner's central file that correspond with the

15  documents listed in the BPT 1008 form.

16      4.      I do not know if CTF staff forwarded every single document listed above to the

17  Board before Baker's 2004 parole consideration hearing, but CTF staff should have forwarded

18  them in the normal course of business.  Included with this declaration as exhibits 1-4,

19  respectively, is a copy of the blank BPT forms listed above, namely, BPT 1000, BPT 1001, BPT

20  1000A, and BPT 1008.

21      5.      In addition to the Board forms sent by CTF staff to the Board, miscellaneous

22  forms are available to the Board in the hearing room at CTF.  Examples of the forms currently

23  available in the CTF hearing room are included in exhibit 5 to this declaration; these forms may

24  or may not apply to parole consideration hearings.  I do not know what forms were available in

25  ////

26  ////

27  ////

28  ////

2

1   the CTF hearing room at Baker's September 24, 2004 parole consideration hearing.

2        I declare under penalty of perjury that the foregoing is true and correct and that this

3   declaration was executed on January 10, 2007, at Soledad, California.

4

5

6                    _Debra Levorse_
      Debra Levorse
7     Classification and Parole Representative
      Records Department, Correctional Training Facility
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Debra Levorse Decl. in Support of Resp't's Supplemental Return
_In re Fred Baker (C-22918)_

# EXHIBIT "U"

1

2  MICHAEL A. HERRO, Attorney at Law (233749)
   111 West Alisal Street
3  Salinas, California 93901
   Telephone: (831) 755-5058

4

5  Attorney for Petitioner Fred L. Baker

**FILED**

MAR 1 4 2007

LISA M. GALDOS
**CLERK OF THE SUPERIOR COURT**
DEPUTY

S. GARSIDE

6          **SUPERIOR COURT OF MONTEREY COUNTY**

7                    **STATE OF CALIFORNIA**

8                     **SALINAS DIVISION**

9   IN RE                                    )    CASE NO.: HC 4990
10                                           )
                                             )    (PROPOSED) ORDER
11     **FRED L. BAKER**                     )    GRANTING EXTENSION OF
       Petitioner                            )    TIME
12                                           )
    **On Habeas Corpus**                     )
13  _____ )
                                             )
14                                           )
                                             )
15

16

17          The Court, having considered Petitioner's request for an extension of time to file a Traverse in

18  this matter, and good cause appearing,

19  IT IS HEREBY ORDERED that Petitioner's request for an extension of time to file a Traverse is

20  **GRANTED**, and Petitioner shall have until March 30, 2007 to file the Traverse.

21  Dated: 3-14-07

22

23

24

25  JONATHAN R. PRICE

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA** )
          ) §
**COUNTY OF MONTEREY** )

  I, the undersigned, do hereby declare:

  I am employed in the County of Monterey, California. I am over the age of eighteen (18) years; a citizen of the United States; and not a party to the within action. My business address is: 111 West Alisal Street, Salinas, CA 93901.

  On this date, Wednesday, March 14, 2007, I served the attached **PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE** in case number **HC 4990;** in the matter of **FRED BAKER** on the interested parties in said cause, as designated below:

_____   **(By US. Postal Service)** By placing on that date at my place of business, a true copy thereof, enclosed in a sealed envelope with postage fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

_____   **By personal service)** I caused the document(s) to be personally delivered by hand to the office(s) of the addressee(s).

___X___   **(By U.S. Postal Express Mail)** I caused a sealed envelope, with Express Mail postage thereon fully prepaid, to be placed in the United States Mail depository, at Salinas, California, for next day delivery.

_____   **(By Fax Machine)** I caused a true copy of the above referenced document(s) to be transmitted by facsimile machine to the phone number shown below each address, and caused a sealed envelope containing a true copy of the same, with first class postage thereon fully prepaid, to be deposited in the United States mail in Salinas, California.

Said document(s) is/are addressed as follows:

    **The Office of the Attorney General**
    **Attention: Deputy Attorney Denise A. Yates**
    **455 Golden Gate Ave. Suite 11000**
    **San Francisco, CA 94102-7004**

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on March 14, 2007, at Salinas, California.

*Araceli Godinez*
ARACELI GODINEZ
SECRETARY ASSISTANT III

# EXHIBIT "V"

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

FILED

APR 2 4 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEPUTY
OSCAR LUNA

In re

      Fred L. Baker

               On Habeas Corpus.

Case No.: HC 4990

ORDER

Given the complexity of the issues raised and the need for a thorough examination of the file, the high number of habeas corpus petitions filed in the recent past, and staffing issues, the court requires additional time to review this matter before rendering a decision.

Good cause appearing, pursuant to California Rules of Court, Rule 4.551(h), the court, on its own motion, extends the time in which it is to issue an order to and including June 1, 2007.

IT IS SO ORDERED.

Dated: 4-24-07

Hon. Jonathan R. Price
Judge of the Superior Court

1

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

April 24, 2007 I deposited true and correct copies of the following document: ORDER in

sealed envelopes with postage thereon fully prepaid, in the mail at Salinas, California,

directed to each of the following named persons at their respective addresses as

hereinafter set forth:

Michael Herro, Attorney at Law
111 W Alisal St
Salinas, CA 93901


Denise A Yates, Deputy Attorney General
California Attorney General's Office
455 Golden Gate Ave, Ste 11000
San Francisco, CA 94102


Dated:_____          LISA M. GALDOS,
                                Clerk of the Court


                                By: _____
                                    Deputy

# EXHIBIT "W"

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

**FILED**

JUN 0 1 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____DEPUTY
S. GARSIDE

In re )  Case No.:  HC 4990
)
)  ORDER
Fred L. Baker )
)
On Habeas Corpus. )

The background of the petition is as follows.

Petitioner is currently incarcerated at the Correctional Training Facility (CTF) in Soledad.

On September 24, 2004, the Board of Prison Terms (now Board of Parole Hearings) hearing panel found Petitioner suitable for parole.

On November 30, 2004, the Decision Review Unit recommended that the September 24, 2004 hearing be disapproved and that a rehearing be conducted on the next available calendar. The then-chief counsel of the Board, Terry Farmer, endorsed the Decision Review Unit's recommendation.  On December 14, 2004, the en banc Board voted to disapprove the proposed decision of September 24, 2004 to grant parole and to schedule a rehearing of the Petitioner's subsequent parole consideration hearing on the next available calendar.

On January 27, 2005, Petitioner filed a petition for writ of habeas corpus, claiming that the Board violated his due process rights when the Board ordered that his September 24, 2004 parole suitability hearing be reheard because the hearing could not be entirely transcribed.

On March 25, 2005, the court requested an informal response from the Attorney General's Office (Respondent).  The court ordered that Petitioner may file a reply.

On July 28, 2005, Respondent filed an informal response.

On August 10, 2005, Petitioner filed a reply.

On August 23, 2005, the court issued an Order to Show Cause.

1

1   On October 4, 2005, a panel consisting of the same members who granted Petitioner

2   parole on September 24, 2004 conducted the rehearing. Petitioner waived his appearance at the

3   rehearing, but his counsel was present. Petitioner was denied parole for one year.

4   On October 7, 2005, Respondent filed a letter with the court, advising the court that

5   Petitioner's subsequent parole suitability hearing was held on October 4, 2005 and that the panel

6   denied Petitioner parole for one year.

7   On October 24, 2005, the court denied Respondent's request that the court modify its

8   Order to Show Cause. The court ordered Respondent to file a return on or before November 25,

9   2005. The court further ordered that Petitioner may file a denial on or before December 16,

10   2005.

11   On November 28, 2005, Respondent filed a return. On December 23, 2005, Petitioner

12   filed a denial.

13   Subsequently, Petitioner filed a motion to amend the denial and a request for judicial

14   notice and Respondent filed an opposition and objection.

15   On March 8, 2006, Petitioner filed a response to Respondent's opposition to request for

16   judicial notice and a response to Respondent's objection.

17   On June 5, 2006, the court found that the petition contained pleading defects which must

18   be corrected. The court granted Petitioner leave to amend or supplement his petition by

19   addressing facts and theories relevant to the Board's decision which were not expressly or

20   implicitly raised in the petition.

21   On July 10, 2006, Petitioner filed an amended/supplemental petition.

22   On August 5, 2006, Respondent filed a request for clarification and, if appropriate, the

23   issuance of an order to show cause.

24   On November 20, 2006, the court issued an order to show cause.

25

1    Petitioner's subsequent parole consideration hearing was scheduled for December 19,

2  2006, but it was postponed at Petitioner's request because of the instant petition.

3    Respondent was granted an extension of time to file a supplemental return by January 8,

4  2007.  Subsequently, the court, on its own motion, granted Respondent an extension of time to

5  file a supplemental return within 30 days from January 5, 2007.

6    On February 1, 2007, the court denied Petitioner's "Motion to Grant Relief Requested in

7  Petition for Writ of Habeas Corpus."

8    On February 7, 2007, Respondent filed a return to the amended/supplemental petition.

9    Thereafter, Petitioner was granted an extension of time to file a supplemental denial on or

10  before March 30, 2007.  On March 29, 2007, Petitioner filed a supplemental denial.

11    The court has reviewed all documents filed in this case.

12    The court finds that the Board did not lose jurisdiction to preside over Petitioner's

13  rehearing under the time limits of sections 2041, 2042, 2044 and 2451 of title 15 of the

14  California Code of Regulations and Penal Code section 3041(b).  The Decision Review Unit

15  found that the September 24, 2004 hearing was not in accordance with the law because a

16  significant portion of the transcript was unable to be transcribed.  In order to comply with the

17  law, the Decision Review Unit recommended that the September 24, 2004 decision be

18  disapproved and a rehearing be scheduled.  (See Cal. Code Regs., tit. 15, §2042 [including that

19  *an error of law* is a basis for disapproving a decision].)  On November 30, 2004, Daniel Moeller

20  signed the recommendation on behalf of the Decision Review Unit, and the then-chief counsel of

21  the Board, Terry Farmer, endorsed the Decision Review Unit's recommendation on the same

22  day.  On December 14, 2004, the en banc Board considered the findings of the Decision Review

23  Unit and ordered that the panel decision be disapproved and a rehearing be scheduled.  Thus, the

24  panel's September 24, 2004 decision did not become final on January 22, 2005.  (Pen. Code,

25  §3041(b).)  The sixty-day limit of section 2044 of the regulations does not apply to this case

3

1  because a hearing panel member did not request that the en banc Board consider this case. (Cal.

2  Code Regs., tit. 15, §2044(a).) The decision to hold a rehearing was the result of the normal

3  decision review process. (Return, Exhibits 3-4.) Section 2042 of the regulations does not

4  provide a time limit during which the Board must act. Section 2451 of the regulations also does

5  not provide a time limit and is not relevant because it addresses rescission hearings.

6        The court notes that Petitioner is not responsible for his September 24, 2004 parole

7  suitability hearing being transcribed in part only.

8        Nevertheless, the court finds that Petitioner's 2004 parole suitability hearing record is

9  insufficient. The hearing transcript is incomplete and *written documents* relating to the hearing

10  are insufficient. It would be inappropriate to order the panel to recreate their decision

11  recommending parole based on the incomplete transcript, insufficient written documents and

12  their independent recollection. The transcript of the 2004 hearing did not contain the statements

13  by the victim and the panel's findings and reasoning for granting Petitioner parole. In addition,

14  Petitioner and/or his attorney, as well as the deputy district attorney, likely gave a closing

15  statement that was not included in the transcript. The Board could not effectively fulfill the

16  statutory requirement that the hearing transcripts be made available to the public and be subject

17  to different levels of review with such an incomplete transcript. Aside from the incomplete

18  transcript, the only existing written documents relating to Petitioner's 2004 parole suitability

19  hearing are BPT1001 (Life Prisoner Hearing Decision Face Sheet), The Board's Miscellaneous

20  Decision dated December 20, 2004, BPT 1000 (Life Prisoner Consideration Worksheet) and

21  BPT1005 (Life Prisoner: Parole Consideration Proposed Decision). Respondent has shown that

22  it would be impossible to recreate the September 24, 2004 panel decision granting parole based

23  on the incomplete transcript and other *existing* documents (See Declarations of Debra Levorse

24  and Sandra Maciel). Regardless of whatever consultation the Board may have had with the

25  commissioners, having the panel members recreate the decision granting parole based on the

1   incomplete transcript, other existing documents and their independent recollection would not

2   cure the fact that the entire transcript was not recorded as required by law.

3          The court notes that in another inmate (Inmate Freddy Fikes)'s case the panel's decision

4   was recreated based on the decision work sheet that was fortuitously retained and reflected the

5   panel's reasoning. However, the instant case is distinguishable from Freddy Fikes' case. Fikes'

6   parole suitability hearing was held *in 1992*, the documents relating to Fikes' parole suitability

7   hearing do not reveal what part of Fikes' hearing was unable to be transcribed, and the errata

8   sheet was an available alternative because the *decision worksheet containing the decision and*

9   *reasoning for the decision was retained.* In Petitioner's case, his parole suitability hearing took

10  place in 2004, no decision worksheet containing the decision and reasoning for the decision was

11  retained, and the significant portion of the hearing was unable to be transcribed.

12         Petitioner's due process rights were not violated when the Board ordered that his parole

13  suitability hearing be reheard. The law requires that the entire hearing be recorded and

14  transcribed. The victim, the district attorney, and the defendant must have an opportunity to

15  voice their opinions. See Pen. Code, §§3043(b), 3042(a), 3041.5(a)(2). The transcript must be

16  available to the public (Pen. Code, §3042(b)), and it must include the findings and reasons

17  supporting the decision (Pen. Code, §3042(c)). The Board (Pen. Code, §3041(b)) and the

18  Governor (Pen. Code, 3041.1) must be able to competently review the panel's decision. The

19  hearing transcript omitted any further questions by the deputy district attorney, the panel, or

20  Petitioner's counsel. As also discussed above, the transcript did not contain the statements by

21  the victim and the panel's findings and reasoning for granting Petitioner parole. During its

22  mandatory review, Daniel Moeller of the Decision Review Unit recommended that because the

23  transcript was incomplete, the Board should disapprove the September 24, 2004 decision

24  granting parole and schedule a rehearing. Terry Farmer, the then-chief counsel of the Board,

25  endorsed the Decision Review Unit's recommendation. A new hearing is appropriate if there

1    was an error of law or fact, or based on new information.  Cal. Code Regs., tit. 15, §2042.  If the

2    chief counsel recommends that a new hearing should be held, a new hearing will not be ordered

3    unless a majority of the Board sitting en banc votes to do so.  Pen. Code, §3041(b).  The Board

4    sitting en banc considered the *findings and recommendation* of the Decision Review Unit, and

5    voted to disapprove the September 24, 2004 proposed decision and schedule a rehearing.

6    Moreover, the panel's parole grant was a preliminary decision subject to review by the Board

7    and the Governor, and Petitioner did not have a due process liberty interest in a preliminary

8    decision.  The panel notified Petitioner on multiple documents that its decision was a proposed

9    decision, it was not final, and it would be reviewed.

10          The tentative decision granting parole was reviewed and *a rehearing was held*.  Upon

11    further review, the same panel concluded that public safety concerns required finding Petitioner

12    unsuitable for parole.

13          In light of the foregoing, the petition is denied.

14          IT IS SO ORDERED.

15    Dated: 6-1-07

16

17                                              _____
                                              Hon. Jonathan R. Price
18                                              Judge of the Superior Court

19

20

21

22

23

24

25

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

_____ **JUN 0 1 2007** _____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses

as hereinafter set forth:

Michael Herro, Attorney at Law
111 West Alisal St
Salinas, CA 93901

Denise A. Yates, DAG
Office of the Attorney General
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7004

Dated: ___ **JUN 0 1 2007** ___

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy

S. GARSIDE