

FILED

JUL - 1 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDERICK LEE BAKER,                    )    Case No: CV 07-6289 CW (PR)
                                        )
    Plaintiff,                          )
                                        )
    v.                                  )
                                        )
JAMES DAVIS, Chairman,                  )
BOARD OF PAROLE HEARINGS; SUSAN         )
FISHER, ARCHIE BIGGERS, SANDRA          )
BRYSON, ROBERT DOYLE, JANICE ENG,       )
JACK GARNER, EDWARD MARTINEZ,           )
MICHAEL PRIZMICH, LINDA SHELTON,        )
ROLANDO MEJIA, DANIEL MOELLER,          )
and ARTHUR ANDERSON, Commissioners;     )
SANDRA MACIEL, Staff Services           )
Manager I, BPH Decision Processing      )
and Scheduling Unit, et. al.,           )
                                        )
    Defendants.                         )
_____     )

## EXHIBITS IN SUPPORT OF PRELIMINARY INJUNCTION

Frederick L. Baker
Correctional Training Facility
C-22918 / B-321
P.O. Box 689
Soledad, CA 93960-0689

Petitioner in Pro Se

## INDEX OF PLAINTIFF'S EXHIBITS

| Date | Document Title | Ex. No. | Index Pg. No. |
|------|----------------|---------|---------------|
| 09/24/04 | Parole Grant and Calculation Sheet | 1 | 01 |
| 01/31/07 | Declaration of Sandra Maciel | 2 | 03 |
| 11/30/04 | Decision Review Unit's Disapproval | 3 | 06 |
| 12/14/04 | Full Board Disapproval of Parole Grant | 4 | 08 |
| 06/12/08 | Notice of October 2008 Board Hearing | 5 | 10 |
| 06/28/06 | Facsimile re: BPT-1000(a)-(b) forms | 6 | 12 |
| 01/10/07 | Declaration of Debra Levorse | 7 | 15 |
| 11/23/05 | Declaration of Daniel Moeller | 8 | 19 |
| --/--/-- | Required BPT-Forms per Operation Manual | 9 | 22 |
| 08/--/90 | BPT-1000(a) Parole Denied Worksheet | 10 | 25 |
| 08/--/90 | BPT-1000(b) Parole Granted Worksheet | 11 | 34 |

# EXHIBIT   "1"

0000

LIFE PRISONER: PAROLE CONSIDERATION STATE OF CALIFORNIA
PROPOSED DECISION (BPT §2041)

I. [ ]    PAROLE DENIED

If this proposed decision denying parole is approved, the Board will send you a copy of the approved decision, including the reasons for denial of parole, within 30 days of the hearing.

II. [ ]    PAROLE GRANTED    *Do NOT release pending Decision Review.*

A.  Base Period of Confinement ........................................ 180 Months

Case No. _____ Count No. _____ Offense _____

B.  Firearm Enhancement ........................................... + _____ Months

C.  Other Crimes Total ............................................ + 68 Months

Case No. _____ Count No. _____ Offense _____ _____ mos.

Case No. _____ Count No. _____ Offense _____ _____ mos.

Case No. _____ Count No. _____ Offense _____ _____ mos.

D.  Total Term ............................................... = 248 Months

E.  Postconviction Credit From 7/31/87 To 9/24/04 – 60 Months
                                (Date)        (Date)

F.  Total Period of Confinement ................................ = 188 Months

The period of confinement indicated is a tentative decision proposed by this panel. The decision will be reviewed pursuant to BPT §2041, and, if approved, a copy of the approved decision will be sent to you within 30 days. At that time appropriate pre-prison credits will be applied and a parole release date computed.

You will not engage in any conduct specified in BPT §2451. Such conduct may result in rescission or postponement of your parole date.

If the proposed decision denying or granting parole is disapproved, you will receive a copy of the proposed decision and the reasons for disapproval. You will then receive a copy of the modified decision or will be scheduled for a new hearing, as appropriate.

PANEL HEARING CASE

| | Date 9/24/04 |
| Susan Fisher | Date 9/24/04 |
| _____ | Date |

BAILER, Fred    CDC NUMBER C 22918    INSTITUTION CTF S    HEARING DATE 9/24/04

05 (Rev. 8/1/81)

Distribution: White—C. File
Canary—BPT
Pink—Prisoner

0001

# EXHIBIT "2"

0002

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  MARY JO GRAVES
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone: (415) 703-5531
    Fax:  (415) 703-5843
8  Attorneys for Respondent Ben Curry, Acting Warden
   at the Correctional Training Facility
9  SF2005200086

**FILED**

FEB 0 7 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_Garside_____DEPUTY
S. GARSIDE

10              SUPERIOR COURT OF CALIFORNIA

11                  COUNTY OF MONTEREY

12                    SALINAS DIVISION

13

14  In re                             No. HC 4990

15     **FRED L. BAKER,**             **DECLARATION OF SANDRA**
                                      **MACIEL IN SUPPORT OF**
16                      Petitioner,   **RESPONDENT'S SUPPLEMENTAL**
                                      **RETURN**
17  **On Habeas Corpus.**

18                                    Judge:
                                              The Honorable Marla O.
19                                            Anderson

20          I, Sandra Maciel, declare:

21          1.      I have been employed by the California Department of Corrections and

22  Rehabilitation as a Staff Services Manager I for the Board of Parole Hearings in the Decision

23  Processing and Scheduling Unit (DPU/SCH) since May 2001.  In this capacity, I supervise staff

24  who perform various duties regarding the parole consideration hearing process, including

25  managing lifer packets that the records department of various prisons forwards to the Board after

26  a parole hearing.  If sworn as a witness, I would be competent to testify to the facts contained

27  herein because they are within my personal knowledge.

28          2.      After a parole consideration hearing, the DPU/SCH receives from the institution's

                                            1

Sandra Maciel Decl. in Support of Resp't's Supplemental Return
*In re Fred Baker (C-22918)*

**0003**   No. HC 4990

1  records department the lifer packet, the tape(s) of the hearing, and the forms filled out by the

2  Board panel at the hearing. The DPU/SCH retains the lifer packet, the tape(s), and the completed

3  forms for one year after the hearing was conducted. In the thirteenth month, the DPU/SCH

4  purges the tapes and documents. That is, after an official transcript is prepared, the

5  corresponding hearing tape(s) are destroyed. In addition, the documents in the lifer packet

6  duplicative of those in the prisoner's central file are shredded, and some of the forms completed

7  by the Board panel at the hearing, including the hearing transcript, are saved electronically.

8  DPU/SCH staff are instructed to save the forms listed in exhibit one to this declaration if the

9  DPU/SCH received them.

10       3.       If a BPT 1000(b) Grant Worksheet was completed during a parole hearing, it is

11  normally destroyed and thus, is not forwarded to the DPU/SCH. If a BPT 1000(b) Grant

12  Worksheet was forwarded to the DPU/SCH, the DPU/SCH staff are instructed to electronically

13  scan the form. A BPT 1000(b) Grant Worksheet for Baker's 2004 parole consideration hearing

14  was not located and therefore, was presumably destroyed in the normal course of business or was

15  never completed.

16       4.       The Board does not prepare a separate decision suggested by the language at the

17  bottom of the BPT 1005 form: "If the proposed decision denying or granting parole is

18  disapproved, you will receive a copy of the proposed decision and the reasons for disapproval."

19  Rather, at the hearing, the prisoner is informed of the reasons for the decision, which are then

20  reflected in the decision portion of the hearing transcript, and he is provided a copy of the BPT

21  1005 form. And after it is transcribed, a copy of the hearing transcript is forwarded to the

22  prisoner.

23       I declare under penalty of perjury that the foregoing is true and correct and that this

24  declaration was executed on January 31, 2007, at Sacramento, California.

25

26

27       *Sandra Dz Maciel*
Sandra Maciel

28       Staff Services Manager I
Decision Processing and Scheduling Unit

2

No. HC 4990

0004

# EXHIBIT "3"

| fATE: | BAKER, Fred | | CDC NUMBER: | C-22918 |
|---|---|---|---|---|
| TYPE OF HEARING: | 7th subsequent parole consideration | | DATE OF HEARING: | 9/24/04 |

The Decision Review Unit has reviewed the hearing and recommends further review of the following issue(s):

Review by the Decision Review Unit of the prisoner's seventh subsequent parole consideration hearing dated September 24, 2004, has disclosed that due to an apparent malfunction of the recording equipment, the decision portion of the hearing cannot be transcribed.

Since a complete record of the hearing is not only required by law, but is also necessary for a review of the hearing decision, a rehearing of the prisoner's seventh subsequent parole consideration hearing will be required.

**RECOMMENDATION: Disapprove the proposed September 24, 2004 hearing decision and schedule a rehearing on the next available calendar.**

DECISION REVIEW UNIT SIGNATURE                    DATE: 11/30/04

CHIEF COUNSEL SIGNATURE                    DATE    11-30-04

COMMENTS:

# EXHIBIT "4"

Board of Prison Terms                                        State of California

## MISCELLANEOUS DECISION

### FACTS

During the December 14, 2004 Executive Meeting of the Board of Prison Terms, the Board, sitting en banc, considered the findings of the Decision Review Unit regarding the proposed decision dated September 24, 2004, for life prisoner Fred Baker, C-22918. Following consideration, the full Board voted to disapprove the proposed decision of September 24, 2004, and schedule a rehearing of the prisoner's seventh subsequent parole consideration hearing on the next available calendar.

### DECISION(S)

Disapprove the September 24, 2004 proposed decision and schedule a rehearing of the prisoner's seventh subsequent parole consideration hearing on the next available calendar.

| STAFF (Name) | TITLE | DATE |
|---|---|---|
| MARVIN E. SPEED II | Executive Officer | 12-20-04 |

| NAME | NUMBER | INSTITUTION |
|---|---|---|
| **BAKER**, Fred | C-22918 | CTF |

# EXHIBIT   "5"

0009

# Memorandum

To: CCI Williams

Date: June 12, 2008

Subject: BPH hearing date change (re: BAKER (C22918), BW-321U)

This is to let you know that SAC has changed the date of subject inmate's BPH hearing scheduled from 10/16/08 Panel A (1530hrs) to 10/17/08 Panel A (1030hrs).

Please notify the inmate at your earliest convenience

R/

M. Terry
CCI for BPH  x4333
Correctional Training Facility

CDC 1617 (3/89)

0010

# EXHIBIT "6"

**BILL LOCKYER**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5531
Facsimile: (415) 703-5843
E-Mail: Denise.Yates@doj.ca.gov

June 28, 2006

**VIA FACSIMILE**

Michael Herro, Attorney at Law
Law Office of Michael Herro
134 Central Ave.
Salinas, CA 93901
Fax: (831) 753-0992

RE:    In re Fred L. Baker (C-22918), On Habeas Corpus
       Superior Court of California, County of Monterey, Case No. HC 4990

Dear Mr. Herro:

I am writing in response to your telephone message of June 26, 2006, in which you informally requested some Board documents. You requested a copy of the BPT form 1000(b) from Baker's September 24, 2004 hearing. You also requested a copy of the other documents referenced in the court's June 5, 2006 Order. The BPT form 1000(b) is a worksheet that the commissioners use as a guide in announcing their decision. The worksheet is not meant to be placed in the central file nor is it regularly maintained by the Board. The court's statement that the BPT forms 1000(a) and (b) are prepared before the hearing and utilized by the Board during the hearing reflects a misunderstanding of the Department Operations Manual. The BPT forms 1000(a) and (b) are the forms used when the Board denies or grants a life prisoner parole, respectively. (Dep't Operations Manual, § 74040.5.3.) Obviously, the Board does not prepare these forms before the hearing because it does not yet know if it will deny or grant the prisoner parole. Rather, the case records staff simply makes these forms available to the commissioners for use at the hearing, if necessary. (See *id.*, § 74040.5.4.)

Mr. Michael Herro
June 28, 2006
Page 2

　　　　Regarding your second request, I am unable and unwilling to respond to it. If you are referring to the court's comment that you should amend or supplement the petition with "forms and documents generated and utilized by the Board in connection with Petitioner's hearing," your request is ambiguous. I do not know the total documents you or the court are referring to. Until you can specify which documents you are requesting and confirm that they are not in your client's central file, I cannot provide a better response. Thank you for your consideration.

　　　　　　　　　　　　　　Sincerely,

DENISE A. YATES
Deputy Attorney General

For　　BILL LOCKYER
　　　　Attorney General

TOTAL P.03

0013

# EXHIBIT "7"

0014

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  MARY JO GRAVES
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5531
    Fax:  (415) 703-5843
8  Attorneys for Respondent Ben Curry, Acting Warden
   at the Correctional Training Facility
9  SF2005200086

**ORIGINAL**

**FILED**

FEB 0 7 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
**S. GARSIDE**

10               SUPERIOR COURT OF CALIFORNIA

11                  COUNTY OF MONTEREY

12                   SALINAS DIVISION

13

14  In re                                    No. HC 4990

15      **FRED L. BAKER,**                   **DECLARATION OF DEBRA
                                             LEVORSE IN SUPPORT OF**
16                          Petitioner,      **RESPONDENT'S SUPPLEMENTAL
                                             RETURN**
17  **On Habeas Corpus.**

18                                           Judge:    The Honorable Marla O.
                                                       Anderson
19

20       I, Debra Levorse, declare:

21       1.       I have been employed by the California Department of Corrections and

22  Rehabilitation at the Correctional Training Facility (CTF) since approximately June 15, 1981.  I

23  am a Correctional Counselor III and have been employed as the Classification and Parole

24  Representative in the records department at CTF since approximately July 2, 2001.  In this

25  capacity, I supervise staff ("CTF staff") who perform various duties regarding the parole

26  consideration hearing process, including preparing certain documents that are presented to the

27  Board before parole consideration hearings.  In addition, I am the liaison between the Board of

28  Parole Hearings and CTF.  If sworn as a witness, I would be competent to testify to the facts

1

Debra Levorse Decl. in Support of Resp't's Supplemental Return
*In re Fred Baker (C-22918)*

No. HC 4990

1   contained herein because they are within my personal knowledge.

2        2.    I understand that the court has ordered case records staff to ascertain which forms

3   were made available to the Board commissioners for use at prisoner Fred Baker's (C-22918)

4   September 24, 2004 parole consideration hearing and to provide accurate copies of these forms

5   and documents.

6        3.    Before a parole consideration hearing, CTF staff forwards certain blank Board

7   forms to the Board for use at the parole consideration hearing, as well as a packet of documents

8   (lifer packet), which is also sent to the prisoner's attorney and the district attorney before the

9   hearing. CTF staff forwards to the Board the following Board forms:

10       BPT 1000 Life Prisoner Parole Consideration Worksheet

11       BPT 1001 Life Prisoner Hearing Decision Face Sheet

12       BPT 1001A Life Prisoner Hearing - Extraordinary Action and Decision

13       BPT 1008 Life Prisoner Parole Consideration Hearing Checklist

14  The lifer packet consists of the documents in the prisoner's central file that correspond with the

15  documents listed in the BPT 1008 form.

16       4.    I do not know if CTF staff forwarded every single document listed above to the

17  Board before Baker's 2004 parole consideration hearing, but CTF staff should have forwarded

18  them in the normal course of business. Included with this declaration as exhibits 1-4,

19  respectively, is a copy of the blank BPT forms listed above, namely, BPT 1000, BPT 1001, BPT

20  1000A, and BPT 1008.

21       5.    In addition to the Board forms sent by CTF staff to the Board, miscellaneous

22  forms are available to the Board in the hearing room at CTF. Examples of the forms currently

23  available in the CTF hearing room are included in exhibit 5 to this declaration; these forms may

24  or may not apply to parole consideration hearings. I do not know what forms were available in

25  ////

26  ////

27  ////

28  ////

2

1   the CTF hearing room at Baker's September 24, 2004 parole consideration hearing.

2        I declare under penalty of perjury that the foregoing is true and correct and that this

3   declaration was executed on January 10, 2007, at Soledad, California.

4

5

6   _____Debra Levorse_____
    Debra Levorse
7   Classification and Parole Representative
    Records Department, Correctional Training Facility
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Debra Levorse Decl. in Support of Resp't's Supplemental Return
In re Fred Baker (C-22918)

0017

# EXHIBIT "8"

1 | BILL LOCKYER
Attorney General of the State of California
2 | JAMES M. HUMES
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ANYA M. BINSACCA
Supervising Deputy Attorney General
5 | DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
6 |   455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
7 |   Telephone:  (415) 703-5531
  Fax:  (415) 703-5843
8 | Attorneys for Respondent A. Kane, Acting Warden at
the Correctional Training Facility

9

10 |                 SUPERIOR COURT OF CALIFORNIA

11 |                      COUNTY OF MONTEREY

12 |                        SALINAS DIVISION

13

14 | In re                                    NO. HC 04990

15 |    **FRED L. BAKER,**            **DECLARATION OF DANIEL**
**MOELLER IN SUPPORT OF THE**
16 |          Petitioner,      **RETURN TO THE ORDER TO**
**SHOW CAUSE**
17 | **On Habeas Corpus.**

18

19 |     I, DANIEL MOELLER, declare as follows:

20 |     1.     I am employed by the California Department of Corrections and Rehabilitation.

21 | Since May 2005, I have been a deputy commissioner for the Board of Parole Hearings.  For

22 | approximately five years before that, I was a staff counsel for the Board of Prison Terms where

23 | my duties included reviewing the proposed decisions of parole consideration hearings for any

24 | errors of law or fact.

25 |     2.     I am familiar with the Decision Review Unit's recommendation regarding the

26 | seventh subsequent parole consideration hearing on September 24, 2004, for inmate Fred Baker

27 | (C-22918).  I signed the recommendation on behalf of the Decision Review Unit, and the then-

28 | chief counsel of the Board of Prison Terms, Terry Farmer, endorsed the recommendation.

1

3.    I am also familiar with the statutes and regulations governing parole consideration decisions and the Board's mandatory review of them. When as in Baker's case, a significant portion of the transcript is unable to be transcribed, the hearing is not in accordance with the law. The victim (Pen. Code, § 3043, subd. (b)), the district attorney (*id.*, §. 3042, subd. (a)), and the defendant (*id.*, § 3041.5, subd. (a)(2)) must have an opportunity to voice their opinions. The law requires that the transcript must be available to the public (Penal Code, § 3042, subd. (b)), and it must include the findings and reasons supporting the decision (*id.*, § 3042, subd. (c)). In addition, the Board (*id.*, § 3041, subd. (b)) and the Governor (*id.*, § 3041.1) must be able to competently review the panel's decision.

4.    In order to comply with the law, the appropriate remedy for such an incomplete transcript was to order the decision be disapproved and a rehearing be scheduled. (Cal. Code of Regs., tit. 15, § 2042 [including that an error of law is a basis for disapproving a decision]; Pen. Code, § 3041, subd. (b) [providing that the decision of a parole panel will not become final if upon review the Board finds that the panel made an error of law].)

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 23, 2005.


DANIEL MOELLER
Deputy Commissioner, Board of Parole Hearings

2

Decl. of Daniel Moeller in Supp. of the Return to the Order to Show Cause
*In re Fred L. Baker (C-22918)*

Case No. HC 04990
TOTAL P.05
TOTAL P.02

0020

# EXHIBIT "9"

A facility staff representative, knowledgeable about the individual case and facility programs, shall be available to advise and assist the panel in its evaluation and documentation of the inmate's progress.

#### 74040.4.2    BPH Hearing — Victim Escort Procedures

Victims/next of kin/immediate family members, support person, or counsel upon arrival at the correctional facility shall be processed and escorted to the hearing in accordance with the Department Operations Manual Chapter 6, Article 13, BPH.

#### 74040.4.3    Inmate Hearing Rights

The inmate shall have the rights enumerated in BPH Rules 2246 through 2254.

#### 74040.4.4    Documents Required

The material to be presented at these hearings shall consist of the:

- C-File.
- BPT Form 1009, Life Prisoner: Documentation Hearing, with the inmate's name, number, facility, sentence information, maximum term, and MEPD typed on the form.
- Parole documentation hearing board report.
- Psychiatric reports.

#### 74040.4.5    Post Hearing Procedures

The CCRM shall schedule the inmate for a subsequent documentation hearing or parole consideration hearing as appropriate.

Documentation hearing results shall be posted to the CDC Form 112, Chronological Inmate History.

The BPT Form 1009 shall be completed by the panel at the time of the hearing and shall be effective at that time.

A copy shall be given to the inmate.

The BPT Form 1004, Life Prisoner: Post-conviction Progress Report, the BPT Form 1009, the psychiatric evaluation, and any other documents designated by the panel shall be incorporated as a part of the "Board Addenda" to ensure availability to the initial parole consideration hearing panel.

#### 74040.5    Initial and Subsequent Parole Consideration Hearings

If the inmate is found unsuitable, parole shall be denied and a written statement of the specific factual reasons for the denial shall be given to the inmate.

At the subsequent hearings, the panel shall consider the information developed since the last hearing.

The hearing panel may recommend to the inmate certain steps that may be undertaken to enhance the possibility of a grant of parole at a future hearing.

If an inmate is found suitable for parole, a tentative parole date shall be set.

#### 74040.5.1    Panel Composition

**Life**

The panel shall be composed of three BPH staff, two of whom shall be commissioners.

**Nonlife**

The panel shall be composed of three BPH staff, two of whom shall be deputy commissioners.

#### 74040.5.2    Inmate Hearing Rights

**Life**

The inmate shall have the rights enumerated in BPH Rules 2245 through 2256.

**Nonlife**

The inmate shall have the rights enumerated in BPH Rules 2245 through 2252, 2254, and 2255.

#### 74040.5.3    Required BPT Forms (Life Cases)

The following forms shall be available for use for life cases:

- BPT Form 1000, Life Prisoner Parole Consideration Worksheet.
- BPT Form 1000(a), Setting a Term-Life Prisoner Parole Denied.
- BPT Form 1000(b), Setting a Term-Life Prisoner Parole Granted.
- BPT Form 1001, Life Prisoner Decision Face Sheet.
- BPT Form 1001-A, Life Prisoner Hearing-Extraordinary Action and Decision.
- BPT Form 1002.
- BPT Form 1003.
- BPT Form 1004.

- BPT Form 1005, Life Prisoner:    Parole Consideration Proposed Decision (BPH 2041).
- Life Prisoner: Parole Consideration Proposed Decision.
- BPT Form 1008.
- BPT Form 1080.
- BPT Form 1087-A, B, C, and D.
- BPT Form 1082, Continuation Sheet.

#### 74040.5.4    Hearing Package Preparation

Three packages plus the original hearing material listed on the CDC Form 822 shall be prepared for use during the parole consideration hearing for non-lifer cases.

Four packages plus the original hearing material as listed on BPT Form 1008 shall be prepared for use during the parole consideration hearing for life cases.

Lifer and non-lifer packages shall contain letter-size dividers with side index tabs, divided into categories. Within each category, documents shall be filed together in reverse chronological order, beginning with the most recent dated document. The packages shall be divided into the following categories:

- Case Summary.
- BPH report(s) (all).
- Psychiatric report(s) (all).
- Prior BPH decisions (Adult Authority, Community Release Board [CRB], BPH ).
- Notices and responses (current hearing) including official letters, fearful letters, and supporting letters.
- Legal documents:
  - POR.
  - Crime report(s).
  - Abstracts of judgment/Minute orders.
  - Charging documents.
  - Appellate court decisions.
  - Sentencing transcripts.
- Miscellaneous:
  - Crime partner decision forms if any.
  - Notice of hearing rights.
  - Disciplinary reports since last hearing.
  - Other pertinent information developed since the last hearing.
  - Photographic evidence.
- For subsequent hearings include the last hearing transcript, not indexed.

**Prior to Hearing**

Prior to the hearing, the case records staff shall prepare the following forms:

- BPT Form 1001.
- BPT Form 1005.
- BPT Form 1004.
- BPT Form 1082.
- BPT Form 1000.
- BPT Form 1000(a).
- BPT Form 1000(b).
- BPT Form 1081 if applicable.

#### 74040.5.5    Distribution of Packages

The following distribution is mandatory:

- One for each commissioner.
- One for the inmate's attorney.
- One for the representative of the DA's office.

#### 74040.6    Parole Board Rules Hearings (In re Stanworth)

The California Supreme Court held that life prisoners who committed their offenses prior to July 1, 1977, are entitled to have parole dates established under the guidelines in effect prior to July 1, 1977.

The court further held that denial of the establishment of parole dates of these prisoners under the earlier guidelines violated the constitutional prohibitions against ex post facto laws.

0022

For life term cases, records staff shall prepare a BPT Form 1002, Life Prisoner: Parole Consideration Hearing Notice and send an original and one copy for the inmate's signature.

The caseworker shall verify the trust fund balance to determine if the inmate is indigent or able to pay for an attorney. (See BPH Rule 2256.)

If the inmate declines representation, the inmate shall complete a BPT Form 1003, Life Prisoner: Waiver of Attorney or Withdrawal of Request.

If the inmate has a private attorney or had a private or State-appointed attorney at the previous hearing, the caseworker shall verify the attorney's availability for the hearing.

**74040.3.4    45 Days Prior to the Hearing**

The C&PR or designee shall prepare and transmit a FAX, or mail a copy of the calendar to the BPH scheduling unit containing the following information:

- Inmate's full name.
- CDC number.
- Attorney designation.
- Attorney's name and telephone number.
- Previous attorney (if applicable).
- County of commitment.

Hearings shall be scheduled according to the proximity of the counties from which the inmate has been sentenced.

- Schedule inmates from the same county in succession. This shall accommodate the DAs who plan to attend.

**Restrictions**

The following restrictions shall be considered:

- Microfiche cases shall not be scheduled on Mondays or Fridays.
- The Executive Officer or Chairman shall approve the scheduling of three subsequent hearings in one day.
- If three hearings are scheduled, ensure that none are microfiche cases.
- No more than one initial, rescission, or extended term hearing or any combination of the three shall be scheduled in one day.
- Normal starting times for hearings are as follows:
  - 9:00 p.m. and 2:00 p.m. (two hearings).
  - 830 a.m., 10:45 a.m., and 2:30 p.m. (three hearings).

The inmate shall be given copies of BPT Forms 1002, 1003, if applicable, and 1080, Notice of Date, Time, and Place of Hearing.

- Records staff shall make five photocopies of each form to be included in hearing packets.

Crime partner information shall be photocopied and placed in the miscellaneous section of each packet.

**74040.3.5    35 Days Prior to Hearing**

Pull the C-File and prepare PC 3042 and 3043 notices. Mail notices to the following persons prior to any parole consideration or rescission hearing on a life prisoner:

- The judge who presided at the trial and conviction of the inmate.
  - Complete BPT Form 1087-A, Notice of Hearing– Judge (If the judge is retired, deceased, etc., send the notice to the presiding judge of the committing county.)
- The DA's office which prosecuted the case.
  - Complete BPT Form 1087-B, Notice of Hearing– DA and mail to the DA of the county of commitment.
  - Fill in the exact date and time of the hearing in the space provided should the DA wish to attend.
- The law enforcement agency which investigated the offense.
  - Complete BPT Form 1087-C, Notice of Hearing. Include the location of the offense on the form.
- The attorney who defended the inmate at the time of trial.
  - Complete BPT Form 1087-C.
- The AG's Office.
  - Complete BPT Form 1087-C. Include the county case number and victim(s) name. Indicate any change of venue cases.
- The law enforcement agency which employed the murder victim if the victim was a peace officer.
  - Complete BPT Form 1087-C.

- Victim/next of kin/immediate family member, support person, or counsel who has requested notice and has provided a current address. (Does not apply to rescission hearing.)
- Complete BPT Form 1087-D, Victims Notice of Hearing.
- BPT Form 1006, Advance Information Sheet, shall be attached and sent with the BPT Form 1087-D.

**BPH and C&PR Responsibilities**

- The BPH shall notify the Office of Victim and Survivor Services (OVSS) of the authorization for the victim/next of kin/immediate family member, support person, or counsel to attend the hearing.
- The OVSS shall notify the frespective C&PR of the authoization and provide the necessary information to process a clearance for the scheduled attendee.
- Upon notification, the C&PR shall initiate a gate clearance per institution/facility procedures.
- A scheduled attendee shall only be excluded from attending a hearing based upon the criteria established in Title 15, Section 3176.3.
- The Warden/Designee shall immediately notify the Director, Division of Adult Operations, whenever a determination is made to exclude a schjeduled attendee.
- Should a scheduled attendee be denied access, the Victim Services Representative (VSR) shall make personal contact and provide an explanation as to the denial. The VSR shall also provide a written notice to the denied attendee detailing the reasons for denial and the process for appealing the denial.
- The C&PR shall be designated as the institution/facility's VSR, with the Assistant C&PR as the back-up to the VSR. The Warden may identify additional staff to act as a designee for the VSR.

**Reports**

Psychiatric reports from the medical department and board reports from the caseworker are due for completion.

- C&PR is to be advised of any board reports not completed.
  - Photocopy six copies, one of each to the inmate and one in each of the five hearing packets.
- Schedule a C-File review upon the request of the inmate's attorney.
  - Schedule the inmate to review their C-File prior to the attorney review if requested.
- If the inmate waived the right to an attorney, the caseworker shall arrange a C-File review upon request of the inmate.
- Remove confidential folder from the C-File and check contents.
  - Complete CDC Form 819, Personal Information Disclosure Log.
  - Place a copy of the form in the confidential section of the C-File.
  - Original to the C-File.
- Records staff shall review all hearing packets for completeness.
  - Forward one packet each to the DA and the inmate's attorney by certified mail.
  - When returned, file the certified receipt in the inmate's C-File.

**74040.3.6    10 Days Prior to Hearing**

Ten days prior to the hearing is the deadline for incorporating or sending material to the DA or the inmate's attorney for inclusion in the hearing packet.

- Any material received after this date shall be placed in an envelope to be given to both attorneys on the date of the hearing.

**74040.3.7    5-to-7 Days Prior to the Hearing**

Review hearing packets for completeness. Sign and date the BPT Form 1008, Life Prisoner Parole Consideration Hearing Checklist.

Update the master calendar with the names of attorneys who will attend the hearings.

**74040.4    Documentation Hearing**

The documentation hearing is conducted for the purpose of monitoring and recording the inmate's conduct, adjustment, and progress while incarcerated and occurs prior to the initial parole consideration hearing.

**74040.4.1    Panel Composition**

The documentation hearing shall be conducted by one deputy commissioner.

A facility staff representative, knowledgeable about the individual case and facility programs, shall be available to advise and assist the panel in its evaluation and documentation of the inmate's progress.

**74040.4.2    BPH Hearing — Victim Escort Procedures**

Victims/next of kin/immediate family members, support person, or counsel upon arrival at the correctional facility shall be processed and escorted to the hearing in accordance with the Department Operations Manual Chapter 6, Article 13, BPH.

**74040.4.3    Inmate Hearing Rights**

The inmate shall have the rights enumerated in BPH Rules 2246 through 2254.

**74040.4.4    Documents Required**

The material to be presented at these hearings shall consist of the:

* C-File.
* BPT Form 1009, Life Prisoner: Documentation Hearing, with the inmate's name, number, facility, sentence information, maximum term, and MEPD typed on the form.
* Parole documentation hearing board report.
* Psychiatric reports.

**74040.4.5    Post Hearing Procedures**

The CCRM shall schedule the inmate for a subsequent documentation hearing or parole consideration hearing as appropriate.

Documentation hearing results shall be posted to the CDC Form 112, Chronological Inmate History.

The BPT Form 1009 shall be completed by the panel at the time of the hearing and shall be effective at that time.

A copy shall be given to the inmate.

The BPT Form 1004, Life Prisoner: Post-conviction Progress Report, the BPT Form 1009, the psychiatric evaluation, and any other documents designated by the panel shall be incorporated as a part of the "Board Addenda" to ensure availability to the initial parole consideration hearing panel.

**74040.5      Initial and Subsequent Parole Consideration Hearings**

If the inmate is found unsuitable, parole shall be denied and a written statement of the specific factual reasons for the denial shall be given to the inmate.

At the subsequent hearings, the panel shall consider the information developed since the last hearing.

The hearing panel may recommend to the inmate certain steps that may be undertaken to enhance the possibility of a grant of parole at a future hearing.

If an inmate is found suitable for parole, a tentative parole date shall be set.

**74040.5.1    Panel Composition**

**Life**

The panel shall be composed of three BPH staff, two of whom shall be commissioners.

**Nonlife**

The panel shall be composed of three BPH staff, two of whom shall be deputy commissioners.

**74040.5.2    Inmate Hearing Rights**

**Life**

The inmate shall have the rights enumerated in BPH Rules 2245 through 2256.

**Nonlife**

The inmate shall have the rights enumerated in BPH Rules 2245 through 2252, 2254, and 2255.

**74040.5.3    Required BPT Forms (Life Cases)**

The following forms shall be available for use for life cases:

* BPT Form 1000, Life Prisoner Parole Consideration Worksheet.
* BPT Form 1000(a), Setting a Term-Life Prisoner Parole Denied.
* BPT Form 1000(b), Setting a Term-Life Prisoner Parole Granted.
* BPT Form 1001, Life Prisoner Decision Face Sheet.
* BPT Form 1001-A, Life Prisoner Hearing-Extraordinary Action and Decision.
* BPT Form 1002.
* BPT Form 1003.
* BPT Form 1004.

* BPT Form 1005, Life Prisoner: Parole Consideration Proposed Decision (BPH 2041).
* Life Prisoner: Parole Consideration Proposed Decision.
* BPT Form 1008.
* BPT Form 1080.
* BPT Form 1087-A, B, C, and D.
* BPT Form 1082, Continuation Sheet.

**74040.5.4    Hearing Package Preparation**

Three packages plus the original hearing material listed on the CDC Form 822 shall be prepared for use during the parole consideration hearing for non-life cases.

Four packages plus the original hearing material as listed on BPT Form 1008 shall be prepared for use during the parole consideration hearing for life cases.

Lifer and non-lifer packages shall contain letter-size dividers with side index tabs, divided into categories. Within each category, documents shall be filed together in reverse chronological order, beginning with the most recent dated document. The packages shall be divided into the following categories:

* Case Summary.
* BPH report(s) (all).
* Psychiatric report(s) (all).
* Prior BPH decisions (Adult Authority, Community Release Board [CRB], BPH ).
* Notices and responses (current hearing) including official letters, fearful letters, and supporting letters.
* Legal documents:
    * POR.
    * Crime report(s).
    * Abstracts of judgment/Minute orders.
    * Charging documents.
    * Appellate court decisions.
    * Sentencing transcripts.
* Miscellaneous:
    * Crime partner decision forms if any.
    * Notice of hearing rights.
    * Disciplinary reports since last hearing.
    * Other pertinent information developed since last hearing.
    * Photographic evidence.
* For subsequent hearings include the last hearing transcript, not indexed.

**Prior to Hearing**

Prior to the hearing, the case records staff shall prepare the following forms:

* BPT Form 1001.
* BPT Form 1005.
* BPT Form 1004.
* BPT Form 1082.
* BPT Form 1000.
* BPT Form 1000(a).
* BPT Form 1000(b).
* BPT Form 1081 if applicable.

**74040.5.5    Distribution of Packages**

The following distribution is mandatory:

* One for each commissioner.
* One for the inmate's attorney.
* One for the representative of the DA's office.

**74040.6      Parole Board Rules Hearings (In re Stanworth)**

The California Supreme Court held that life prisoners who committed their offenses prior to July 1, 1977, are entitled to have parole dates established under the guidelines in effect prior to July 1, 1977.

The court further held that denial of the establishment of parole dates of these prisoners under the earlier guidelines violated the constitutional prohibitions against ex post facto laws.

0022

# EXHIBIT "10"

BOARD OF PRISON TERMS

## SETTING A LIFE PRISONER TERM - PAROLE DENIED

STATE OF CALIFORNIA

| NAME | CDC NUMBER |
|------|-----------|

*The panel reviewed all information received from the public and relied on the following circumstances in concluding that the prisoner is not suitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison:*

## 1. COMMITMENT OFFENSE(S)

☐ The offense was carried out in an especially heinous, atrocious cruel, and/or callous manner.

☐ The offense was carried out in a manner which exhibits a callous disregard for the life and/or suffering of another.

☐ The offense was carried out in a dispassionate and/or calculated manner.

☐ Multiple victims were attacked, injured, and/or killed in the same or separate incidents.

☐ The victim was abused, defiled, and/or mutilated during or after the offense.

☐ The murder of the victim did not deter the prisoner from

  ☐ later committing other criminal offense.

  ☐ (specify _____

  _____.

These conclusions are drawn from the Statement of Facts where the prisoner (describe specific behavior):

_____

_____

_____

_____

_____

1000(a) (Rev. 8/90)                    Page 1 of 9

0025

## SETTING A LIFE PRISONER TERM - PAROLE DENIED

### 2.    PREVIOUS RECORD

*The prisoner has*

☐    a record of violence or assaultive behavior.

☐    an escalating pattern of criminal conduct and/or violence.

☐    previously sexually assaulted another person.

☐    a persistent pattern of tumultuous relationships and criminal behavior which commenced at an early age.

☐    an unstable social history.

☐    failed previous grants of   ☐ probation   ☐ parole and cannot be counted upon to avoid criminality.

☐    failed to profit from society's previous attempts to correct her criminality. Such attempts include:

☐    Juvenile probation        ☐  CYA commitment        ☐  a prior prison term

☐    Juvenile camp            ☐  County jail            ☐  Parole

☐    An unstable social history and prior criminality which include

_____

_____

_____

_____

_____

☐    (Other, specify)  _____

_____

_____

0026

## SETTING A LIFE PRISONER TERM - PAROLE DENIED

### INSTITUTIONAL BEHAVIOR

The prisoner has

☑   programmed in a limited manner while incarcerated.

☐   failed to develop a marketable skill that can be put to use upon release.

☐   failed to upgrade   ☐ educationally   ☐ vocationally as previously recommended
by the Board.

☐   not participated in beneficial self-help and/or therapy programs.

☐   failed to demonstrate evidence of positive change.  Misconduct while
incarcerated includes

_____

_____

_____

_____

_____

_____

☐   continued to misbehave while incarcerated.  As a result he has been placed in
special housing where program participation is limited and the ability to
demonstrate parole readiness is hampered.

☐   Other  (specify) _____

_____

_____

_____

_____

0027

## 4. PSYCHIATRIC FACTORS

e psychological/psychiatric report dated _____, authored by

_____, is ☐ unfavorable; ☐ not totally supportive of release;

☐ contradictory; ☐ inconclusive; ☐ (other conclusions, specify) _____ in

hat _____

---------------------------------------------------------------

---------------------------------------------------------------

---------------------------------------------------------------

---------------------------------------------------------------

---------------------------------------------------------------

---------------------------------------------------------------

---------------------------------------------------------------

The psychological/psychiatric report dated _____, authored by

_____, is ☐ unfavorable; ☐ not totally supportive of release;

☐ contradictory; ☐ inconclusive; ☐ (other conclusion, specify) _____ in

hat _____

---------------------------------------------------------------

---------------------------------------------------------------

---------------------------------------------------------------

---------------------------------------------------------------

---------------------------------------------------------------

---------------------------------------------------------------

0028

## 5. OTHER INFORMATION BEARING UPON UNSUITABILITY

Other factors include past mental state; past or present attitude toward the crime; and any other relevant, reliable information or circumstances which taken alone may not firmly establish unsuitability but which, when taken together, contribute to a pattern which results in unsuitability.)

_____

_____

_____

_____

_____

_____

## 6. REMARKS

_The panel makes the following findings:_

☐ The prisoner needs therapy in order to face, discuss, understand, and cope with stress in a non-destructive manner. Until progress is made, the prisoner continues to be unpredictable and a threat to others.

☐ Therapy in a controlled setting is needed but motivation and amenability are questionable.

☐ The prisoner's gains are recent and he/she must demonstrate an ability to maintain gains over an extended period of time.

☐ In view of the prisoner's assaultive history, continued negative behavior and/or lack of program participation, there is no indication that the prisoner would behave differently if paroled.

☐ Nevertheless, the prisoner should be commended for _____

_____

_____

However, this/these positive aspects of his/her behavior does/do not outweigh the factors of unsuitability.

☐ (Other, specify) _____

_____

_____

_____

STATE OF CALIFORNIA

## SETTING A LIFE PRISONER TERM - PAROLE DENIED
### 7. MULTIPLE YEAR DENIALS

THE PRISONER IS DENIED PAROLE FOR:    1    2    3    Years.

*CAUTION:* Specific reasons must be given in each decision. These reasons <u>must</u> be different whenever possible from the reasons used in the category of suitability <u>(In re Jackson)</u> Use no less than <u>two</u> reasons.

Reasons for a two/three-year denial may include but <u>are not limited</u> to the samples given below in Section C. Provide the panel's <u>individual reasoning.</u>

A.  ☑ Two-Year Denial:

"THE HEARING PANEL FINDS THAT IT IS NOT REASONABLE TO EXPECT THAT PAROLE WOULD BE GRANTED AT A HEARING DURING THE FOLLOWING TWO YEARS. THE SPECIFIC REASONS FOR THIS FINDING ARE AS FOLLOWS:"

*(Go to Section C below)*

B.  ☐ Three-Year Denial:

"THE HEARING PANEL FINDS THAT THE PRISONER HAS BEEN CONVICTED OF MORE THAN ONE OFFENSE WHICH INVOLVES THE TAKING OF A LIFE, TO WIT,

_____

THE PANEL FURTHER FINDS THAT IT IS NOT REASONABLE TO EXPECT THAT PAROLE WOULD BE GRANTED AT A HEARING DURING THE NEXT THREE YEARS. THE SPECIFIC REASONS FOR THIS FINDING ARE AS FOLLOWS:"

*(Go to Section C below)*

C. (List at least two reasons.)

☐   1.  The prisoner committed the offense in an especially heinous, atrocious, and/or cruel manner. Specifically, he/she _____

_____

_____

As a result, a longer period of observation and/or evaluation is required before the Board should set a parole date.

0030



☐ 2. The prisoner has a prior record of violent behavior in that the prisoner

_____

_____

_____

Therefore, he/she requires a longer period of observation and/or evaluation before the Board should set a parole date.

☐ 3. A longer period of time is required to evaluate his/her suitability in view of the prisoner's long history of criminality and misconduct, including

_____

_____

_____

☐ 4. The prisoner recently committed a serious disciplinary violation by

_____

_____

Therefore, he/she requires a longer period of observation and/or evaluation before the Board should set a parole date.

☑ 5. A recent psychological/psychiatric report dated _____, authored by _____, indicates a need for a longer period of observation and evaluation or treatment.

☑ 6. The prisoner has not completed necessary programming which is essential to his/her adjustment and needs additional time to gain such programming. He/she has failed to ☐ participate ☐ complete

_____

_____

(e.g., prisoner failed to participate in/complete vocational auto body/ Alcoholics Anonymous/counseling/psychiatric stress control, etc.).

BOARD OF PRISON TERMS
Case 4:07-cv-06009-CW    Document 16    Filed 07/01/2008    Page 36 of 44

## 7. MULTIPLE YEAR DENIALS (Continued)

6. ((Continued)

This (class/course/counseling) is critical in that _____

_____

_____

_____

(e. g., prisoner admits he/she is unable to control anger, the prisoner has been unable to control his/her use of alcohol which is related to the life crime, etc.).

☐ 7. (Other, specify) _____

_____

_____

_____

_____

## 8. RECOMMENDATIONS TO THE PRISONER

The panel recommends that the prisoner

☐ become  ☐ remain disciplinary free,

☐ work toward reducing his/her custody level so that program opportunities will become more available,

☐ upgrade  ☐ vocationally  ☐ educationally,

☐ participate in  ☐ self-help (and  ☐ therapy  programming,

☐ cooperate with clinicians and staff and/or the psychiatric council in a Category "X" program,

☐ (Other, specify) _____

_____

_____

_____

0032

# EXHIBIT "11"



BOARD OF PRISON TERMS                                        STATE OF CALIFORNIA

# SETTING A LIFE PRISONER TERM - PAROLE GRANTED

| NAME | CDC NUMBER |
|------|------------|

## CIRCUMSTANCES RELATING TO SUITABILITY

*The panel reviewed all information received from the public and relied on the following circumstances in concluding that the prisoner is suitable for parole and would not pose an unreasonable risk of danger to society or a threat to public safety if released from prison:*

The prisoner

☐   has no juvenile record of assaulting others.

☐   has a stable social history as exhibited by reasonably stable relationship(s) with others.

☐   while imprisoned enhanced his ability to function within the law upon release through participation in:

☐   educational programs                    ☐   institutional job assignments

☐   self-help and/or therapy programs        ☐   (other specify) _____

☐   vocational programs
                                              _____

☐   committed the crime as a result of significant stress in his/her life.

☐   lacks a significant criminal history of violent crime

☐   because of maturation, growth, greater understanding and/or advanced age has a reduced probability of recidivism.

☐   has realistic parole plans which include a job offer and/or family support.

    has maintained close family ties while imprisoned via letters and/or visits.

    has (recently) maintained positive institutional behavior which indicates significant improvement in self-control.

    shows signs of remorse. He/she has indicated that he/she understands the nature and magnitude of the offense and accepts responsibility for the criminal behavior and has a desire to change toward good citizenship.

0034

BOARD OF PRISON TERMS                                    STATE OF CALIFORNIA

## SETTING A LIFE PRISONER TERM - PAROLE GRANTED
### CIRCUMSTANCES RELATING TO SUITABILITY (Continued)

☐ (Any other reason/information bearing upon suitability for release:)

_____

_____

_____

_____

_____

_____

_____

_____


☐ (Psychiatric factors:)

The psychological/psychiatric report dated _____, authored by

_____, ☐ is favorable; ☐ appears to support

release; ☐ (other conclusions, specify) _____ in that _____

_____


☐ (Psychiatric factors:)

The psychological/psychiatric report dated _____, authored by

_____, ☐ is favorable; ☐ appears to support

release; ☐ (other conclusions, specify) _____ in that _____

_____

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA
# SETTING A LIFE PRISONER TERM – PAROLE GRANTED
## WORKSHEET FOR MURDERS COMMITTED ON OR BEFORE NOVEMBER 7, 1978
## AND OTHER LIFE AND NONLIFE CRIMES COMMITTED BEFORE JANUARY 1, 1979

### A.  BASE TERM OF CONFINEMENT

The base Life offense of which the prisoner has been convicted is

_____,

P.C. § _____.  The offense occurred on (date) _____

The term is derived from the matrix at 15 CCR §   ☐ 2282(b);  ☐ 2282(c);

☐ 2403(b);   ☐ 2403(c);   ☐ (specify) _____.  The panel finds that

Category _____ is appropriate in that: _____       —

_____

_____

_____

)        The panel assesses _____ months for the base offense and notes that
this is  ☐ n/a   ☐ middle   ☐ aggravated   ☐ mitigated    term due to:
(Reasons for aggravation or mitigation; see 15 CCR §§2283-2284 or 2404-2405)

_____

_____

_____

_____

### B.  BEFORE JANUARY 1, 1979 ONLY

FIREARM ENHANCEMENT: _____ months.

ARMING ENHANCEMENT: _____ months.

   (If the prisoner personally used a firearm, assess two (2) years or give a
reason below for not doing so.)

_____

_____

_____

OARD OF PRISON TERMS

# SETTING A LIFE PRISONER TERM - PAROLE GRANTED

STATE OF CALIFORNIA

## WORKSHEET FOR CRIMES (Continued)

### ADDITIONAL TERMS FOR OTHER CRIMES

Other Life Offenses -- 15 CCR §2286(b)(2):

| OFFENSE | CODE § | CASE # | CT. # | | TIME ASSESSED |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | +7 yrs. | _____ |
| _____ | _____ | _____ | _____ | +7 yrs. | _____ |

Reason for aggravation or mitigation:

_____

_____

_____

Non-Life Commitments (1 year & 1 day cases);
15 CCR §2271 and §2286(b)(3):

| OFFENSE | CODE § | CASE # | CT. # | | TIME ASSESSED |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | +6 mos. | _____ |
| _____ | _____ | _____ | _____ | +6 mos. | _____ |

Reason for aggravation or mitigation:

_____

_____

_____

Non-Life Commitment - Principal Term (15 CCR §2286(b)(1)):

| OFFENSE | CODE § | CASE # | CT. # | | TIME ASSESSED |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | Mid DSL | _____ |
| | | | | Agg. Term | _____ |
| | | | | Mit. Term | _____ |

Reason for Aggravation/Mitigation (15 CCR §§2287-2288):
(See California Rules of the Court, Rules 421, 423 and 425)

_____

_____

_____



BOARD OF PRISON TERMS                 STATE OF CALIFORNIA

# SETTING A LIFE PRISONER TERM - PAROLE GRANTED
## WORKSHEET FOR CRIMES (Continued)

| | | | TIME ASSESSED |
|---|---|---|---|
| Possession of a Firearm (Vicarious) | [PC §12022(a)] | +1 | _____ |
| Personally Used Deadly Dangerous Weapon | [PC §12022(b)] | +1 | _____ |
| Personal Use of Firearm | [PC §12022.5] | +2 | _____ |
| Personally Intentionally Inflicted GBI | [PC §12022.7] | +3 | _____ |
| Great Loss - over $25,000 | [PC §12022.6(a)] | +1 | _____ |
| Great Loss - over $100,000 | [PC §12022.6(b)] | +2 | _____ |

## Non-Life Commitments; Subordinate Terms:

| OFFENSE | CODE § | CASE # | CT. # | | TIME ASSESSED |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | 1/3 of Mid DSL | _____ |
| _____ | _____ | _____ | _____ | 1/3 of Mid DSL | _____ |
| _____ | _____ | _____ | _____ | 1/3 of Mid DSL | _____ |

## Prior Prison Terms [PC §667.5; 15 CCR §2286(c)(1)]:

| OFFENSE | CODE § | PRISON RECEPTION DATE | PRISON RELEASE DATE | | TIME ASSESSED |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | +3 | _____ |
| | | (AND/OR) | | | |
| _____ | _____ | _____ | _____ | +1 | _____ |

[The hearing panel may add three (3) years if:

    a. The prior prison term was for a violent felony; <u>AND</u>

    b. The prisoner served one year in prison; <u>AND</u>

    c. Ten felony-free years have not expired from the date of release from

       prison to the date of the new crime.]

SETTING A LIFE PRISONER TERM - PAROLE GRANTED    STATE OF CALIFORNIA

## WORKSHEET FOR CRIMES (Continued)

[The panel may add one (1) year if:

   a.  The prior prison term was for a non-violent felony; <u>AND</u>

   b.  The prisoner served one year in prison; <u>AND</u>

   c.  Five felony-free years have not expired from the date of release from prison to the date of the new crime.]

Prior Felony Convictions with Probation [15 CCR §2286(c)(2)]:

| DATE | OFFENSE | CODE § | COUNTY OR STATE OF CONVICTION | TIME ASSESSED |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ +6 mos. | _____ |
| _____ | _____ | _____ | _____ +6 mos. | _____ |
| _____ | _____ | _____ | _____ +6 mos. | _____ |

Additional Terms for Serious Disciplinary Offenses [15 CCR §2286(d)]:

| DATE | OFFENSE | DATE FOUND GUILTY BY CDC | TIME ASSESSED |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

Total Term:    TIME ASSESSED

Base Offense, Firearm Enhancement and other crimes    _____

Post-Conviction Credit [15 CCR §2290]:    TIME GRANTED

Post-Conviction Credit from (Date life term starts) _____
_____ (See attached BPT Form 1004)    _____

TOTAL PERIOD OF CONFINEMENT    _____

BOARD OF PRISON TERMS
## SETTING A LIFE PRISONER TERM - PAROLE GRANTED
STATE OF CALIFORNIA

### WORKSHEET FOR CRIMES (Continued)

**Special Conditions:**

The following Special Condition(s) of parole is/are imposed

☐   Do not use alcoholic beverages

☐   Submit to periodic anti-narcotic testing

☐   Attend the Parole Outpatient Clinic (POC)

☐   Other  (specify)  _____

_____

The reason(s) for the imposition of the Special Condition(s) is/are as follows:

_____

_____

_____

Note:  If the Life crime occurred prior to July 1, 1977, have CDC contact the BPT
Scheduling Unit regarding a PBR Hearing Date (AD 83-2)

0040