IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FILED
JUL 11 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

FREDERICK LEE BAKER,  )   Case No: CV 07-6289 CW (PR)
  )
   Plaintiff,  )
  )
   v.  )
  )
JAMES DAVIS, Chairman,  )
BOARD OF PAROLE HEARINGS; SUSAN  )
FISHER, ARCHIE BIGGERS, SANDRA  )
BRYSON, ROBERT DOYLE, JANICE ENG,  )
JACK GARNER, EDWARD MARTINEZ,  )
MICHAEL PRIZMICH, LINDA SHELTON,  )
ROLANDO MEJIA, DANIEL MOELLER,  )
and ARTHUR ANDERSON, Commissioners; )
SANDRA MACIEL, Staff Services  )
Manager I, BPH Decision Processing  )
and Scheduling Unit, et. al.,  )
  )
   Defendants.  )
  )

PLAINTIFF'S BRIEF IN SUPPORT
OF PRELIMINARY INJUNCTION

Frederick L. Baker
Correctional Training Facility
C-22918 / B-321
P.O. Box 689
Soledad, CA 93960-0689

Petitioner in Pro Se



# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................. iii

PETITION FOR PRELIMINARY INJUNCTION ................................... 1

STATEMENT OF THE CASE ................................................. 2

STATEMENT OF FACTS .................................................... 3

JURISDICTION .......................................................... 4

MEMORANDUM OF POINTS AND AUTHORITIES

    PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION DIRECTING DEFENDANTS TO DISCONTINUE THEIR PRACTICE OF DESTROYING THE BPT-1000(a)-(b) WORKSHEETS PRIOR TO A COMPLETE TRANSCRIPT OF ALL DOCUMENTS RELIED UPON BY THE BOARD PANEL HAVE BEEN TRANSCRIBED PURSUANT TO PENAL CODE SECTION 3042(b)-(d) ............................... 5

    A.   Illegal Destruction of Records ........................... 6

    B.   Irreparable Injury ....................................... 7

    C.   Absent of Harm to the Adverse Party ...................... 8

    D.   Public Interest .......................................... 8

    E.   Likelihood of Ultimate Success on the Merits ............. 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

Bakalis v. Golembeski, 35 F.3d 318 (7th Cir. 1994) ........ 8, 9

City of Anaheim, Cal. v. KLEPPE,
    590 F.2d 285 (9th Cir. 1979) .............................. 6

Elrod v. Burns, 427 U.S. 347 (1976) ............................ 7

Greenholtz v. Nebraska Penal Inmates,
    442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) ......... 8

Golden State Bottling Comp. NY, Inc, et al., v.
    National Lab. Relations Board,
    414 U.S. 168 (1973) .................................... 4, 5

Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008) ............. 6

Memphis Light, Gas & Water Division v. Craft,
    436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978) ........ 5, 6

Regal Knitwear Co. v. NLRB, 342 U.S. 9 (1945) ................. 5

Sass v. Bd. of Prison Terms, 461 F.3d 1123 (9th Cir. 2006) ... 9

Sierra Club v. Hathaway, 579 F.2d 1162 (9th Cir. 1978) ....... 6

Superintendent v. Hill
    472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) ..... 9

Withrow v. Larkin,
    421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975) ....... 9

Wolff v. McDonnell,
    418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ...... 7

## STATE CASES

In re Duvall, 9 Cal.4th 464 (1995) ............................ 9

In re Minnis, 7 Cal.3d 639 (1972) ............................. 8

In re Sturm, 11 Cal.3d 258 (1974) .......................... 7, 8

## FEDERAL STATUTES

   U.S. Const., Amend, V ...................................... 8

   U.S. Const., Amend, XIV .................................... 8

28 U.S.C. § 1367 .................................................... 4
42 U.S.C. § 1331(a) ................................................. 4
42 U.S.C. § 1343 .................................................... 4
Fed. Rules of Civ. Pro. ..................................... 1, 5, 10

**STATE STATUTES**

Civil Code § 1798.32 ................................................ 2
Gov. Code § 14750 ................................................... 2
Gov. Code § 14755 ................................................... 6
Penal Code § 3041(b) ............................................ 5, 6
Penal Code § 3042(b) ........................................... 5, 6, 9
Code of Regs. § 2254 ................................................ 7

Frederick L. Baker
Correctional Training Facility
C-22918 / B-321
P.O. Box 689
Soledad, CA 93960-0689

Petitioner in Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK LEE BAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES DAVIS, Chairman, BOARD OF PAROLE HEARINGS; SUSAN FISHER, ARCHIE BIGGERS, SANDRA BRYSON, ROBERT DOYLE, JANICE ENG, JACK GARNER, EDWARD MARTINEZ, MICHAEL PRIZMICH, LINDA SHELTON, ROLANDO MEJIA, DANIEL MOELLER, and ARTHUR ANDERSON, Commissioners; SANDRA MACIEL, Staff Services Manager I, BPH Decision Processing and Scheduling Unit, et. al.,<br><br>    Defendants. | Case No: CV 07-6289 CW (PR)<br><br>BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW, PLAINTIFF FREDERICK LEE BAKER, hereby moves the above entitled Court pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, in order to prevent irreparable injury a Preliminary Injunction is necessary. There is a substantial likelihood the plaintiff will prevail on the merits for permanent relief. The injury plaintiff may once again endure if the Preliminary Injunction Order is not granted outweighs any possible injury to the defendants if the Preliminary Injunction Order is granted. The issuance of a Preliminary Injunction Order

-1-

will not harm the public interest, but will in fact preserve the public's interest. As set forth in the memorandum of points and authorities, and the affidavit of the plaintiff good cause exist for the Order.

## STATEMENT OF THE CASE

On September 24, 2004, plaintiff appeared before a Board of Parole Hearings ("Board") for a seventh time and was found suitable for parole. See Ex. 1 (BPT-Form 1005, Life Prisoner, Proposed Decision). However, after reading its findings and supporting reasons from the BPT-1000(b) form into the record during the parole hearing, the Board Panel "presumably destroyed" the document "in the normal course of business." Ex. 2 (Declaration of Sandra Maciel) p. 2; see also Plaintiff's Declaration in Support of Preliminary Injunction. Consequently, plaintiff's parole date was disapproved and rescinded because the Board destroyed the forementioned BPT-1000(b) worksheet and also failed to retain the tape that the information was read into. Ex's 3 (Decision Review Unit's Disapproval Recommendation) and 4 (En Banc Board's Disapproval/Rescission). The Board is not entitled to continue its practice of destroying or otherwise disposing the record during parole consideration hearings because the law requires that "the tape(s)" and "forms filled out by the Board panel at the hearing" be forwarded to the Decision Processing and Scheduling Unit for appropriate management of the records. See Ex. 2.; Civil Code § 1798.32; Gov. Code § 14750.

-2-

On June 13, 2008, Correctional Counselor M. Terry, notified plaintiff that he will be attending his ninth subsequent parole consideration "BPH hearing scheduled" for October 17, 2008. Ex. 5. This motion seeks a preliminary injunction to preserve the written summary of the record generated at that parole hearing containing the panel's "findings and supporting reasons" for their decision, and to compel the defendants to discontinue their practice of illegally destroying official records. Thus, protecting plaintiff's right to have a complete record available for judicial review, his parole application duly consider, the Governor's right to review the decision, and the public's interest in having a complete transcript available for its review.

### STATEMENT OF FACTS

As set forth in detail in the affidavit of Frederick Lee Baker attached, defendants Susan Fisher and Rolando Mejia[1]/, generated a "written summary" containing the evidence relied upon, and their findings with supporting reasons during the September 2004 hearing and incorporated the pertinent information from that document into the record. Access to the critical information retained in the document (BPT-Form 1000(a)-(b)) is limited to defendants and directly impacts plaintiff's liberty interest. If the plaintiff once again receives a favorable decision and the defendants were to lose or destroy

---

1. Mr. Rolando Mejia presided over the proceeding as the Deputy Commissioner.

-3-

1  the written summary before the record was completely
2  transcribed, plaintiff will be subjected to months and years of
3  continued deprivation of liberty.

## JURISDICTION

This Honorable Court presently retains jurisdiction of this action and all parties pursuant to 42 U.S.C. §§ 1331(a), 1343, and 28 U.S.C. § 1367. Defendants James Davis, Susan Fisher, Archie Biggers, Sandra Bryson, Robert Doyle, Janice Eng, Jack Garner, Edward Martinez, Michael Prizmich, Linda Shelton, Arthur Anderson, Sandra Maciel, Rolando Mejia and Daniel Moeller are properly served parties to this action. Defendant Susan Fisher is no longer employed at the Board of Parole Hearings. The United States Supreme Court has made it clear "that a bona fide [person],... may be considered in privity with [his/her] predecessor for purposes of Rule 65(d)." See <u>Golden State Bottling Company NY, Inc, et al., v. National Labor Relations Board</u>, 414 U.S. 168, 1280 (1973). Defendant Ronaldo Mejia and others "in privity" with defendant Fisher "acquired" the knowledge that the wrong remains unremedied through several Monterey Superior Court Orders lodged with this Court and the litigation now pending before this Court. See Ex's H, J and N (CV 07-6289 CW (PR)). Therefore, the defendants can be legally considered in privity with defendant Fisher for Rule 65(d) purposes, which gives this Honorable Court jurisdiction over the defendants.2/

---

2. Ms. Debra Levorse, Classification and Parole Representative, Records Department, CTF, functions as the liaison between the defendants and CTF. (Ex. 7.)

-4-

In the alternative, defendants are presently employed with the Board of Parole Hearings. The present relationship between defendants and the Board, legally places them in "[a]ctive concert or participation with each other" and thus, invokes the "privity rule" articulated in <u>Regal Knitwear Co. v. NLRB</u>, 342 U.S. 9 (1945) and <u>Goldenstate Bottling Co.</u>, supra, and further codified at Rule 65(d) of the Federal Rules of Civil Procedure, wherein it is averred a preliminary injunction "is binding only upon the parties to the action, ...and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

## MEMORANDUM OF POINTS AND AUTHORITIES

**PLAINTIFF IS ENTITLED TO A PRELIMINARY INJUNCTION DIRECTING DEFENDANTS TO DISCONTINUE THEIR PRACTICE OF DESTROYING THE BPT-1000(a)-(b) WORKSHEETS PRIOR TO A COMPLETE TRANSCRIPT OF ALL DOCUMENTS RELIED UPON BY THE BOARD PANEL HAVE BEEN TRANSCRIBED PURSUANT TO PENAL CODE SECTION 3042(b)-(d)**

In <u>Memphis Light, Gas & Water Division v. Craft</u>, 436 U.S. 1 (1978), the Supreme Court ruled that:

> "[t]he Fourteenth Amendment places procedural constraints on the actions of government that work a deprivation of interest enjoying the stature of '[liberty]' within the meaning of the Due Process Clause."

<u>Id</u>. at p. 8. The Court further explained that even if "the underlying substantive interest is created by 'an independent source such as state law,' federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." <u>Craft</u>, supra, 436 U.S. at p. 8.

Here, because plaintiff has a liberty interest in parole that "arises as a result of California Penal Code section 3041(b)" (Hayward v. Marshall, 512 F.3d 536, 542 (9th Cir. 2008)), and the defendants have the burden of establishing the record pursuant to subdivision (b) of Penal Code section 3042, a preliminary injunction may be granted by this federal Court upon a showing that 1) the "conduct sought to be enjoined is illegal" (Memphis Light, Gas & Water Division v. Craft, supra, 436 U.S. at 8); 2) the plaintiff is in danger of irreparable injury; 3) the adverse party will not be substantially harm if a preliminary injunction is granted; 4) the preliminary injunction is consistent with the public interest; and 5) the plaintiff has a strong likelihood of success in winning permanent injunction. See City of Anaheim, Cal. v. KLEPPE, 590 F.2d 285, 288 n. 4 (9th Cir. 1979); Sierra Club v. Hathaway, 579 F.2d 1162, 1167 (9th Cir. 1978). Plaintiff is entitled to a preliminary injunction under these standards:

A. Illegal Destruction of Records

California law states that "[n]o record shall be destroyed or otherwise disposed of by any agency of the state, unless it is determined by the director that the record has no further administrative, legal, or fiscal value." See Gov. Code § 14755. As subject matter, subdivision (b) of Penal Code 3042, provides that:

> "[t]he Board of [Parole Hearings] shall record all those hearings and transcribe those hearings within 30 days of any hearing[, and that t]hose transcripts...shall be made available to the public no later than 30 days from the date of the hearings."

-6-

1 Id. The specific criteria for creating the record is promul-
2 gated in section 2254 of the California Code of Regulations,
3 which includes "a verbatim transcript, tape recording or written
4 summary." Notwithstanding, that the courts have long recognized
5 that both state and federal due process requirements dictate
6 that the Board must apply detailed standards when creating a
7 parole hearing record (Wolff v. McDonnell, 418 U.S. 539, 563-565
8 (1974); Sturm, supra, 11 Cal.3d at 270), the defendants admitted
9 practice of using the regulatory provisions as a guide to
10 "announc[e] their decision" (Ex. 6), rather than to establish
11 the record and then destroy the written summary, violates the
12 principled basis for promulgating the standard of producing the
13 record. In fact, every time the defendants destroy the record
14 without ensuring the preservation of the critical information
15 necessary for review, violates the law and plaintiff's right
16 to due process.

17      B. **Irreparable Injury**
18      The loss of constitutional rights, even for short periods
19 of time, constitutes irreparable injury. Elrod v. Burns, 427
20 U.S. 347, 373 (1976). In this case, the defendants have a
21 mandatory obligation to secure information which is relevant,
22 and in fact essential, to the plaintiff's protected liberty
23 interest in release on parole and thus, defendants must observe
24 the procedural safeguards built into the statutes and
25 regulations, and avail themselves of the alternative remedies.
26 See Civil Code § 14755 (holding that each agency shall
27 "establish safeguards to ...ensure the security" of records);
28

-7-

In re Minnis, 7 Cal.3d 639, 649-650 (1972); Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 2, 15 (1979). The destruction or disposal of the BPT-1000(a)-(b) Worksheet clearly violates the constitution. (U.S. Const., 5th & 14th Amend.) Moreover, the defendants "must exercise [their] discretion in good faith, neither arbitrarily nor capriciously." In re Sturm, 11 Cal.3d 258, 268 (1974).

C. Absent of Harm to the Adverse Party

The defendants have no legitimate interest in destroying the BPT-1000(a)-(b) Worksheets. First, there is no additional cost to maintain the forms in the custodial facilities, because the California Department of Corrections and Rehabilitation already generates the forms specifically for Board use. See Ex. 9 (Listing of required BPT Forms); Ex. 10 (Blank BPT-1000(a) Form); Ex. 11 (Blank BPT-1000(b) Form). Second, it provide an alternative remedy to secure the evidence relied upon by the Board panel and their findings with supporting reasons "without incurring the unnecessary burden of a second fact-finding process." Minnis supra, 7 Cal.3d at 650 (1972). And third, it protects the public's interest. Thus, there will be not be harm to the defendants from a preliminary injunction.

D. Public Interest

Since "there is a presumption that those making decisions affecting the public are doing so in the public interest" (Bakalis v. Golembeski, 35 F.3d 318, 326 (7th Cir. 1994), and "[s]ociety's interest in the finality of [judiciary] proceedings

-8-

so demands "truth, accuracy, and fairness" (In re Duvall, 9 Cal.4th 464, 474 (1995)), the public's interest is best served when all "tape(s) of the hearings and forms filled out by the Board panel at the hearings" (Ex. 2) are forwarded to the Decision Processing and Scheduling Unit and transcriber to be saved electronically and officially transcribed. Thus, ensuring that complete hearing transcripts will be "made available to the public" (Pen. Code § 3042(b)) and preserving the "honesty and integrity in those serving as adjudicators." See Bakalis, supra, 35 F.3d at p. 324; Withrow v. Larkin, 421 U.S. 35, 47 (1975) (a fair trial in a fair tribunal is a basic requirement of due process, and this rule applies to administrative agencies which adjudicate as well as to courts).

   E.   Likelihood of Ultimate Success on the Merits

   Plaintiff's likelihood of winning a final judgment on the issue of the defendant's inappropriate destruction of critical information is overwhelming. The public's interest in finality of parole consideration proceedings and plaintiff's right to be protected by the due process clause of the United States Constitution, and to be free from an arbitrary determination is so well established as to be unquestionable. Superintendent v. Hill, 472 U.S. 445, 457 (1985); Sass v. Bd. of Prison Terms, 461 F.3d 1123, 1128-1129 (9th Cir. 2006); see also Withrow, supra, 421 U.S. at p. 47 (holding that "'our systems of law has always endeavored to prevent even the probability of unfairness'").

-9-

1  Rule 65, FRCP, requires an applicant for a preliminary
2  injunction to certify to the Court the efforts that have been
3  made to given notice to the adverse party and/or the reasons why
4  notice or further efforts to give should not be required.
5  Plaintiff's efforts are described in paragraph 5 of his
6  declaration attached. The preliminary injunction should be
7  granted without delay further delay for notice purpose because
8  of the scheduled October 17, 2008 parole consideration hearing
9  and the irreparable injury plaintiff could once again suffer and
10 because of the destruction of the related BPT-1000(a) or (b)
11 Worksheet created during the hearing.
12     WHEREFORE, this Court should grant a preliminary
13 injunction, directing defendants to retain the BPT-1000(a)-(b)
14 worksheet concomitant with the tape recording.
15 Dated: 6/29/08                    Respectfully submitted,

                                    _____
                                    Frederick Lee Baker
18 ///                              Petitioner in Pro Se
19 ///
20 ///

-10-

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK LEE BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES DAVIS, Chairman,<br>BOARD OF PAROLE HEARINGS; SUSAN<br>FISHER, ARCHIE BIGGERS, SANDRA<br>BRYSON, ROBERT DOYLE, JANICE ENG,<br>JACK GARNER, EDWARD MARTINEZ,<br>MICHAEL PRIZMICH, LINDA SHELTON,<br>ROLANDO MEJIA, DANIEL MOELLER,<br>and ARTHUR ANDERSON, Commissioners;<br>SANDRA MACIEL, Staff Services<br>Manager I, BPH Decision Processing<br>and Scheduling Unit, et. al.,<br><br>    Defendants. | Case No: CV 07-6289 CW (PR)<br><br><br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am a resident of the State of California, County of Monterey. I am over the age 18 years and a party to the within action. My business/residence address is P.O. Box 689, Soledad, California, 93960-0689.

    On __6/29__, 2008, I caused to be served the attached **NOTICE OF MOTION FOR PRELIMINARY INJUNCTION; PLAINTIFF'S BRIEF IN SUPPORT OF PRELIMINARY INJUNCTION; AND DECLARATION IN SUPPORT OF MOTION PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** by placing a true copy thereof enclosed in a sealed envelope with postage therefore fully prepaid in the internal mail collection system at the Correctional Training Facility at P.O. Box 689, Soledad, CA 93960-0689, addressed as follows:

| | |
|---|---|
| JAMES DAVIS<br>Chairman<br>BOARD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 | SUSAN FISHER<br>Commissioner<br>BAORD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 |

Page 1 of 2

| | |
|---|---|
| ARCHIE BIGGERS<br>Commissioner<br>BOARD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 | SANDRA BRYSON<br>Commissioner<br>BAORD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 |
| ROBERT DOYLE<br>Commissioner<br>BOARD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 | JANICE ENG<br>Commissioner<br>BAORD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 |
| JACK GARNER<br>Commissioner<br>BOARD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 | EDWARD MARTINEZ<br>Commissioner<br>BAORD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 |
| MICHAEL PRIZMICH<br>Commissioner<br>BOARD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 | LINDA SHELTON<br>Commissioner<br>BAORD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 |
| ROLANDO MEJIA<br>Commissioner<br>BOARD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 | DANIEL MOELLER<br>Commissioner<br>BAORD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 |
| ARTHUR ANDERSON<br>Commissioner<br>BOARD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 | SANDRA MACIEL<br>Staff Service Manager I, Decision Processing and Scheduling Unit<br>BAORD OF PAROLE HEARINGS<br>P.O. Box 4036<br>Sacramento, CA 95814 |
| DEBRA LEVORSE<br>Classification and Parole Representative, Records Dept.<br>P.O. Box 689<br>Soledad, CA 93960-0689 | Attorney General of the State of California<br>55 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102-7004 |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on 6/29, 2008, at Soledad, California.

Frederick Lee Baker
Declarant

[signature] Signature

Page 2 of 2