1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JESSICA N. BLONIEN
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5531
     Fax: (415) 703-5843
8    Email: Denise.Yates@doj.ca.gov
   Attorneys for Respondent Ben Curry, Warden at the
9  Correctional Training Facility
   SF2008401142

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **FREDERICK LEE BAKER,**<br><br>                                Petitioner,<br><br>           v.<br><br>**BEN CURRY, WARDEN,**<br><br>                                Respondent. | No. C 07-06289 CW (PR)<br><br>**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

TO PETITIONER FREDERICK LEE BAKER, IN PRO PER,

PLEASE TAKE NOTICE that Respondent Ben Curry, Warden at the Correctional Training Facility, moves this Court to dismiss the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 and Rules 2 and 4 of the Rules Governing § 2254 Cases in the United States District Courts, on the ground that Baker did not exhaust his state court remedies for all of his claims, and not all of his claims allege a federal question. This motion is based on the notice and motion, the supporting memorandum of points and authorities, the petition for writ of habeas corpus, the Court records in this action, and other such matters properly before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Petitioner Baker (C-22918) is a state inmate serving an indeterminate life sentence and is proceeding pro se in this matter. (Pet. 1-2.) The underlying issue in this case is a decision by the Decision Review Unit of the Board of Prison Terms that Baker's September 24, 2004 parole consideration hearing must be reheard because the entire parole consideration hearing transcript could not be transcribed. (Pet., Br. in Support of Pet. 3.) Although difficult to discern, it appears Baker alleges three claims in this Petition: (1) the state court's decision violated his due process rights when it decided that Baker had no liberty interest in parole because the panel's decision granting parole was a preliminary decision; (2) the state court denied relief without requiring respondent to file a return; and (3) the Board violated Baker's federal due process rights when his parole grant was rescinded based solely on the fact that the decision portion of the hearing could not be transcribed. (Pet. 6.)

This Court should dismiss this Petition because Baker's first two claims do not allege a federal question and even if they do, Baker did not exhaust claims one and three in the state courts before filing this Petition. Accordingly, this Court should dismiss claims one and two or dismiss this mixed Petition.

### ARGUMENT

**I.  CLAIMS ONE AND TWO MUST BE DISMISSED BECAUSE THEY DO NOT ALLEGE A FEDERAL QUESTION.**

Claims one and two of the Petition should be dismissed because they do not allege a federal question. Federal habeas relief is not available to "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Moreover, a habeas petitioner may not transform a state law issue into a federal one merely by asserting a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Baker's first claim of this Petition challenges the superior court's denial of his habeas petition. But as reflected in the superior court's order, the superior court decided the issue based

on interpretations of state law. (Pet., Ex. W at 3-6.) Similarly, Baker's second claim challenges the superior court's handling of the habeas petition proceedings according to state law. (Pet. 18-19.) Specifically, Baker's contention lies with the state court granting relief without ordering respondent to file a return, resulting in a factual dispute remaining unresolved. (Pet. 18-19.) Because Baker's first and second claims challenge the actions of the state court in applying state law, which do not warrant federal habeas relief, these claims should be dismissed.

## II.   THIS PETITION MUST BE DISMISSED BECAUSE IT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS.

Because Baker did not exhaust every one of his current federal claims in the state courts, this Court must dismiss the mixed Petition. A federal habeas petitioner must exhaust his available state court remedies before a federal court may grant his petition. 28 U.S.C. § 2254(b)(1)(A). If one or more claims in the federal petition have not been exhausted, the district court must dismiss the petition. *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). This rule provides the state courts a full and fair opportunity to resolve federal constitutional claims before they are presented to the federal court, thus "protect[ing] the state courts' role in the enforcement of federal law." *Rose*, 455 U.S. at 518.

It is the petitioner's burden to prove he has exhausted his state court remedies before filing his federal habeas petition. *Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it [citations] . . . or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). In California, a petitioner exhausts his federal claim by fairly presenting it to the California Supreme Court. *Kim v. Villalobos*, 799 F.2d 1317, 1318 (9th Cir. 1986). If the petition in the state's highest court is one for discretionary review, the petitioner must have exhausted all of his federal claims at each lower level of the state courts. *Casey v. Moore*, 386 F.3d 896, 916-18 (9th Cir. 2004). Finally, a petitioner has not exhausted the available state court remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, Baker did not exhaust the available state court remedies before seeking federal habeas relief for his claims that the state court determined that Baker did not have a liberty interest in parole because the panel's decision was a tentative decision, and his claim that the Board violated his due process rights by finding him unsuitable for parole solely because the entire transcript was unable to be transcribed. Although Baker appears to have raised these claims in his petition for review to the California Supreme Court (Ex. 1), he did not raise them in his habeas petition filed in the appellate court. (See generally Ex. 2.) By not presenting these claims to all of the state courts, these claims are unexhausted. *Casey*, 386 F.3d at 916-18.

Further, Baker is not precluded from exhausting his state court remedies because the California Supreme Court has original jurisdiction to review petitions for writs of habeas corpus. Cal. Const. art. VI, § 10. Thus, Baker can still file a habeas petition in the California Supreme Court alleging the unexhausted claims. Accordingly, Baker has not "reach[ed] the point where he has no state remedies available to him," *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003), and the Petition must be dismissed.

## CONCLUSION

Baker's first two claims do not allege a federal question and even if they do, he did not present his first and third claim to all of the state courts. Therefore, this Court should dismiss the first two claims or dismiss the Petition containing exhausted and unexhausted claims.

Dated: July 11, 2008            Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JESSICA N. BLONIEN
Supervising Deputy Attorney General

DENISE A. YATES
Deputy Attorney General
Attorneys for Respondent Ben Curry, Warden at the Correctional Training Facility

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Baker v. Curry**

No.:   **C 07-06289 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 14, 2008,** I served the attached

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Frederick Lee Baker, C-22918**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 14, 2008,** at San Francisco, California.

J. Palomino
Declarant

_(signature)_
Signature

20122903.wpd