# EXHIBIT 1
# part 1 of 5

IN THE SUPREME COURT OF CALIFORNIA

# S156499

FRED L. BAKER,

    Petitioner-Appellant,

    v.

BEN CURRY, Warden,
Correctional Training Facility

    Respondent-Appellee.

Case No. CA/6  H031782

Monterey County
Superior Court
No. HC 04990

**SUPREME COURT**
# FILED

SEP 2 4 2007

Frederick K. Ohlrich Clerk

DEPUTY

## FILED WITH PERMISSION

### PETITION FOR REVIEW

After Decision By the Court of Appeal
Sixth Appellate District,
Filed: 9 /12/2007

**RECEIVED**

SEP 2 0 2007

**CLERK SUPREME COURT**

SEP 2 5 2007

"COPY"

Fred L. Baker
Correctional Training Facility
Central-Facility
C-22918
P.O. Box 689, B-321
Soledad, CA 93960-0689

# TABLE OF CONTENTS

Page:

PETITION FOR REVIEW                                                        1

QUESTIONS FOR REVIEW                                                       1

NECESSITY FOR REVIEW                                                       2

STATEMENT OF THE CASE                                                      3

STATEMENT OF FACTS                                                         9

MEMORANDUM OF POINTS AND AUTHORITIES

   I)   RESPONDENT FAILED TO ADDRESS THE ALLEGATIONS OF
      THE HABEAS PETITION THAT FORM THE BASIS OF
      PETITIONER'S CLAIM IN VIOLATION OF PENAL CODE
      SECTION § 1480 HABEAS PROCEDURE                          10

  II)   THE SUPERIOR COURT ABUSED ITS DISCRETION UNDER
      PENAL CODE SECTION(S) 1480 AND 1484 IN NOT
      FOLLOWING THE RULES GOVERNING HABEAS CORPUS
      PROCEDURE WHEN IT DENIED PETITIONER'S HABEAS
      PETITION                                                 15

      a)   Original Order to Show Cause                          15

      b)   Rehearing Pursuant to Order to Show Cause              17

      c)   Original Court Questions De Novo Review
          in Lieu of Order to Show Cause Remedy                  19

      d)   The Present Court Abused its Discretion
          In Not Following Habeas Corpus Procedure               20

 III)   THE DISAPPROVAL/RESCISSION OF PETITIONER'S FINDING
      OF SUITABILITY BASED SOLELY ON THE FACT THAT THE
      BOARD LOST THE DECISION PORTION OF THE TRANSCRIPT
      FROM THE HEARING DEPRIVED PETITIONER OF DUE PROCESS
      GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS        24

CONCLUSION                                                                27

# TABLE OF AUTHORITIES

Page

Cases:

Auto Equity Sales, Inc. v. Superior Court,
    57 Cal.2d 450 (1962)               3

Biggs v. Terhune,
    334 F.3d 910 (9th Cir. 2003)        2, 24

Board of Pardons v. Allen,
    482 U.S. 369, 96 L.Ed.2d 3030, 107 S.Ct. 2415 (1987)    2

Board of Prison Terms v. Superior Court,
    130 Cal.App.4th 1212 (2005)        15, 16, 20

Greenholtz v. Inmates of Nebraska Penal,
    442 U.S. 1, 60 L.Ed.2d 669, 99 S.Ct. 2227 (1979)    2

In re Caswell,
    92 Cal.App.4th 1017 (2002)        23

In re Dannenberg,
    34 Cal.4th 1061 (2005)        25

In re Duvall,
    9 Cal.4th 464 (1995)    2, 3, 10, 11, 13, 15, 20, 22, 23

In re Hitchings,
    6 Cal.4th 97 (1993)        13

In re Hochberg,
    2 Cal.3d 870 (1970)        10

In re Lawler,
    23 Cal.3d 190 (1979)        13

In re Lewallen,
    23 Cal.3d 274 (1979)        13

In re Minnis,
    7 Cal.3d 639 (1972)        22

In re Powell,
    45 Cal.3d 893 (1985)        26

In re Romero,
    8 Cal.4th 728 (1994)        11, 13, 22

In re Rosenkrantz,
    29 Cal.4th 616 (2002)        2, 24, 25

# TABLE OF AUTHORITIES

Page

Cases:

In re Serrano,
 10 Cal.4th 447 (1995)    10, 23

In re Sixto,
 48 Cal.3d 1247 (1989)    11, 23

In re Sturm,
 11 Cal.3d 258 (1974)    21, 22

Marbury v. Madison,
 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803).   22

McQuillion v. Duncan,
 306 F.3d 895 (9th Cir. 2002)   2, 23, 25, 26

People v. Pacini,
 120 Cal.App.3d 877 (1981)    10

Superintendent v. Hill,
 472 U.S. 445, 86 L.Ed.2d 356, 105 S.Ct. 2768 (1985)  3, 25

UNITED STATES:

 CONSTITUTION
   5th Amendment    24
   14th Amendment    24

CALIFORNIA:

 PENAL CODE
  § 1480    1, 10, 15
  § 1484   1, 15, 16, 20, 23
  § 3041(b)    16
  § 3041.1    16
  § 3042(b)-(c)   14, 16, 21

 CODE OF REGULATIONS, TITLE 15
  § 2250    23
  § 2254    16
  § 2450    23
  § 2451    23

IN THE SUPREME COURT OF CALIFORNIA

FRED L. BAKER,                          )      Case No.
                                        )
        Petitioner-Appellant,           )      Monterey County
                                        )      Superior Court
        v.                              )      No. HC 04990
                                        )
BEN CURRY, Warden,                      )
Correctional Training Facility          )
                                        )
        Respondent-Appellee.            )
                                        )
_____)

## PETITION FOR REVIEW

TO THE HONORABLE RONALD M. GEORGE, CHIEF JUSTICE AND TO THE
HONORABLE ASSOCIATE JUSTICES OF THE SUPREME COURT OF THE STATE
OF CALIFORNIA:

Petitioner FRED L. BAKER petitions this Court for review
following the decision of the Court of Appeal, Sixth Appellate
District, filed in that Court on 9/12, 2007. (See Exh. Z.)

## QUESTIONS PRESENTED FOR REVIEW

1.  Was petitioner subject to deprivation of liberty without
    due process of law when respondent failed to address the
    allegations of the habeas petition that form the basis
    of petitioner's claim as required by Penal Code section
    1480?

2.  Did the Superior Court abuse its discretion under Penal
    Code sections 1480 and 1484 in not following the rules
    governing habeas corpus procedure when it denied
    petitioner's habeas petition?

1

3.  Was petitioner deprived of his Fifth and Fourteenth Amendment rights to due process when the Board of Parole Hearings (hereafter "Respondents" or "Board") disapproved and rescinded its September 24, 2004 finding that he was suitable for parole based solely on the fact that the Board lost the decision portion of the transcript from the hearing?

## NECESSITY FOR REVIEW

This petition is filed to settle important questions of law relating to the procedures governing the manner in which a parole grant may be disapproved/rescinded, a return to an order to show cause is filed, and to secure reasonable application of "clearly established" law.  A hearing is necessary not only to settle certain important questions of law, but also to resolve the conflicts between the instant decision and In re Duvall, (1995) 9 Cal.4th 464; In re Rosenkrantz, (2002) 29 Cal.4th 616; Board of Pardons v. Allen, 482 U.S. 369, 377-78, 96 L.Ed.2d 303, 107 S.Ct. 2415 (1987); Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 12, 60 L.Ed.2d 668, 99 S.Ct. 2100 (1979); McQuillion v. Duncan, 306 F.3d 895, 901-02 (9th Cir. 2002).)

In the present case, the overturning of Petitioner's parole grant was not based on the "specified factors," (Rosenkrantz, supra, 29 Cal.4th at 658) as required by law, not supported

2

by "some evidence" in the record. (See <u>Superintendent v. Hill</u>, (1985) 472 U.S. 445, 455.) In fact, Respondent alleged a conclusionary statement of ultimate fact in the Decision Review document (Exh. C), as well as the return to the order to show cause. (Exh. K.) This Court has consistently emphasized its disapproval of the practice of setting out in a return to an order to show cause mere general denials of a habeas corpus petition's allegations. (<u>Duvall</u>, supra, 9 Cal.4th at pp. 479-480.) Thus, the lower courts were bound by this Court's holdings of superior jurisdiction, and as such, should have "required more of the return" in this case. (<u>Duvall</u>, supra, 9 Cal.4th at p. 475; <u>Auto Equity Sales, Inc. v. Superior Court</u>, (1962) 57 Cal.2d 450, 455.) Accordingly, the superior court abused its discretion, and its findings was unreasonable in light of the facts presented.

## STATEMENT OF THE CASE

Petitioner Fred L. Baker, was convicted in Riverside County Superior Court of kidnap for robbery, robbery, vehicle theft, attempted murder, grand theft, weapons use and weapons possession. He was sentence on October 30, 1080, to seven years to life, consecutive to eight years, plus three years in prison.

Petitioner's minimum eligible parole release date was set for July 31, 1994. On August 3, 1993, Petitioner appeared before the Board of Parole Hearings for an initial parole eligibility hearing. He was denied parole for one year. On September 8, 1994, he was denied parole for another year. At a February 20, 1996, hearing he was denied parole for two years. At a March 2, 1998, hearing, he was denied parole for one year.

1    At a May 1999, hearing, he was denied parole for two years.    At

2    an October 24, 2001, hearing, he was denied parole for one year.

3    At an August 5, 2003, hearing, he was denied parole for one

4    year.    Finally, at a September 24, 2004, hear, Petitioner was

5    found suitable for parole.    (Exh. A.)

6        On September 28, 2004, Petitioner was summoned to the

7    counselors office to sign and receive the conditions of his

8    parole.    (Exh. B.)

9        On November 30, 2004, after reviewing the transcript, the

10    Decision Review Unit alleged that due to an apparent malfunction

11    of the recording equipment, the decision portion of the hearing

12    could not be transcribed, and recommended disapproval of the

13    "proposed September 24, 2004 hearing decision and schedule a

14    rehearing on the next available calendar."    (Exh. C.)    However,

15    on page 85 of the transcript, the transcriber noted in her

16    declaration that she had "transcribed tape(s) which total one

17    in number and cover a total of pages 1 through 84."    (Board

18    Transcript "BT".)    She received no further tapes for transcript-

19    ion.    (Exh. BT at p. 84.)

20        On December 14, 2004, the BPH$\frac{1/}{}$ sitting in en banc, adopted

21    the Decision Review Unit's recommendations in full and rescinded

22    the September 2004 suitability decision.    (Exh. D.)

23        On January 27, Petitioner filed a petition of Writ of Habeas

24    Corpus in the Monterey Superior Court challenging the Board

25    of Parole Hearings' disapproval/rescission of its September

26    2004 finding that he was suitable for parole.

27        On March 25, 2005, the Court asked the Board for informal

28    _____

    1.  Prior to July 1, 2005, the Board was known as the Board Prison Terms.

                                  4

1  opposition to the habeas corpus petition.  (Exhibit E.)

2      After receiving the Respondent's opposition,[2] the Court

3  issued an order requiring Respondent to show cause why Petitioner

4  should not be granted the relief sought in his petition.  The

5  order included the following statement of issues:  "the Court

6  acknowledges the requirements of Penal Code § 3042 and its

7  applicability to Petitioner's claim.  However, it is important

8  to note that it was Respondent, rather than Petitioner, who

9  failed to record the 'Decision' portion of the hearing as

10 required by Penal Code § 3042.  The informal Response fails

11 to address this apparent inequity."  (Order, filed Aug. 23,

12 2005; Exh. H.)  Moreover, in so ruling, the superior court added

13 that "the most equitable solution would be to reschedule the

14 hearing before the same Board members with instructions to adopt

15 the existing transcript from the former hearing and recreate

16 their Decision to recommend parole based on that transcript

17 and their independent recollection."  (Id. at p. 2.)

18      Respondent requested and was given an extension of time

19 to file his return.  In the extension, Respondent informed the

20 superior court that a hearing had been rescheduled for October

21 4, 2005 in front of the same commissioners and "the outcome

22 could render Petitioner's claims moot."  (Exhibit I.)  Respondent

23 took advantage of the superior court's granting the extension

24 by conducting a de novo hearing, which resulted in a recommendation

25 against parole.  (Exhibit X.)

26      On October 7, 2005, Respondent requested the superior court

27 to advise the parties if it was going to modify the order to

28      2.  See Respondent's Informal Response (Exh. F) and Petitioner's Reply
         (Exh. G.)

5

1  show cause, namely, whether Respondent should still address

2  why Petitioner's hearing should not be heard by the same Board

3  members with instructions to issued a decision recommending

4  parole, and also indicating that no response to the request

5  for an extension to file had been received. (Exhibit W. at

6  p. 2.)

7      On October 24, 2005, the court issued an order denying

8  Respondent's request that the court modify its Order to Show

9  Cause, and ordered Respondent to file a return on or before

10 November 24, 2005. In response to Respondent's question the

11 court noted, to the extent to which the transcript from the

12 September 24, 2004, hearing was incomplete and the portions

13 of the hearing that were not recorded present evidentiary issues

14 that may be addressed in Respondent's Return. Moreover, given

15 the fact that the transcript contains approximately eighty pages

16 of testimony, the Court remains interested in Respondent's

17 position as to why a de novo hearing (one which appears to have

18 reached a different conclusion) was necessary to correct

19 Respondent's failure to properly record the September 24, 2004,

20 hearing. (Exhibit J.)

21     On November 28, 2005, Respondent filed a return. (Exh. K),

22 and on December 23, 2005, Petitioner filed a denial. (Exh. L.)

23 Subsequently, Petitioner filed a motion to amend the denial

24 and a request for judicial notice to include pages that were

25 inadvertently omitted (Exh. M) and Respondent filed an opposition

26 and objection.

27     On March 8, 2006 Petitioner filed a response to Respondent's

28

1  opposition to request for judicial notice and a response to

2  Respondent's objection. (Exhibit W.)

3      On June 5, 2006, the court issued an order following the

4  filing of the return and traverse. (Exhibit N.) In the order

5  the court explained that Respondent's reliance on Sections

6  3041(b), 3041.1, and 3041(b)-(c) for the proposition that the

7  Board's action was proper, is in err. The sections cited by

8  Respondent merely provides a process for the review of a parole

9  hearing decision. The court then added "no mandate is set

10  forth requiring a rehearing where, as here, the recording

11  equipment malfunctions or staff simply neglects to produce all

12  tapes for transcription." (Id. at p. 2.) After pointing out

13  that a "hearing record is sufficient for the purposes of review

14  whether it be made by transcript or written summary," the court

15  admonished that "Respondent failed to analyze or discuss the

16  relevant equities of the matter." (Ibid.) Further, the court

17  found that the petition contained pleading defects which must

18  be corrected, and granted Petitioner leave to amend or supple-

19  ment his petition by addressing facts and theories relevant

20  to the Board's decision which were not expressly or implicitly

21  raised in the petition. (Id. at p. 5.)

22      On July 10, 2006, Petitioner filed an amended/supplemental

23  petition. (Exhibit O.)

24      On August 5, 2006, Respondent filed a request for

25  clarification and, if appropriate, the issuance of an order

26  to show cause. (Exhibit W.)

27

28                                    7

1  On November 20, 2006, the court issued an order to show
2  cause directing Respondent to show cause why Petitioner should
3  not be granted the relief sought in his amended/supplemental
4  petition.  Moreover, the court once again placed Respondent
5  on notice of its failure to address the relevant equities of
6  the matter.  (Exhibit P.)

7  Respondent was granted an extension of time to file a
8  supplemental return by January 8, 2007.  ((Exhibit Q.)

9  On December 29, 2006, the court, on its own motion, granted
10 Respondent an extension of time to file a supplemental return
11 within 30 days from January 5, 2007.[3]  (Exhibit R.)

12 On January 8, 2007, Petitioner filed a "Motion to Grant
13 Relief Requested in Petition for Writ of Habeas Corpus." (Exh..S.)

14 On February 1, 2007, the court denied Petitioner's "Motion
15 to Grant Relief Requested in Petition for Writ of Habeas Corpus."
16 (Exhibit W.)

17 On February 7, 2007, Respondent filed a return to the
18 amended/supplemental petition.  (Exhibit T.)

19 On March 14, 2007, Petitioner was granted an extension
20 of time to file a supplemental denial on or before March 30,
21 2007.  (Exhibut.) On March 29, 2007 Petitioner filed a supplemental denial.

22 On April 24, 2007, the court, on its own motion, granted
23 itself an extension of time to issue an order to and including
24 June 1, 2007, because inter alia, "the complexity of the issues
25 raised." (Exh. V.)  On June 1, 2007, the petition was denied. (Exh. W.)

26 _____
27 3.  The Honorable Marla O. Anderson presided over this case from
   January 27, 2005 till January 2007, but was removed prior to rendering a
   final decision.  She was replaced by the Honorable Jonathan R. Price.

28                              8

## STATEMENT OF FACTS

Here, Petitioner overcame the expressed public safety exception of Penal Code section 3041, subdivision (b) when the Board found him suitable at his seventh subsequent parole consideration hearing, and declared him no longer a threat to public safety. (Exh. A.) However, subsequent to the September 24, 2004, hearing, the Board of Parole Hearings either lost, or misplaced the second tape containing the decision portion of the hearing and overturned the parole grant, offering only the conclusory statement that "due to an apparent malfunction of the recording equipment, the decision portion of the hearing cannot be transcribed." (Exh. C.)

Petitioner successfully challenged the Board's contention from January 27, 2005 through January 2007, in the Monterey Superior Court. The petition was denied only after the judge presiding over the case for two years had been removed. Notwithstanding Respondent's failure to analyze the equities of the matter or file a responsive return, Respondent has prevailed without conforming to the rules that govern habeas procedure.

Not only did Respondent failed to provide Petitioner with the process outlined in Rosenkrantz or Hill, but the return was also defective. The Superior Court clearly put Respondent on notice of the language in Duvall when it specifically cited to the case in its November 20, 2006 order. (Exh. P.) Accordingly, in denying the petition without compelling Respondent to comply with the court directive, the Superior Court has abused its discretion. Likewise, the Appellate Court abused its discretion in not enforcing this Court's precedent.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### RESPONDENT FAILED TO ADDRESS THE ALLEGATIONS OF THE HABEAS PETITION THAT FORM THE BASIS OF PETITIONER'S CLAIM IN VIOLATION OF PENAL CODE SECTION § 1480 HABEAS PROCEDURE.

The well-established rule in habeas corpus procedure is that when an order to show cause has been issued, it signifies the court's "preliminary determination that the prisoner has made a prima facie statement of specific facts which, if established, entitle [petitioner] to habeas relief." (See In re Serrano, (1995) 10 Cal.4th at 445, quoting In re Hochberg, (1970) 2 Cal.3d 870, 875.) Thus, the Supreme Court emphasized its "disapproval of the practice of filing returns that merely contain a general denial of a habeas corpus petitioner's factual allegations." (See In re Duvall, (1995) 9 Cal.4th 464, 479-480.)

Here, Respondent's consistent position throughout this litigation has been that the Panel's decision finding Petitioner suitable for parole must be disapproved and reheard based on "an apparent malfunction of the recording equipment." (See Exh(s) C, F, & K.)

Petitioner's contention throughout these proceedings has been the issue is not based on the alleged malfunction of the recording equipment, but rather, is based on a lost or missing tape as is evident by documentary evidence, transcript and declaration(s). (See Board Transcript ("BT") pp. 84-85; Exhibit L at para 4; see Pet. Decl(s) 1 and 2.)

10

1    Respondent has continuously failed to address the factual

2  allegations of the habeas petition that has form the basis of

3  Petitioner's claims whether through documentary evidence,

4  affidavits, or other material as will enable the court to

5  determine which issues are truly disputed. (See Pet. Decl(3).)

6    The California Supreme Court has repeatedly required the

7  return to "allege facts tending to establish the legality of

8  the petitioner's detention." (In re Sixto, (1989) 48 Cal.3d 1247,

9  1252; In re Romero, (1994) 8 Cal.4th 728, 738), and further

10  admonished that when the petitioner challenges his restraint

11  in prison, "the factual allegations must also respond to the

12  allegations that form the basis of the petitioner's claim that

13  the confinement is unlawful." (See Duvall, supra, 9 Cal.4th

14  at pp. 476-477, citing Romero, supra, 8 Cal.4th at p. 738;

15  People v. Pacini, (1981) 120 Cal.App.3d 877, 884.)

16    Respondent submitted three declarations in support of the

17  return.[4/]  The first was by Daniel Moeller, dated November 23,

18  2005. He declared that he was familiar with the Decision Review

19  Unit's recommendation regarding the September 24, 2004, hearing,

20  and that he signed the recommendation on behalf of the Decision

21  Review Unit requesting that the decision be disapproved and

22  a rehearing be scheduled. He also explains the statutes and

23  regulations governing parole consideration decisions, but fails

24  to explain:  a) what happened to the second tape (BT at p. 84);

25

26    4: The second one, of Debra Levorse, dated January 10, 2007, explained
   which forms are made available to the Board commissioners at the hearing.
27  However, she neglected to note or send the BPT-1000(a)-(b) forms which are
   also made available to the Board commissioners upon their arrival.

28
                                  11

1    b) what steps were taken to locate the lost or missing tape; and

2    c) who and how was it determined that the tape containing the

3    decision portion of the hearing was unable to be transcribed.[5/]

4        Next, the declaration of Sandra Maciel date January 31, 2007

5    declares that she supervises the Decision Processing and Schedul-

6    ing Unit (DPU/SCH) which performs various duties regarding the

7    parole consideration hearing process.  Ms. Maciel states that

8    the DPU/SCH is responsible for retaining and destroying Board of

9    Parole Hearing documents.  Specifically, the lifer packet(s),

10   the tape(s) of the hearings, and forms filled out by the Board

11   panel at the hearing.  She notes that once an

12   official transcript is prepared, the corresponding hearing tapes

13   are destroyed and duplicated documents are shredded.  Additional-

14   ly she declares that some forms completed by the Board panel at

15   the hearing, including hearing transcripts are saved electron-

16   ically.  However, the declaration fails to address the critical

17   issue of 1) how many tapes did the DPU/SCH unit received, 2) if

18   they received two tapes was one illegible, and 3) who determined

19   that the tape was unable to be transcribed or was illegible.

20       Respondent has never directly or indirectly address the

21   method that was used to determine that a malfunction of the

22   recording equipment was the cause of the September 24, 2004

23   hearing decision not being recorded.  (See Ehx(s) C, D, F, K,

24   and T; Pet. Decl(3) at para 5.)

25

26   _____

      5.  Nowhere in the transcriber's declaration does she indicate a problem
27   with transcribing tape(s).  However, after completely transcribing the tape
      that contains 85 pages of testimony she noted that "no further tapes were
28   receive for transcription."  (See BT, page 84:5-6.)

The requirement that the return allege facts responsive to the petition is critical, for the factual allegations in the return are either admitted or disputed in the traverse and this interplay frames the factual issues that the court must decide. (See Duvall, supra, 9 Cal.4th at p. 477, citing In re Lawler, (1979) 23 Cal.3d 190, 194.)  It is through this process that both factual and legal issues are joined for review to assist the court in determining whether material facts are in dispute which may require the appointment of a referee to hold an evidentiary hearing.  (Duvall, supra, 9 Cal.4th at pp. 477-478; In re Lewallen, (1979) 23 Cal.3d 274, 278; In re Hitchings, (1993) 6 Cal.4th 97.)

In the present case, by failing to allege facts demonstrat-ing the lawfulness of the challenged detention, Respondent's return has failed to fulfill its function of narrowing the facts and issues to those that are truly in dispute.  Thus, preventing the court from determining the necessity of an evidentiary hearing.  (See Pet. Decl(1) at p. 2; Romero, supra, 8 Cal.4th at pp. 739-740 [indicating that a court will order an evidentiary hearing only if it finds material facts are in dispute]; see also Duvall, supra, 9 Cal.4th at pp. 479-480 [holding that "failure to allege facts in the return prevents a habeas corpus petitioner from controverting those facts in his or her traverse"]; see Pet. Decl(1) at para 6.)

The court recognized in its order(s) of June 5, 2006 (Exh. N) and November 20, 2006 (Exh. P) that Respondent either failed and/or declined to discuss or address the relevant equities of

13

1  the matter before the court.  In acknowledging that it was

2  Respondent's responsibility, rather than Petitioner's burden

3  to produce the record pursuant to Penal Code § 3042, the court

4  fashioned an equitable remedy.  (See Exh. H.)  The equitable

5  remedy fashioned by the court took into consideration the need

6  to balance the interest of the state, as well as Petitioner.

7  (Ibid; see also In re Harris, (1993) 5 Cal.4th 813, 851

8  [emphasizing that "a court, faced with a meritorious petition

9  for a writ of habeas corpus, should consider factors of justice

10  and equity when crafting an appropriate remedy."].)

11      Accordingly, Respondent's failure to address the factual

12  alleagtions that form the basis of the habeas petition, denied

13  Petitioner of his right to a full and fair consideration of the

14  facts.  Thus, denial of a full and fair hearing.  (See Pet.

15  Decl(1) at para 8; Pet. Decl(3) at para 8.)

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

14

## II

THE SUPERIOR COURT ABUSED ITS DISCRETION UNDER PENAL CODE SECTION(S) 1480 AND 1484 IN NOT FOLLOWING THE RULES GOVERNING HABEAS CORPUS PROCEDURE WHEN IT DENIED PETITIONER'S HABEAS PETITION.

It is the function of the court to discover the truth of factual allegations set forth by a petitioner, and to provide justice by fashioning a remedy where the petitioner has stated a "prima facie case." (See Board of Prison Terms v. Superior Court, (2005) 130 Cal.App.4th 1212, 1238-1239, Duvall, supra, 9 Cal.4th at p. 475.)

### a)  Original Order to Show Cause

In the August 23, 2005 order, the Honorable Marla O. Anderson (hereafter "original-court") found that Petitioner had stated sufficient facts and circumstances therein to state a prima facie case for relief.[6] (See Exh. H.)  The original-court explained that it is important to note that it was Respondent, rather than Petitioner, who failed to record the Decision portion of the hearing as required by law.  (Id. at p. 1.)  Accordingly, in fashioning an equitable remedy -- that balance the interest of the state (a complete transcript for review) and that of Petitioner (retaining finding of suitability) -- the original court ruled that "the most equitable solution would be to reschedule the hearing before the same Board members with instructions to adopt the existing transcript from the former hearing and recreate their Decision to recommend parole based on their independent recollection." (Id. at p. 2.)

---

6.  Petitioner contends that the Board of [Parole Hearings] denied him Due Process by rescinding its September 24, 2004, finding that he was suitable for parole based solely on the fact that the Board lost the decision portion of the transcript from the hearing.

1    The subsequent orders of the original-court reaffirmed its
2    rationale and added further content to its equitable solution
3    analysis, noting that the sections cited by Respondent in
4    defense of the Board's actions as proper "merely provide a
5    process for review of a parole hearing decision."[7] and that
6    "no mandate is set forth requiring a rehearing where, as here,
7    the recording equipment malfunctions or staff simply neglects
8    to produce all tapes for transcription." (See Exh. N at p.
9    2, lns 11-14.)  The principle reiterated in the original court's
10   June 2006 order -- that the court is not constrained in its
11   crafting of an appropriate remedy (Ibid.) -- is firmly embedded
12   in California law.  (See Board of Prison Terms v. Superior Court,
13   supra, 130 Cal.App.4th 1212; Pen. Code § 1484.)
14       Thus, the original court referenced Board regulations
15   defining the manner in which a record may be made to fashion a
16   fair and just remedy.  As material the original court cite to
17   section 2254, which provides: "A record (a verbatim transcript,
18   tape recording or written summary) shall be made of all hearings.
19   The record of the hearing shall include or incorporate by
20   reference the evidence considered, the evidence relied on,
21   and the findings of the hearing panel with supporting reasons."
22   (See Exh N. at p. 2, lns 14-18; 15 CCR § 2254.)
23       Having found this section applicable to the issues before
24   the court, the original court found in its view that "the most
25   equitable solution involved (1) the adoption by the panel members
26
27       7. Respondent cite to Penal Code §§ 3041(b), 3041.1, and 3042(b)-(c).
28                                16

1  of the existing transcript and documents created or relied upon

2  by the Board at the hearing, and (2) a recreation of the panel's

3  Decision based upon the transcript and documents, together with

4  the independent recollection of the panel members." (Exh. N

5  at p. 2, lns 4-7.) Accordingly, a rehearing was ordered. (Exh. H.)

6      b)  **Rehearing Pursuant to Order to Show Cause**

7      On October 4, 2005, the "court-ordered hearing" was held

8  before the same Board members Susan Fisher and Rolando Mejia.

9  (See Exh. X at p. 1, lns 2-3.) At the hearing, the panel

10  addressed the particulars of the court-order, paying specific

11  attention to the instructions for the panel. (Exh. X at pp.

12  1-2.) However, after noting that it was "going to in compliance

13  with the court-order, go forward with the hearing," contrary

14  to the court-order the panel only incorporated the summary of

15  the crime from the September 24, 2004 hearing transcript. (See

16  Exh(s) BT at pp. 10-15; X at p. 7, lns 7-10 & p. 14, lns 16-

17  18.) And when asked by Petitioner's attorney if the transcript

18  that was being incorporated into the hearing consist of the

19  "84 page transcript from the September 24, 2004 hearing, the

20  panel replied:

21      "If my understanding of the court order is correct,
        that's what they're instructing us to do. What
22      I have specifically incorporated for the purpose
        of this hearing is the summary of the offense, and
23      I'll leave it to our legal department." (Exh. X at
        pp. 7 & 14.)
24

25      To "refresh everyone's memory" (Id. at p. 8, ln 11) the

26  panel read from an October 2002 Board report (Exh. X at pp.

27  8-11), and also read from a psychiatric report completed on

28  Petitioner in April of 2005. (Exh. X at pp. 11-14.) The panel

17

1  then heard statements from the deputy district attorney (Exh.

2  X at pp. 15-22), Petitioner's attorney (Exh. X at pp. 22-28)

3  and the victim. (Exh. X at pp. 28-30.)  After deliberation,

4  the panel in further defiance of the court-order issued a finding

5  of unsuitability. (Exh. X at p. 31, lns 13-15.)

6      In support of its decision the panel concluded that "there

7  is information that was not presented to us in the same manner

8  that it was at this hearing." (Exh. X at p. 31, lns 10-12.)

9  Namely, the ballistics evidence and Petitioner's testimony

10 relating to the second shot that was fired.  (Id. at lns 16-18.)

11 Specifically, the panel noted that the ballistics evidence

12 clearly states that Petitioner was the person who shot Mr. Dixon.

13 (Exh. X at p. 31 lns 22-24.)  It then implied, because it

14 doesn't say that Petitioner and another gun shot Mr. Dixon,

15 Petitioner's statement that he only fired the gun once or that

16 his crimie shot the victim too, demonstrates a lack of "insight

17 into his culpability." (Exh. X at p. 32.)

18      However, the incongruity that the panel suggested existed

19 among the foregoing was created   by the deputy district attorney

20 through misrepresentation of the facts during closing statements.

21 Notably, the deputy district attorney correctly notes that --

22 "the appellate opinion pointed out that the laboratory test

23 gunshot residue indicated that Petitioner was the one who shot

24 Mr. Dixon" (Exh. X at p. 16, lns 4-6) -- but neglect to mention

25 that the defendants referred to in the appellate opinion is

26 Petitioner and codefendant Vernice Rose Habbitt, not codefendant

27 Steven Canado. (See Exh. Y; see also Pet. Decl(2).)

28

18

1    Accordingly, on this record the panel was mislead by the

2 deputy districts attorney's inference that both Petitioner and

3 codefendant Canado were tested, and that of the two defendants,

4 Petitioner was the only one who tested positive for gunshot

5 residue and therefore "the bullet(s) were fired from one of

6 the guns" (Exh. X at 17) and that "the ballistics tests indicate

7 [Petitioner] fired both shots."[8/]  (Exh. X at p. 21.)

8    On this record, the appellate court opinion made no such

9 finding, but noted for the record that "Dixon tried to knock

10 the barrel away but failed and was shot twice."  (Exh. Y at

11 p. 4, lns 21-23.)  The appellate opinion is not inconsistent

12 with other reports noting that "both Canado and [Petitioner]

13 had their guns pointed out the window when Dixon grabbed the

14 gun both suspects fired.  (Exh. BT at p. 14, lns 22-25.)  Doctors

15 later discovered that he had been shot twice.  (Decl(2) at para 5.)

**Original Court Questions De Novo Review**
c)   <u>In Lieu of Order to Show Cause Remedy</u>

18   In its October 24, 2005, order denying Respondent's request

19 to modify its order to show cause and directing Respondent to

20 file a return on or before November 25, 2005, the original court

21 once again gave Respondent an opportunity to address the

22 evidentiary issues presented in the habeas petition.[9/] (See

23 Exh. J.)  The original court's interim order also directed

---

8.  Codefendant Canado's trial was severed from Petitioner and he was tried in juvenile court.  Thus, any ballistics test performed on Canado does not appear in the appellate court opinion. (See Pet. Decl(2) at para 3.)

9.  To review the Court's reasoning for the denial of Respondent's request for modification of the OSC, please refer to exhibit J.

1  Respondent to address "why a de novo hearing (one which appears

2  to have reached a different conclusion) was necessary to correct

3  Respondent's failure to properly record the September 24, 2004,

4  hearing." (Exh. J at p. 1 lns 23-24 & p. 2 lns 1-2.)  However,

5  rather than filing a return countering the points made in the

6  petition, outlined in the original OSC, or responsive to the

7  order "direct[ing] the Respondent to address [the de novo] issue"

8  (Duvall, supra, 9 Cal.4th at p. 475), Respondent asserts that

9  the Board's action was proper and that the court improperly

10  directed Respondent to justify holding a rehearing, rather than

11  having the panel recreate their decision.  (See Exh. K at pp.

12  6-7 & 11.)    To the contrary, on this record the court had the

13  authority to question why Respondent proceeded in a manner

14  wholly inconsistent with the Court's original court-order.

15  (See Penal Code § 1484; Pet. Dec(3) at para(s) 2, 3 & 6.)

16

17        **The Present Court Abused Its Discretion**
    **d) In Not Following Habeas Corpus Procedure**

18      The functions of habeas corpus have been changed in recent

19  years by decisions substituting the test of fundamental

20  unfairness for the jurisdictional test.  (See Duvall, supra,

21  9 Cal.4th at p. 476.)   Accordingly, when reviewing a habeas

22  petition the "superior court must keep in mind its duty to

23  'discover the truth and do justice in timely fashion.'"  (See

24  Board of Prison Terms v. Superior Court, supra, 130 Cal.App.4th

25  at pp. 1240-1241 quoting Duvall, supra, 9 Cal.4th at p. 482.)

26      In the present case, the Honorable Jonathan R. Price

27  (hereafter "present court") concluded that "it would be

28

       20

in-appropriate to order the panel to recreate their decision
recommending parole based on an incomplete transcript,
insufficient written documents and their independent
recollection." (See Exh. W at p. 4, lns 10-12.)

Nevertheless, because of the unique legal stance of
Petitioner's situation the present court's consideration should
not have been what was appropriate, but rather, what is fair
and/or equitable. Particularly, where as here, both presiding
judges concluded that Petitioner was not responsible for the
parole hearing being transcribed and that the apparent inequity
was created by Respondent's neglect to produce all tapes for
transcription,[10]/ yet the petition was denied without ordering
Respondent to address why the panel violated the original court
order by not incorporating the entire hearing transcript into
the rehearing and what information was presented in such a manner
that led to a recommendation against unsuitability. (Decl(1) p. 2.)

In *In re Sturm*, (1974) 11 Cal.3d 258, 268 the California
Supreme Court made it clear that a "parole applicant's right
to 'due consideration' cannot exist in any practical sense unless
there also exist a remedy against their abrogation" and that
when determining whether a procedure involved in the parole
granting process violates due process, "the reviewing court
must consider the objective sought to be achieved by the
challenged procedure, the possible unfairness to the prisoner,

10. Respondent also admitted in the return filed November 28, 2005,
that Petitioner is not responsible for the hearing being transcribed. (See
Exh. K at p. 9, ln 28; see also Penal Code § 3042, subd. (b).)

21

and the availability of alternative procedures which are less burdensome to the prisoner." (11 Cal.3d at p. 266; see also In re Minnis, (1972) 7 Cal.3d 639, 649.)

Thus, not only have the present court deprived Petitioner of the only available remedy fashioned by the original court, but further deprived Petitioner of a "concomitant right to an available remedy" as defined by the state's highest court. (see Sturm, supra, 11 Cal.3d at p. 268–268, citing Marbury v. Madison, (1803) 5 U.S. (1 Cranch) 137, 161–163 [2 L.Ed. 60, 68–69].)

Given that Respondent violated the court order in (1) only incorporating a portion of the September 2004 hearing transcript and (2) finding that there was information that was not presented in the same manner that it was at this hearing, should the present court have ordered Respondent to address why the hearing panel only incorporated a portion of the hearing transcript in violation of the court order and disclose what information was presented in such a manner that led to a finding of unsuitability. Thus, giving Petitioner an opportunity to dispute the information. (See Pet. Decl(1).)

Consequently, when Respondent failed to address the issues specified by the court order and the present court failed to compel Respondent to file a responsive pleading, the present court repudiated California Supreme Court precedent recognizing that the return must respond to the allegations that form the basis of the Petitioner's claim. (See Duvall, supra, 9 Cal.4th at p. 476; Romero, supra, 8 Cal.4th at pp.

22

1    738-739; <u>Sixto</u>, supra, 48 Cal.3d at p. 1252.)

2        Moreover, since it is the well-established rule that the

3    process by which issues are framed for judicial review "antici-

4    pates the interplay between a return filed by the people and a

5    traverse by the petitioner" (<u>Serrano</u>, supra, 10 Cal.4th at 447),

6    here, the present court abdicated the "process of defining the

7    issues" and reduced Petitioner's traverse to a "useless pleading,

8    unable to assist the court in sharpening the issues that must be

9    decided." (See <u>Duvall</u>, supra, 9 Cal.4th at pp. 478-480.)

10        Had the present court followed the rules governing habeas

11    procedure, it would have discovered that Petitioner "identified

12    the facts he wish[ed] to dispute" (9 Cal.4th at p. 485), and the

13    court could have "proceed[ed] in a summary way to hear such proof

14    as may be produced against imprisonment or detention." (See

15    Penal Code § 1484; see also Pet. Decl(s) 1 and 3.)

16        Accordingly, the present court abused its discretion by not

17    following the rules governing habeas corpus procedure when it

18    denied Petitioner's habeas petition. Furthermore, both the

19    present court and Respondent's assertion that sections 2450 and

20    2451 of the regulations is not relevant to this case because the

21    Board did not rescind the panel's finding of suitability is

22    controverted by the record.[11]/  When as here, a Board panel's

23    "focus is on the findings and conclusions that were central to the

24    original panel's decision to grant parole" (<u>In re Caswell</u>, (2002)

25    92 Cal.App.4th 1017, 1029), it has been held to be a rescission

26    review of a parole grant "based on the inadequate consideration

27    of [the] evidence." (See <u>McQullion</u>, supra, 306 F.3d at p. 905.)

28        11. Rescission refers to any proceeding which may result in the post-
    ponement or rescission of a release date. (15 CCR § 2250.) Petitioner's
    released date has been postponed indefinitely by Respondent.

1  Thus, both the present court and Respondent err.

2                                    III

3       THE DISAPPROVAL/RESCISSION OF PETITIONER'S FINDING OF
        PAROLE SUITABILITY BASED SOLELY ON THE FACT THAT THE
4       BOARD LOST THE DECISION PORTION OF THE TRANSCRIPT
        FROM THE HEARING DEPRIVED PETITIONER OF DUE PROCESS
5       GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS.

6

7       The California Supreme Court stated that:

8       "The court may require only whether some evidence in
         the record before the Board supports the decision to
9        parole, based upon the factors specified by statute
         and regulation. [If] the decision's consideration of
10       the specified factors are not supported by some
         evidence in the record and thus is devoid of a
11       factual basis, the court should grant the prisoner's
         petition for writ of habeas corpus and should order
12       the Board to vacate its decision denying parole and
         thereafter to proceed in accordance with due process
13       of law."

14  (See Rosenkrantz, supra, 29 Cal.4th at p. 658.)

15      The mandatory language of subdivision (b) of Penal Code

16  section 3041 imposes an affirmative obligation to grant parole,

17  creating a legally cognizable liberty interest in parole and

18  a presumption that parole release will be granted if certain

19  conditions are met. (See McQuillion, supra, 306 F.3d at pp.

20  901-902; see also Biggs v. Terhune, 334 F.3d 910, 915 (9th Cir.

21  2003) [adding that the liberty interest is created, not upon

22  the grant of a parole date, but upon the incarceration of the

23  inmate].)

24      Contrary to the above, the present court in this case noted

25  that because the panel's parole grant was a preliminary decision

26  subject to review by the Board and the Governor, Petitioner

27  did not have a due process liberty interest in the decision.

28  (Exh. W at p. 6.) However, not only does the present court's

                                   24

1    reasoning fly in the face of the Ninth Circuit opinions, but

2    also repudiates California Supreme Court precedent which

3    expressly concluded in Rosenkrantz that "prisoners possess a

4    liberty interest in connection with parole decisions rendered

5    by the Board." (See Rosenkrantz, supra, 29 Cal.4th at pp. 655-

6    658, 661.) The Supreme Court further added that when the Board

7    overturns a parole grant, its decision "must have some basis

8    in fact" and cannot be "arbitrary or capricious." (Ronsenkrantz,

9    supra, 29 Cal.4th at pp. 656-657; see also In re Dannenberg,

10   (2005) 34 Cal.4th 1061, 1092;)McQuillion, supra, 306 F.3d at

11   p. 903 [noting that "the decision of the Board[], containing

12   the words 'Parole Granted,' creates a specific expectation"].)

13        Here, the September 2004, panel reviewed in depth all

14   relevant information, including:

15        "employment (BT at pp. 50-51); institutional behavior (BT at pp.
          35-42); commitment offense (BT at pp. 16-21, 25); heard additional
16        details from the deputy district attorney (BT at pp. 53-81); let-
          ters of support (BT at pp. 29-35); letters of opposition (BT at
17        p. 33); parole plans (BT at pp. 27-29); psych reports (BT at pp.
          42-46); past criminal history (BT at p. 19); remorse (BT at pp.
18        46-49); and closing statements;"as well as the criteria set forth
          in governing statutes and regulations (BT at pp. 5-8)"
19

20   and found Petitioner suitable for release as posing no threat

21   to public safety. The panel then gave Petitioner a copy of

22   its tentative proposed decision with the affixation "PAROLE

23   GRANTED," do not release pending decision review. Petitioner's

24   base term was set at 180 months (15 years), with the total

25   period of confinement fixed at 188 months (15 years, 8 months.)

26   (See Exh. A; Pet. Decl(4) at para(s) 3, 4, 6 & 7.)

27        As relevant here, Petitioner "had an expectation that the

28   [Decision Review Unit's] decision would be based upon the

                                   25

1  factors specified by statute and regulations."12/   (See

2  Rosenkrantz, supra, 29 Cal.4th at pp. 658, 660.)  Accordingly,

3  Respondent's decision to overturn the finding of suitability

4  based solely on the fact that the Board lost the decision

5  portion of the hearing, did not comport with the requirements

6  of due process of law as defined by the California Supreme

7  Court or the Legislature. (See Pet. Decl(4) at para(s)10 & 11.)

8      Petitioner strongly contends, that he qualifies for habeas

9  relief because the state has "infringed on a cognizable liberty

10 interest that has been 'clearly established' by the United States

11 Supreme Court." (See Board of Pardons v. Dumschat, 452 U.S.

12 458, 467, 101 S.Ct. 2462, 2465-24-66, 69 L.Ed.2d 158 (1981).)

13 Moreover, the Board's decision has no basis in fact, and fails

14 to meet the "some evidence" standard set forth in Superintendent

15 v. Hill, 472 U.S. 445, 86 L.Ed.2d 356, 105 S.Ct. 2768 (1985);

16 see also In re Powell, (1988) 45 Cal.3d 894, 904.)

17     Finally, Petitioner submits this Court has held that to

18 impose a standard that is less stringent than the "some evidence"

19 test set forth in Powell would permit the Board to render a

20 decision, as it has here, "without any basis in fact.  Such a

21 decision would be arbitrary and capricious, thereby depriving

22 [Petitioner] of due process of law." (See Rosenkrantz, supra,

23 29 Cal.4th at pp. 656-657.)

24 _____

25    12.  In the context of parole, a panel decision finding an inmate
   suitable for parole may not be overturned unless "upon findings that the
26 panel committed errors of law or fact, or because of new information bearing
   on the inmate's suitability." (See Dannenberg, supra, 34 Cal.4th at p. 1092;
27 Penal Code § 3041(b).)  Black's Law Dictionary (cent. ed. 1991) most
   pertinently defines "error of law" as "an error of
28 the [panel] in applying the law to the case..." (id., at p. 377, col. 2.)

## CONCLUSION

For the foregoing reason, Petitioner respectfully request this Court to grant review in this case and remand back to the lower court with instructions to grant the relief requested. Cosequently, because the questions presented in this case, are important questions of law that merit review in this Court, the Court's resolution for the issues will guide the lower courts in their review of Board decisions overturning a panel decision finding an inmate suitable for parole, the proper procedure for the filing of a return to an order to show cause and clarification of "clearly established" law as it relate to the issues presented here.

Dated:  9/16/07

Respectfully submitted,

FRED L. BAKER
Petitioner in Pro Per

27

IN THE SUPREME COURT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. |
| ) | |
| FRED L. BAKER, ) | Monterey County |
| ) | Superior Court |
| ) | No. 04990 |
| On Habeas Corpus. ) | |

PETITIONER'S DECLARATION(S)
1 through 4 IN SUPPORT OF
PETITION FOR REVIEW

Fred L. Baker
Correctional Training Facility
Central Facility
C-22918
P.O. Box 689, B-321
Soledad, CA 93960-0689

1  Fred L. Baker
   Correctional Training Facility
2  Central Facility
   C-22918
3  P.O. Box 689, B-321
   Soledad, CA 93960-0689
4

5  Petitioner in Pro Per

6

7                    IN THE SUPREME COURT OF CALIFORNIA

8

9

10 In re                        )    Case No.
                                )
11     FRED L. BAKER,           )    DECLARATION BY PETITIONER OF
                                )    COURT ABUSING ITS DISCRETION
12                              )    IN DENYING PETITIONER'S HABEAS
                                )    PETITION IN VIOLATION OF THE
13                              )    RULES GOVERNING HABEAS CORPUS
                                )    PROCEDURE, PENAL CODE SECTION(S)
14 On Habeas Corpus.            )    1480 AND 1484
                                )
15 ─────────────────────────────

16     I Fred L. Baker, declare:

17     1.     That it is the function of the court to discover

18 the truth of factual allegations set forth by a habeas

19 petitioner, and to provide justice by fashioning a remedy where

20 the petitioner has stated a prima facie case.

21     2.     The most important factual allegation in Petitioner's

22 habeas corpus petition were that Respondent lost the second

23 tape that contained the critical information needed to complete

24 the record for review.

25     3.     That by the court failing to compel Respondent to

26 respond to the material factual allegations set forth in the

27 habeas petition, the court failed to follow the procedures that

28 govern habeas corpus proceedings of fulfilling its function

                                -1-
Decl.(1) of Fred L. Baker in Supp. of the Petition for Review

1 in determining what material issues are truly disputed.

2   4.    That by failing to compel Respondent to respond
3 to the factual allegations set forth in the petition, the court
4 failed its function of determining what material issues are
5 truly disputed.

6   5.    That by Respondent failing to address the factual
7 allegations of the missing tape; the statutes and regulations
8 defining the distinction between the process of reviewing the
9 record and the means of recording the hearing/decision; to
10 analyze and address the equitable remedy fashioned by the court;
11 and to follow the court order, they failed to narrow the facts
12 and issues that are truly in dispute preventing Petitioner from
13 controverting those facts.

14   6.    That by Respondent failing to address the material
15 factual allegations the return was defective in two ways; It
16 failed to fulfill its function of narrowing the facts and issues
17 to those that are truly in dispute; and prevent habeas corpus
18 Petitioner from controverting those facts.

19   7.    That the goal of procedure that govern habeas corpus
20 proceedings is to provide framework in which court can discover
21 truth and do justice in timely fashion.

22   8.    That because the court did not have before it the
23 facts and issues disputed, nor there controverted, it could
24 not identify the material factual issues actually in dispute.
25 Accordingly, Petitioner did not receive a full and fair
26 determination of the material factual allegations that form
27 the basis of the habeas petition.

28

-2-

1    9. That the court abused its discretion in denying

2  Petitioner's habeas petition in not following the rules governing

3  habeas procedure.  If sworn as a witness, I would be competent

4  to testify to the facts contained herein this declaration because

5  they are within my personal knowledge.

6    I declare under penalty of perjury that the foregoing is

7  true and correct and that this declaration was executed on

8  9/16, 2007, at Soledad, California.

9

10  _____

11  FRED L. BAKER
    Petitioner in Pro Per

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          -3-

1  Fred L. Baker
   Correctional Training Facility
2  Central-Facility
   C-22918
3  P.O. Box 689, B-321
   Soledad, CA 93960-0689
4
5  Petitioner in Pro Per
6
7              IN THE SUPREME COURT OF CALIFORNIA
8
9
10 In re                    )    Case No.
                            )
11    FRED L. BAKER,        )    DECLARATION OF FRED L.
                            )    BAKER IN SUPPORT OF
12 On Habeas Corpus.        )    PETITION FOR REVIEW
                            )
13
14      I Fred L. Baker declare:
15      1.  That my codefendant in Case No. CR 17643 was Vernice
16 Rose Habbitt.
17      2.  The only time Steven Scoby-Canado was involved in the
18 trial proceedings is when he was called as a witness for the
19 Prosecutor against Habbitt and testified to the following:
20 1) his relationship with other participants; 2) they had all
21 lived in Perris; 3) that he lived in an apartment near Wood
22 Road in Perris with his parents, his sister defendant Habbitt
23 and another sister; 4) that at about 4 a.m. on the night
24 in question he was arrested at the apartment of yet another
25 sister; and 5) that he arrived there in a red Vega and that
26 the first time he saw the red Vega was on Wood Road.  Thereafter

                              -1-
28 Decl.(2) of Fred L. Baker in Supp. of the Petition for Review

1  he refuse to answer any further questions and the court found

2  him in contempt.

3      3.  That Steven Scoby-Canado was adjudicated as a juvenile

4  in the Juvenile Court system.

5      4.  That at no point in the Appellate decision for case

6  no. CR 17643 or Case No. 4 Crim 12415 does it states that Steven

7  Scoby-Canado and I were tested for gunshot residue and only

8  my test came back positive for gunshot residue.

9      5.  That codefendant Early Ferris admitted that defendant

10  Scoby-Canado also shot Mr. Dixon.

11      6.  That ballistics test indicated that only one of the

12  two bullets recovered from Mr. Dixon was tested due to damage.

13  If sworn as a witness, I would be competent to testify to the

14  facts contained herein because they are within my personal

15  knowledge.

16      I declare under penalty of perjury that the foregoing is

17  true and correct and that this declaration was executed on

18  __9/16__ , 2007, at Soledad, California.

19

20                          _____

21                          FRED L. BAKER
                            Petitioner in Pro Per

22

23

24

25

26

27

28                                  -2-

1  Fred L. Baker
   Correctional Training Facility
2  Central-Facility
   C-22918
3  P.O. Box 689, B-321
   Soledad, CA 93960-0689
4
5  Petitioner in Pro Per
6
7              IN THE SUPREME COURT OF CALIFORNIA
8
9
10 In re                        )    Case No.
                                )
11     FRED L. BAKER,           )    DECLARATION BY PETITIONER OF
                                )    RESPONDENT'S FAILURE TO FOLLOW
12                              )    THE RULES GOVERNING HABEAS
                                )    CORPUS PROCEDURE DENYING
13                              ).   PETITIONER A FULL AND FAIR
                                )    DETERMINATION OF THE FACTUAL
14                              )    ALLEGATIONS THAT FORM THE BASIS
   On Habeas Corpus.            )    OF THE HABEAS PETITION
15 _____  )

16     I Fred L. Baker, declare:

17     1.    The most important factual allegation in

18 Petitioner's habeas corpus petition were that Respondent lost

19 the second tape that contained the critical information needed

20 to complete the record for review.  If sworn as a witness, I

21 would be competent to testify to the facts contained herein

22 because they are within my personal knowledge.

23     2.    That Respondent has the burden of producing the

24 record.

25     3.    That Respondent has failed to satisfy its burden

26 of producing the record.

27     4.    That Respondent failed to address the factual

28 allegations of the missing tape.
                                        -1-

1        5.     That Respondent failed to address the statutes and

2    regulations defining the distinction between the process of

3    reviewing the record and the means of recording the hearing/

4    decision.

5        6.     That Respondent failed to analyze and address the

6    equitable remedy fashioned by the court.

7        7.     That Respondent failed to follow the court order.

8        8.     That because of Respondent's failure to follow the

9    rules that govern habeas procedure by not responding, Petitioner

10   did not receive a full and fair determination of the factual

11   allegations that form the basis of the habeas petition.

12       I declare under penalty of perjury that the foregoing is

13   true and correct and that this declaration was executed on

14   9/16 , 2007, at Soledad, California.

15

16

17       FRED L. BAKER
    Petitioner in Pro Per

18

19

20

21

22

23

24

25

26

27

28                -2-

Fred L. Baker
Correctional Training Facility
Central-Facility
C-22918
P.O. Box 689, B-321
Soledad, CA 93960-0689

Petitioner in Pro Per

### IN THE SUPREME COURT OF CALIFORNIA

In re                              )    Case No.
                                   )
      FRED L. BAKER,               )    DECLARATION OF PETITIONER IN
                                   )    SUPPORT OF PETITION FOR REVIEW
                                   )
On Habeas Corpus.                  )
_____  )

      I, Fred L. Baker, declare:

      1.      That I am a resident of the State of California
and the Petitioner in the above entitled matter.  If sworn as
a witness, I would competently testify to the facts contained
herein because they are within my personal knowledge.

      2.      That on September 24, 2004, the Board of Parole
Hearings (BPH) held my seventh parole consideration hearing
at the Correctional Training Facility in Soledad.

      3.      That in applying the legal principles of Penal Code
Sections 3041, 3042 and the Rules and Regulations governing
parole consideration hearings for life inmates to this case,
the Board panel found me not to be a threat to public safety,
and set my base term.  (Exh. A.)

-1-

Decl.(4) of Fred L. Baker in Supp. of the Petition for Review

1      4.     That the victim (Pen. Code § 3043, subd. (b)), the

2  deputy district attorney (id., § 3042, subd. (a)), and myself

3  and/or my attorney (id., § 3041.5, subd. (a)(2)), were given

4  the opportunity to voice our opinions.

5      5.     That deputy commissioner Rolando Mejia recorded

6  (2) two tapes during the proceedings. (See Board Transcript

7  "BT" at pp. a, 43, & 84; see also Pen. Code § 3042, subd. (b).)

8      6.     That the Board panel recorded into the second tape

9  the summary of its findings with supporting reasons from the

10  BPT 1000(b) grant worksheet generated at the hearing.

11      7.     That shortly thereafter, the panel gave me a copy

12  of its findings with the affixation "PAROLE GRANTED." (See

13  Exh. A.)

14      8.     That on September 28, 2004, I signed the notice

15  and conditions of parole. Which included, the conditions I

16  was required to meet to be paroled, and I was also informed

17  of the consequences of failure to meet those conditions.... (See

18  Exh(s) A and B.)

19      9.     That subsequent of the September 2004 hearing, the

20  BPH agency failed to produce all tapes for transcription. (BT

21  at p. 84.)

22      10.    That the Board either lost of misplaced the second

23  tape. (See BT at p. 85, lns 3-4; Exh. N at p. 2, lns 13-14;

24  Pen. Code § 3042, subd. (b).)

25

-2-

11. That on December 14, 2004, the BPH sitting en banc overturned the finding of suitability (Exh. D) on the conclusionary statement of the Decision Review Unit that it "has disclosed that due to an apparent malfunction of the recording equipment, that the decision portion of the hearing cannot be transcribed." (See Exh. C.)

I declare under penalty of perjury that he foregoing is true and correct and that this declaration was executed on 9/16, 2007 at Soledad, California.

FRED L. BAKER
Petitioner in Pro Per

DECLARATION OF SERVICE BY MAIL

Case Name:  In re Fred L. Baker, HC 04990

I declare that I am a citizen of the United States.  I am over
the age of 18 and a party to the within title cause.

On ____9/16/07____, I served the attached

FOUR (4) DECLARATIONS ; PETITION FOR REVIEW ; EXHIBITS A thru Z
and BOARD TRANSCRIPT (Sept. 24, 2004)

On the parties listed below by enclosing same in an envelope to
which adequate first class postage was pre-paid, and deposited
in the box for United States Mail at the Correctional Training
Facility in Soledad, California.

Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Attn: Correctional Law Department

I declare, under penalty of perjury, that the facts I have stated
above are true and correct.

Dated ___9/16___, 2007, at Soledad, California.

_____
                Declarant



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

Court of Appeal - Sixth App. Dist.

# FILED

SEP 1 2 2007

MICHAEL J. YERLY, Clerk

By _____
                    DEPUTY

In re FRED L. BAKER,

    on Habeas Corpus.

H031782
(Monterey County
 Super. Ct. No. HC4990)

BY THE COURT:

    The petition for writ of habeas corpus is denied.

    (Bamattre-Manoukian, Acting P.J., Mihara, J., and McAdams, J.,
participated in this decision.)

Dated   **SEP 1 2 2007**        BAMATTRE-MANOUKIAN, J.      Acting P.J.

EXH 2.

IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No: |
| | ) | |
| FRED L. BAKER, | ) | Crim |
| | ) | |
| Petitioner. | ) | Monterey County Superior |
| | ) | Court No. HC 04990 |

---

**EXHIBITS: A thru Z**

---

**BOARD TRANSCRIPT**

---

Fred L. Baker C-22918
Correctional Training Facility
P.O. Box 689, B-321
Soledad, CA 93960-0689

Exhibit A.

FE PRISONER: PAROLE CONSIDERATION
:OPOSED DECISION (BPT §2041)

[ ]   PAROLE DENIED

If this proposed decision denying parole is approved, the Board will send you a copy of the approved
decision, including the reasons for denial of parole, within 30 days of the hearing.

[X]   PAROLE GRANTED   *Do NOT release pending Decision Review.*

A.   Base Period of Confinement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . _180_ Months

| Case No. | Count No. | Offense |
|----------|-----------|---------|

B.   Firearm Enhancement . . . . . . . . . . . . . . . . . . . . . . . . . . + _____ Months

C.   Other Crimes Total . . . . . . . . . . . . . . . . . . . . . . . . . . . + _68_ Months

| Case No. | Count No. | Offense | mos. |
|----------|-----------|---------|------|

| Case No. | Count No. | Offense | mos. |
|----------|-----------|---------|------|

| Case No. | Count No. | Offense | mos. |
|----------|-----------|---------|------|

D.   Total Term . . . . . . . . . . . . . . . . . . . . . . . . = _248_ Months

E.   Postconviction Credit From _7/31/87_ To _9/24/04_ = _60_ Months
                           (Date)          (Date)

F.   Total Period of Confinement . . . . . . . . . . . . . . . . = _188_ Months

The period of confinement indicated is a tentative decision proposed by this panel. The decision will be reviewed
pursuant to BPT §2041, and, if approved, a copy of the approved decision will be sent to you within 30 days.
At that time appropriate pre-prison credits will be applied and a parole release date computed.

You will not engage in any conduct specified in BPT §2451. Such conduct may result in rescission or post-
ponement of your parole date.

If the proposed decision denying or granting parole is disapproved, you will receive a copy of the proposed
decision and the reasons for disapproval. You will then receive a copy of the modified decision or will be
scheduled for a new hearing, as appropriate.

| PANEL HEARING CASE | | |
|---|---|---|
| *Susan Fisher* | Date | 9/24/04 |
| *R. Burlson* | Date | 9/24/04 |
| | Date | |

*BAKER, Fred*

| | CDC NUMBER | INSTITUTION | HEARING DATE |
|---|---|---|---|
| | C 22918 | CTF-S | 9/24/04 |

5 (Rev. 8/1/81)

EXhibit B.

STATE OF CALIFORNIA                                                                                      DEPARTMENT OF CORRECTIONS
NOTICE AND CONDITIONS OF PAROLE
CDC 1515 (Rev 05/01)

You will be released on parole effective _____, 20____ for a period of _____. This parole
subject to the following notice and conditions. Should you violate conditions of this parole, you are subject to arrest, suspension and/or revocation of your
role.

You waive extradition to the State of California from any state or territory of the United States or from the District of Columbia. You will not contest any effort
to return you to the State of California.

When the Board of Prison Terms determines, based upon psychiatric reasons, that you pose a danger to yourself or others, the Board may, if necessary for
psychiatric treatment, order your placement in a community treatment facility or state prison or may revoke your parole and order your return to prison.

You and your residence and any property under your control may be searched without a warrant by an agent of the Department of Corrections or any law
enforcement officer.

If another jurisdiction has lodged a detainer against you, you may be released to the custody of that jurisdiction. Should you be released from their custody
prior to the expiration of your California parole, or should the detainer not be exercised, you are to immediately contact the nearest Department of Corrections'
Parole and Community Services Division Office for instructions concerning reporting to a parole agent.

You have been informed and have received in writing the procedure for obtaining a Certificate of Rehabilitation (4852.21 PC).

## CONDITIONS OF PAROLE

**1. SPECIAL CONDITIONS MUST:** a) Relate to the crime for which you were convicted, b) Relate to conduct which is itself criminal, c) Prohibit conduct
which may be related to future criminality. You are subject to the following special conditions:

TO BE DETERMINED BY PECSD

Reasons for the imposition of special conditions of parole: _____

_____

_____ I acknowledge my special conditions of parole.

Parolee's Initials                                    SIGNATURE OF UNIT SUPERVISOR                      DATE SIGNED

**2. RELEASE, REPORTING, RESIDENCE AND TRAVEL:** Unless other arrangements are approved in writing, you will report to your parole agent on the
1st working day following your release. Any change of residence shall be reported to your parole agent in advance. You will inform your parole agent within
2 hours of any change of employment location, employer or termination of employment.

**3. PAROLE AGENT INSTRUCTIONS:** You shall comply with all instructions of your parole agent and will not travel more than 50 miles from your residence
without his/her prior approval. You will not be absent from your county of residence for a period of more than 48 hours and not leave the State of California
without prior written approval of your parole agent.

**4. CRIMINAL CONDUCT:** You shall not engage in conduct prohibited by law (state, federal, county or municipal). You shall immediately inform your parole
agent if you are arrested for a felony or misdemeanor crime. Conduct prohibited by law may result in parole revocation even though no criminal conviction
occurs.

**5. WEAPONS:** You shall not own, use, have access to, or have under your control: (a) any type of firearm or instrument or device which a reasonable person
would believe to be capable of being used as a firearm or any ammunition which could be used in a firearm: (b) any weapon as defined in state or federal statutes
or listed in California Penal Code Section 12020 or any instrument or device which a reasonable person would believe to be capable of being used as a weapon
as defined in Penal Code Section 12020; (c) any knife with a blade longer than two inches, except kitchen knives which must be kept in your residence and knives
related to your employment which may be used and carried only in connection with your employment; or (d) a crossbow of any kind.

**6.** You shall sign this parole agreement containing the conditions of parole specified in Board of Prison Terms (BPT) Rules Section 2512 and any special conditions
imposed as specified in BPT Rules Section 2513. Penal Code Section 3060.5 provides that the BPT shall revoke the parole of any prisoner/parolee who refuses
to sign the Notice and Conditions of Parole. You have the right to appeal the special conditions of parole. Special conditions imposed by the Parole and Community
Services Division may be appealed pursuant to California Code of Regulations (CCR), Section 3084 and 3085. Special Conditions of parole imposed by the
BPT may be appealed pursuant to CCR, Section 2050.

**I have read or have had read to me and understand the conditions of parole as they apply to me.**

| CDC NUMBER | PAROLEE NAME (Print or Type) | PAROLEE SIGNATURE | DATE SIGNED |
|---|---|---|---|
| C-22918 | BAKER, Fred L. | J. Bak | 9/28/04 |

**TO BE COMPLETED BY STAFF:**
Does the inmate/parolee have a qualifying disability requiring effective communication? ☐ Yes  ☑ No
If yes, cite the source document and/or observations: _____
What type of accommodation/assistance was provided to achieve effective communication to the best of the inmate's/parolee's ability?

| STAFF NAME (Print or Type) | STAFF SIGNATURE | DATE SIGNED |
|---|---|---|
| S. ARNO, CCI | Arno | 9/28/04 |

DISTRIBUTION: ORIGINAL - CENTRAL FILE, CANARY - PAROLE AGENT, PINK - PAROLEE / INMATE

Exhibit C.

BOARD OF PRISON TERMS                                    STATE OF CALIFORNIA
REVIEW OF PROPOSED DECISION

| NAME: **BAKER, Fred** | CDC NUMBER: | **C-22918** |
|---|---|---|

| TYPE OF HEARING:    7th subsequent parole consideration | DATE OF HEARING:    9/24/04 |
|---|---|

The Decision Review Unit has reviewed the hearing and recommends further review of the following issue(s):

Review by the Decision Review Unit of the prisoner's seventh subsequent parole consideration hearing dated September 24, 2004, has disclosed that due to an apparent malfunction of the recording equipment, the decision portion of the hearing cannot be transcribed.

Since a complete record of the hearing is not only required by law, but is also necessary for a review of the hearing decision, a rehearing of the prisoner's seventh subsequent parole consideration hearing will be required.

**RECOMMENDATION:** Disapprove the proposed September 24, 2004 hearing decision and schedule a rehearing on the next available calendar.

_____        11/30/04
DECISION REVIEW UNIT SIGNATURE           DATE:

_____        11-30-04
CHIEF COUNSEL SIGNATURE                   DATE

COMMENTS:

Exhibit D.

Board of Prison Terms                                    State of California

## MISCELLANEOUS DECISION

### FACTS

During the December 14, 2004 Executive Meeting of the Board of Prison Terms, the Board, sitting en banc, considered the findings of the Decision Review Unit regarding the proposed decision dated September 24, 2004, for life prisoner Fred Baker, C-22918. Following consideration, the full Board voted to disapprove the proposed decision of September 24, 2004, and schedule a rehearing of the prisoner's seventh subsequent parole consideration hearing on the next available calendar.

### DECISION(S)

Disapprove the September 24, 2004 proposed decision and schedule a rehearing of the prisoner's seventh subsequent parole consideration hearing on the next available calendar.

| STAFF (Name) | TITLE | DATE |
|---|---|---|
| MARVEN E. SPEED II | Executive Officer | 12-20-04 |

| NAME | NUMBER | INSTITUTION |
|---|---|---|
| BAKER, Fred | C-22918 | CTF |

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

**FILED**

MAR 2 5 2005

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____DEPUTY
K. MERCADO

In re:                                    )   Case No.:  HC 04990
                                          )
      Fred L. Baker (C-22918)        )   ORDER
                                          )
          On Habeas Corpus.       )
                                          )

    Petitioner contends that the Board of Prison Terms has denied him Due Process by rescinding its September 24, 2004, finding that he was suitable for parole based solely on the fact that the Board lost the decision portion of the transcript from the hearing. Petitioner contends that he should not be punished for Respondents' failure to properly operate its recording equipment. Respondents are directed to file an Informal Response to Petitioner's claims pursuant to Rule 4.551(b) of the California Rules of Court. Respondents shall file their Informal Response within twenty-one (21) days from the date on which this Order is filed. Petitioner may file a Reply within twenty-one (21) days of receiving the informal response.

Dated: March 25, 2005

_____
Hon. Marla O. Anderson

CERTIFICATE OF MAILING

C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on MAY - 5 2005 _____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas, California, directed to each of the following named persons at their respective addresses as hereinafter set forth:

Fred L. Baker (C-22918)
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689


Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Attn: Correctional Law Department
MAY - 5 2005

Dated: _____

LISA M. GALDOS,
Clerk of the Court


By: _____
Deputy   K. MERCADO

2

Exhibit  F.



*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5531
Facsimile: (415) 703-5843
E-Mail: Denise.Yates@doj.ca.gov

July 27, 2005

The Honorable Marla O. Anderson
Monterey County Municipal Court
P.O. Box 1051
Salinas, CA 93902-0414

RE:  *In re Fred L. Baker (C-22918), On Habeas Corpus*
     Superior Court of California, County of Monterey, Case No. HC04990

Dear Judge Anderson:

This letter is written pursuant to the court's request for an informal response to Petitioner Baker's claims. Baker, an inmate incarcerated at the Correctional Training Facility, alleges that the Board of Parole Hearings[1] ("Board") violated his due process rights when it ordered that his seventh subsequent parole consideration hearing, held on September 24, 2004, be reheard because the decision portion of the hearing could not be transcribed. (Pet. at p. 3-3(a).) Baker's due process rights were not violated when the Board ordered that his hearing be reheard because the law requires that the entire hearing be recorded and transcribed. Accordingly, the petition should be denied.

Baker's contention that his due process rights were violated is without merit because the law requires that: the parole consideration hearing be recorded and transcribed; the hearing officer state his findings and supporting reasons on the record; and the transcripts be made available to the public. (Pen. Code, § 3042, subds. (b) & (c).) Thus, because the entire hearing was not able to be transcribed, the hearing was not held in accordance with the law. (*Ibid.*; Exs. 1 & 2.) Accordingly, Baker's hearing must be reheard. (Exs. 1 & 2.) Otherwise, the Board and the Governor would be deprived of their statutory right to review the parole grant. (Pen. Code, §§ 3041(b), 3041.1; Exs. 1 & 2.)

In addition, Baker requests that this court take judicial notice of a stipulation of dismissal of a habeas petition and of the findings and recommendations in unrelated state and federal

---

[1] Until recently, the Board was known as the Board of Prison Terms and was distinct from the California Department of Corrections. As of July 1, 2005, the Board has been subsumed by the newly-organized California Department of Corrections and Rehabilitation.

The Honorable Marla O. Anderson
July 27, 2005
Page 2

habeas cases. Baker's requests for judicial notice should be denied. First, regarding the stipulation of dismissal in the *Boyd* case from Ventura County Superior Court, Baker does not explain how a stipulation vacating the rescission hearing of another inmate and reinstating that inmate's parole release date, without any explanation for those actions, is relevant to Baker's rehearing. Nor does Baker explain the relevance of a federal court's findings and recommendations that there was a blanket policy to deny murderers parole during the Wilson and Davis administrations. Baker is not serving a life sentence for murder, and neither Wilson nor Davis were Governor when the decision was made to rehear Baker's seventh subsequent parole consideration hearing. Thus, because the decisions are not relevant to determining the issue presented in this case (Evid. Code, § 210), Baker's request for judicial notice should be denied (*id*, § 350).

In summary, the Board properly scheduled Baker's seventh subsequent parole consideration hearing for a rehearing. The original hearing on September 24, 2004, was not in accordance with the law because the decision portion of the hearing was not able to be transcribed. (Pen. Code, § 3042, subds. (b) & (c).) Thus, vacating the Board's decision and scheduling a rehearing did not violate his due process rights. Moreover, because the September 24, 2004 proposed decision was vacated, Baker's parole date is no longer in effect (Cal. Code Regs., tit. 15, § 2041, subd. (a)), and he is not entitled to be released on parole or bail. Further, Baker's requests for judicial notice should be denied because they are not relevant to the issue before this court. Accordingly, this court should deny the petition.

Sincerely,

DENISE A. YATES
Deputy Attorney General

For    BILL LOCKYER
       Attorney General

Attachments: Exhibits 1-2

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   In re FRED L. BAKER

No.:   HC04990

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age and older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>July 27, 2005,</u> I served the attached

### INFORMAL RESPONSE LETTER

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Fred L. Baker
C-22918
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689
in pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 27, 2005, at San Francisco, California.

| J. Tucay | J. Tucay |
|----------|----------|
| Declarant | Signature |

20023295.wpd

Fred L. Baker C-22918
Correctional Training Facility
P.O. Box 689, B-321
Soledad, CA 93960-0689



FILED

AUG 1 0 2005

LISA M. GALDOS,
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
MELISSA MENDONSA

August 8, 2005


The Honorable Marla O. Anderson
Superior Court of California
County of Monterey
240 Church Street
Salinas, CA 93901


RE: In re Fred L. Baker (C-22918)
    On Habeas Corpus, Case No. HC04990


Dear Judge Anderson:

    On March 25, 2005, this Court requested Respondents to file an informal response to Petitioner's claims. On July 27, 2005, Respondents filed their objections. Respondents have not cited any evidence, nor provided any convincing argument countering the points made in the petition or outlined in the informal response. Petitioner files the following reply in response to Respondents objections. In sum, the record before this Court, shows that neither the non-relevance judicial notice assertian nor Respondents attempt to redefine the due process issues raised in the petition is successful. This Court should grant the petition and order Respondents to show cause why the relief requested should not be granted.

    Respondents assertion that Petitioner's due process rights were not violated when the Board ordered that his hearing be reheard is misplaced. Interestingly enough, Respondents cite Pen. Code, § 3042, subds. (b) & (c), for the proposition that Petitioner's "contention that his due process rights were violated is without merit." Objections, page 1, para. 2. But Respondents' objections fail to mention that Petitioner's contention is meritorious pursuant to Pen. Code, § 3041, subd. (b).

    The law defining the manner in which suitability determinations are to be disapproved requires that "any decision of the parole panel finding an inmate suitable for parole shall become final within 120 days of the date of the hearing, unless the panel made an error of law, or that the panel's decision was based on an error of fact, or that new information should be presented to the board, any of which when corrected or considered by the board has a substantial likelihood of resulting in a substantially different decision upon a rehearing.  Ibid; emphasis added.

The Honorable Marla O. Anderson
August 8., 2005
Page 2

Moreover, in its recent interpretation of Penal Code § 3041, the California Supreme Court expressly noted that a panel decision finding an inmate suitable for parole may not be overturned and ordered reheard by the full Board except upon a finding of the specified factors. Thus, even if there was some deficiency effecting the decision portion of the hearing, Respondents had a duty to process Petitioner's parole application in the manner defined by the Supreme Court. (In re Dannenberg, 34 Cal.4th 1061 (2005); In re Rosenkrantz, 29 Cal.4th 616 (2002).)

Respondents assert, because the entire hearing was not able to be transcribed, the hearing was not held in accordance with law.[1] Respondents err. Due process was satisfied by giving Petitioner the opportunity to be heard at the September 24, 2004, parole hearing and a written statement setting forth the parole grant, the conditions Petitioner must meet to be released and the consequences of failure to meet those conditions. (Pen. Code § 3041.5.)

It is note-worthy to point out at this time, that the incursions at issue in this case happened subsequent of the September 2004 hearing. While it's Respondents position that Petitioner's hearing must be reheard, or it would deprive the Board and the Governor of their statutory right to review the parole grant, Respondents objections fail to mention that they have the burden of establishing the record. (Pen. Code 3042, subd. (b)["The Board of Prison Terms shall record all those hearings and transcribe recordings of those hearings within 30 days of any hearing."]) Consequently, the September 2004 hearing was recorded, as evident from the Reporter's Transcript (RT) lodged with the Court Clerk.

Petitioner concedes that if tapes of the hearing was illegible it may necessitate a new hearing, but the issue here is one of the missing tape, which never made it to the transcriber, Infra. As evidence of the existence of a second tape, Petitioner incorporates by reference the following excerpts. During the opening proceedings Deputy Commissioner Mejia stated "We're now on record." RT, page 1:1-2. At the end of side A of the first tape Commissioner Mejia noted "Okay, we're now on side B of this hearing." RT, page 43:26-27. Once side B was completed, the Commissioner stated "Okay, we've got to go to another tape." RT, page 84:3-4. The second tape was then

---------------------------

1. Nowhere in the transcriber's declaration does she indicate a problem with transcribing tape(s). However, after the complete transcription of the first tape, in contrast, she notes "no further tapes were received for transcription." (RT, page 84:5-6.)

The Honorable Marla O. Anderson
August  8, 2005
Page 3

inserted into the recording device and the hearing was continued until its
completion. Petitioner strongly contends, in light of the foregoing,
Respondents had a duty to inquire into the whereabouts of the second tape.
Particularly since it contains the crucial information Respondents now are
complaining about which would require the rehearing of Petitioner's September
24, 2004 hearing. Furthermore, Respondents fail to mention in their objections
that the statute and regulations governing Petitioner's claims provide
alternative remedies.

Penal Code § 3041, subd. (b), clearly mandates that the board is required
to consult with the commissioners who conducted the hearings when reviewing a
finding of suitability. It is through this process that the board is able to
ascertain a written summary of the evidence considered, the evidence relied
on, and the findings of the hearing panel with supporting reasons. Thus,
satisfying the claims asserted in paragraph(s) two and four of   Respondents
objections. (Pen. Code § 3042, subds. (b) & (c), qualified by Cal. Code of
Regs., (CCR) tit. 15 § 2254 [recognizing a  record may be "a verbatim
transcript, tape recording or written summary"].)

Respondents assert that Petitioner's judicial notice of the Boyd and
Coleman cases should be denied because the issues are not relevant to
determining the issues presented in this case. Objections, pare. 3. Petitioner
requested judicial notice in those cases by way of example, to show that the
abrogations presented in this case is a common practice of Respondents. It's
interesting that the Attorney General does not discern the operative facts of
Petitioner's issues and those of the cases submitted for judicial notice. In
particular, the findings and recommendations of the Coleman case, where it's
been determined that the Board operated a sub-rosa policy that was being
inforced by Board members willing to disregard their statutory duty, reviewing
decisions finding a prisoner suitable and setting a new hearing before a
different panel, re-hearing favorable rescission proceedings and hand-picking
panel members to ensure the desired outcome, and panel members agreeing upon
an outcome in advance of the hearing. On May 19, 2005, the findings and
recommendations was adopted in full by Senior Judge Lawrence K. Karlton.
(Exhibit M.)

In the present case, Respondents overturned Petitioner's finding of
suitability without relying upon any of the specified factors mandated by
statute or in a manner consistent with the California Supreme Court.
Respondents admitted in their objections that a hearing was not held in
accordance with the law. However, Respondents err in asserting that it was the
September 24, 2004 hearing.

The Honorable Marla O. Anderson
August 8, 2005
Page 4


It was during the Decision Review when Respondents first complained about the apparent malfunction of the recording equipment and concluding that the decision portion of the hearing cannot be transcribed. Yet, on the record it shows that the transcriber was never given a second tape and asked whether or not it was transcribable. In fact, in her declaration she explicitly noted that she transcribed tape(s) which total one in number and cover a total of pages numbered 1 through 84. (RT, page 85.) The question remains what happened to the second tape?

Respondents had a duty to "consult with the commissioners who conducted the parole consideration hearing" (Pen. Code § 3041, subd. (b)) and find out why the information (decision portion) was not readily available. In lieu of recovering the tape, Respondents had a duty to obtain a written summary through consultation with the commissioners. Thus it appears rather than pursuing the available alternative remedies, the Decision Review Unit offered the cursory statement "the Decision Review Unit has disclosed that due to an apparent malfunction of the recording equipment, the decision portion of the hearing cannot be transcribed." (Exhibit C.)

Petitioner submits, there is nothing in the record to indicate that there was any such consultation, the Decision Review Unit does not claim there was consultation, and the Attortey General omits any such consultation from her objections altogether. Consequently, there is no evidence to support Respondents assertion that the decision portion of the hearing could not be transcribed. As noted earlier, Respondents expressed that the issues raised in the Coleman case is not relevant to Petitioner's issues. I respectfully disagree, for the reasons set forth in this petition it's clear that the operative facts are the same.[2] The requirement of an impartial decision-maker transcends concern for diminishing the likelihood of error.

Respondents not only had a duty to consult with the commissioners in this case, but also with the transcriber, and to act in good faith with due diligence to obtain the crucial information bearing on Petitioner's constitutional right to be free from restraint. Thus, because the decisions in the judicial notices are relevant to the issues present in Petitioner's case, the judicial notice request should not be denied.

--------------------------------

2. The Legislature recently examined the process by which parole hearings were conducted and reviewed, and it altered that process for the apparent purpose of providing additional protection to indeterminate life inmates who have received a favorable suitability determination. The new subdivision (b) was inspired by information...that [the Board] is referring favorable suitability decisions for re-hearing by a parole hearing panel other than the panel that determined parole suitability. (Dannenburg, 34 Cal.4th 1061; PC § 3041(b).)

In summary, the informal response lacks merit and should be rejected. Respondents assert that because the entire hearing was not transcribed, the hearing was not held in accordance with law and that the Board and Governor would be deprived of their statutory right to review a parole. Petitioner submits, even under the informal response contemplated by Rule 60 the assertion is both vague and conclusory. Respondents states vaguely that the record of the suitability hearing is incomplete without specifically stating how the record is incomplete. For example, did Respondents (a) listen to the tape(s), (b) received any communication from the transcriber indicating a problem with transcribing a tape, or (c) interview the Commissioners to confirm the Panel's finding of suitablity?

Petitioner strongly contends, Respondents' assertion that the decision portion of the hearing cannot be transcribed due to an apparent malfunction of the recording equipment is conclusory at best. Respondents offers no evidence having an indicia of reliability to support its claim.

In contrast, on this record the controverted and/or disputed material facts reveal that: (1) the Board and Governor is not being deprived of their statutory right to review Petitioner's finding of suitabilbity (PC § 3041.2); (2) Respondents do have the statutory burden of establishing the record (PC § 3042(b ; (3) Respondents do have under governing statute and regulations an alternative means of recording and transcribing the hearing Commissioners findings and supporting reasons for granting parole that can be made available to the public, and would allow the Board and the Governor their statutory right to review the parole grant (PC §§ 3041.2, 3042(b); (4) there is a missing tape (RT, pas 84 & 85); and (5) Respondents do have a statutory duty to inquire and ascertain the whereabouts of the (missing) tape. (Dannenburg, supra, 34 Cal.4th 1061; PC § 3041(b).)

Petitioner therefore submits, given the aforemention, the depth of analysis by the granting panel, the cursory disapproval statements by Respondents, and the Attorney General's failure to file a responsive pleading, this Court should grant the petition and order the Respondents to show cause why the relief requested should not be granted.

Sincerely,

FRED L. BAKER
Petitioner in Pro Per

Attachments: Exhibits J-M

## PROOF OF SERVICE BY MAIL

(C.C.P. §§1013A, 2015.5)

STATE OF CALIFORNIA )
                    ) SS.
COUNTY OF MONTEREY )

I, _____Fred L. Baker_____, am a resident of the State of California,

County of Monterey. I am over the age of 18 years and I am/~~am not~~ a party to the within action.

My business/residence address is P.O. Box 689, Soledad, California, 93960-0689.

On ___August 8,_____, 20 _05_, I served the foregoing:

PETITIONER'S REPLY TO RESPONDENTS INFORMAL RESPONSE; EXHIBITS

J THROUGH M.

on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage

fully prepaid in the United States mail at Soledad, California, addressed as follows:

DENISE A. YATES
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

There is regular delivery service by the U.S. Postal Service between the place of mailing

and the places so addressed.

I declare under the penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed this __8th__ day of __August_____, 20 _05_, at

Soledad, California.

/S/ _____

Exhibit H.

**FILED**

**AUG 2 3 2005**

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
                                        DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

In re:                                    ) Case No.: HC 04990
                                          )
       Fred L. Baker (C-22918)            ) ORDER
                                          )
              On Habeas Corpus.           )
                                          )

Petitioner contends that the Board of Prison Terms has denied him Due Process by rescinding its September 24, 2004, finding that he was suitable for parole based solely on the fact that the Board lost the decision portion of the transcript from the hearing. On March 25, 2005, the Court ordered Respondent to provide an Informal Response to Petitioner's claims.

Respondent contends that the Board's actions were proper because Penal Code §§ 3041(b), 3041.1 and 3042(b)-(c) require that all portions of the hearing be transcribed to ensure that the Governor is not deprived of his statutory right to review the parole grant. Respondent further contends that the Court should not take judicial notice of an order issued by the Ventura County Superior Court in an unrelated case that was attached as an exhibit to the Petition as there is no showing that the Ventura County case bears any similarity to the facts of this case.

The Court agrees that the Ventura County case is inapplicable here and DENIES Petitioner's request for judicial notice. Moreover, the Court acknowledges the requirements of Penal Code § 3042 and its applicability to Petitioner's claim. However, it is important to note that it was Respondent, rather than Petitioner, who failed to record the "Decision" portion of the hearing as required by Penal Code § 3042. The Informal Response fails to address this apparent inequity. In addition, the Informal Response does not discuss several important issues, including: 1) when Petitioner's rescheduled hearing is set to occur, 2) whether the same Board members will preside over the rescheduled hearing and 3) whether the rescheduled

1

1  hearing will involve a *de novo* review of Petitioner's suitability for parole, or simply a review of

2  the decision. In the present case, it would appear that the most equitable solution would be to

3  reschedule the hearing before the same Board members with instructions to adopt the existing

4  transcript from the former hearing and recreate their Decision to recommend parole based on

5  that transcript and their independent recollection.

6      Accordingly, Respondent is Ordered to Show Cause why Petitioner should not be

7  granted the relief sought in his Petition. Specifically, Respondent is Ordered to Show Cause

8  why any rescheduled hearing should not be heard by the same Board members with

9  instructions to issue a Decision recommending parole. The Alternate Public Defenders Office

10 is appointed to represent Petitioner. Respondent shall file its Return within thirty (30) days of

11 the mailing of this Order. Petitioner may file any Traverse within thirty (30) days of service of

12 the Return. Upon receipt of the Return and Traverse, the Court shall determine whether to

13 address the matter on the pleadings or set an evidentiary hearing.

14

15 Dated: August 23, 2005

16                                          Hon. Marla O. Anderson

17

18

19

20

21

22

23

24

25

1

## CERTIFICATE OF MAILING

2

### C.C.P. SEC. 1013a

3          I do hereby certify that I am not a party to the within stated cause and that on

4      _____ AUG 2 3 2005 _____  I deposited true and correct copies of the following document:

5   ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

6   California, directed to each of the following named persons at their respective addresses as

7   hereinafter set forth:

8

9   Fred L. Baker (C-22918)
    Correctional Training Facility
10  P.O. Box 689
    Soledad, CA 93960-0689
11

    Monterey County Alternate Public Defender's Office
12  Attn: Dwayne Woods
    111 West Alisal
13  Salinas, CA 93901

14
    Office of the Attorney General
15  455 Golden Gate Ave.; Suite 11000
    San Francisco, CA 94102
16  Attn: Correctional Law Department

17
    Dated: _____ AUG 2 3 2005 _____
18
                                    LISA M. GALDOS,
19                                  Clerk of the Court

20                              By: _____
                                    Deputy    MELISSA MENDONSA
21

22

23

24

25

Exhibit I.

1 | BILL LOCKYER
Attorney General of the State of California
2 | JAMES M. HUMES
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | ANYA M. BINSACCA
Supervising Deputy Attorney General
5 | DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
6 |  455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
7 |  Telephone: (415) 703-5531
Fax:  (415) 703-5843
8 | Attorneys for Respondent A. Kane,
Acting Warden at Correctional Training Facility

9

10                    SUPERIOR COURT OF CALIFORNIA

11                        COUNTY OF MONTEREY

12

13 | In re                                    CASE NO. HC 04990

14 |     **FRED L. BAKER (C-22918),**          **RESPONDENT'S REQUEST FOR AN
                                            EXTENSION OF TIME TO FILE A**
15 |                          Petitioner,     **RETURN**

16 | **On Habeas Corpus.**

17

18 |         Respondent A. Kane, Acting Warden at the Correctional Training Facility, for the reasons

19 | set forth in the accompanying declaration of counsel, respectfully requests that this court grant

20 | respondent an extension of time in which to file a return.

21

22 | Dated:  September 15, 2005               Respectfully submitted,

23 |                                          BILL LOCKYER
                                            Attorney General of the State of California
24

25 |                                          _(signature)_

26 |                                          DENISE A. YATES
                                            Deputy Attorney General
27 |                                          Attorneys for Respondent A. Kane, Acting
                                            Warden at the Correctional Training Facility
28

                                    1

Resp't's Req. for an EOT to File a Return                        Case No. HC 04990
*In re Fred L. Baker (C-22918)*

1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5531
    Fax: (415) 703-5843
8  Attorneys for Respondent A. Kane,
   Acting Warden at Correctional Training Facility

9

10              SUPERIOR COURT OF CALIFORNIA

11                 COUNTY OF MONTEREY

12

13  In re                              CASE NO. HC 04990

14      FRED L. BAKER (C-22918),        **RESPONDENT'S REQUEST FOR AN
                                        EXTENSION OF TIME TO FILE A
15                        Petitioner,   RETURN**

16  On Habeas Corpus.

17

18      Respondent A. Kane, Acting Warden at the Correctional Training Facility, for the reasons

19  set forth in the accompanying declaration of counsel, respectfully requests that this court grant

20  respondent an extension of time in which to file a return.

21

22  Dated: September 15, 2005              Respectfully submitted,

23                                         BILL LOCKYER
                                           Attorney General of the State of California
24

25

26                                         DENISE A. YATES
                                           Deputy Attorney General
27                                         Attorneys for Respondent A. Kane, Acting
                                           Warden at the Correctional Training Facility
28

                                    1

Resp't's Req. for an EOT to File a Return
*In re Fred L. Baker (C-22918)*                              Case No. HC 04990

1    premature to file it before Baker has his next parole suitability hearing, which is currently

2    scheduled to be held on October 4, 2005, in front of the same commissioner and deputy

3    commissioner who conducted his September 24, 2004 suitability hearing. In addition,

4    respondent would be more able to accurately and completely respond to the petition after the

5    hearing. Further, if Baker is again granted parole, the Board has 120 days during which time it

6    can review the decision. Also, the Governor can review the decision up to ninety days before

7    Baker's scheduled release date and request that the Board review the decision en banc. For these

8    reasons, I respectfully request that respondent's deadline to file a return be extended to, and

9    including, thirty days after the grant of parole is final. If Baker is denied parole, respondent

10   requests that his return be due thirty days from the date the transcript of the parole suitability

11   hearing becomes final. As a courtesy, I will notify the court of the outcome of Baker's October

12   4, 2005 hearing within a week of the hearing.

13          4.       This request for an extension of time is not made for any purpose of harassment,

14   undue delay, or for any improper reason.

15          5.       Petitioner Baker should not be prejudiced by this requested extension of time.

16   Respondent has not previously requested an extension of time to file a return.

17          I declare under penalty of perjury that the foregoing is true and correct and that this

18   declaration was executed on September 15, 2005, at San Francisco, California.

19

20

21   DENISE A. YATES
     Deputy Attorney General

22

23

24

25

26

27

28

2

Decl. of Counsel in Supp. of Resp't's Req. for an EOT to File a Return
*In re Fred L. Baker (C-22918)*                                    Case No. HC 04990

Exhibit J.

FILED

1

SUPERIOR COURT OF CALIFORNIA

OCT 2 · 2005

2

COUNTY OF MONTEREY

LISA M. GALDI    CLERK OF THE COURT

3

DEPUTY

MELISSA MENDOZA

4    In re:    )    Case No.: HC 04990
             )
5        Fred L. Baker (C-22918)    )    ORDER
             )
6              On Habeas Corpus.    )
             )

7

8         On September 16, 2005, Respondent sought an extension of time in which to file its

9    Return. Specifically, Respondent noted that Petitioner's rescheduled parole hearing was set for

10   October 4, 2005, and that the outcome of this hearing could render Petitioner's claims moot.

11   Respondent has since notified the Court that Petitioner was found unsuitable for parole at the

12   October 4, 2005, hearing and that it expects the transcript from that hearing to be finalized

13   within six weeks. Respondent asks that the Court not require it to file its Return until after the

14   transcript has been finalized.

15        Although Petitioner's claim does not involve the October 4, 2005, hearing, it is clear

16   that the result of this hearing and the transcript thereof are directly related to the Petition.

17   Accordingly, Respondent's request for an extension of time is GRANTED IN PART.

18   Respondent shall file its Return on or before November 25, 2005. Petitioner may file any

19   Traverse on or before December 16, 2005.

20        Respondent's request that the Court modify its Order to Show Cause is DENIED. The

21   extent to which the transcript from the September 24, 2004, hearing was incomplete and the

22   portions of the hearing that were not recorded present evidentiary issues that may be addressed

23   in Respondent's Return. Given the fact that the transcript contains approximately eighty pages

24   of testimony, the Court remains interested in Respondent's position as to why a *de novo*

25

1

1  hearing (one which appears to have reached a different conclusion) was necessary to correct

2  Respondent's failure to properly record the September 24, 2004, hearing.

3       IT IS SO ORDERED.

4

5  Dated:  October 24, 2005

6

7                                                        Hon. Marla O. Anderson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2

1

## CERTIFICATE OF MAILING

2

### C.C.P. SEC. 1013a

3      I do hereby certify that I am not a party to the within stated cause and that on

4    _OCT 2 4 2005_    I deposited true and correct copies of the following document:

5  ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

6  California, directed to each of the following named persons at their respective addresses as

7  hereinafter set forth:

8

9  Fred L. Baker (C-22918)
   Correctional Training Facility
10  P.O. Box 689
   Soledad, CA 93960-0689

11

12  Michael Herro, Esq.
   134 Central Avenue
13  Salinas, CA 93901

14  Office of the Attorney General
   455 Golden Gate Ave., Suite 11000
15  San Francisco, CA 94102
   Attn: Correctional Law Department

16          OCT 2 4 2005

17  Dated:_____

18

19

20

21

22

23

24

25

LISA M. GALDOS,
Clerk of the Court

By: _____
    Deputy

Exh K.