# EXHIBIT 1
# part 2 of 5

1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5531
     Fax: (415) 703-5843
8  Attorneys for Respondent A. Kane, Acting Warden at
   the Correctional Training Facility
9

10                SUPERIOR COURT OF CALIFORNIA

11                   COUNTY OF MONTEREY

12                     SALINAS DIVISION

13

14  In re                                NO. HC 04990

15  FRED L. BAKER,                       RETURN TO THE ORDER TO
                                         SHOW CAUSE; SUPPORTING
16                        Petitioner,    MEMORANDUM OF POINTS AND
                                         AUTHORITIES
17  On Habeas Corpus.

18

19                     **INTRODUCTION**

20      Petitioner Fred Baker (C-22918) is a state inmate who alleges that the Board of Parole

21  Hearings ("Board") violated his due process rights when the panel ordered that his seventh

22  subsequent parole consideration hearing, held on September 24, 2004, be reheard because the

23  hearing could not be entirely transcribed. (Petn. at pp. 3-3(a).) Specifically, Baker challenges the

24  Board's authority to have held a rehearing and concludes that because the Board's actions were

25  inconsistent with the governing law and his incarceration has exceeded the relevant sentencing

26  guidelines, he should be released. (Petn. at pp. 3-3(d), Prayer for Relief.) Despite recognizing

27  the requirement that the entire hearing must be transcribed, the court ordered respondent to show

28  cause "why any rescheduled hearing should not be heard by the same Board members with

                                  1

Return to the Order to Show Cause; Supp. Mem. of P. & A.
In re Fred L. Baker (C-22918)                                    Case No. HC 04990

1  instructions to issue a Decision recommending parole." (Order, filed Aug, 23, 2005.) In a

2  subsequent order, the court stated that "[g]iven the fact that the transcript contains approximately

3  eighty pages of testimony, the Court remains interested in Respondent's position as to why a *de*

4  *novo* hearing (one which appears to have reached a different conclusion) was necessary to correct

5  Respondent's failure to properly record the September 24, 2004 hearing." (Order, filed Oct. 24,

6  2005.)

7       Baker's due process rights were not violated when the Board ordered that his hearing be

8  reheard because the law requires that the entire hearing be recorded and transcribed. Further,

9  because Baker did not raise the issue in his petition, the court improperly directed respondent to

10  justify holding a rehearing rather than having the panel re-create its decision, and the court

11  cannot grant any relief on this basis. Accordingly, the petition should be denied.

12                                          **RETURN**

13       Respondent, A. Kane, Acting Warden at the Correctional Training Facility, for a return to

14  the order to show cause, states:

15       1.    Petitioner Fred L. Baker (C-22918) is lawfully in the custody of the Department of

16  Corrections and Rehabilitation under a valid judgment of conviction for multiple offenses,

17  resulting in a possible life sentence. (Ex. 1.) Baker does not contest the validity of his

18  conviction in this petition. (See Petn. at pp. 3-3(a).) Rather, Baker contends that the Board

19  violated his due process rights when it ordered that his seventh subsequent parole consideration

20  hearing, held on September 24, 2004, be reheard because the entire hearing could not be

21  transcribed. (*Ibid.*)

22       2.    At his subsequent parole consideration hearing held on September 24, 2004,

23  petitioner was present and represented by counsel. (Ex. 2 at pp. 1-2.) The victim and a

24  representative from the district attorney's office were also present. (*Id.* at p. 2.) Commissioner

25  Susan Fisher and Deputy Commissioner Rolando Mejia conducted the hearing. (*Id.* at p. 2.)

26  Commissioner Fisher summarized the commitment offenses (*id.* at pp. 9-15), and Baker

27  conceded that the summary was accurate (*id.* at p. 15) and provided additional details.

28       3.    Baker, his female cousin (Bernice Habbit), his male juvenile cousin (Canado), and

2

Return to the Order to Show Cause; Supp. Mem. of P. & A.
*In re Fred L. Baker (C-22918)*                                    Case No. HC 04990

1   another male juvenile (Ferris) went on a crime spree. (Ex. 2 at p. 25.) On the night of the

2   offenses, Canado and Ferris went to Baker's grandmother's house where Baker was, and then

3   they all went to his uncle's house where Habbit was. (*Id.* at pp. 57-58.) At his uncle's house,

4   Baker smoked marijuana laced with PCP. (*Id.* at pp. 16-18.) Baker and Canado decided, in

5   order to get Habbit some milk for her baby, that they would steal a car armed with guns that they

6   took from his uncle's house. (*Id.* at p. 26.) Baker decided he would dress up as a woman and

7   stand with Habbit on the side of the road, making it easier for someone to pull over. (*Id.* at pp.

8   26-27.)

9       4.      Accordingly, their first crime began when Habbit and Baker pretended to be

10  hitchhiking, and a man stopped to offer the two "females" a ride. (*Id.* at p. 10.) Thereafter,

11  either Ferris or Canado pulled a gun on the driver. (*Ibid.*) The driver was then pulled from his

12  station wagon, his wallet was stolen, and he ran for his life as either Ferris or Canado fired a shot

13  at him. (*Id.* at pp. 11, 66-67.) After the driver ran off, Baker first took possession of a gun when

14  Canado handed it to him from the back seat. (*Id.* at pp. 67-68.) The suspects drove away in the

15  victim's station wagon and continued their criminal activities by next committing a robbery and

16  kidnaping. (*Ibid.*)

17      5.      Habbit entered a 7-Eleven store and put items on the counter to purchase, but then

18  said she had to go to the car to get her money. (Ex. 2 at p. 11.) Shortly thereafter, the three

19  males entered the store wearing stocking masks and carrying rifles. (*Id.* at pp. 11-12.) Baker and

20  Canado were each pointing a gun at the cashier, Ms. Ingram, and about $140 was taken from the

21  register. (*Id.* at p. 12.) They then put another 7-Eleven employee, Ms. Rommel, in the back of

22  the station wagon and ordered Ms. Ingram to provide Ms. Rommel's car keys so the suspects

23  could take Ms. Rommel's Pinto. (*Ibid.*) Baker and Canado put Ms. Ingram into the Pinto and

24  the station wagon followed. (*Ibid.*) At an orange grove, the suspects ordered Ms. Ingram and

25  Ms. Rommel out of the cars and told them to run and get out of sight or they would kill them.

26  (*Ibid.*) Canado fired a shot over the victims' heads. (*Id.* at p. 74.) The suspects drove away and

27  later pushed the Pinto into the bushes. (*Id.* at p. 13.) The suspects finalized their crime spree by

28  shooting and paralyzing a man.

3

6.     Their third crime involved Val Dixon, whose car had broken down. (Ex. 2 at p. 13.) Mr. Dixon had called a tow truck and was returning to his car when the suspects pulled up in the station wagon, and Habbit asked Mr. Dixon if he needed a ride. (*Ibid.*) Mr. Dixon declined, the suspects drove off, but then made a u-turn. (*Ibid.*) When the car approached, Baker was holding a rifle and pointing it at Mr. Dixon, and Baker said " hey sucker." (*Id.* at p. 75.) Mr. Dixon was shot as he attempted to push the gun barrel away from his body. (*Id.* at p. 13.) The suspects drove away. (*Ibid.*) The doctors treating Mr. Dixon discovered that he had been shot twice. (*Id.* at pp. 13-14.) Mr. Dixon is paralyzed from the waist down. (*Id.* at p. 14.)

7.     When the police stopped the suspects in the station wagon, Habbit exited the driver's door; Ferris exited and threw away live ammunition; Canado exited; and Baker was found hiding under the vehicle. (Ex. 2 at p. 14.) Two high-powered rifles were found in the back seat and one was found in the front passenger seat. (*Ibid.*) The suspects stated that Canado and Baker both had their guns pointed out the window, and both suspects fired when Mr. Dixon grabbed the guns. (*Ibid.*)

8.     In reading the appellate opinion from Baker's criminal conviction, the deputy district attorney identified multiple inconsistencies with Baker's story. First, regarding how the guns were acquired, the deputy district attorney noted that a hardware store had recently been burglarized and guns and ammunition were taken. (Ex. 2 at p. 54.) In addition, laboratory tests of gunshot residue indicated that Baker was the one who shot Dixon, and ballistics tests indicated that the bullet had been fired from one of the guns taken at a hardware store burglary. (*Ibid.*) Further, the station wagon contained rifles taken from the hardware store and used during the crime spree. (*Id.* at p. 56.) Yet, at the hearing, Baker insisted that Canado got the guns from the back of the house (*id.* at p. 60) and that there were guns at the house because his uncle was in law enforcement and went hunting (*id.* at p. 26).

9.     At the hearing, Baker contradicted himself multiple times regarding the guns. He initially said that they decided to bring the guns along when they decided to steal a car. (Ex. 2 at p. 26.) Then later, Baker said that they did not talk about bringing the guns; rather, one of the other guys just went and got the guns and brought them along. (*Id.* at p. 83.) In addition, Baker

4

1   contradicted himself when he explained when he first saw the guns. Baker initially said that
2   Canado got the guns from the back of the house and that he saw the guns just before they smoked
3   the PCP. (*Id.* at p. 60.) Later, Baker said he saw the guns for the first time when they were
4   leaving the house to walk to where they would pretend to hitchhike and then carjack someone.
5   (*Id.* at p. 64.)

6       10.    Baker's testimony regarding the shooting of Mr. Dixon was faulty. Baker stated
7   that his finger was on the trigger when Mr. Dixon slapped the gun and therefore his finger pulled
8   the trigger. (*Id.* at p. 21.) Despite contrary evidence, Baker denied that he shot Mr. Dixon twice.
9   (*Id.* at pp. 75-77.) When asked to explain how Mr. Dixon got shot twice, Baker speculated that
10  one of the other suspects also had his gun pointing out the window, so when he heard Baker
11  shoot Mr. Dixon, the other suspect also shot his gun. (*Id.* at p. 49.) Mr. Dixon said he only saw
12  one gun pointed at him. (*Id.* at p. 75.)

13      11.    Baker's explanation for his behavior is trivial compared to the harm he inflicted
14  that night. The week before the offenses, Baker allegedly went into a rage when he learned that
15  his girlfriend had aborted their child. (*Id.* at p.16.) Further, these crimes were not an anomalous
16  incident to be blamed on the PCP. Rather, the crimes were further evidence of Baker's
17  escalating attitude problem. Within the two years prior, Baker had burglarized a store and
18  escaped the juvenile facility he was sent to, resulting in Baker being sentenced to the California
19  Youth Authority. (Ex. 2 at pp. 19-21.)

20      12.    As the deputy district attorney was asking clarifying questions of Baker during the
21  hearing, the tape needed to be changed. (Ex. 2 at pp. 83-84.) The rest of the hearing was unable
22  to be transcribed. (*Id.* at p. 84; Ex. 3.) At a minimum, what was not transcribed includes the
23  victim's statement (ex. 6 at p. 28, lines 18-19 [referring to his testimony "last time"]), and the
24  panel's decision (Pen. Code, § 3042, subd. (c) [requiring the hearing officer to state her findings
25  and supporting reasons on the record]). According to the written documents prepared at the
26  hearing, the panel granted Baker parole and set his total term at 248 months, not including credit
27  earned. (Ex. 5.) The panel conspicuously notified Baker on multiple documents that its decision
28  was a proposed decision, it was not final, and it would be reviewed. (*Ibid.*)

13. During its mandatory review, Daniel Moeller of the Decision Review Unit recommended that because the transcript was incomplete, the Board should disapprove the September 24, 2004 decision granting parole and schedule a rehearing. (Ex. 3; Moeller Decl. at p. 1.) Terry Farmer, the then-chief counsel of the Board of Prison Terms, endorsed the recommendation. (*Ibid.*) The Board sitting en banc considered the findings and recommendation of the Decision Review Unit, and voted to disapprove the September 24, 2004 proposed decision and schedule a rehearing. (Ex. 4.)

14. A panel consisting of the same members who granted Baker parole on September 24, 2004, conducted the rehearing and reached a conclusion opposite to their original decision. (Ex. 6 at p. 31.) Baker was denied parole for one year. (*Ibid.*)

15. Baker does not establish any grounds for habeas corpus relief.

16. A parole consideration decision is not in accordance with the law unless a complete hearing transcript is made. The victim (Pen. Code, § 3043, subd. (b)), the district attorney (*id.*, § 3042, subd. (a)), and the defendant (*id.*, § 3041.5, subd. (a)(2)) must have an opportunity to voice their opinions. Further, the transcript must be available to the public (*id.*, § 3042, subd. (b)), and it must include the findings and reasons supporting the decision (*id.*, § 3042, subd. (c)). Finally, the Board (*id.*, § 3041, subd. (b)) and the Governor (*id.*, § 3041.1) must be able to competently review the panel's decision.

17. The Board did not rescind the panel's finding that Baker was suitable for parole. (Cal. Code Regs., tit. 15, §§ 2450 et seq.) Rather, the Board reviewed the panel's decision pursuant to sections 2041 et seq. of title 15 of the California Code of Regulations, and properly ordered that the decision be disapproved and a rehearing be scheduled. (Cal. Code of Regs., tit. 15, § 2042 [including that an error of law is a basis for disapproving a decision]; Pen. Code, § 3041, subd. (b) [providing that the decision of a parole panel will not become final if upon review the Board finds that the panel made an error of law].)

18. Holding another hearing because Baker's original hearing was unable to be transcribed did not violate Baker's due process rights because he does not have a due process interest in a proposed decision that was not in accordance with the law.

1    19.    Because Baker did not raise the issue in his petition, the court improperly directed

2    respondent to justify holding a rehearing rather than having the panel re-create its decision, and

3    the court cannot grant any relief on this basis.

4    20.    Except as expressly admitted, respondent denies every allegation of this petition,

5    including that Baker's administrative, statutory, or constitutional rights were violated when the

6    Board ordered that Baker's September 24, 2004 parole consideration hearing be reheard.

7    21.    Respondent denies that discovery or an evidentiary hearing is necessary in this

8    case.

9    22.    Respondent denies that Baker should be released on parole, on his own

10    recognizance, or on bail.

11    23.    This return is based on the allegations made in the accompanying memorandum of

12    points and authorities and exhibits, which are incorporated by reference.

13    WHEREFORE, the petition for writ of habeas corpus should be denied, and the order to

14    show cause should be discharged.

15

16    Dated: November 23, 2005                    Respectfully submitted,

17                                                BILL LOCKYER
                                                  Attorney General of the State of California
18
                                                  JAMES M. HUMES
19                                                Chief Assistant Attorney General

20                                                FRANCES T. GRUNDER
                                                  Senior Assistant Attorney General
21                                                ANYA M. BINSACCA
                                                  Supervising Deputy Attorney General
22

23

24                                                DENISE A. YATES
                                                  Deputy Attorney General
25
                                                  Attorneys for Respondent A. Kane, Acting
26                                                Warden at the Correctional Training Facility

27

28

Return to the Order to Show Cause; Supp. Mem. of P. & A.
*In re Fred L. Baker (C-22918)*                                          Case No. HC 04990

# MEMORANDUM OF POINTS AND AUTHORITIES

I.    **The Petition Should Be Denied Because the Paramount Concern for Public Safety Would Be Compromised if the Board Was Required to Rely on an Untimely, Re-Created Transcript of the Hearing.**

The Board properly disapproved the September 24, 2004 decision granting Baker parole and requested a rehearing because the hearing transcript was incomplete. Not ordering a rehearing would be contrary to law and public policy. When determining a prisoner's suitability for parole, the overriding concern is for public safety. (*In re Dannenberg* (2005) 34 Cal.4th 1061, 1084.) "[B]oth the Legislature and the voters have . . . indicated, in multiple ways, their abiding concern that the Board not schedule the release of *any* life-maximum prisoner who is still dangerous." (*Id.* at p. 1088.) The panel must consider the statements and recommendations of the victim, the judge, the district attorney, the prisoner's trial attorney, the investigating law enforcement agency, and information from the public, and the panel must acknowledge in its decision that it has done so. (*Id.* at pp. 1084-1085.) The California Supreme Court recognized the import of this information being part of the hearing record by finding that public input could be decisive in a parole suitability determination. (*Id.* at p. 1085.)

Because determining one's suitability is such a consequential decision, the decision is not final until it has been subject to multiple levels of review. First, the decision is reviewed and the decision may be affirmed or modified without a new hearing, or a new hearing may be ordered. (Cal. Code of Regs., tit. 15, § 2041, subd. (h).) A new hearing is appropriate if there was an error of law or fact, or based on new information. (*Id.*, § 2042; Pen. Code, § 3041, subd. (b).) If the chief counsel recommends that a new hearing should be held, a new hearing will not be ordered unless a majority of the Board sitting en banc votes to do so. (Pen. Code, § 3041, subd. (b); Cal. Code Regs., tit. 15, § 2041, subd. (h).) Regardless of the Board's decision on review, the Governor has the right to review the decision and request an en banc hearing by the Board. (Pen. Code, § 3041.1.) In that case, the en banc Board cannot grant parole unless a majority of the Board members votes to do so. (*Ibid.*)

Here, the Board's actions of ordering a rehearing were legally mandated. The hearing transcript omitted any further questions by the deputy district attorney, the panel, or Baker's

8

1   counsel. (See generally Ex. 2.) In addition, the transcript lacked the victim's statement (ex. 6 at

2   p. 28, lines 18-19 [referring to his testimony "last time"]), and the panel's findings and reasoning

3   for granting Baker parole (Pen. Code, § 3042, subd. (c) [requiring the hearing officer to state her

4   findings and supporting reasons on the record]). Moreover, as is the usual practice, Baker and/or

5   his attorney, as well as the deputy district attorney, likely gave a closing statement that was not

6   included in the transcript. (See Ex. 2, p. ii [reflecting that no closing statements were

7   transcribed]; Ex. 7 at pp. 15-22 [reflecting the deputy district attorney's closing statement]; Ex. 7

8   at pp. 22-27 [reflecting Baker's attorney's closing statement].) The Board could not effectively

9   fulfill the statutory requirement that the hearing transcripts be made available to the public and be

10  subject to different levels of executive review with such an incomplete transcript.

11        In addition, relying on the partial transcript or re-creating it based on the panel's

12  recollection is not consistent with public policy. Such reliance is perverse considering that the

13  paramount concern when determining whether someone is suitable for parole is ensuring public

14  safety. Requiring the reviewers of the hearing to rely on the panel's re-created version of a

15  significant part of the hearing, including its decision and reasoning, would be antithetical to

16  ensuring that the soundness of the panel's decision to release a man who continuously gave

17  inconsistent explanations regarding the guns that tormented his carjacking, robbery, and

18  kidnaping victims and finally paralyzed Mr. Dixon.

19        Further, Baker was not served an injustice. He was aware that the panel's decision

20  finding him suitable for parole was not a final decision and was subject to review. (Ex. 5.)

21  Therefore, he did not have any expectation of being released. (*In re Powell* (1988) 45 Cal.3d

22  894, 903 [noting that a prisoner "has no vested right in his prospective liberty on a parole release

23  date"].)

24        In addition, the equitable relief contemplated by the court would be futile. Having the

25  panel members re-create the decision granting parole based on the existing transcript and their

26  recollection would still not cure the fact that the entire transcript was not recorded as required by

27  law.

28        In summary, yes, Baker is not responsible for the hearing being transcribed in part only.

9

1    But Baker was not deprived of any due process because there is no regulation or statute

2    mandating his release if the panel finds Baker suitable for parole, but the entire hearing,

3    including the panel's reasoning supporting its tentative decision, is not transcribed. Rather, the

4    process complied with the law. The tentative decision granting parole was reviewed, a rehearing

5    was had, and upon further review, the same panel concluded that public safety concerns required

6    finding Baker unsuitable for parole. (Cal. Code Regs., tit. 15, § 2281, subd. (a) ["a life prisoner

7    shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will

8    pose an unreasonable risk of danger to society if released from prison"]; accord Pen. Code, §

9    3041, subd. (b).) Accordingly, the petition should be denied and the order to show cause should

10    be discharged.

11    II.    **The Petition Should Be Denied Because the Court Improperly**
         **Directed Respondent to Address a Claim that Baker Did Not**
12         **Raise in His Petition.**

13        In its order to show cause and subsequent order of October 24, 2005, the court directed

14    respondent to address the issue of why a de novo hearing was necessary, rather than just having

15    the panel re-create its decision from memory. The court cannot grant relief on this issue because

16    Baker did not raise the issue in his petition. It is well-established that a court order directing

17    respondent to address issues not raised in the petition is improper. (*Board of Prison Terms v.*

18    *Superior Court* (2005) 130 Cal.App.4th 1212, 1237.) In a habeas proceeding, "the petitioner

19    bears a heavy burden initially to *plead* sufficient grounds for relief." (*People v. Duvall* (1995) 9

20    Cal.4th 464, 474, emphasis in original.) To meet this heavy burden, the petitioner should state

21    the facts fully and particularly; conclusory allegations without support are insufficient. (*Ibid.*)

22        Only when the petitioner's initial burden of pleading is met may the court issue an order

23    to show cause. (*People v. Duvall, supra*, 9 Cal.4th 464 at pp. 474–475.) "When an order to show

24    cause does issue, it is limited to the claims raised in the petition and the factual bases for those

25    claims alleged in the petition." (*Id.* at p. 475, [quoting *In re Clark* (1993) 5 Cal.4th 750, 781, fn.

26    16].) "The [habeas] case is heard and determined on the issues framed by the pleadings." (*Ex*

27    *parte Connor* (1940) 16 Cal.2d 701, 711.) Respondent should be directed to address only those

28    issues. (*Duvall*, at p. 475; *Board of Prison Terms v. Superior Court, supra*, 130 Cal.App.4th at

10

1    p. 1237.) Therefore, a superior court's discretion in reviewing habeas petitions does not include

2    adding a claim that the petitioner did not raise in his petition. (See *Board of Prison Terms v.*

3    *Superior Court, supra,* 130 Cal.App.4th at pp. 1235-1237.)

4         The court's concern with why the Board ordered a rehearing rather than allowing the

5    panel to re-create its decision from memory is an issue addressing the proper relief and was not

6    raised by Baker in his petition. In his petition, Baker challenges the Board's authority to have

7    held a rehearing and concludes that because the Board's actions were inconsistent with the

8    governing law and his incarceration has exceeded the relevant sentencing guidelines, he should

9    be released. (Petn. at pp. 3-3(d), Prayer for Relief.) Baker does not contend that the Board

10   should have proceeded in one manner or another, just that ordering the rehearing was

11   inconsistent with the governing law. Moreover, Baker does not contend that a re-created hearing

12   is the appropriate relief. Rather, he contends that he should be released. Thus, because Baker

13   did not raise the issue in his petition, the court improperly directed respondent to justify holding a

14   rehearing rather than having the panel re-create its decision, and the court cannot grant any relief

15   on this basis.

16   ////

17   ////

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

Return to the Order to Show Cause; Supp. Mem. of P. & A.
*In re Fred L. Baker (C-22918)*                                    Case No. HC 04990

1

## CONCLUSION

2      Baker was not deprived of any due process when the Board properly ordered that his

3 parole consideration hearing be reheard in accordance with the law. In addition, the court

4 improperly directed respondent to address an issue that Baker did not raise in his petition.

5 Accordingly, the court should deny the petition and discharge the order to show cause.

6

7 Dated: November 23, 2005                 Respectfully submitted,

8                                 BILL LOCKYER
                                Attorney General of the State of California

9                                 JAMES M. HUMES
                                Chief Assistant Attorney General

10                                 FRANCES T. GRUNDER
                                Senior Assistant Attorney General

11

12                                 ANYA M. BINSACCA
                                Supervising Deputy Attorney General

13

14

15                                 DENISE A. YATES
                                Deputy Attorney General

16                                 Attorneys for Respondent A. Kane, Acting
                                Warden at the Correctional Training Facility

17

18

19

20

21

22

23

24

25

26

27

28

Return to the Order to Show Cause; Supp. Mem. of P. & A.
*In re Fred L. Baker (C-22918)*                                 Case No. HC 04990

1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  DENISE A. YATES, State Bar No. 191073
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5531
     Fax: (415) 703-5843
8  Attorneys for Respondent A. Kane, Acting Warden at
   the Correctional Training Facility

9

10                 SUPERIOR COURT OF CALIFORNIA

11                    COUNTY OF MONTEREY

12                      SALINAS DIVISION

13

14  In re                                    NO. HC 04990

15     FRED L. BAKER,                         DECLARATION OF DANIEL
                                              MOELLER IN SUPPORT OF THE
16                         Petitioner,        RETURN TO THE ORDER TO
                                              SHOW CAUSE
17  On Habeas Corpus.

18

19      I, DANIEL MOELLER, declare as follows:

20      1.      I am employed by the California Department of Corrections and Rehabilitation.

21  Since May 2005, I have been a deputy commissioner for the Board of Parole Hearings. For

22  approximately five years before that, I was a staff counsel for the Board of Prison Terms where

23  my duties included reviewing the proposed decisions of parole consideration hearings for any

24  errors of law or fact.

25      2.      I am familiar with the Decision Review Unit's recommendation regarding the

26  seventh subsequent parole consideration hearing on September 24, 2004, for inmate Fred Baker

27  (C-22918). I signed the recommendation on behalf of the Decision Review Unit, and the then-

28  chief counsel of the Board of Prison Terms, Terry Farmer, endorsed the recommendation.

1

Decl. of Daniel Moeller in Supp. of the Return to the Order to Show Cause
*In re Fred L. Baker (C-22918)*                                    Case No. HC 04990

3.    I am also familiar with the statutes and regulations governing parole consideration decisions and the Board's mandatory review of them. When as in Baker's case, a significant portion of the transcript is unable to be transcribed, the hearing is not in accordance with the law. The victim (Pen. Code, § 3043, subd. (b)), the district attorney (*id.*, § 3042, subd. (a)), and the defendant (*id.*, § 3041.5, subd. (a)(2)) must have an opportunity to voice their opinions. The law requires that the transcript must be available to the public (Penal Code, § 3042, subd. (b)), and it must include the findings and reasons supporting the decision (*id.*, § 3042, subd. (c)). In addition, the Board (*id.*, § 3041, subd. (b)) and the Governor (*id.*, § 3041.1) must be able to competently review the panel's decision.

4.    In order to comply with the law, the appropriate remedy for such an incomplete transcript was to order the decision be disapproved and a rehearing be scheduled. (Cal. Code of Regs., tit. 15, § 2042 [including that an error of law is a basis for disapproving a decision]; Pen. Code, § 3041, subd. (b) [providing that the decision of a parole panel will not become final if upon review the Board finds that the panel made an error of law].)

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 23, 2005.



DANIEL MOELLER
Deputy Commissioner, Board of Parole Hearings

Decl. of Daniel Moeller in Supp. of the Return to the Order to Show Cause
*In re Fred L. Baker (C-22918)*

Case No. BC 04990

TOTAL P.02

Exh. L.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

FILED

DEC 23 2005

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
~~L. MORRIS~~ DEPUTY

In re                    )         HC 04990
                         )
      FRED L. BAKER      )
                         )
      On Habeas Corpus   )

---

TRAVERSE/RESPONSE TO RETURN TO
ORDER TO SHOW CAUSE; MEMORANDUM
AND POINTS AND AUTHORITIES
IN SUPPORT OF RELIEF

---

Michael Herro
Attorney at Law
134 Central Ave.
Salinas, Ca. 93901

Attorney for Petitioner

1  Michael Herro, Attorney at Law
   SBN: 233749
2  Law Office of Michael Herro
   134 Central Ave.
3  Salinas, California 93901

4  Phone and fax (831) 753-0992

5  Attorney for Petitioner

6

7                  SUPERIOR COURT OF CALIFORNIA

8                     COUNTY OF MONTEREY

9

10

11  In Re                        )    HC 04990
                                 )
12  FRED L. BAKER,               )
                                 )
13  On Habeas Corpus.            )    TRAVERSE/RESPONSE TO
                                 )    RESPONDENT'S RETURN TO ORDER
14                               )    TO SHOW CAUSE; MEMORANDUM OF
                                 )    POINTS AND AUTHORITIES IN
15                               )    SUPPORT OF RELIEF

16                         INTRODUCTION

17      On August 23, 2005 this Court ordered Respondents to show

18  cause why Petitioner should not be granted the relief sought in

19  his petition.  Specifically, Respondents were ordered to show

20  cause why any rescheduled parole hearing should not be heard by

21  the same Board members who heard the September 24, 2004 hearing,

22  with instructions to issue a decision recommending parole.

23  Petitioner was provided appointed counsel through the Alternate

24  Defender's Office of Monterey County, with above named attorney

25  receiving a copy of the O.S.C. on or around September 1, 2005.

26      Respondents had been granted an extension of time to file

27  their Return, which under the original Order to Show Cause issued

28

1  in this matter was due on September 27, 2005. Respondents

2  informed the Court in the Request for an Extension, that a

3  hearing had been rescheduled for Oct. 4, 2005 in front of the

4  same commissioners. Respondents took advantage of this Court

5  granting the extension requested by conducting a *de novo* hearing,

6  which predictably resulted in a recommendation against parole.

7  In so doing, it appears Respondents were attempting to avoid

8  justifying why Petitioner was not entitled to the relief sought.

9      On November 23, 2005, Respondent's filed their Return. This

10  Return attempts to address both the original Order to Show Cause,

11  and a subsequent order issued by this Court in response to a

12  letter from Respondents, dated October 5, 2005, in which it was

13  indicated that no response to the Request for an Extension to

14  File had been received and also requesting "that the Court advise

15  the parties if it is going to modify the Order to Show Cause,

16  namely, whether Respondent should still address why inmate

17  Baker's should not be heard by the same Board members with

18  instructions to issue a decision recommending parole."

19  Essentially this request to "modify" the O.S.C. was Respondent

20  asking the Court if they are still required to show cause why

21  Petitioner was not entitled to relief, because they had taken

22  steps not to provide the requested remedy but rather designed to

23  avoid having to answer to the Court. Further, despite

24  Respondents asking the Court to issue an order based on their

25  request, respondent suggest in their Return that the Court had no

26  authority to question why they proceeded in a manner wholly

27  inconsistent with the Court's original order. (Please see the

28  transcript from the Oct. 4, 2005, hearing, attached to the Return

1  as Exhibit 6, in which it is stated that the proceeding is a

2  "rehearing" pursuant to a court order [pg. 1, lines 20-27 and

3  pg. 2, lines 1-22], yet they clearly do not proceed in accordance

4  with that order as they conducted a *de novo* hearing, including

5  admittedly different testimony from the victim [starting at pg.

6  28, line 12] and new argument from the D.A. [starting at pg.

7  15]).

8      Petitioner was given until December 16, 2005 to file a

9  Traverse in this matter.  A one week Extension of time to file

10 was requested and granted, making the Travers due by December 23,

11 2005.

12     This Traverse/Response is submitted to present additional

13 facts in support of the claims on which the Order to Show Cause

14 was issued.  It hereby incorporates by reference the Petition for

15 Writ of Habeas Corpus, exhibits attached thereto, and the other

16 pleadings filed in this matter, and the attached Memorandum of

17 Points and Authorities, in support of its motion that this Court

18 grant the relief requested.

19

20                    DENIALS AND EXCEPTIONS

21     1.  Petitioner contest and takes exception to the Return, in

22 that paragraphs 8 through 11 fail to affirmatively state facts

23 that contradict the factual allegations in the Petition for Writ

24 of Habeas Corpus.  Specifically, the above cited paragraphs deal

25 with matters not addressed in the Petition, making them non-

26 responsive, and thereby irrelevant, as responses to the factual

27 allegations in the Petition.

28     2.  Petitioner denies and takes exception to the portion of

1  paragraph one that alleges his custody is lawful and proper.

2      3.  Petitioner admits that paragraphs 2 through 7 are

3  factually accurate based on the record.

4      4.  Respondent takes exception to paragraph 12 of the Return

5  in that it alleges the September 24, 2004 hearing was unable to

6  be transcribed.  Nowhere in the transcriber's declaration does

7  she indicate any problem with transcribing the one tape provided

8  to her, nor is there anything within the declaration of Daniel

9  Moeller, indicating that he ever consulted with the transcriber

10 regarding either the presence of or the malfunctioning of a

11 second tape.  ( See Exhibit 2 of Return, pg. 84, lines 3-4 and

12 Exhibit 4 of the Return) The issue that must be addressed is in

13 regard to the apparently missing second tape, which was never

14 presented to the transcriber.  (See Exhibit 2 of the Return, pg.

15 84 indicating "no further tapes were received for

16 transcription").

17     5.  Petitioner admits that paragraph 13 of th Return is

18 true.

19     6.  Petitioner admits the factual information in paragraph

20 14 of the Return, but takes exception to ~~the~~ any suggestion that

21 the Oct. 4, 2005 hearing, and the result reached therein, should

22 impact his request for relief based on the inequities that

23 occurred subsequent to the September 24, 2004 hearing.

24     7.  Petitioner denies and takes exception to paragraph 15 of

25 the Return.

26     8.  Petitioner denies and takes exception to paragraph 16 of

27 the Return, as it suggests that a parole hearing decision is not

28 in accordance with the law unless a complete transcript is made.

1    To the contrary, the decision made at the September 24, 2004

2    hearing was in accordance with the law.  Petitioner was given the

3    opportunity to be heard, as were the victim and others, a written

4    statement setting forth the recommendation of parole was

5    generated, as were documents regarding the condition of release

6    and consequences for failure to meet those conditions.

7        9.  Petitioner denies and takes exception to paragraph 17 of

8    the Return, in that it alleges that the Board properly ordered

9    that the September 24, 2004 decision be disapproved and a new

10   hearing be rescheduled.  Such action is the basis of the petition

11   in this matter.

12       10.  Petitioner denies and takes exception to paragraph 18

13   of the Return in that it alleges that ordering of rehearing was

14   not in violation of Petitioner's due process rights.

15   Respondents's cannot carry their burden of establishing a record

16   that would support their position.

17       11.  Petitioner denies and takes exception to paragraph 19

18   of the Return, in that it states this Court is without the power

19   and authority to direct Respondent to justify the need for a *de*

20   *novo* hearing, rather that having the panel recreate their prior

21   decision from the transcript and their own recollection.  Case

22   law provides that the Superior Court has the power to re-state

23   inartfully drafted claims for the purpose of clarity.  Aside from

24   that, this Court clearly has authority to direct the Respondents

25   to justify their action in response to a request by Respondents

26   themselves asking that they not be required to do so.

27       12.  Except as expressly admitted in this Traverse,

28   Petitioner denies and takes exception to each and every

1   allegation contained in the Return.

2        THEREFORE, the Petition for Writ of Habeas corpus should be

3   granted, and the Respondents be ordered to release Petitioner

4   forthwith.

5

6   Dated: December 23, 2005                    Respectfully Submitted,

7

8                                              Michael Herro

9                                              Michael Herro

10                                             Attorney for Petitioner

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF RELIEF

I

**RESPONDENTS FAILED TO ADDRESS THE FACTUAL ALLEGATION OF THE PETITION THAT FORMED THE BASIS OF PETITIONER'S CLAIM AND MISSTATED THE FACTS AS SET FORTH THEREIN**

The error of law that the Respondents keep reiterating is misstating the facts as stated in the factual allegations of the habeas corpus. From the very beginning, Petitioner has held the position that there was never a malfunctioning of the recording equipment, but rather, a second tape that is missing. Respondents had the burden of establishing the record. Thus, it is important to note that it was Respondent, rather than Petitioner, who failed to record the "Decision" portion of the hearing as required by Penal Code § 3042.

Respondents had clearly mandated available remedies to avail themselves of what they're now labeling as an error of law. See (Penal Code § 3041(b) and Cal. Code of Regs., tit. 15, § 2254.) It is through these remedies that Respondents were able to ascertain a written summary of the evidence considered, the evidence relied on, and the findings of the hearing panel with supporting reasons. Therefore, making the record available to the public, and preserving the Board and Governor their statutory right to review the parole grant. Consequently, addressing the concerns of Penal Code § 3042, subds. (b) & (c). Respondents failed to address this apparent inequity in their Informal Response, and continue to do so in the present Return.

The habeas procedure as stated in the Penal Code contemplates the custodian of the confined person shall file a responsive

1  pleading called a return.  Accordingly, the California Supreme

2  Court has required more of the return than mere compliance with the

3  literal language of section § 1480; the Court requires the return

4  to "allege with facts tending to establish the legality of

5  petitioner's detention."  See In re Sixto, (1989) 48 Cal.3d 1247,

6  1252; "The return ... must allege facts establishing the legality

7  of the petitioner's custody."  See People v. Romero, (1994) Cal.4th

8  728; "return must allege facts."  See In re Lawler, (1979) 23

9  Cal.3d 190, 194.  The Court further noted:

10      "The requirement that the return allege facts responsive to the
        petition is critical, for the factual allegations in the return

11      are either admitted or disputed in the traverse and this
        interplay frames the factual issues that the court must decide.

12      Facts set forth in the return that are not disputed in the
        traverse are deemed true."

13

14  See People v. Duvall, (1995) 9 Cal.4th 464 (citing Lawler, supra,

15  23 Cal at p. 194).

16      In the present case, Respondents filed a return that did not

17  dispute the material facts alleged by Petitioner.  Accordingly,

18  this Court must find that Respondent is deemed to admitted those

19  material factual allegations that they've failed to dispute.  See

20  Sixto, supra, 48 Cal.3d at 1252.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

II

PURSUANT TO PENAL CODE SECTION 3041(b) AND THE CALIFORNIA
CODE OF REGULATIONS TITLE 15,    DIVISION TWO,    SECTION(S)
2041, 2042, 2044 AND 2451, THE BOARD OF PAROLE HEARINGS
HAS LOST JURISDICTION TO PRESIDE OVER PETITIONER'S PAROLE
APPLICATION

A.    Governing Statute

Penal Code § 3041(b) provides in pertinent part:

"a decision of the parole panel 'finding an inmate suitable for parole
shall become final within 120 days of the date of the hearing. During
that period, the baord may review the panel's decision.    The panel's
decision shall become final ... unless the board finds that the panel
made an error of law, or that the panel's decision was based on an
error of fact, or that new information should be presented to the
board, any of which when corrected or considered by the board has
a substantial likelihood of resulting in a substantially different
decision upon a rehearing.    In making this determination, the board
shall consult with the commissioners who conducted the parole
consideration hearing."

B.    Governing Regulations 2/

Board regulations defining the time and manner in which
suitability determinations are to be reviewed, disapproved or
rescinded are set forth in four sections.

1)    Mandatory Time-Limits

Section 2041, establishes that a reconsideration panel shall,
within a maximum period of twenty days or a board review committee
shall, within a maximum period of 60 days from the date of the
hearing:

"(i) affirm the original proposed decision, (ii) order a new
hearing, or (iii) modify the decision without a new hearing."

(subd. (d)1 & 2), and in the event of an en banc referral "the full
board shall review within a maximum period of forty-five days from
the date of the hearing any proposed decision referred by a member of
the hearing panel who requested the full board to consider the case." 2044.

_____

2. At the time Petitioner was found suitable for parole, the language cited
by the Deputy Attorney General was not part of Cal. Code of Regs., tit. 15, §§
2041, 2042.    Thus, it's not applicable to the issues befcre the Court.

2)  Specified Criteria

Section 2042 provides the criteria for disapproval of a decision, which include:

> "clerical errors, apparent inconsistency of result from results generally obtained for the same or similar cases, incorrect application of the law (statutes or regulations), a decision not supported by the findings, findings not supported by the evidence on the record, or a unique or unusual policy issue posed by the proposed decision",

and section 2451 identifies conduct upon which "good cause" for rescission must be premised, including:

> "(1) any disciplinary conduct subsequent to the parole grant, (2) psychiatric deterioration of the prisoner, (3) fundamental errors occurred, resulting in the improvident granting of a parole date, and (4) new information indicating parole should not occur, such as an inability to meet a special condition of parole, information significant to the original grant of parole being fradulently with-held from the board."

C.  Standard of Review

This Court is "authorized to review the factual basis of a decision of the Board denying parole in order to ensure that the decision comports with the requirements of due process of law." See In re Rosenkrantz, (2002) 29 Cal.4th 616, 677.

> "[I]n conducting such a review, the court may require only whether some evidence in the record before the Board supports the decision to deny parole, based upon the factors specified by statute and regulations. If the decision's consideration of the specified factors is not supported by some evidence in the record and thus is devoid of factual basis, the court should grant the prisoner's petition for writ of habeas corpus and should order the Board to vacate its decision denying parole and thereafter to proceed in accordance with due process of law."

Id. at 658.  "To impose a standard of review that is less stringent than the 'some evidence' test set forth in Powell [45 Cal.3d 894] would permit the Board to render a decision without any basis in fact.  Such a decision would be arbitrary and capricious, thereby depriving the prisoner of due process of law."  Id. at 657-58.

1    Judicial oversight must be extensive enough to protect the

2   limited right of parole applicants "to be free from an arbitrary

3   parole decision ... and to something more than mere pro forma

4   consideration." See In re Sturm, (1974) 11 Cal.3d 258, 268.

5    In the context of parole, the requirements of due process

6   are satisfied if "some evidence" supports the decision.  See

7   McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002).  Moreover,

8   in accordance with the United States Supreme Court's decision

9   in Superintendent v. Hill, 475 U.S. 445, 86 L.Ed.2d 356, 105 S.Ct.

10  2768 (1985) and the Ninth Circuit's decision in Jancsek v. Oregon

11  Bd. of Parole, 883 F.2d 1389 (9th Cir. 1987), the California

12  Supreme Court has indicated that there must be "some evidence"

13  supporting parole rescission.  See Powell, supra, 45 Cal.3d at 904.

14   In this Court, Respondents had placed their "some evidence"

15  claim in a significantly different posture because none of the

16  evidence supporting "good cause" was presented as in other courts

17  (E.g., Caswell, McQuillion, Powell, Rosenkrantz).  Additionally,

18  in bold contrast to the California Supreme Court's recent opinion

19  in In re Dannenberg, (2005) 34 Cal.4th 1061, Respondents overturned

20  and ordered reheard the granting panel's finding of suitability

21  simply by failing to locate and transcribe the "[missing] tape"[3/]

22  (Ex. 2, p. 84:3-4) or take advantage of the alternative remedies.

23   Because the time already served by Petitioner is in gross

24  excess of the established guidelines for his commitment offense,

25  his continued incarceration further advances the "excessive

26  confinement" threshold that the Supreme Court has held to violate

27  3.  By way of example, Petitioner request this Court to take Judicial Notice
    of In re FREDDY FIKES, (B-65105), as the proceeding plainly governs the situation
    in this case.  See Appendix B; BPT-1000(a)  Denial-Worksheet attached hereto.

28  The decision worksheet applicable to the present case is attachment Appendix A.

the cruel and unusual punishment clause (art. I, § 17) of the California Constitution.  See In re Rodriguez, (1975) 14 Cal.3d 639, 646-656.

III

AFTER PETITIONER SUCCESSFULLY CONTROVERTED THE FACTUAL INFORMATION SUBMITTED WITH RESPONDENTS' INFORMAL RESPONSE, THE COURT PROPERLY DIRECTED RESPONDENTS TO ADDRESS THE CLAIM RAISED IN THE PETITION ON WHICH THE ORDER TO SHOW CAUSE WAS ISSUED.

The goal of the procedures that govern habeas corpus is to provide "a framework in which a court can discover the truth and do justice in a timely fashion."  See Board of Prison Terms v. Superior Court, (2005) 31 Cal.Rptr.3d 70, 90 (citing People v. Duvall, supra, 9 Cal.4th at 482.)  Thus, when presented with a petition for writ of habeas corpus, the court evaluates it by asking "whether, assuming the petitioner's factual allegations are true, the petitioner would be entitled to relief?"  See Romero, supra, 8 Cal.4th at 738.

If the court finds that the petition states a prima facie case, "the Court is obligated by statute to issue a writ of habeas corpus."  See Romero, supra, 8 Cal.4th at 737; Duvall, supra, 9 Cal.4th at 474.  In crafting the Order to Show Cause the Court has the power to "explain its preliminary assessment of the petitioner's claims, re-state inartfully drafted claims for the purposes of clarity, and limit the issues to be addressed in the return to only those issues for which a prima facie showing has been made."  See Board of Prison Terms v. Superior Court, supra, 31 Cal.Rptr.3d at 89-90.  Once the Court has decided that habeas

1    relief is warranted, "it authorizes the court to fashion a remedy

2    for the deprivation of any fundamental right which is cognizable on

3    habeas corpus." <u>See Board of Prison Terms v. Superior Court</u>,

4    supra, 31 Cal.Rptr.3d at 87.

5        In fashioning a remedy for the apparent inequity Petitioner

6    suffered at the hands of Respondents, the Court noted that

7    Respondents' Informal Response failed to "discuss several important

8    issues, including: 1) when Petitioner's rescheduled hearing is set

9    to occur, 2) whether the same Board members will preside over the

10   rescheduled hearing and 3) whether the rescheduled hearing will

11   involve a de novo review of Petitioner's suitability for parole or

12   simply a review of the decision." OSC, page 1:20-25.   The Court

13   then summarized that "the most equitable solution would be to

14   reschedule the hearing before the same Board members with

15   instructions to adopt the existing transcript from the former

16   hearing and recreate their Decision to recommend parole based on

17   that transcript and their independent recollection.   Accordingly,

18   Respondent is Ordered to Show Cause why Petitioner should not be

19   granted the relief sought in his Petition.   Specifically,

20   Respondent is Ordered to Show Cause why any rescheduled hearing

21   should not be heard by the same Board members with instructions

22   to issue a Decision recommending parole." OSC, page 2:3:13.

23       After Petitioner was found unsuitable for parole, by the same

24   Board members at the October 4, 2005, hearing, involving a de novo

25   review, the Court denied Respondents' request that the Court

26   modify its Order to Show Cause and indicated that "the Court

27   remains interested in Respondent's position as to why a de novo

28   hearing (one which appears to have reached a different conclusion)

1  was necessary to correct Respondent's failure to properly record

2  the September 24, 2004, hearing."

3      In its answer, Respondents note "relying on the partial

4  transcript or re-creating it based on the panel's recollection is

5  inconsistent with public policy. Such a reliance is perverse

6  considering that the paramount concern when determining whether

7  someone is suitable for parole 'is ensuring public safety."

8  Objections, page 9:11-14. Respondents neglect to mention in their

9  objections that the Board has prescribed a rule that governs the

10  Court's equitable solution, in which Respondents rely on the

11  partial transcript and adopts the panel's decision and reasoning

12  for the decision from an alternative source. See Appendix B.

13      Further, Respondents offers no evidence to show that Petitioner

14  has become an unreasonable risk of danger or risk to public safety

15  since his finding of suitability. See Caswell, supra, 92 Cal.App.

16  4th at 1027 (holding that "a rescission may not be upheld merely

17  because the Board has mouth words that have been held to

18  constitute 'cause' for rescission. There must be a factual under-

19  pinning for the Board's determination cause.")

20      Finally, Respondents conclude that "the court's concern with why the Board

21  ordered a rehearing rather than allowing the panel to re-create its

22  decision from memory is an issue addressing the proper relief

23  and ... because [Petitioner] did not raise the issue in his

24  petition, the court improperly directed respondent to justify

25  holding a rehearing rather than having the panel re-create its

26  decision, and the court cannot grant any relief on this basis."

27  Objections, page 11:4-15.

28      Respondents err. The fundamental nature of the Due Process

1   claim is based on the fact that the Board of Parole Hearings
2   rescinded its September 24, 2004, finding that Petitioner was
3   suitable for parole based solely on the fact that the Board lost
4   the decision portion of the transcript from the hearing has not
5   changed.

6        Certainly new details arose during the discovery portion of
7   this matter.  For example, we learned that the rescheduled hearing
8   was set to be held on October 4, 2005, in front of the same
9   commissioner and deputy commissioner who conducted the September
10  24, 2004 suitability hearing.  But none of the new facts developed
11  in discovery fundamentally altered the facts alleged in petition or
12  claims made before the Court.  Accordingly, the Court has properly
13  directed Respondents to address the claims raised in the petition,
14  and can grant the relief requested.

15

16

17                          CONCLUSION
18       In closing, Petitioner would simply like to emphasize, it has
19  been over a year since his finding of suitability and nothing has
20  changed from the time of the parole grant to indicate that parole
     should not occur.

21       While it is most certainly within this Court's discretion to
22  remand back to the Board, it is note-worthy to point out that
23  Respondents have had many opportunities to avail themselves of
24  available remedies, including the remedy fashioned by this Court,
25  but failed to do so.  Given the fact that Respondents take the
26  position that the "equitable relief contemplated by the court
27  would be futile."  Objections, page 9:24.  There is no reason to
28  remand back to the Board.

1    In a somewhat analogous situation, the California Court of

2   Appeals declined to remand to the Governor, The Court explained:

3       "Although the Board can give a prisoner a new hearing and
     consider additional evidence, the Governor's constitutional
4   authority is limited to review of the materials provided by the
     Board.  Since we have reviewed the materials that were before the
5   Board and found no evidence to support a decision other than the
     one reached by the board, a remand to the Governor in this case
6   would amount to an idle act." (In Re Smith, (2003) 109
     Cal.App.4th 489,507).
7

8    In the absence of any evidence in the record supporting the

9   Board's decision, remanding the case for a new hearing would be

10  futile, and the appropriate remedy is to grant the release of

11  Petitioner.  (McQuillion v. Duncan II (9th Cir., 2003) 342 F.3d

12  1012, 1015-1016).

13   Respondents have not cited any evidence, nor provided

14  convincing argument refuting the points made in the Petition and

15  outlined in Petitioner's previously filed informal response.

16  They fail t o address or justify their position in light of the

17  order to Show Cause.  Thus, the Court should grant the Petition

18  and order Respondents to release Petitioner from incarceration

19  forthwith.

20

21  Dated: December 23,2005

                                      Respectfully Submitted,

22

23

24  _____

     Michael Herro

25  Attorney for Petitioner

26

27

28

Exh. M.

1  Michael Herro, Attorney at Law
   SBN: 233749
2  Law Office of Michael Herro
   134 Central Ave.
3  Salinas, California 93901

4  Phone and fax (831) 753-0992

5  Attorney for Petitioner Fred L. Baker

FILED

JUL 10 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY

6

7              SUPERIOR COURT OF MONTEREY COUNTY

8               IN AND FOR THE STATE OF CALIFORNIA

9

10

11
   IN RE                        )    HC 04990
12 FRED L. BAKER                )
   ON HABEAS CORPUS             )    AMENDED/SUPPLEMENTAL
13                              )
                                )    PETITION AND ATTACHMENTS
14                              )
                                )    Dept. 9- Judge Anderson
15                              )
                                )
16                              )

17

18      On June 5, 2006 an Order was issued by this Court granting

19 leave to Petitioner to file a supplement or amendment to his

20 original petition by addressing certain facts that in the

21 Court's view had not been raised expressly or implicitly in the

22 original petition and pleadings filed in this matter.  The

23 Order stated any supplement or amendment be filed within 30

24 days of issuing the Order.  It was mailed to counsel for

25 Petitioner.  The Order was received on or about June 8, 2005.

26 Based on receiving service by mail, under C.C.P. 1013, this

27 amended/supplemental petition was to be filed within 35 days

28

1  from the date the Order issued.

2      Specifically, the Court gave Petitioner leave to address

3  whether the Board of Prison Terms lost jurisdiction to preside

4  over parole suitability hearings held subsequent to the

5  challenged September 24, 2004 hearing, pursuant to Penal Code

6  sections 3041(b), 2041, 2042 and 2451.  Further, the Court

7  invited Petitioner to attach the following to any supplement or

8  amendment to the petition; 1.) the Board's written statement

9  recommending that parole be granted, 2.) forms and documents

10 generated and used by the Board in connection with Petitioner's

11 hearing, and 3.) a further declaration in which Declarant

12 properly authenticates and identifies documents referred to in

13 his declaration.  The declaration referred to above is that of

14 Freddy Fikes, another inmate who was involved in a situation

15 were a portion of his parole suitability hearing was not tape

16 recorded, but a *de novo* rehearing wasn't necessary because the

17 Board could rely on certain documents produced as part of the

18 hearing in making their decision whether to grant or deny

19 parole.

20

21 AMENDMENT OF ORIGINAL PETITION TO INCLUDE CLAIM THAT BOARD LOST

22    JURISDICTION TO PRESIDE OVER "REHEARING" OF THE PAROLE

23 SUITABILITY HEARING CONDUCTED ON SEPTEMBER 24, 2004 BECAUSE OF

24 TIME LIMITS SET BY PENAL CODE SECTION 3041(B) AND CALIFORNIA

25 CODE OF REGULATIONS, TITLE 15, DIVISION TWO, SECTIONS 2041,

26                2042, 2044 AND 2451.

27     Petitioner hereby request that the above claim be amended

28 to and included as part of original petition for Habeas Corpus

1  filed in this matter on Jan. 27, 2005, as an additional ground

2  on which to base the Petitioner's claim for relief.

3      Petitioner was found suitable for parole following a full

4  hearing conducted on September 24, 2004.  On November 30, 2006

5  the Decision Review Unit recommended that the 9/24/2004

6  decision be disapproved and that a rehearing be conducted on

7  the matter on the next available calender.  Then, on December

8  14, 2004, the Board of Prison Terms voted disapprove of the

9  proposed decision to grant parole.

10      These actions were taken despite the time limits

11  delineated in 15 CCR 2041, and the other sections cited above,

12  and therefore were taken at a time when both the Decision

13  Review Unit and the Board of Prison Terms had lost jurisdiction

14  over the matter.  The Traverse filed in this matter fully

15  addresses the statutory time limits referred to above,

16  appearing as section "II"; and is hereby incorporated by

17  reference.  Petitioner respectfully request the Court consider

18  the legal citations and argument in the above mentioned

19  pleading as support for the above claim.

20                          ATTACHMENTS

21      As previously stated, through the Order issued by the

22  Court on June 5, 2006, Petitioner was granted leave to attach

23  to this amended/supplemental petition certain documents.

24      Accordingly, the following have been attached;

25  1.  "The Board's written statement recommending that parole be

26  granted."

27      Attached as Exhibit A to this amended/supplemental

28  petition is BPT Form 1001, generated and signed at the

1  September 24, 2004 hearing, a copy of which was obtained by
2  Petitioner from his Central File, which is kept at Correctional
3  Training Facility-Soledad, where he is incarcerated.
4  2.  "Forms and documents generated and utilized by the Board in
5  connection with Petitioner's (Sept. 24, 2004) hearing."
6     Petitioner and his counsel made attempts to obtain
7  documents relevant to the above mentioned materials,
8  specifically the BPT 1000(b)[Setting a Term-Life Prisoner
9  Parole Granted] form that was generated as a result of
10 Petitioner's 9/24/2004 hearing.  an informal request made by
11 Petitioner's counsel that any such "forms and documents" be
12 provided, pursuant to the Court's 6/5/2006 Order was made on or
13 around June 23, 2006.  Counsel for the Respondents replied by
14 a two-page letter, dated June 28, 2006, which has been attached
15 to this amended/supplemental petition as Exhibit B.
16    The Petitioner himself also made efforts to obtain such
17 forms and documents through the prison where he is
18 incarcerated.  A declaration by Petitioner, [which includes its
19 own exhibits, numbered 1-4], has been attached to this
20 amended/supplemental petition as Exhibit C.
21    Based on the above, Petitioner request that the Court
22 order Respondent to produce for review by both the Petitioner
23 and the Court the BPT 1000(b) form referenced above and any
24 other "forms and documents" that might be attached by
25 Petitioner in response to the Court's 6/5/2006 Order.
26 3.  "A further declaration in which Declarant (Freddy Fikes)
27 properly authenticates and identifies the documents to which he
28 refers."

1    A declaration from Mr. Freddy Fikes, [with it's own

2  exhibits, labeled, by Declarant, Appendix B(2)(3) and (4)] has

3  been attached to this amended/supplemental petition Exhibit D.

4

5  Dated: July 10, 2006        Respectfully Submitted,

6                              Michael Herro

7                              Michael Herro, Attorney for Petitioner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exh N

Exh O.

1  Michael Herro, Attorney at Law
   SBN: 233749
2  Law Office of Michael Herro
   134 Central Ave.
3  Salinas, California 93901

4  Phone and fax (831) 753-0992

5  Attorney for Petitioner Fred L. Baker

6

7

8

9

10

11

12

13

14

15

16

17

**FILED**

JUL 1 0 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
X. W.         DEPUTY
~~X. Manson~~

SUPERIOR COURT OF MONTEREY COUNTY

IN AND FOR THE STATE OF CALIFORNIA

IN RE                        )    HC 04990
FRED L. BAKER                )
**ON HABEAS CORPUS**         )    AMENDED/SUPPLEMENTAL
                             )
                             )    PETITION AND ATTACHMENTS
                             )
                             )    Dept. 9- Judge Anderson
                             )
                             )
                             )
                             )

18      On June 5, 2006 an Order was issued by this Court granting

19  leave to Petitioner to file a supplement or amendment to his

20  original petition by addressing certain facts that in the

21  Court's view had not been raised expressly or implicitly in the

22  original petition and pleadings filed in this matter.  The

23  Order stated any supplement or amendment be filed within 30

24  days of issuing the Order.  It was mailed to counsel for

25  Petitioner.  The Order was received on or about June 8, 2005.

26  Based on receiving service by mail, under C.C.P. 1013, this

27  amended/supplemental petition was to be filed within 35 days

28

1  from the date the Order issued.

2    Specifically, the Court gave Petitioner leave to address

3  whether the Board of Prison Terms lost jurisdiction to preside

4  over parole suitability hearings held subsequent to the

5  challenged September 24, 2004 hearing, pursuant to Penal Code

6  sections 3041(b), 2041, 2042 and 2451. Further, the Court

7  invited Petitioner to attach the following to any supplement or

8  amendment to the petition; 1.) the Board's written statement

9  recommending that parole be granted, 2.) forms and documents

10  generated and used by the Board in connection with Petitioner's

11  hearing, and 3.) a further declaration in which Declarant

12  properly authenticates and identifies documents referred to in

13  his declaration. The declaration referred to above is that of

14  Freddy Fikes, another inmate who was involved in a situation

15  were a portion of his parole suitability hearing was not tape

16  recorded, but a *de novo* rehearing wasn't necessary because the

17  Board could rely on certain documents produced as part of the

18  hearing in making their decision whether to grant or deny

19  parole.

20

21  AMENDMENT OF ORIGINAL PETITION TO INCLUDE CLAIM THAT BOARD LOST

22    JURISDICTION TO PRESIDE OVER "REHEARING" OF THE PAROLE

23  SUITABILITY HEARING CONDUCTED ON SEPTEMBER 24, 2004 BECAUSE OF

24  TIME LIMITS SET BY PENAL CODE SECTION 3041(B) AND CALIFORNIA

25  CODE OF REGULATIONS, TITLE 15, DIVISION TWO, SECTIONS 2041,

26    2042, 2044 AND 2451.

27    Petitioner hereby request that the above claim be amended

28  to and included as part of original petition for Habeas Corpus

1 filed in this matter on Jan. 27, 2005, as an additional ground

2 on which to base the Petitioner's claim for relief.

3     Petitioner was found suitable for parole following a full

4 hearing conducted on September 24, 2004. On November 30, 2006

5 the Decision Review Unit recommended that the 9/24/2004

6 decision be disapproved and that a rehearing be conducted on

7 the matter on the next available calender. Then, on December

8 14, 2004, the Board of Prison Terms voted disapprove of the

9 proposed decision to grant parole.

10     These actions were taken despite the time limits

11 delineated in 15 CCR 2041, and the other sections cited above,

12 and therefore were taken at a time when both the Decision

13 Review Unit and the Board of Prison Terms had lost jurisdiction

14 over the matter. The Traverse filed in this matter fully

15 addresses the statutory time limits referred to above,

16 appearing as section "II", and is hereby incorporated by

17 reference. Petitioner respectfully request the Court consider

18 the legal citations and argument in the above mentioned

19 pleading as support for the above claim.

20                   <u>ATTACHMENTS</u>

21     As previously stated, through the Order issued by the

22 Court on June 5, 2006, Petitioner was granted leave to attach

23 to this amended/supplemental petition certain documents.

24     Accordingly, the following have been attached;

25 1. "The Board's written statement recommending that parole be

26 granted."

27     Attached as Exhibit A to this amended/supplemental

28 petition is BPT Form 1001, generated and signed at the

1  September 24, 2004 hearing, a copy of which was obtained by
2  Petitioner from his Central File, which is kept at Correctional
3  Training Facility-Soledad, where he is incarcerated.
4  2.  "Forms and documents generated and utilized by the Board in
5  connection with Petitioner's (Sept. 24, 2004) hearing."
6       Petitioner and his counsel made attempts to obtain
7  documents relevant to the above mentioned materials,
8  specifically the BPT 1000(b)[Setting a Term-Life Prisoner
9  Parole Granted] form that was generated as a result of
10  Petitioner's 9/24/2004 hearing.  an informal request made by
11  Petitioner's counsel that any such "forms and documents" be
12  provided, pursuant to the Court's 6/5/2006 Order was made on or
13  around June 23, 2006.  Counsel for the Respondents replied by
14  a two-page letter, dated June 28, 2006, which has been attached
15  to this amended/supplemental petition as Exhibit B.
16      The Petitioner himself also made efforts to obtain such
17  forms and documents through the prison where he is
18  incarcerated.  A declaration by Petitioner, [which includes its
19  own exhibits, numbered 1-4], has been attached to this
20  amended/supplemental petition as Exhibit C.
21      Based on the above, Petitioner request that the Court
22  order Respondent to produce for review by both the Petitioner
23  and the Court the BPT 1000(b) form referenced above and any
24  other "forms and documents" that might be attached by
25  Petitioner in response to the Court's 6/5/2006 Order.
26  3.  "A further declaration in which Declarant (Freddy Fikes)
27  properly authenticates and identifies the documents to which he
28  refers."

1       A declaration from Mr. Freddy Fikes, [with it's own

2   exhibits, labeled, by Declarant, Appendix B(2)(3) and (4)] has

3   been attached to this amended/supplemental petition Exhibit D.

4

5   Dated: July 10, 2006    Respectfully Submitted,

6   *Michael Herro*

7       Michael Herro, Attorney for Petitioner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit N.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

In re                                    ) Case No.: HC 4990
                                         )
    Fred L. Baker (C-22918)              ) ORDER
                                         )
        On Habeas Corpus.                )

Petitioner brought a writ of habeas corpus in which he contends that The Board of Prison Terms violated his right to Due Process by rescinding its September 24, 2004 parole suitability finding. The sle reason for the Board's rescission was that a portion of the parole suitability hearing was not transcribed. Only a partial transcript could be obtained either because the tape recorder malfunctioned or because the Board only provided one of two hearing tapes for transcription. Petitioner argues that he should not be punished for the Board's failure to operate its recording equipment or failure to ensure that all hearing tapes were submitted for transcription.

Subsequent to the filing of the writ, the Board conducted a *de novo* hearing before the original hearing panel. The panel then reversed its previous finding of suitability. Petitioner now avers that a proper record could have been made without conducting a *de novo* hearing. This claim was neither expressly nor implicitly raised in the habeas petition, as it was entirely unknown at the time the writ was filed what process would be undertaken by the Board to remedy the Board's error.

The Court issued an Order to Show Cause, noting that Penal Code section 3042(b)[1] places the duty on the Board, not the inmate, to record and transcribe parole suitability

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

1

1    hearings. The Court ordered Respondent to show cause why any rescheduled hearing should

2    not be before the same Board members with instructions to issue a Decision recommending

3    parole, and to address the apparent inequity created by Respondent's interpretation of the law.

4    In the Court's view, the most equitable solution involved (1) the adoption by panel members of

5    the existing transcript and the documents created or relied upon by the Board at the hearing,

6    and (2) a recreation of the panel's Decision based upon the transcript and documents, together

7    with the independent recollections of panel members.

8         Respondent defended the Board's actions as proper, arguing that Sections 3041(b),

9    3041.1, and 3042(b)-(c) require that all portions of a suitability hearing be transcribed to ensure

10   that the Governor is not deprived of his statutory right to review a grant of parole. In this,

11   Respondent errs. The sections cited by Respondent merely provide a process for the review of

12   a parole hearing decision. No mandate is set forth requiring a rehearing where, as here, the

13   recording equipment malfunctions or staff simply neglects to produce all tapes for

14   transcription. A hearing record is sufficient for purposes of review whether it be made by

15   transcript or *written summary*. "A record (a verbatim transcript, tape recording or written

16   summary) shall be made of all hearings. The record of hearing shall include *or incorporate by*

17   *reference* the evidence considered, the evidence relied on, and the findings of the hearing panel

18   with supporting reasons." 15 CCR sec. 2254 (emphasis added).

19        Respondent failed to analyze or discuss the relevant equities of the matter, asserting that

20   "the court improperly directed Respondent to justify holding a rehearing rather than having the

21   panel recreate its decision . . . ." It is the function of the court to discover the truth of factual

22   allegations set forth by a petitioner, and to provide justice by fashioning a remedy where the

23   petitioner has stated a *prima facie* case. *Board of Prison Terms v. Superior Court* (2005) 130

24   Cal.App.4[th] 1212. A court is not constrained in its crafting of an appropriate remedy simply

25   because an action has been inartfully pled. Nevertheless, a court's power under Section 1484

2

1    "to do and perform all other acts and things necessary to a full and fair hearing and

2    determination of the case" is limited. Pen. Code sec. 1484. "The superior court's power under

3    section 1484 does not authorize the court to consider new claims not expressly or implicitly

4    raised in the original habeas petition or supported by the factual allegations in the original

5    habeas petition unless those claims have been asserted in a supplemental habeas petition filed

6    with the permission of the court." *Id.*, at pp. 1238-39 (emphasis added).

7           Petitioner filed his Traverse/Response, a motion to amend the Traverse/Response, and a

8    Request for Judicial Notice. Respondent filed an opposition and objection, and Petitioner filed

9    his response thereto. Petitioner asserts that the Decision granting parole was in accordance

10   with the law, even if the hearing transcript is incomplete. Petitioner maintains that he, the

11   victim and others were given an opportunity to be heard, and that "a written statement setting

12   forth the recommendation of parole was generated, as were documents regarding the condition

13   of release and consequences for failure to meet those conditions." The Court notes that the

14   California Department of Corrections and Rehabilitation (CDCR) generates specific forms

15   utilized by the Board during parole consideration hearings, including BPT Form 1000(a) [Life

16   Prisoner Parole Consideration Worksheet], Form 1000(b) [Setting a Term-Life Prisoner Parole

17   Granted], and Form 1005 [Life Prisoner: Parole Consideration Proposed Decision]. DOM sec.

18   74040.5.3 ("Required BPT Forms (Life Cases)"). It is mandated that the forms be prepared

19   prior to the hearing and utilized during the hearing. DOM secs. 74040.5.3, 74040.5.4.

20          Petitioner requests that the Court take judicial notice of blank BPT worksheets (BPT

21   Forms 1000(a)-(b) used by Board members during the hearings to justify their decision to grant

22   or deny parole. Judicial notice may be taken of facts and propositions which are not reasonably

23   subject to dispute and are subject to immediate and accurate determination through sources of

24   reasonably undisputable accuracy. Evid. Code sec. 452(h). A court must take judicial notice

25   of such matters if the requesting party provides sufficient notice to the adverse party, and

3

1    furnishes the court with sufficient information to comply with the party's request. Evid. Code

2    sec. 453. Here, the forms subject to the request are promulgated and utilized by Respondent,

3    and appear to be blank copies of documents which the Board was required to utilize during

4    Petitioner's initial hearing. DOM secs. 74040.5.3, 74040.5.4. The documents bear BPT Form

5    numbers 1000(a) and 1000(b), respectively. Respondent does not dispute the existence or

6    accuracy of these forms. Accordingly, the Court takes judicial notice of the blank BPT Forms

7    1000(a)-(b) as Parole consideration worksheets utilized by the Board in considering an

8    inmate's suitability for parole.

9            Petitioner further requests that the Court judicially notice a document entitled "Review

10   of Proposed Decision," BPT Form 1138. The document appears to embody an administrative

11   act of the Board, and is executed by Chief Counsel David E. Brown and Chief Deputy

12   Commissioner James B. Dowling. Administrative acts are subject to judicial notice. Evid.

13   Code sec. 452(c). The Court has reviewed a declaration appended to the document, in which

14   the declarant identifies the document and the purpose for which it was created. The declarant

15   states that a portion of his hearing transcript was unrecorded due to an alleged problem with the

16   recording equipment. There, the Board did not conduct a new hearing but instead utilized the

17   decision worksheet "to complete the process." Declarant attempts to incorporate by reference

18   the Review of Proposed Decision into his declaration. The document indicates that in

19   Declarant's case, the recommendations by the Decision Review Unit to (1) append an errata

20   sheet to the transcript which set forth the information on the Life Prisoner Parole Consideration

21   Worksheet, and (2) check the box on the title page of the transcript indicating that an errata

22   sheet was prepared, were approved by the Board. Judicial notice of the authenticity and

23   contents of an official document does not serve to establish the truth of all the recitals therein,

24   nor render admissible those matters which are inadmissible. 1 Witkin, Cal. Evid. (4th ed.) sec.

25   19; Evid. Code sec. 452(c). Accordingly, the Court takes judicial notice of the Board's official

4

1    act in utilizing Form 1138 in its determination of Declarant's parole suitability, but not the

2    veracity of the facts alleged therein.

3        The Traverse/Response further sets forth Petitioner's claim that the Board lacked

4    jurisdiction to preside over his parole suitability hearing given the time constraints of Sections

5    3041(b), 2041, 2042 and 2451. The Court takes no position as to the merits of this claim, as it

6    was neither raised in the original petition nor supported by the factual allegations contained

7    therein. *Board of Prison Terms v. Superior Court, supra*, 130 Cal.App.4th at 1238-39.

8    Nevertheless, where the "superior court determines that the habeas petition has pleading

9    defects and believes that a correction of the defects is necessary to ensure a full and fair

10   hearings and a determination of the case, the superior court has the discretion to give notice of

11   the defect and grant leave to amend or supplement the petition." *Id.*, at 1239 (citing *People v.*

12   *Handcock* (1983) 145 Cal.App.3d Supp. 25, 32-33).

13       The Court finds that the instant petition contains pleading defects which must be

14   corrected in order to ensure that Petitioner receives a fair and complete determination of his

15   claims. The underlying petition solely challenged the fact of the Board's rescission of its

16   suitability finding. Subsequent to the discovery of new facts during the course of discovery,

17   Petitioner developed additional theories of relief, which addressed, *inter alia*, the process

18   involved in the rescission. In the interests of justice and as contemplated by Section 1484, the

19   Court now grants Petitioner leave to amend or supplement his petition by addressing those facts

20   and theories relevant to the Board's rescission which were not expressly or implicitly raised in

21   the petition, as set forth hereinabove. Petitioner is invited to attach to the amended or

22   supplemental petition the following: (1) the Board's written statement recommending that

23   parole be granted; (2) forms and documents generated and utilized by the Board in connection

24   with Petitioner's hearing; and (3) a further declaration in which Declarant properly

25   authenticates and identifies the documents to which he refers. Petitioner shall have 30 days

5

1   from the date of this Order in which to file his amended or supplemental petition; all other

2   filing timelines shall be in accordance with Rule 4.551 of the California Rules of Court.

3        IT IS SO ORDERED.

4   Dated:

5                                              Hon. Marla O. Anderson
6                                              Judge of the Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

6

1   Michael Herro, Attorney at Law
    SBN: 233749
2   Law Office of Michael Herro
    134 Central Ave.
3   Salinas, California 93901

4   Phone and fax (831) 753-0992

5   Attorney for Petitioner Fred L. Baker

**FILED**

JUL 1 0 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
K. Hanson DEPUTY

6

7               SUPERIOR COURT OF MONTEREY COUNTY

8                 IN AND FOR THE STATE OF CALIFORNIA

9

10

11  |                                    |
    | IN RE                              )    HC 04990
12  | FRED L. BAKER                      )
    | **ON HABEAS CORPUS**               )    AMENDED/SUPPLEMENTAL
13  |                                    )
    |                                    )    PETITION AND ATTACHMENTS
14  |                                    )
    |                                    )    Dept. 9- Judge Anderson
15  |                                    )
    |                                    )
16  |                                    )

17

18       On June 5, 2006 an Order was issued by this Court granting

19  leave to Petitioner to file a supplement or amendment to his

20  original petition by addressing certain facts that in the

21  Court's view had not been raised expressly or implicitly in the

22  original petition and pleadings filed in this matter.   The

23  Order stated any supplement or amendment be filed within 30

24  days of issuing the Order.   It was mailed to counsel for

25  Petitioner.   The Order was received on or about June 8, 2005.

26  Based on receiving service by mail, under C.C.P. 1013, this

27  amended/supplemental petition was to be filed within 35 days

28

1  from the date the Order issued.

2      Specifically, the Court gave Petitioner leave to address

3  whether the Board of Prison Terms lost jurisdiction to preside

4  over parole suitability hearings held subsequent to the

5  challenged September 24, 2004 hearing, pursuant to Penal Code

6  sections 3041(b), 2041, 2042 and 2451. Further, the Court

7  invited Petitioner to attach the following to any supplement or

8  amendment to the petition; 1.) the Board's written statement

9  recommending that parole be granted, 2.) forms and documents

10 generated and used by the Board in connection with Petitioner's

11 hearing, and 3.) a further declaration in which Declarant

12 properly authenticates and identifies documents referred to in

13 his declaration.  The declaration referred to above is that of

14 Freddy Fikes, another inmate who was involved in a situation

15 were a portion of his parole suitability hearing was not tape

16 recorded, but a *de novo* rehearing wasn't necessary because the

17 Board could rely on certain documents produced as part of the

18 hearing in making their decision whether to grant or deny

19 parole.

20

21 AMENDMENT OF ORIGINAL PETITION TO INCLUDE CLAIM THAT BOARD LOST

22     JURISDICTION TO PRESIDE OVER "REHEARING" OF THE PAROLE

23 SUITABILITY HEARING CONDUCTED ON SEPTEMBER 24, 2004 BECAUSE OF

24 TIME LIMITS SET BY PENAL CODE SECTION 3041(B) AND CALIFORNIA

25  CODE OF REGULATIONS, TITLE 15, DIVISION TWO, SECTIONS 2041,

26                    2042, 2044 AND 2451.

27     Petitioner hereby request that the above claim be amended

28 to and included as part of original petition for Habeas Corpus

1  filed in this matter on Jan. 27, 2005, as an additional ground

2  on which to base the Petitioner's claim for relief.

3      Petitioner was found suitable for parole following a full

4  hearing conducted on September 24, 2004.  On November 30, 2006

5  the Decision Review Unit recommended that the 9/24/2004

6  decision be disapproved and that a rehearing be conducted on

7  the matter on the next available calender.  Then, on December

8  14, 2004, the Board of Prison Terms voted disapprove of the

9  proposed decision to grant parole.

10     These actions were taken despite the time limits

11  delineated in 15 CCR 2041, and the other sections cited above,

12  and therefore were taken at a time when both the Decision

13  Review Unit and the Board of Prison Terms had lost jurisdiction

14  over the matter.  The Traverse filed in this matter fully

15  addresses the statutory time limits referred to above,

16  appearing as section "II", and is hereby incorporated by

17  reference.  Petitioner respectfully request the Court consider

18  the legal citations and argument in the above mentioned

19  pleading as support for the above claim.

20                          ATTACHMENTS

21     As previously stated, through the Order issued by the

22  Court on June 5, 2006, Petitioner was granted leave to attach

23  to this amended/supplemental petition certain documents.

24     Accordingly, the following have been attached;

25  1.  "The Board's written statement recommending that parole be

26  granted."

27     Attached as Exhibit A to this amended/supplemental

28  petition is BPT Form 1001, generated and signed at the

1  September 24, 2004 hearing, a copy of which was obtained by
2  Petitioner from his Central File, which is kept at Correctional
3  Training Facility-Soledad, where he is incarcerated.
4  2.  "Forms and documents generated and utilized by the Board in
5  connection with Petitioner's (Sept. 24, 2004) hearing."
6      Petitioner and his counsel made attempts to obtain
7  documents relevant to the above mentioned materials,
8  specifically the BPT 1000(b) [Setting a Term-Life Prisoner
9  Parole Granted] form that was generated as a result of
10  Petitioner's 9/24/2004 hearing.  an informal request made by
11  Petitioner's counsel that any such "forms and documents" be
12  provided, pursuant to the Court's 6/5/2006 Order was made on or
13  around June 23, 2006.   Counsel for the Respondents replied by
14  a two-page letter, dated June 28, 2006, which has been attached
15  to this amended/supplemental petition as Exhibit B.
16      The Petitioner himself also made efforts to obtain such
17  forms and documents through the prison where he is
18  incarcerated.  A declaration by Petitioner, [which includes its
19  own exhibits, numbered 1-4], has been attached to this
20  amended/supplemental petition as Exhibit C.
21      Based on the above, Petitioner request that the Court
22  order Respondent to produce for review by both the Petitioner
23  and the Court the BPT 1000(b) form referenced above and any
24  other "forms and documents" that might be attached by
25  Petitioner in response to the Court's 6/5/2006 Order.
26  3.  "A further declaration in which Declarant (Freddy Fikes)
27  properly authenticates and identifies the documents to which he
28  refers."

1    A declaration from Mr. Freddy Fikes, [with it's own

2  exhibits, labeled, by Declarant, Appendix B(2)(3) and (4)] has

3  been attached to this amended/supplemental petition Exhibit D.

4

5  Dated: July 10, 2006       Respectfully Submitted,

6                             *Michael Herro* (signature)

7                             Michael Herro, Attorney for Petitioner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

BOARD OF PRISON TERMS                                    STATE OF CALIFORNIA
LIFE PRISONER HEARING DECISION FACE SHEET

---

√ PAROLE GRANTED - (YES)    *Do not release until review*
   CDC: Do not release prisoner before
        Governor's review

[ ] PAROLE DENIED - (NO)

| Records Use Only | | | |
|---|---|---|---|
| Parole Release Date | | | |
| | YR | MO | DAY |
| Attach Prison Calculation Sheet | | | |

[ ] AGREED UNSUITABLE (Attach 1001A Form) FOR:_____ YEAR(S)
[ ] HEARING POSTPONED/REASON:_____

---

## PANEL RECOMMENDATIONS AND REQUESTS

**The Board Recommends:**

[ ] No more 115's or 128A's           [X] Stay discipline free
[ ] Work to reduce custody level      [ ] Learn a trade*              [X] Earn positive chronos
[√] Get self-help* *Continue*         [ ] Get therapy*               [ ] Get a GED*

[ ] Recommend transfer to_____
[ ] Other_____
   *These programs are recommended if they are offered at your prison and you are eligible/able to participate.

---

| Penal Code 3042 Notices | [X] Sent   Date: *8/6/04* |
|---|---|

| Commitment Offense(s) | P209 W/12022.5 | KIDNAP FOR ROBBERY W/USE F'ARM |
|---|---|---|
| | Code(s) | Crime(s) |
| | CR17643 | 6 |
| | Case #(s) | Count #(s) |

| Date Inmate Came to CDC *11/6/80* | Date Life Term Began | Minimum Eligible Parole Date *7/31/94* |
|---|---|---|
| [ ] Initial Hearing | [X] Subsequent (Hearing No.) 7 | Date of Last Hearing |

CDC Representative
Attorney for Prisoner          Address
D.A. Representative            County

This form and the Board's decision at the end of the hearing is only <u>proposed</u> and NOT FINAL. <u>It will not become</u>
<u>final until it is reviewed.</u>

Chair    *Susan Fisher*                       Date  *9/24/04*
Panel Member                                  Date
Panel Member           *Dvm*                  Date

NAME *BAKER, FRED*    CDC # *C22918*    PRISON *CTF*    CALENDAR *9/04*    DATE

BPT 1001 (REV. 08/03)

# EXHIBIT B

*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5531
Facsimile: (415) 703-5843
E-Mail: Denise.Yates@doj.ca.gov

June 28, 2006

**VIA FACSIMILE**

Michael Herro, Attorney at Law
Law Office of Michael Herro
134 Central Ave.
Salinas, CA 93901
Fax: (831) 753-0992

RE:  In re Fred L. Baker (C-22918), On Habeas Corpus
Superior Court of California, County of Monterey, Case No. HC 4990

Dear Mr. Herro:

I am writing in response to your telephone message of June 26, 2006, in which you informally requested some Board documents. You requested a copy of the BPT form 1000(b) from Baker's September 24, 2004 hearing. You also requested a copy of the other documents referenced in the court's June 5, 2006 Order. The BPT form 1000(b) is a worksheet that the commissioners use as a guide in announcing their decision. The worksheet is not meant to be placed in the central file nor is it regularly maintained by the Board. The court's statement that the BPT forms 1000(a) and (b) are prepared before the hearing and utilized by the Board during the hearing reflects a misunderstanding of the Department Operations Manual. The BPT forms 1000(a) and (b) are the forms used when the Board denies or grants a life prisoner parole, respectively. (Dep't Operations Manual, § 74040.5.3.) Obviously, the Board does not prepare these forms before the hearing because it does not yet know if it will deny or grant the prisoner parole. Rather, the case records staff simply makes these forms available to the commissioners for use at the hearing, if necessary. (See *id.*, § 74040.5.4.)

Mr. Michael Herro
June 28, 2006
Page 2

Regarding your second request, I am unable and unwilling to respond to it. If you are referring to the court's comment that you should amend or supplement the petition with "forms and documents generated and utilized by the Board in connection with Petitioner's hearing," your request is ambiguous. I do not know the total documents you or the court are referring to. Until you can specify which documents you are requesting and confirm that they are not in your client's central file, I cannot provide a better response. Thank you for your consideration.

Sincerely,

DENISE A. YATES
Deputy Attorney General

For    BILL LOCKYER
Attorney General

TOTAL P.03

# EXHIBIT C

Michael Herro, Attorney at Law
SBN: 233749
Law Office of Michael Herro
134 Central Ave.
Salinas, California 93901

Phone and fax (831) 752-0992

Attorney for Petitioner

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

|  |  |
|---|---|
| In re | HC 04990 |
| FRED BAKER, | **DECLARATION OF FRED BAKER (C-22918)** |
| On Habeas Corpus. | |

I, FRED BAKER, hereby declare that if called as a witness, I would competently testify as follows:

1.    I am a resident of the state of California, County of Monterey and the Petitioner in this matter.

2.    On June 8, 2006, I received a copy of the Court's order granting me leave to amend or supplement my petition, and attach thereto: 1) the Board's written statement recommending parole be granted; 2) forms and documents generated and utilized by the Board in connection with my September 2004 hearing; and 3) a further declaration in which Declarant (Freddy Fikes) properly authenticates and identifies the documents to which refers.  See (Decl-Ex. 1.)

3.    On June 9, 2006, at approximately 9:30 a.m., I contacted Correctional Counselor (CCI) Williams, via institutional phone and

1

1  and requested a copy of the information specified by the Court.

2  Specifically, the worksheet utilized by the Board bearing BPT form

3  number 1000(b)[Setting a Term-Life Prisoner Parole Grant], as well

4  as all forms and documents generated and utilized by the Board in

5  connection with the September 2004 hearing.  CCI Williams instructed

6  me to submit a Multi-Purpose Form (CTF-304), listing the documents

7  I needed.  Upon conclusion of the call I submitted the form.  See

8  (Decl-Ex. 2.)   However, due to conflicting work hours and the hours

9  in which I can access the law library, I was unable to attach a copy

10 of the Court order with the request.

11        4.    Accordingly, on June 11, 2006, I obtained copies of the

12 Court Order.

13        5.    On  June 13, 2006, I submitted a subsequent Multi-Purpose

14 Form to CCI Williams, attached thereto a copy of the Order.  See

15 (Decl-Ex. 3.)

16        6.    On June 16, 2006, CCI Williams called me to the housing

17 unit office for an "Olsen's Review" to review my Central File.  Upon

18 reviewing the file, in the presences of CCI WIlliams, I noted the

19 BPT 1000(b) form was not part of the file.  I then asked CCI Williams

20 was he able to locate the documents requested per the Court order, at

21 which point he stated that he had sent copies of everything he could

22 find in connection with the September 24, 2004 hearing.  A copy of

23 those documents are attached to this declaration as declarant's exhibit

24 number four.  See (Delc-Ex. 4.)

25        7.    After further inquiring about the requested material, I was

26 told to "have your attorney call me at my number here at the

27 institution ext. # 4347, and I [Williams] will let him know that those

28 documents are not part of the C-file.")

1        I declare under penalty of perjury under the laws of the State

2   of California that the foregoing is true and correct.  My expressions

3   of belief as to each specified fact are based on the reasons I have

4   given as to each such fact.  I am willing to testify to the same in

5   a court of law.  I so swear, this 18 day of June, 2006, at Soledad,

6   California.

7

8                                        _____
                                         Fred Baker
9                                        Declarant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECL.-EXHIBIT 1

SAN JOSE CA 951

06 JUN 2006 PM 6 L

RECEIVED

JUN 8 2006

Michael Herro
Attorney at Law
134 Central Avenue
Salinas, Ca 93901

LEGAL MAIL

LEGAL AND CONFIDENTIAL

Mr. Fred L. Baker
C-22918, B-321
Correctional Training Facility
P.O. Box 689
Soledad, Ca. 93960-0689







## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF MONTEREY

Salinas Division
240 Church St., Suite 318
Salinas, CA 93901
(831) 775-5400

Monterey Division
1200 Aguajito Road
Monterey, CA 93940
(831) 647-5800

Marina Division
3180 Del Monte Blvd
Marina, CA 93933
(831) 883-3300

King City Division
250 Franciscan Way
King City, CA 93530
(831) 386-5200

http://www.co.monterey.ca.us/court/

LISA M. GALDOS
Court Executive Officer
and Jury Commissioner

## Fax

**TO:**      Michael Herro

**FAX NO.:**   753-0992

**FROM:**    Heidi Whilden

**DATE:**    June 5, 2006

**NUMBER OF PAGES IN THIS FAX:  7** (including cover)

The information contained in this facsimile transmission may be confidential, and may be legally protected attorney work-product, or may be inside information. This information is intended only for the use of the recipient(s) named below. If you have received this information in error, please immediately notify us by telephone to arrange for return of all documents. Any unauthorized disclosure, distribution, or taking of any action in reliance on the contents of this information is strictly prohibited and may be unlawful.

**COMMENTS:**

Attached is a courtesy copy of the Judge's ruling in the Baker matter. It is undated and will bear the date on which it is filed by the habeas clerk. I will request that the clerk file and process the order today.

THE MISSION OF THE COURT IS TO DISPENSE JUSTICE IN ALL MATTERS WITHIN ITS JURISDICTION IN AN IMPARTIAL MANNER AND IN ACCORDANCE WITH THE LAW

# DECL.-EXHIBIT 2

## MULTI-PURPOSE FORM

TO: _Williams_      _C C I_      DATE: _6/9/06_
     (Name)        (Title)

☐ MEDICAL CONCERN      ☐ TRUST ACCOUNT BALANCE $ _____
☐ DENTAL CONCERN      ☐ TRUST ACCOUNT WITHDRAWAL
☐ VISITING CONCERN      ☐ REQUEST FOR ROOM CHANGE
☐ REQUEST FOR INTERVIEW      ☐ REQUEST FOR UNIT CHANGE
☐ PACKAGE ROOM      ☐ FAMILY HOUSING UNIT VISIT INTERVIEW
☐ REQUEST FOR I.D. CARD      ☐ REQUEST FOR CHAPLAIN INTERVIEW
☐ REQUEST TO REVIEW CENTRAL FILE      ☐ MEDICALLY CLEARED FOR CULINARY REQUEST
☐ MAIL ROOM: Request for metered envelopes *(No Funds)*
☐ E.P.R.D.: You should be within six (6) months of release date to inquire

REASON FOR REQUEST *(Be specific: Explain your problem)*: _I need a copy of the following documents from my C-file pertaining to my September 24, 2004 parole hearing. This request is made pursuant to the Monterey Superior's Court order of June 2, 2006: The Board's written statement recommend_

DATE: _____ STAFF RESPONSE: _____

INMATE NAME: _Baker, F._      INMATE NUMBER: _C 22918_      CELL: _B-321_
ASSIGNMENT: _CLOTHING_      HOURS: _0630 Hrs - 1430 Hrs_ RDO'S: _S/S/H_

CTF-304 (Rev. 04-9

_B 321 L_
See Reverse Sid

_that parole be granted; 2) BPT-1000(b) Worksheet; 3) BPT-1136(a) Review of Proposed Decision; and 4) all forms and documents generated and utilized by the Board in connection with the Sept. 2004 hearing._

_Your assistance in this matter is greatly needed and appreciated._

_Respectfully, J Bak_

_Thank You_

# DECL.-EXHIBIT 3

# MULTI-PURPOSE FORM

TO: ___Williams_____ CCI _____ DATE: __6/13/2006__
　　　　　　(Name)　　　　　　　　　　　(Title)

| | |
|---|---|
| ❑ MEDICAL CONCERN | ❑ TRUST ACCOUNT BALANCE $ _____ |
| ❑ DENTAL CONCERN | ❑ TRUST ACCOUNT WITHDRAWAL |
| ❑ VISITING CONCERN | ❑ REQUEST FOR ROOM CHANGE |
| ❑ REQUEST FOR INTERVIEW | ❑ REQUEST FOR UNIT CHANGE |
| ❑ PACKAGE ROOM | ❑ FAMILY HOUSING UNIT VISIT INTERVIEW |
| ❑ REQUEST FOR I.D. CARD | ❑ REQUEST FOR CHAPLAIN INTERVIEW |
| ❑ REQUEST TO REVIEW CENTRAL FILE | ❑ MEDICALLY CLEARED FOR CULINARY REQUEST |
| ❑ MAIL ROOM: Request for metered envelopes *(No Funds)* | |
| ❑ E.P.R.D.: You should be within six *(6)* months of release date to inquire | (Please see reverse side) |

REASON FOR REQUEST *(Be specific: Explain your problem)*: On June 9, 2006, I contacted you concerning a recer

Court order (HC 04990) I received requiring a copy of specific documents from my C-file in

connection with my September 24, 2004, parole hearing. You advised me to submit a multi-purpo

form, which I did, listing the items. However, due to a lack of access to a copier at that ti

DATE: _____    STAFF RESPONSE: _____

INMATE NAME: __Baker, F._____ INMATE NUMBER: __C-22918_____ CELL: __B-321L__

ASSIGNMENT: __Clothing Room_____ HOURS: __0630 Hrs ~ 1430 Hrs.__ RDO'S: __S/S/H__

CTF-304 (Rev. 04-97)

(con't)

I was unable to attach a copy of the Court order.  A copy of that Order is attached
to this multi-purpose form.  Please see page 4, lines 2-6, and 5, lines 22-24.  The
documents are needed asap due to time restraints.  Your assistance in this matter
is greatly needed and appreciated.

Respectfully, submitted,

F. Baker C-22918

# DECL.-EXHIBIT 4

Board of Prison Terms                                                State of California

## MISCELLANEOUS DECISION

---

### FACTS

---

During the December 14, 2004 Executive Meeting of the Board of Prison Terms, the
Board, sitting en banc, considered the findings of the Decision Review Unit regarding the
proposed decision dated September 24, 2004, for life prisoner Fred Baker, C-22918.
Following consideration, the full Board voted to disapprove the proposed decision of
September 24, 2004, and schedule a rehearing of the prisoner's seventh subsequent parole
consideration hearing on the next available calendar.

---

### DECISION(S)

---

Disapprove the September 24, 2004 proposed decision and schedule a rehearing of the
prisoner's seventh subsequent parole consideration hearing on the next available calendar.

---

| STAFF (Name) | TITLE | DATE |
|---|---|---|
| MARVIN E. SPEED II | Executive Officer | 12-20-04 |

---

| NAME | NUMBER | INSTITUTION |
|---|---|---|
| BAKER, Fred | C-22918 | CTF |

Board of Prison Terms                                                   State of California

## MISCELLANEOUS DECISION

---

### FACTS

---

During the December 14, 2004 Executive Meeting of the Board of Prison Terms, the
Board, sitting en banc, considered the findings of the Decision Review Unit regarding the
proposed decision dated September 24, 2004, for life prisoner Fred Baker, C-22918.
Following consideration, the full Board voted to disapprove the proposed decision of
September 24, 2004, and schedule a rehearing of the prisoner's seventh subsequent parole
consideration hearing on the next available calendar.

---

### DECISION(S)

---

Disapprove the September 24, 2004 proposed decision and schedule a rehearing of the
prisoner's seventh subsequent parole consideration hearing on the next available calendar.

---

| STAFF (Name) | TITLE | DATE |
|---|---|---|
| MARVEN E. SPEED II | Executive Officer | 12-20-04 |

---

| NAME | NUMBER | INSTITUTION |
|---|---|---|
| BAKER, Fred | C-22918 | CTF |

# LIFE PRISONER PAROLE CONSIDERATION WORKSHEET

☐ INITIAL HEARING ☑ SUBSEQUENT HEARING

| PRISONER'S NAME *Baker* | CDC NUMBER *C22918* |
|---|---|
| DATE OF HEARING | LOCATION *CTF* |

## LEGAL STATUS

| DATE RECEIVED *1-6-80* | DATE LIFE TERM STARTS (IF DIFFERENT) | COUNTY *Riverside* |
|---|---|---|
| OFFENSE *Kidnap for Robbery w/use Farm* | | CASE NUMBER *CR17643* |
| COUNT NUMBER(S) *06* | PENAL CODE SECTION(S) VIOLATED *P209 W/P12022.5* | |
| TERMS *17 to Life* | MEPD *7-31-94* | |

## OTHER COMMITMENT OFFENSES *OR* STAYED COUNTS

| STAYED | OFFENSE | CODE SECTION | COUNTY | CASE NUMBER | COUNT NUMBER |
|---|---|---|---|---|---|
| ☐ | | | | | |
| ☐ | | | | | |
| ☐ | | | | | |

## PRESENT AT HEARING

| PANEL MEMBER | PANEL MEMBER | PANEL MEMBER |
|---|---|---|
| | | |

OTHERS PRESENT

☐ PRISONER (IF ABSENT, WHY?) _____

☐ ATTORNEY _____

☐ DEPUTY D.A. _____ COUNTY OF _____

☐ OTHERS: _____

## STATEMENT OF FACTS

☐ THE HEARING PANEL INCORPORATES BY REFERENCE FROM THE DECISION OF THE HEARING HELD

ON _____, PAGES _____ THROUGH _____

THE STATEMENT OF FACT IS

☐ QUOTED FROM THE BOARD REPORT, DATED _____, PAGE(S) _____

☐ QUOTED FROM THE PROBATION OFFICER'S REPORT, PAGE(S) _____

☐ QUOTED FROM THE COURT OPINION, PAGE(S) _____

PT 1000 (Rev. 8/01)

[X] PAROLE GRANTED - (YES) *Do not release until review*
   CDC:  Do not release prisoner before
        Governor's review

[ ] PAROLE DENIED - (NO)

| Records Use Only | | | |
|---|---|---|---|
| Parole Release Date | | | |
| | YR | MO | DAY |
| Attach Prison Calculation Sheet | | | |

[ ] AGREED UNSUITABLE (Attach 1001A Form) FOR:_____YEAR(S)
[ ] HEARING POSTPONED/REASON:_____

## PANEL RECOMMENDATIONS AND REQUESTS

**The Board Recommends:**

[ ] No more 115's or 128A's    [X] Stay discipline free
[ ] Work to reduce custody level   [ ] Learn a trade*    [X] Earn positive chronos
[X] Get self-help* *Continue*   [ ] Get therapy*    [ ] Get a GED*

[ ] Recommend transfer to_____
[ ] Other_____
   *These programs are recommended if they are offered at your prison and you are eligible/able to participate.

| Penal Code 3042 Notices | [X] Sent  Date: *8/6/04* |
|---|---|

| Commitment Offense(s) | *P209 W/12022.5* | *KIDNAP FOR ROBBERY W/USE F'ARM* |
|---|---|---|
| | Code(s) | Crime(s) |
| | *CR17643* | *6* |
| | Case #(s) | Count #(s) |

| Date Inmate Came to CDC *11/6/80* | Date Life Term Began | Minimum Eligible Parole Date *7/31/94* |
|---|---|---|
| [ ] Initial Hearing | [X] Subsequent (Hearing No.) 7 | Date of Last Hearing |

| CDC Representative | |
|---|---|
| Attorney for Prisoner | Address |
| D.A. Representative | County |

This form and the Board's decision at the end of the hearing is only <u>proposed</u> and NOT FINAL. <u>It will not become final until it is reviewed.</u>

| Chair | *Susan Fisher* | Date | *9/24/04* |
|---|---|---|---|
| Panel Member | | Date | |
| Panel Member | *Rvm* | Date | |

NAME *BAKER, FRED*   CDC # *C22918*   PRISON *CTF*   CALENDAR *9/04*   DATE

BPT 1001 (REV. 08/03)