# EXHIBIT 1
# part 3 of 5

JF PRISON TERMS

FE PRISONER: PAROLE CONSIDERATION
PROPOSED DECISION  (BPT §2041)

STATE OF CALIFORNIA

[ ]  PAROLE DENIED    *DS JH*

If this proposed decision denying parole is approved, the Board will send you a copy of the approved decision, including the reasons for denial of parole, within 30 days of the hearing.

[ ]  PAROLE GRANTED   *Do Not Release pending Decision Review.*

A.  Base Period of Confinement ................................................. **180** Months

| Case No. | Count No. | Offense |
|---|---|---|

B.  Firearm Enhancement ................................................. + _____ Months

C.  Other Crimes Total ................................................. + **68** Months

| Case No. | Count No. | Offense | mos. |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

D.  Total Term ................................................. = **248** Months

E.  Postconviction Credit From **7/31/87** To **9/24/04** – **60** Months
   (Date)                                   (Date)

F.  Total Period of Confinement ................................................. = **188** Months

The period of confinement indicated is a tentative decision proposed by this panel. The decision will be reviewed pursuant to BPT §2041, and, if approved, a copy of the approved decision will be sent to you within 30 days. At that time appropriate pre-prison credits will be applied and a parole release date computed.

You will not engage in any conduct specified in BPT §2451. Such conduct may result in rescission or postponement of your parole date.

If the proposed decision denying or granting parole is disapproved, you will receive a copy of the proposed decision and the reasons for disapproval. You will then receive a copy of the modified decision or will be scheduled for a new hearing, as appropriate.

PANEL HEARING CASE

*Susan Fisher*                                          Date **9/ /**

*[signature]*                                           Date **9/24/04**

                                                        Date

BAILER, FRED

| CDC NUMBER | INSTITUTION | HEARING DATE |
|---|---|---|
| C 22918 | CTF-S | 9/24/04 |

(Rev. 8/1/81)

Distribution:  White–C. File,
Canary–BPT
Pink–Prisoner

# EXHIBIT D

1  Michael Herro, Attorney at Law
   SBN: 233749
2  Law Office of Michael Herro
   134 Central Ave.
3  Salinas, California 93901

4  Phone and fax (831) 752-0992

5  Attorney for Petitioner

6                    SUPERIOR COURT OF CALIFORNIA

7                        COUNTY OF MONTEREY

8

9

10

11  In re                        )    HC 04990
                                 )
12  FRED BAKER,                  )    DECLARATION OF FREDDY FIKES
                                 )    (B-65105) IN SUPPORT OF THE
13  On Habeas Corpus.            )    AMENDED OR SUPPLEMENTAL
                                 )    PETITION
14                               )
    _____)

15

16      I, FREDDY FIKES, declare as follows:

17      1.    I am a residence of the State of California, County of

18  Monterey. I am age 18 and older and not a party to this matter.

19      2.    I am familiar with the Board of Parole Hearings' actions

20  regarding the seventh subsequent parole consideration hearing on

21  September 24, 2004, for inmate Fred Baker, in which it was noted that

22  due to an apparent malfunction of the recording equipment, the

23  decision portion of the hearing could not be transcribed.

24      3.    I am also familiar with the decision review process.

25      4.    When as in Baker's case, a significant portion of my July

26  1, 1992 hearing was unable to be transcribed, a new hearing was not

27  required. In lieu of a rehearing, the Decision Review Unit recommended

28  that the hearing panel's decision and reasoning for the decision

                                1

1  be "taken entirely from the [BPT-1000(a)] decision worksheet." See

2  (Appendix B(2)).

3      5.   On October 14, 1992, the Decision Review Committee adopted

4  the Decision Review Unit's recommendation in full (Appendix B(3)), and

5  shortly thereafter, David E. Brown (then, Chief Counsel) ordered the

6  recommendation to be adopted.  Consequently, my two year denial was

7  upheld without any further proceedings. (Appendix B(4)).

8      I declare under penalty and perjury that the foregoing is true

9  and correct and that this declaration was executed on June

10  9 , 2006, at Soledad, California.

11

12

13  FREDDY FIKES
    Declarant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# APPENDIX B (2)

BOARD OF PRISON TERMS                                                    ... OF CALIFORNIA
REVIEW OF PROPOSED DECISION
================================================================================
☐ APPROVED        ☒ REFER TO DECISION REVIEW COMMITTEE ☐ REFER TO RECONSIDERATION PANEL

| INMATE      Freddy Fikes | CDC NUMBER B 65105 |
|---|---|
| TYPE OF HEARING  Subsequent Parole Consideration Hearing | DATE OF HEARING 7/1/92 |

The Decision Review Unit (LMS) has completed a review of the above hearing and has identified the following issues which need further review.

The transcript of the hearing in this matter is incomplete. Apparently, the last portion of the hearing was not recorded, probably because of a problem with the tape recorder. Fortunately, the decision worksheet containing the decision and reasoning for the decision was retained. Therefore, DRU is recommending that the decision printed below, taken entirely from the decision worksheet (BPT 1000(a)) be adopted by the decision review committee.

RECOMMENDATION:

Do an Errata Sheet containing the following from the Life Prisoner Parole Consideration Worksheet:

### DECISION

The panel reviewed all information received from the public and relied on the following circumstances in concluding that the prisoner is not suitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison:

1. The offense was carried out in a manner which exhibits a callous disregard for the life and/or suffering of another.
2. The offense was carried out in a dispassionate and/or calculated manner.
3. Multiple victims were attacked and injured in the same or separate incidents.
4. The victim was abused during the offense.
5. The kidnap and rape of the victim did not deter the prisoner from later ... .... committing another kidnap and physically harming another female victim.
6. The prisoner has prior criminality which includes an arrest for burglary and auto theft. The charges were dismissed.
7. The prisoner has programmed in a limited manner while incarcerated, failed to upgrade educationally and vocationally as previously recommended by the Board, and not participated to any extent in beneficial self-help and/or therapy programs.
8. The March 30, 1992, psychological report by Dr. Reed is unfavorable.

The panel makes the following findings:

1. The prisoner needs therapy in order to face, discuss, understand, and cope with stress in a non-destructive manner. Until progress is made, the prisoner continues to be unpredictable and a threat to others.
2. Therapy in a controlled setting is needed but motivation and amenability are questionable.
3. Nevertheless, the prisoner should be commended for excellent work reports and being disciplinary free since 1989.

The prisoner is denied parole for two years. The panel finds that it is not reasonable to expect that parole would be granted at a hearing during the following two years. The specific reasons for this finding are as follows:

1. The prisoner committed the offense in an especially heinous, atrocious and cruel manner. Specifically, he participated in the kidnap and rape of one female victim and one month later the forced oral copulation of another. As a result, a longer period of observation and/or evaluation is required before the Board should set a parole date.

1138
Page Two
Fikes, Freddy (B 65105)

2. A recent psychological report dated March 30, 1992, authored by Dr. Reed indicates a need for a longer period of observation and evaluation or treatment.
3. The prisoner has not completed necessary programming which is essential to his adjustment and he needs additional time to gain such programming.

The panel recommends that the prisoner:

1. Remain disciplinary free.
2. Upgrade vocationally and educationally.
3. Participate in self-help and therapy programming.

The panel requests that The Department of Corrections:

1. Transfer the prisoner to an appropriate facility for the purpose of Category "T" programming.
2. Enter the prisoner in a Category "T" program to explore:
   a. His violence in the free community and evaluate his psycho-sexual problems,
   b. The extent to which the prisoner has explored the commitment offense and come to terms with the underlying causes, and the need for further therapy programs while incarcerated.

and check the box on the title page of the transcript indicating that an errata sheet has been prepared.

---

| DECISION REVIEW UNIT SIGNATURE | | DATE |
| --- | --- | --- |
| DAVID F. BROWN  CHIEF COUNSEL | | 9-25-'92 |
| REVIEWED BY LEGAL COUNSEL<br>☑ YES ☐ NO | LEGAL COUNSEL INITIALS *DFB* | RESULT<br>☑ CONCUR ☐ DISSENT |
| LEGAL COUNSEL COMMENTS: | | |

---

I have reviewed the above-referenced file and ☑ concur ☐ dissent with the Decision Review Unit.
COMMENTS: *Refer To Decision Review Committee*

CHIEF DEPUTY COMMISSIONER SIGNATURE                    DATE
*James B. Rowland*                                     9-30-92

BPT 1138 (4/87)
STATE OF CALIFORNIA                    BOARD OF PRISON TERMS

# APPENDIX B (3)

BOARD OF PRISON TERMS                                                                    TE OF CALIFORNIA

## DECISION REVIEW COMMITTEE REVIEW OF PROPOSED DECISION

| | |
|---|---|
| INMATE  Freddy Fikes | CDC Number  B 65105 |
| TYPE OF HEARING  Subsequent Life Parole Consideration Hearing | DATE OF HEARING  7/1/92 |

CHOOSE ONE:  ☐ Schedule new hearing    ☐ Modify decision

MODIFICATION ORDERED:

A.  Do the following:

Do an Errata Sheet containing the following from the Life Prisoner Parole Consideration Worksheet:

### DECISION

The panel reviewed all information received from the public and relied on the following circumstances in concluding that the prisoner is not suitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison:

1. The offense was carried out in a manner which exhibits a callous disregard for the life and/or suffering of another.
2. The offense was carried out in a dispassionate and/or calculated manner.
3. Multiple victims were attacked and injured in the same or separate incidents.
4. The victim was abused during the offense.
5. The kidnap and rape of the victim did not deter the prisoner from later committing another kidnap and physically harming another female victim.
6. The prisoner has prior criminality which includes an arrest for burglary and auto theft. The charges were dismissed.
7. The prisoner has programmed in a limited manner while incarcerated, failed to upgrade educationally and vocationally as previously recommended by the Board, and not participated to any extent in beneficial self-help and/or therapy programs.
8. The March 30, 1992, psychological report by Dr. Reed is unfavorable.

The panel makes the following findings:

1. The prisoner needs therapy in order to face, discuss, understand, and cope with stress in a non-destructive manner. Until progress is made, the prisoner continues to be unpredictable and a threat to others.
2. Therapy in a controlled setting is needed but motivation and amenability are questionable.
3. Nevertheless, the prisoner should be commended for excellent work reports and being disciplinary free since 1989.

The prisoner is denied parole for two years. The panel finds that it is not reasonable to expect that parole would be granted at a hearing during the following two years. The specific reasons for this finding are as follows:

1. The prisoner committed the offense in an especially heinous, atrocious and cruel manner. Specifically, he participated in the kidnap and rape of one female victim and one month later the forced oral copulation of another. As a result, a longer period of observation and/or evaluation is required before the Board should set a parole date.
2. A recent psychological report dated March 30, 1992, authored by Dr. Reed indicates a need for a longer period of observation and evaluation or treatment.
3. The prisoner has not completed necessary programming which is essential to his adjustment and he needs additional time to gain such programming.

1138
Page Two
Fikes, Freddy (B 65105)

The panel recommends that the prisoner:

    1. Remain disciplinary free.
    2. Upgrade vocationally and educationally.
    3. Participate in self-help and therapy programming.

The panel requests that The Department of Corrections:

    1. Transfer the prisoner to an appropriate facility for the purpose of Category "T" programming.
    2. Enter the prisoner in a Category "T" program to explore:
        a. His violence in the free community and evaluate his psycho-sexual problems;
        b. The extent to which the prisoner has explored the commitment offense and come to terms with the underlying causes, and the need for further therapy programs while incarcerated.

and check the box on the title page of the transcript indicating that an errata sheet has been prepared.

OR

B. Take the following action:  (please specify) _____

_____

_____

SUPPORTIVE REASONING FOR DECISION: _____

This follows the intent of the hearing panel.

_____ 10/14/92
COMMISSIONER SIGNATURE                DATE                    ☑ CONCUR    ☐ DISSENT

_____ 10/14/92
COMMISSIONER/D.C. SIGNATURE          DATE                    ☑ CONCUR    ☐ DISSENT

_____ 10/14/92
COMMISSIONER/D.C. SIGNATURE          DATE                    ☑ CONCUR    ☐ DISSENT

I dissent from the majority for the following reasons:

_____

_____ _____
SIGNATURE                            DATE

==========================================================================
BPT 1139 (4/87)              Page 2

# APPENDIX B (4)

Board of Prison Terms
Errata Sheet
10/19/92

Prisoner:  Freddy Fikes, B-65105

Type of Hearing:  10th Subsequent Parole Consideration

Date of Hearing:  July 1, 1992

Place of Hearing:  California State Prison, Corcoran

Hearing Panel:  Ron Koenig and Joseph Aceto, Commissioners
Cheryl Pliler, Deputy Commissioner

Decision Review Committee Panel Ordering Correction:
Maureen O'Connell, James Nielsen, and Manuel Guaderrama

Correction Ordered:

[The transcript of the hearing in this matter is incomplete.  Apparently, the last portion of the hearing was not recorded, probably because of a problem with the tape recorder.  Fortunately, the decision worksheet containing the decision and reasoning for the decision was retained.]

## DECISION

The panel reviewed all information received from the public and relied on the following circumstances in concluding that the prisoner is not suitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety if released from prison:

   1.   The offense was carried out in a manner which exhibits a callous disregard for the life and/or suffering of another.
   2.   The offense was carried out in a dispassionate and/or calculated manner.
   3.   Multiple victims were attacked and injured in the same or separate incidents.
   4.   The victim was abused during the offense.
   5.   The kidnap and rape of the victim did not deter the prisoner from

ERRATA SHEET
Fikes B-65105:  7/1/92
Page Two

later committing another kidnap and physically harming another female victim.

6. The prisoner has prior criminality which includes an arrest for burglary and auto theft. The charges were dismissed.

7. The prisoner has programmed in a limited manner while incarcerated, failed to upgrade educationally and vocationally as previously recommended by the Board, and has not participated to any extent in beneficial self-help and/or therapy programs.

8. The March 30, 1992 psychological report by Dr. Reed is unfavorable.

The panel makes the following findings:

1. The prisoner needs therapy in order to face, discuss, understand, and cope with stress in a non-destructive manner. Until progress is made, the prisoner continues to be unpredictable and a threat to others.

2. Therapy in a controlled setting is needed, but motivation and amenability are questionable.

3. Nevertheless, the prisoner should be commended for excellent work reports and being disciplinary free since 1989.

The prisoner is denied parole for two years. The panel finds that it is not reasonable to expect that parole would be granted at a hearing during the following two years. The specific reasons for this finding are as follows:

1. The prisoner committed the offense in an especially heinous, atrocious and cruel manner. Specifically, he participated in the kidnap and rape of one female victim and, one month later, the forced oral copulation of another. As a result, a longer period of observation and/or evaluation is required before the Board should set a parole date.

2. A recent psychological report dated March 30, 1992, authored by Dr. Reed, indicates a need for a longer period of observation and evaluation or treatment.

3. The prisoner has not completed necessary programming which is

ERRATA SHEET
Fikes  B-65105:     7/1/92
Page Three


essential to his adjustment and he needs additional time to gain such programming.

The panel recommends that the prisoner:

    1.  Remain disciplinary free.
    2.  Upgrade vocationally and educationally.
    3.  Participate in self-help and therapy programming.

The panel requests that the Department of Corrections:

    1.  Transfer the prisoner to an appropriate facility for the purpose of Category "T" programming.
    2.  Enter the prisoner in a Category "T" program to explore:
        a.  His violence in the free community and evaluate his psycho-sexual problems, and
        b.  The extent to which the prisoner has explored the commitment offense and come to terms with the underlying causes, and the need for further therapy programs while incarcerated.


Signed: _____
        DAVID E. BROWN
        Chief Counsel

## **PROOF OF SERVICE BY MAIL**

I, the undersigned, do hereby declare:

That I am a citizen of the United States, I am a resident of the County of Monterey, California. I am over the age of eighteen (18) years; and not a party to the cause set forth in the attached motion.        My business address is:

Law Office of Michael Herro
134 Central Ave.
Salinas, Ca. 93901

On July 10, 2006, I served the attached "AMENDED/SUPPLEMENTAL PETITION" by mail, through the United States Postal Service, delivery to,

1. The Office of the Attorney General-Correctional Law Divison
   Attn: Deputy Attorney General Denise Yates
   455 Golden Gate Ave., Suite 11000
   San Francisco, Ca. 94102-7004

I declare the above to be true and correct, under penalty of perjury, dated July 10, 2006 in Salinas, California.

Michael Herro

Exhibit P.

1    SUPERIOR COURT OF CALIFORNIA

2    COUNTY OF MONTEREY

3

FILED

NOV 2 9 2006

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY

4    In re                          )    Case No.: HC 4990    K. Hanson
                                     )
5          Fred L. Baker (C-22918)   )    ORDER
                                     )
6                On Habeas Corpus.   )
     _____ )

7

8         Petitioner brought the instant petition for writ of habeas corpus in which he averred that

9    the Board of Prison Terms violated his constitutional right to due process by rescinding its

10   September 24, 2004 parole suitability finding. As explained in the original Order to Show

11   Cause issued by this Court, the sole reason for the Board's rescission was that a portion of the

12   parole suitability hearing was not transcribed. Only a partial transcript could be obtained either

13   because the tape recorder malfunctioned or because the Board only provided one of two

14   hearing tapes for transcription. Petitioner has been incarcerated since November 6, 1980

15   following his conviction of kidnap for robbery with use of a firearm (Pen. Code secs. 209,

16   12022.5). He has served twelve years beyond his minimum eligible parole date of July 31,

17   1994.

18        The Court issued an Order to Show Cause, directing Respondent to establish why any

19   rescheduled hearing should not be before the same Board members with instructions to issue a

20   Decision recommending parole, and to address the apparent inequity created by Respondent's

21   interpretation of the law. Respondent defended the Board's actions as proper, and declined to

22   address the relevant equities of the matter. Petitioner then filed his Traverse/Response, a

23   motion to amend the Traverse/Response, and a Request for Judicial Notice. Respondent filed

24   an opposition and objection, and Petitioner filed a subsequent response. The Court granted

25   Petitioner's request for judicial notice of blank BPT Forms 1000(a)-(b) [parole consideration

1

1   worksheets utilized by the Board in considering an inmate's suitability for parole] and BPT

2   Form 1138 [Review of Proposed Decision]. As to the latter documents, the Court took judicial

3   notice of the Board's official act in utilizing Form 1138 in its determination of Declarant's

4   parole suitability, but not the veracity of the facts alleged therein. The Court did not consider

5   Petitioner's jurisdictional claims (Pen. Code sec. 3041(b); 15 CCR secs. 2041, 2042, 2451).

6   *Board of Prison Terms v. Superior Court* (2005) 130 Cal.App.4th 1212, 1238-39.

7        Upon review and consideration of the pleadings, the Court determined that the habeas

8   petition contained pleading defects which required correction in order to ensure that Petitioner

9   was afforded a full and fair hearing and a determination of the issues presented. The Court

10   gave notice of the defects and granted Petitioner leave to amend or supplement the petition.

11   Specifically, Petitioner was invited to (1) address whether the Board lost jurisdiction to preside

12   over the December 2004 parole suitability re-hearing; (2) attach the September 2004

13   recommendation granting parole; (3) attach the forms and documents generated and utilized by

14   the Board in connection with the September 2004 hearing; and (4) provide a further

15   Declaration from inmate Fikes concerning the Board's actions in relying on hearing documents

16   to produce a hearing transcript in lieu of conducting a *de novo* hearing.

17        The Court has read and considered Petitioner's amended/supplemental petition and

18   attachments. It appears that Petitioner has alleged sufficient facts and circumstances therein to

19   state a *prima facie* case for relief. *People v. Duvall* (1995) 9 Cal.4th 464. Accordingly,

20   Respondent is Ordered to Show Cause why Petitioner should not be afforded the relief sought

21   in his amended/supplemental petition. Respondent is further Ordered to ascertain from case

22   records staff which forms it made available to the commissioners for use at Petitioner's

23   September 2004 parole suitability hearing,[1] and to provide the Court with accurate copies of

24   

25   [1] By correspondence dated June 28, 2006, Respondent advised counsel for Petitioner that "case records staff simply makes [BPT 1000(a) and (b)] forms available to the commissioners for use at the hearing, if necessary." Respondent further claimed that Petitioner's production request was "ambiguous" as to the "forms and documents

1  such forms and documents. The Court notes that in the "Parole Consideration Proposed

2  Decision (BPT sec. 2041)" worksheet completed by the September 2004 BPT panel, Petitioner

3  was specifically advised: "If the proposed decision . . . granting parole is disapproved, you will

4  receive a copy of the proposed decision and the reasons for disapproval." Apparently, the copy

5  for the proposed decision and stated reasons of the grounds for disapproval are not in

6  Petitioner's central file. Respondent is requested to provide the Court with a copy of the

7  proposed decision and stated reasons for the disapproval of the September 2004 suitability

8  finding.

9       Respondent shall show cause by Return filed in this Court within thirty (30) days after

10 the date of filing this Order. Petitioner may file his Traverse within thirty (30) days after

11 service and filing of the Return. Upon receipt of the Return and Traverse, the Court shall

12 determine whether to address the matter on the pleadings or set an evidentiary hearing.

13     IT IS SO ORDERED.

14 Dated:    NOV 20 2006

15                                          MARLA O. ANDERSON

16                                          Hon. Marla O. Anderson
                                            Judge of the Superior Court

17

18

19

20

21

22

23

24

25 generated and utilized by the Board in connection with Petitioner's hearing." It is disingenuous to suggest that the
   Board is unable to identify which of its own documents it generates and utilizes in the performance of its duties in
   conducting parole suitability hearings.

3

1

# CERTIFICATE OF MAILING

2

## C.C.P. SEC. 1013a

3
    I do hereby certify that I am not a party to the within stated cause and that on

4
    _**NOV 2 0 2006**_____ I deposited true and correct copies of the following document:

5
ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

6
California, directed to each of the following named persons at their respective addresses as

7
hereinafter set forth:

8

9
Michael Herro
Law Office of Michael Herro
134 Central Avenue

10
Salinas, CA 93901

11
Office of the Attorney General
455 Golden Gate Ave., Suite 11000

12
San Francisco, CA 94102
Attn: Correctional Law Section

13

14
Pam Ham, DDA
240 Church St., Rm. 101

15
Salinas, CA 93901
*Via interoffice mail*

16
    Dated: _**NOV 2 0 2006**_____

17
                                          LISA M. GALDOS,
                                          Clerk of the Court

18

19
    By: _____

20
             Deputy
                        K. Hanson

21

22

23

24

25

4

Exhibit Q.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

SALINAS DIVISION

| | |
|---|---|
| In re | No. HC 4990 |
| **FRED L. BAKER,** | **[PROPOSED] ORDER** |
| Petitioner, | |
| **On Habeas Corpus.** | Dept: |
| | Judge:  The Honorable Marla O. Anderson |

The court considered respondent's request for an extension of time to file a supplemental return, and good cause appearing,

IT IS HEREBY ORDERED that respondent's request for an extension of time to file a supplemental return is **GRANTED**; respondent shall file a supplemental return by **January 8, 2007**. If petitioner wishes to file a traverse, he shall file his traverse within thirty days after service and filing of the return.

Dated: _____

_____
Hon. Marla O. Anderson
Judge of the Superior Court

1

1    BILL LOCKYER
     Attorney General of the State of California
2    MARY JO GRAVES
     Chief Assistant Attorney General
3    JULIE L. GARLAND
     Senior Assistant Attorney General
4    ANYA M. BINSACCA
     Supervising Deputy Attorney General
5    DENISE A. YATES, State Bar No. 191073
     Deputy Attorney General
6     455 Golden Gate Avenue, Suite 11000
      San Francisco, CA 94102-7004
7     Telephone: (415) 703-5531
      Fax: (415) 703-5843
8    Attorneys for Respondent Ben Curry, Acting Warden
     at the Correctional Training Facility
9    SF2005200086

10                 SUPERIOR COURT OF CALIFORNIA

11                    COUNTY OF MONTEREY

12                      SALINAS DIVISION

| | |
|---|---|
| In re | No. HC 4990 |
| **FRED L. BAKER,** | **RESPONDENT'S REQUEST FOR AN EXTENSION OF TIME TO FILE A SUPPLEMENTAL RETURN; COUNSEL'S SUPPORTING DECLARATION** |
| Petitioner, | |
| **On Habeas Corpus.** | |
| | Judge:     The Honorable Marla O. Anderson |

20                         **REQUEST**

21       Respondent Ben Curry, Acting Warden at the Correctional Training Facility, requests that

22 the court, for the reasons set forth in the attached declaration of counsel, grant an extension of

23 time to, and including, **January 8, 2007**, to file a supplemental return.

24                      **DECLARATION**

25       I, DENISE A. YATES, declare as follows:

26       1.     I am an attorney admitted to practice before the courts of the State of California

27 and before this Court. I am employed by the California Attorney General's Office as a Deputy

28 Attorney General in the Correctional Writs and Appeals Section, and I am assigned to represent

1

Resp't's Req. for an EOT to File Supp. Return; Counsel's Supporting Decl.
In re Fred Baker (C-220181)

1   respondent in this case.

2         2.    Pursuant to the court's November 20, 2006 order to show cause, respondent's

3   supplemental return is due December 20, 2006. I need additional time to file a supplemental

4   response in this case because although I have prepared the supplemental return, I have been

5   unable to secure a declarant for the supporting declaration. Because I am uncertain when I will

6   be able to secure a declarant during this holiday season, I respectfully request additional time

7   until January 8, 2007, file a supplemental return.

8         3.    This request for an extension of time is not made for any purpose of harassment,

9   undue delay, or for any improper reason. Without this requested extension of time, I would not

10   be able to properly and thoroughly address the court's concerns.

11         4.    On December 20, 2006, I left a message for Baker's counsel, Michael Herro, that I

12   would be requesting this extension of time. Petitioner Baker is serving a life sentence with the

13   possibility of parole and should not be prejudiced by this request, especially since I am informed

14   that he waived his parole consideration hearing yesterday.

15         5.    Respondent has not previously requested an extension of time to file a

16   supplemental return in response to the court's November 20, 2006 order to show cause.

17         I declare under penalty of perjury that the foregoing is true and correct and that this

18   declaration was executed on December 20, 2006, at San Francisco, California.

19

20

21                        DENISE A. YATES
                             Deputy Attorney General

22

23

24

25

26

27

28

Resp't's Req. for an EOT to File Supp. Return; Counsel's Supporting Decl.
*In re Fred Baker (C-22918)*                                    No. HC 4990

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **In re FRED L. BAKER**

No.: **HC04990**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **December 20, 2006,** I served the attached

### RESPONDENT'S REQUEST FOR AN EXTENSION OF TIME TO FILE A SUPPLEMENTAL RETURN; COUNSEL SUPPORTING DECLARATION

### [PROPOSED] ORDER

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Michael Herro
Attorney at Law
Herro Law Offices
134 Central Avenue
Salinas, CA 93901**
Attorney for Fred L. Baker C-22918

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **December 20, 2006,** at San Francisco, California.

| | |
|---|---|
| J. Tucay | *J. Tucay* |
| Declarant | Signature |

20071552.wpd

Exhibit R.

# SUPERIOR COURT, STATE OF CALIFORNIA
## COUNTY OF MONTEREY

Date: 12-29-2006

Hon.   Judge Marla Anderson      Habeas Judge

Kristie Hanson        Deputy Clerk

| | |
|---|---|
| People of the State if California, <br><br> vs. <br><br> Fred L. Baker (C-22818) | Case No.    HC4990 <br><br> Minute Order:   Order to Extend Time To File Supplemental Return |

It has come to the attention of the Court that due to clerical error, the file was misplaced until 12-29-2006.

Therefore, good cause showing, the respondent shall have an additional 30 days from the date of service of this order to show cause by Supplemental Return filed in this court, thereafter, Petitioner may file his Traverse within 30 days from the service and filing of the return.


_____
MARLA ANDERSON
_____
Judge of the Superior Court

**CERTIFICATE OF MAILING**

**C.C.P. SEC. 1013a**

I do hereby certify that I am not a party to the within stated cause and that on

_____1/5/07_____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses as

hereinafter set forth:

Michael Herro
Law Office of Michael Herro
134 Central Avenue
Salinas, CA 93901

Dated:_____1/5/07_____

LISA M. GALDOS,
Clerk of the Court

By:_____
Deputy

K. Hanson

Exhibit S.

Petitioner's COPY

1  Fred L. Baker
   Correctional Training Facility
2  Central-Facility
   C-22918, B-321L
3  P.O. Box 689
   Soledad, CA 93960-0689
4.

5  Petitioner in Pro Per

**FILED**

JAN 0 8 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
S. GARSIDE                DEPUTY

6

7          SUPERIOR COURT OF MONTEREY COUNTY

8           IN AND FOR THE STATE OF CALIFORNIA

9

10

11  In re                      )    HC 04990
                               )
12      FRED L. BAKER,         )    MOTION TO GRANT RELIEF
                               )    REQUESTED IN PETITION
13  On Habeas Corpus.          )    OF WRIT OF HABEAS CORPUS
                               )
14                             )
                               )
15

16       TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF

17  MONTEREY, HONORABLE MARLA O. ANDERSON:

18       Petitioner, Fred Lee Baker, in Pro Per hereby respectfully

19  request that this Court grant the relief requested in the

20  above entitled matter.  This matter was originally filed on

21  Janurary 27, 2005.  Respondents submitted their Return on

22  November 23, 2005 and Petitioner submitted an Amended Traverse/

23  Response on January 6, 2006.  On or about June 6, 2006, the

24  Court issued an Order, inviting Petitioner leave to file a

25  supplemental pleading to his original petition to address some

26  very specific issues which in the Court's view were not expressly

27  or implicitly raised in the original petition and pleadings filed

28  in this matter.  Specifically, Petitioner was invited to address

1

1   whether the Board lost jurisdiction to preside over the December

2   2004 parole suitability hearing.

3       On July 10, 2006 Petitioner filed his amended/supplemental

4   petition and attachments pursuant to the above Order.    Upon

5   review and consideration of the pleadings in a subsequent Order

6   dated November 20, 2006, the Court issued findings that

7   Petitioner had "alleged sufficient facts and circumstances

8   therein to state a prima facie case for relief.   Accordingly,

9   the Court ordered Respondent to Show Cause why Petitioner should

10  not be afforded the relief sought in his amended/supplemental

11  petition.  In doing so, the Court stated that Respondent shall

12  show cause by Return filed in this Court within (30) days after

13  the date of the Order.  Petitioner was invited to file a traverse

14  within (30) days thereafter.

15      On December 22, 2006 Petitioner received a letter from

16  Court appointed counsel Michael Herro, dated December 20, 2006

17  informing him that Mr. Herro would no longer be able to represent

18  Petitioner.  Mr. Herro further noted "[a]s of today's date I

19  do not believe the AG has filed their Return, which by the terms

20  of the order would be due on Dec. 20, 2006."  (A copy of the

21  December 2006 letter is attached hereto as Appendix 1.)

22      This Court has the authority to grant the relief requested

23  pursuant to Penal Code §§ 1474, 1480, Cal. Rules of Ct., §

24  4.551(d)-(f), and the memorandum of points and authorities

25  submitted herein.

26                              I.

27  PETITIONER'S BURDEN PURSUANT TO PENAL CODE § 1474

28  To satisfy the initial burden of pleading adequate grounds

1  for relief, an application for habeas corpus must be made by
2  petition, and "[i]f the imprisonment is alleged to be illegal,
3  the petition must also state in what the alleged illegality
4  consists." (id., § 1474, subd. (2).)

5      In summarizing the rules governing habeas corpus relief,
6  the California Supreme Court ruled in In re Duvall, (1995) 9
7  Cal.4th 464, 474, that "[t]he petition should both (i) state
8  with particularity the facts on which relief is sought
9  [citations], [and] (ii) include copies of reasonably available
10 documentary evidence supporting the claim, including pertinent
11 portions of trial transcripts and affidavits or declarations.
12 [Citations]."

13     Moreover, when a reviewing court has determined that the
14 petition states a prima facie case on a claim that is not
15 procedurally barred, and issues an order to show cause directing
16 the respondent to serve and file a written return, the
17 "petitioner may either file a traverse or the parties may
18 stipulate that the original habeas corpus petition be treated
19 as a traverse. [Citations]." (Duvall, supra, 9 Cal.4th at
20 p. 477; Cal. Rules of Ct., Rule 4.551(e).)

21                             II

22 **RESPONDENT'S RESPONSIBILITY PURSUANT TO PENAL CODE § 1480**

23     To fulfill the duty conferred upon Respondent by statute,
24 case law provides "the custodian of the confined person shall
25 file  responsive pleading, called a return, justifying the
26 confinement. [Citation]." (Duvall, supra, 9 Cal.4th at pp.
27 476-477; Board of Prison Terms v. Superior Court, (2005) 130
28 Cal.App.4th 1212, 1237.)

                             3

1   The principle reiterated in this Court's precedent -- that

2  where a return containing only general denials is deficient --

3  is also firmly embedded in California law: "we have required

4  the return to 'allege facts tending to establish the legality

5  of petitioner's detention.'" (In re Sixto, (1989) 48 Cal.3d 1247,

6  1252; see also In re Romero, (1994) 8 Cal.4th 728, 738 [indicat-

7  ing "[t]he return ... must allege facts establishing the legality

8  of petitioner's detention."]; In re Lawler, (1979) 23 Cal.3d

9  190, 194 [return must allege facts]; In re Saunders, (1970)

10  2 Cal.3d 1033, 1047 (same).)

11   In addition to the California Supreme Court's finding that

12  Respondent's return "must either admit the factual allegations

13  set forth in the habeas corpus petition, or allege additional

14  facts that contradict those allegations" (Duvall, supra, 9 Cal.4th

15  484), California law dictates that "[a]ny material allegation

16  of the petition not controverted by the return is deemed admitted

17  for the purpose of the proceeding." (Cal. Rules of Ct.,

18  4.551(d).)

19                              III

20          MEMORANDUM OF POINTS AND ATHORITIES
              IN SUPPORT OF RELIEF REQUESTED
21

22  A.      Procedure Governing Habeas Corpus

23   In this State, "[t]he rules governing postconviction habeas

24  corpus relief recognize the importance of the 'Great Writ,'

25  an importance reflected in its constitutional status ... "

26  (In re Clark, (1993) 5 Cal.4th 750, 763-764.) The "state

27  constitution guarantees that a person improperly deprived of

28                               4

1  his or her liberty has the right to petition for a writ of

2  habeas corpus." (Duvall, supra, 9 Cal.4th at 474.) Thus, the

3  petition serves primarily to launch the judicial inquiry into

4  the legality of the restraints on the petitioner's personal

5  liberty.

6      In explaining the role of the court in habeas proceedings

7  the California Supreme Court noted:

8          "[w]hen presented with a petition for writ of
           habeas corpus, a court must first determine
9          whether the petition states a prima facie
           case for relief — that is, whether it states
10         facts that, if true, entitle the petitioner
           to relief — and also whether the stated
11         claims are for any reason procedurally barred.
           [Citation]."

12

13  (Romero, supra, 8 Cal.4th at 737.) If the court's preliminary

14  assessment indicates that the "petition is sufficient on its

15  face ..., the court is obligated to issue a writ of habeas

16  corpus." (Ibid.; Penal Code § 1476.) Moreover, California Court's

17  have developed the practice of using the order to show cause

18  as a substitute for the writ of habeas corpus requiring the

19  "respondent custodian to serve and file a written return."

20  (Romero, supra, 8 Cal.4th at 738, quoting In re Hochberg, (1970)

21  2 Cal.3d 870, 874.).

22      Because the return "is an essential part of the scheme" by which relief

23  is granted in a habeas corpus proceeding, "the respondent must

24  respond to the order to show cause by filing a return that

25  addresses the prima facie claims, to which the petitioner may

26  reply in a traverse." (Romero, supra, 8 Cal.4th 739; Board

27  of Prison Terms v. Superior Court, supra, 130 Cal.App.4th at

28  1240.) "When [Respondent's] return fails to dispute the

1 factual allegations contained in the petition and traverse, it

2 essentially admits those allegations." (Bland v. California

3 Dept. of Corrections, 20 F.3d 1469, 1471 (9th Cir. 1994) (quoting

4 Sixto, supra, 48 Cal.3d at 1247).)

5 B.    **Applicability to Petitioner's Case**

6     Here, as detailed in the original petition filed in propria

7 persona on January 27, 2005, Petitioner challenged the Board's

8 authority to rescind its September 24, 2004 finding of

9 suitability for parole based solely on the fact that the Board

10 lost the decision portion of the transcript from the hearing,

11 there was no evidence to support rescission, and that his

12 continued incarceration grossly exceeds the established

13 guidelines. (Pet. at pp. 3(a)-3(d).)

14     After determining that Petitioner made a prima facie case

15 for relief, this Court ordered Respondent to Show Cause why

16 Petitioner should not be granted the relief sought in his

17 petition.[1/]    (Order, August 23, 2005.) However, rather than

18 filing a return responsive to the petition, Respondent has

19 instead chosen to defy the Court's directive and cites to Penal

20 Code Sections 3041(b), 3041.1, and 3042(b)-(c) for the

21 proposition that the Board's actions were proper and legally

22 mandated. Respondent further complain that the Court improperly

23 directed respondent to justify holding a rehearing rather than

24 having the panel re-create its decision. (Resp. Return at pp. 6-8.)

25 _____

26     1. On November 20, 2006, Respondent was directed to address the
additional claims raised in the amended/supplemental petition filed on July
27 10, 2006. To date, Petitioner has not been served a copy of Respondent's
Return.

28

1    In a subsequent Order this Court rejected Respondent's

2 contention, concluding that "[n]o mandate is set forth requiring

3 a rehearing where, as here, the recording equipment malfunctions

4 or staff simply neglects to produce all tapes for transcription,"

5 and further noting that a "court is not constrained in its

6 crafting of an appropriate remedy simply because an action has

7 been inartfully pled." (Order, June 5, 2005.)

8    In the instant case, Respondent was afforded an opportunity

9 to respond to the Order to Show Cause but has failed to do so,

10 thus, with respect to the granting of habeas corpus, the

11 California Supreme Court explained:

> "we did not say that respondent must be given
> an opportunity, before a court grants habeas
> relief, to file some sort of opposition;
> rather, we said the respondent must be given
> an opportunity to file a return, which is a
> document filed only after issuance of an order
> to show cause or a writ of habeas corpus."

17 (Romero, supra, 8 Cal.4th at 744.)  The Supreme Court then

18 reaffirmed its position in Adoption of Alexander S., (1988)

19 44 Cal.3d 857, stating that "a court may grant a habeas corpus

20 petitioner final release from custody or other affirmative

21 relief after issuance of an order to show cause or a writ of

22 habeas corpus." (8 Cal.4th as 744.)

23    Accordingly, because Respondent's return did not dispute

24 the material facts alleged in the petition following the

25 issuance of the Order to Show Cause, this Court must find that

26 Respondent is deemed to admitted the facts that form the basis

27 of Petitioner's claims, and grant the petition for writ of

28 habeas corpus. (Sixto, supra, 48 Cal.3d at 1252; In re

7

1 | <u>Rosenkrantz</u>, (2002) 29 Cal.4th 616, 658; Cal. Rules of Ct.,

2 | Rule 4.551(d).)

3 |     THEREFORE, the Petition for Writ of Habeas Corpus should

4 | be granted, and the Respondents be ordered to release Petitioner

5 | forthwith.

6 |

7 | Dated: January 4, 2007.            Respectfully Submitted,

8 |

9 |

10 |                                    Fred L. Baker
                                       Petitioner in Pro Per

SUPERIOR COURT OF MONTEREY COUNTY

IN AND FOR THE STATE OF CALIFORNIA

In re ) HC 04990

FRED L. BAKER, ) **CERTIFICATE OF SERVICE**

On Habeas Corpus. )

I, the undersigned, hereby certify that I am a resident of the State of California, County of Monterey. I am over the age 18 years and a party to the within action. My business/ residence address is P.O. Box 689, Soledad, California, 93960-0689.

On **January 4, 2007**, I caused to be served the attached

MOTION TO GRANT RELIEF REQUESTED IN
PETITION OF WRIT OF HABEAS CORPUS

DECLARATION OF FRED L. BAKER IN SUPPORT OF MOTION TO
GRANT RELIEF REQUESTED IN
PETITION OF WRIT OF HABEAS CORPUS

LETTER OF MICHAEL HERRO, DATED DECEMBER 20, 2006

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the internal mail collection system at the Correctional Training Facility at P.O. Box 689, Soledad, CA 93960-0689, addressed as follows:

Michael Herro
Law Office of Michael Herro
134 Central Avenue
Salinas, CA 93901

Office of the Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Attn: Correctional Law Section

I declare under penalty of perjury that the foregoing is true and correct.

_____
Declarant

Mr. Frederick L. Baker
C-22918
Correctional Training Facility-Soledad
P.O. Box 689
Soledad, Ca. 93960

December 20, 2006

Mr. Baker-

I know it has been quite some time since we corresponded and I am truly sorry for not getting back to you sooner. I did talk to Ethel Martin not long ago and hope she got you the message from me.     I will not attempt to provide an excuse as to how this matter has been handled either by myself or the court's, other than to tell you that I am sincerely sorry and that it was not my intention to prolong this matter, or let it "slip through the cracks". I am willing to do whatever is necessary (a declaration, etc.) should you seek remedy from a higher court.

I filed your request for ruling as requested, and then got a call from the research attorney explaining that an order had been issued, but that it was "lost" in the court building when it was shut down due to an industrial accident. I went repeatedly to the clerk's office over the next several weeks and asked if any order had been filed that they had a record of, but nothing ever showed up. On October 30, I moved from private practice into the Public Defender's Office, and Ms. Martin contacted me here at that office not long after. Following my conversation with her, I called the research attorney again, insisting that something be done on your case, as all of us involved with the courts and their administration had completely failed to properly handle your petition. She apologized profusely, told me that in fact they had just located the file and the "lost" order and that it would be sent out immediately. A short while after, I did receive the Order to Show Cause included with this letter. As of today's date I do not believe the AG has filed their Return, which by the terms of the order would be due on Dec. 20, 2006.

Due to my new position in the Public Defender's Office, I am no longer able to represent you in this matter. I have asked the Alternate Defender's Office, who originally assigned me your case to assign new counsel immediately to prepare the Traverse contemplated by the most recent order. If you feel that having a different attorney appointed will in any way not serve your best interest or prejudice your claim, I am willing to do whatever is necessary to continue representing you in this matter. Please write and let me know how you wish for me to proceed. Again, it is difficult to express how truly sorry I am about what has transpired in this matter, and hope that I can be of some service to you in the future.

Sincerely,

Michael Herro

Exhibit T.

ORIGINAL

1   BILL LOCKYER
    Attorney General of the State of California
2   MARY JO GRAVES
    Chief Assistant Attorney General
3   JULIE L. GARLAND
    Senior Assistant Attorney General
4   ANYA M. BINSACCA
    Supervising Deputy Attorney General
5   DENISE A. YATES, State Bar No. 191073
    Deputy Attorney General
6     455 Golden Gate Avenue, Suite 11000
      San Francisco, CA 94102-7004
7     Telephone: (415) 703-5531
      Fax: (415) 703-5843
8   Attorneys for Respondent Ben Curry, Acting Warden
    at the Correctional Training Facility
9   SF2005200086

FEB 0 7 2007

FILED

FEB 0 7 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____DEPUTY
S. GARSIDE

10                   SUPERIOR COURT OF CALIFORNIA

11                       COUNTY OF MONTEREY

12                        SALINAS DIVISION

13

14   In re                              No. HC 4990

15   **FRED L. BAKER,**                 **RESPONDENT'S RETURN TO
                                        THE AMENDED/SUPPLEMENTAL**
16                     Petitioner,      **PETITION**

17   **On Habeas Corpus.**             Judge:      The Honorable Marla O.
                                                   Anderson
18

19                          <u>INTRODUCTION</u>

20        A review of the protracted litigation in this case is warranted. Petitioner Baker, a prisoner

21   now proceeding with counsel in this habeas case, originally challenged the Board of Prison

22   Terms' (Board, now Board of Parole Hearings) decision that his September 24, 2004 parole

23   consideration hearing must be reheard because the entire hearing could not be transcribed. (Petn.

24   at pp. 3-3(a).) After the parties filed informal responses, the court ordered respondent to show

25   cause why a hearing should not be held by the same Board members, adopting the partial

26   transcript and recreating their decision recommending parole based on the transcript and their

27   independent recollection. (Order, filed August 23, 2005.)

28        Respondent informed the court that a rehearing was held, Baker declined to appear at the

                                          1

1  hearing, and the Board denied Baker parole for one year. The court then questioned why a de

2  novo hearing was necessary to correct the Board's failure to properly record the 2004 hearing.

3  (Order, filed October 24, 2005.) In his return, respondent explained that because the transcript

4  did not contain the statements by the victim, the petitioner, or his attorney, as well as the Board's

5  decision, the hearing was not held in accordance with the law and must be redone. Further,

6  Baker's due process rights were not violated because the parole grant was a preliminary decision

7  subject to review by the Board and the Governor, and Baker did not have a due process liberty

8  interest in a preliminary decision. Moreover, it would be inappropriate to sanction something as

9  serious as paroling a life prisoner based on a decision the Board was forced to recreate from their

10  memory. Finally, respondent argued that the court could not grant any relief based on the Board

11  considering Baker's parole suitability de novo because Baker did not raise that issue in his

12  petition.

13      Baker filed at traverse, to which respondent objected. First, respondent objected to

14  Baker's request that the court take judicial notice of documents regarding another inmate's

15  hearing (inmate Freddy Fikes) where the decision was recreated based on the decision work sheet

16  that was fortuitously retained and reflected the Board's reasoning. Second, respondent objected

17  to Baker's newly-asserted claim that the Board had lost jurisdiction to preside over Baker's

18  "parole application" because Baker did not raise it in his petition.

19      The court took judicial notice of the BPT forms 1000(a) and 1000(b), and regarding the

20  decision worksheet used in inmate Fikes's hearing, the court took judicial notice of the Board's

21  official act in utilizing the form, but not the truth of the facts reflected on the form. Finally, the

22  court invited Baker to file an amended or supplemental petition to address facts and theories that

23  he did not raise in his original petition. The court invited Baker to attach to his amended or

24  supplemental petition: (1) the Board's written statement recommending that parole be granted;

25  (2) the forms and documents generated and used by the Board in connection with his hearing;

26  and (3) a declaration properly authenticating and identifying the documents inmate Fikes

27  references.

28      Baker filed an amended/supplemental petition in which he requested an additional ground

2

Resp't's Return to the Amended/Supplemental Pet.
*In re Fred L. Baker (C-22918)*

No. HC 4990

1  be added to his original petition.  In his amended/supplemental petition, Baker summarily alleges

2  that the Board's actions exceeded the time limits set forth in California Code of Regulations, title

3  15, sections 2041, 2042, 2044, and 2451, and Penal Code section 3041(b).  Baker then

4  incorporates by reference section two in his traverse addressing this ground.  Baker produced the

5  documents he obtained from his central file, and the BPT 1000(b) form was not one of them.

6      The court has now ordered respondent to show cause why Baker should not be afforded

7  the relief sought in his amended petition.  Further, the court ordered respondent to ascertain from

8  case records staff which forms it made available to the commissioners for use at Baker's 2004

9  parole consideration hearing, and to provide the court with accurate copies of such forms and

10  documents.  In addition, the court requested respondent to provide a copy of the proposed

11  decision and stated reasons for disapproval of Baker's 2004 hearing.

12      The amended/supplemental petition should be denied because it does not state a prima

13  facie case for relief because the Board did not lose jurisdiction to rehear Baker's parole

14  consideration hearing.

15                          SUPPLEMENTAL RETURN

16      Respondent Ben Curry, Acting Warden at the Correctional Training Facility, for a

17  supplemental return to the November 20, 2006 order to show cause, states:

18      1.      Respondent denies that incorporating by reference an argument in his traverse

19  meets Baker's burden of specifying the facts upon which relief is sought.  (*In re Gallego* (1998)

20  18 Cal.4th 825, 837-838, fn. 12 [finding that a habeas petitioner's incorporation by reference of

21  allegations set forth in other parts of the petition and the facts set forth in the exhibits did not

22  meet his burden of presenting specific allegations in support of his claim]); see also *People v.*

23  *Duvall* (1995) 9 Cal.4th 464, 474 [noting that a habeas petitioner has the burden to specify the

24  facts establishing grounds for his release]; *Board of Prison Terms v. Superior Court (Ngo)*

25  (2005) 130 Cal.App.4th 1212, 1237 ["Only those claims raised in the original habeas petition or

26  in a supplemental habeas petition may be considered by the court."]; cf. *In re Rosenkrantz* (2002)

27  29 Cal.4th 616, 675 [noting that exhibits to habeas pleadings that are incorporated by reference

28  are not evidence, but merely supplement the allegations, and are subject to admissibility at an

                                    3

1  evidentiary hearing based on the rules of evidence]; but cf. *In re Gay* (1998) 19 Cal.4th 771, 781,

2  fn. 7 [addressing the allegations in the petitioner's traverse that he had incorporated by reference

3  from his petition and informal reply].)  Alternatively, respondent denies that Baker states a prima

4  facie case for relief in his amended/supplemental petition. (*People v. Duvall*, *supra*, 9 Cal.4th at

5  p. 474.)

6        2.      Respondent denies that the Board "lost jurisdiction" to preside over Baker's

7  rehearing under the alleged time limits of sections 2041, 2042, 2044, and 2451 of title 15 of the

8  California Code of Regulations, and Penal Code section 3041, subsection (b).  The Board's

9  September 24, 2004 decision did not become final for 120 days, namely, until January 22, 2005.

10  (Cal. Code Regs., tit. 15, § 2041, subd. (h); Pen. Code, § 3041, subd. (b).)  The sixty-day limit of

11  section 2044 of the regulations does not apply to this case because a hearing panel member did

12  not request that the en banc Board consider this case. (Cal. Code Regs., tit. 15, § 2044, subd.

13  (a).)  Rather, the decision to hold a rehearing was the result of the normal decision review

14  process.  (Return, Exs. 3-4.)  Further, section 2042 of the regulations does not provide a time

15  limit during which the Board must act.  Section 2451 of the regulations also does not provide a

16  time limit and is not relevant because it addresses rescission hearings, which Baker's was not.

17        3.      Respondent denies that section 2041, subdivision (d) of the regulations applies to

18  any issue raised in Baker's petition.  Further, respondent denies that any regulatory language used

19  by respondent in his return was not applicable at the time of Baker's hearing.  (Cal. Code Regs.,

20  tit. 15, §§ 2041-2042, History.)  Moreover, respondent denies that the bases for disapproving a

21  decision are limited to those delineated in section 2042 of the regulations.

22        4.      Respondent denies that Baker requested any relief in his amended/supplemental

23  petition.  Alternatively, respondent denies that Baker is entitled to be released from prison.  If the

24  court decides to grant Baker habeas relief, the remedy is limited to a new parole consideration

25  hearing before the Board that comports with due process.  (See *In re Rosenkrantz*, *supra*, 29

26  Cal.4th at p. 658 [noting that the proper remedy for a Board decision lacking some evidence is a

27  new hearing comporting with due process]; *In re Carr* (1995) 38 Cal.App.4th 209, 218 [finding

28  that the appropriate relief for a due process violation is to provide the process due].)

Resp't's Return to the Amended/Supplemental Pet.
*In re Fred L. Baker* (C-22918)

No. HC 4990

1    5...    Respondent denies that Baker's due process rights were violated at his September

2    24, 2004 hearing.  Respondent also denies that some evidence did not support the Board's

3    October 4, 2005 decision denying Baker parole.

4    6.    Respondent denies that the court ordered respondent to show cause based on

5    Baker's claim of cruel and unusual punishment.  Alternatively, respondent denies that Baker has

6    stated specific facts to meet his burden of stating a prima facie case for relief on this claim.

7    (*People v. Duvall, supra*, 9 Cal.4th at p. 474.)  Finally, respondent denies that Baker has been

8    incarcerated in gross excess of the established guidelines for his offense and that his continued

9    incarceration constitutes excessive confinement in violation of the California Constitution.  The

10   the sentencing matrix is not relevant, and the Board need not consider it, until the prisoner is

11   found suitable for parole.  (*In re Dannenberg, supra*, 34 Cal.4th at p. 1098.)

12   7.    Respondent denies that inmate Fikes's declaration properly authenticates the

13   documents attached to it as exhibits.  Fikes's declaration merely identifies the documents, and

14   does not explain where the documents came from, that they are true and accurate copies, and how

15   he knows they are true and accurate copies.  (See Evid. Code, § 1400.)

16   8.    Respondent alleges that it would be impossible to recreate the September 24, 2004

17   Board decision granting parole based on existing documents.  (See Levorse Decl; Maciel Decl.)

18   9.    Baker was scheduled for a subsequent parole consideration hearing on December

19   19, 2006, but it was postponed at Baker's request because of his pending habeas petition.

20   10.    Except as expressly admitted, respondent denies each and every allegation of the

21   amended/supplemental petition.

22   This supplemental return is based on the allegations and authorities above, respondent's

23   informal response, respondent's original return filed on November 28, 2005, respondent's

24   October 5, 2005 letter to the court, respondent's opposition to petitioner's request for judicial

25   ////

26   ////

27   ////

28   ////

5

1    notice, and respondent's objection to the traverse, all of which are incorporated by reference.

2        WHEREFORE, respondent respectfully requests that the petition for writ of habeas

3    corpus be denied and the orders to show cause be discharged.

4        Dated:  January 31, 2007           Respectfully submitted,

5

6                               BILL LOCKYER
                           Attorney General of the State of California

7                               JAMES M. HUMES
                           Chief Assistant Attorney General

8                               FRANCES T. GRUNDER
                           Senior Assistant Attorney General

9                               ANYA M. BINSACCA
                           Supervising Deputy Attorney General

10

11

12                               DENISE A. YATES
                           Deputy Attorney General

13

14                               Attorneys for Respondent Ben Curry, Acting
                           Warden at the Correctional Training Facility

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Resp't's Return to the Amended/Supplemental Pet.
*In re Fred L. Baker (C-22918)*
                                                            No. HC 4990

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **In re FRED L. BAKER**

No.:   **HC04990**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **February 1, 2007,** I served the attached

### RESPONDENT'S RETURN TO THE AMENDED/SUPPLEMENTAL PETITION

### DECLARATION OF SANDRA MACIEL IN SUPPORT OF RESPONDENT'S SUPPLEMENTAL RETURN

### DECLARATION OF DEBRA LEVORSE IN SUPPORT OF RESPONDENT'S SUPPLEMENTAL RETURN

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Michael Herro**
**Attorney at Law**
**Herro Law Offices**
**134 Central Avenue**
**Salinas, CA  93901**
attorney for Fred L. Baker
C-22918

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **February 1, 2007**, at San Francisco, California.

| | |
|---|---|
| J. Tucay | *J. Tucay* |
| Declarant | Signature |

ORIGINAL

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | MARY JO GRAVES
Chief Assistant Attorney General
3 | JULIE L. GARLAND
Senior Assistant Attorney General
4 | ANYA M. BINSACCA
Supervising Deputy Attorney General
5 | DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5531
Fax: (415) 703-5843
8 | Attorneys for Respondent Ben Curry, Acting Warden
at the Correctional Training Facility
9 | SF2005200086

FILED

FEB 0 7 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
S. GARSIDE

10 | SUPERIOR COURT OF CALIFORNIA

11 | COUNTY OF MONTEREY

12 | SALINAS DIVISION

13 |

14 | In re

15 | **FRED L. BAKER,**

16 | Petitioner,

17 | **On Habeas Corpus.**

18 |

19 |

No. HC 4990

**DECLARATION OF SANDRA
MACIEL IN SUPPORT OF
RESPONDENT'S SUPPLEMENTAL
RETURN**

Judge:    The Honorable Marla O.
Anderson

20 |   I, Sandra Maciel, declare:

21 |   1.    I have been employed by the California Department of Corrections and

22 | Rehabilitation as a Staff Services Manager I for the Board of Parole Hearings in the Decision

23 | Processing and Scheduling Unit (DPU/SCH) since May 2001. In this capacity, I supervise staff

24 | who perform various duties regarding the parole consideration hearing process, including

25 | managing lifer packets that the records department of various prisons forwards to the Board after

26 | a parole hearing. If sworn as a witness, I would be competent to testify to the facts contained

27 | herein because they are within my personal knowledge.

28 |   2.    After a parole consideration hearing, the DPU/SCH receives from the institution's

1

1    records department the lifer packet, the tape(s) of the hearing, and the forms filled out by the

2    Board panel at the hearing. The DPU/SCH retains the lifer packet, the tape(s), and the completed

3    forms for one year after the hearing was conducted. In the thirteenth month, the DPU/SCH

4    purges the tapes and documents. That is, after an official transcript is prepared, the

5    corresponding hearing tape(s) are destroyed. In addition, the documents in the lifer packet

6    duplicative of those in the prisoner's central file are shredded, and some of the forms completed

7    by the Board panel at the hearing, including the hearing transcript, are saved electronically.

8    DPU/SCH staff are instructed to save the forms listed in exhibit one to this declaration if the

9    DPU/SCH received them.

10        3.    If a BPT 1000(b) Grant Worksheet was completed during a parole hearing, it is

11    normally destroyed and thus, is not forwarded to the DPU/SCH. If a BPT 1000(b) Grant

12    Worksheet was forwarded to the DPU/SCH, the DPU/SCH staff are instructed to electronically

13    scan the form. A BPT 1000(b) Grant Worksheet for Baker's 2004 parole consideration hearing

14    was not located and therefore, was presumably destroyed in the normal course of business or was

15    never completed.

16        4.    The Board does not prepare a separate decision suggested by the language at the

17    bottom of the BPT 1005 form: "If the proposed decision denying or granting parole is

18    disapproved, you will receive a copy of the proposed decision and the reasons for disapproval."

19    Rather, at the hearing, the prisoner is informed of the reasons for the decision, which are then

20    reflected in the decision portion of the hearing transcript, and he is provided a copy of the BPT

21    1005 form. And after it is transcribed, a copy of the hearing transcript is forwarded to the

22    prisoner.

23        I declare under penalty of perjury that the foregoing is true and correct and that this

24    declaration was executed on January 31, 2007, at Sacramento, California.

25

26

27    _Sandra Dr Maciel_
      Sandra Maciel
      Staff Services Manager I

28    Decision Processing and Scheduling Unit

2

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | MARY JO GRAVES
Chief Assistant Attorney General
3 | JULIE L. GARLAND
Senior Assistant Attorney General
4 | ANYA M. BINSACCA
Supervising Deputy Attorney General
5 | DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5531
Fax: (415) 703-5843
8 | Attorneys for Respondent Ben Curry, Acting Warden
at the Correctional Training Facility
9 | SF2005200086

**ORIGINAL**

**FILED**

FEB 0 7 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
**S. GARSIDE**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

SALINAS DIVISION

|  |  |
|---|---|
| In re<br><br>**FRED L. BAKER,**<br><br>Petitioner,<br><br>**On Habeas Corpus.** | No. HC 4990<br><br>**DECLARATION OF DEBRA LEVORSE IN SUPPORT OF RESPONDENT'S SUPPLEMENTAL RETURN**<br><br>Judge:    The Honorable Marla O. Anderson |

I, Debra Levorse, declare:

1.    I have been employed by the California Department of Corrections and Rehabilitation at the Correctional Training Facility (CTF) since approximately June 15, 1981. I am a Correctional Counselor III and have been employed as the Classification and Parole Representative in the records department at CTF since approximately July 2, 2001. In this capacity, I supervise staff ("CTF staff") who perform various duties regarding the parole consideration hearing process, including preparing certain documents that are presented to the Board before parole consideration hearings. In addition, I am the liaison between the Board of Parole Hearings and CTF. If sworn as a witness, I would be competent to testify to the facts

1

1   contained herein because they are within my personal knowledge.

2       2.      I understand that the court has ordered case records staff to ascertain which forms

3   were made available to the Board commissioners for use at prisoner Fred Baker's (C-22918)

4   September 24, 2004 parole consideration hearing and to provide accurate copies of these forms

5   and documents.

6       3.      Before a parole consideration hearing, CTF staff forwards certain blank Board

7   forms to the Board for use at the parole consideration hearing, as well as a packet of documents

8   (lifer packet), which is also sent to the prisoner's attorney and the district attorney before the

9   hearing.  CTF staff forwards to the Board the following Board forms:

10          BPT 1000 Life Prisoner Parole Consideration Worksheet

11          BPT 1001 Life Prisoner Hearing Decision Face Sheet

12          BPT 1001A Life Prisoner Hearing - Extraordinary Action and Decision

13          BPT 1008 Life Prisoner Parole Consideration Hearing Checklist

14  The lifer packet consists of the documents in the prisoner's central file that correspond with the

15  documents listed in the BPT 1008 form.

16      4.      I do not know if CTF staff forwarded every single document listed above to the

17  Board before Baker's 2004 parole consideration hearing, but CTF staff should have forwarded

18  them in the normal course of business.  Included with this declaration as exhibits 1-4,

19  respectively, is a copy of the blank BPT forms listed above, namely, BPT 1000, BPT 1001, BPT

20  1000A, and BPT 1008.

21      5.      In addition to the Board forms sent by CTF staff to the Board, miscellaneous

22  forms are available to the Board in the hearing room at CTF.  Examples of the forms currently

23  available in the CTF hearing room are included in exhibit 5 to this declaration; these forms may

24  or may not apply to parole consideration hearings.  I do not know what forms were available in

25  ////

26  ////

27  ////

28  ////

2

1    the CTF hearing room at Baker's September 24, 2004 parole consideration hearing.

2       I declare under penalty of perjury that the foregoing is true and correct and that this

3    declaration was executed on January 10, 2007, at Soledad, California.

4

5

6                              _Debra Livorse_

                             Debra Levorse

7                              Classification and Parole Representative

8                              Records Department, Correctional Training Facility

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Debra Levorse Decl. in Support of Resp't's Supplemental Return
*In re Fred Baker (C-22918)*

Exhibit U.

MICHAEL A. HERRO, Attorney at Law (233749)
111 West Alisal Street
Salinas, California 93901
Telephone: (831) 755-5058

Attorney for Petitioner Fred L. Baker

**FILED**

MAR 14 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEPUTY
S. GARSIDE

# SUPERIOR COURT OF MONTEREY COUNTY

## STATE OF CALIFORNIA

### SALINAS DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | CASE NO.: HC 4990 |
|  | ) |  |
| **FRED L. BAKER** | ) | (PROPOSED) ORDER |
| Petitioner | ) | GRANTING EXTENSION OF |
|  | ) | TIME |
| **On Habeas Corpus** | ) |  |
| ———————————————— | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

The Court, having considered Petitioner's request for an extension of time to file a Traverse in this matter, and good cause appearing,

IT IS HEREBY ORDERED that Petitioner's request for an extension of time to file a Traverse is **GRANTED**, and Petitioner shall have until March 30, 2007 to file the Traverse.

Dated: 3-14-07

JONATHAN R. PRICE

## PROOF OF SERVICE

STATE OF CALIFORNIA    )
                                            ) §
COUNTY OF MONTEREY    )

I, the undersigned, do hereby declare:

I am employed in the County of Monterey, California. I am over the age of eighteen (18) years; a citizen of the United States; and not a party to the within action. My business address is:  111 West Alisal Street, Salinas, CA 93901.

On this date, Wednesday, March 14, 2007, I served the attached **PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE** in case number **HC 4990;** in the matter of **FRED BAKER** on the interested parties in said cause, as designated below:

_____    **(By US. Postal Service)** By placing on that date at my place of business, a true copy thereof, enclosed in a sealed envelope with postage fully prepaid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business.

_____    **By personal service)** I caused the document(s) to be personally delivered by hand to the office(s) of the addressee(s).

__X__    **(By U.S. Postal Express Mail)** I caused a sealed envelope, with Express Mail postage thereon fully prepaid, to be placed in the United States Mail depository, at Salinas, California, for next day delivery.

_____    **(By Fax Machine)** I caused a true copy of the above referenced document(s) to be transmitted by facsimile machine to the phone number shown below each address, and caused a sealed envelope containing a true copy of the same, with first class postage thereon fully prepaid, to be deposited in the United States mail in Salinas, California.

Said document(s) is/are addressed as follows:

**The Office of the Attorney General**
**Attention: Deputy Attorney Denise A. Yates**
**455 Golden Gate Ave. Suite 11000**
**San Francisco, CA 94102-7004**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct; and that this declaration was executed on March 14, 2007, at Salinas, California.

*Araceli Godinez*
ARACELI GODINEZ
SECRETARY ASSISTANT III

Exhibit V.

**FILED**

APR 2 4 2007

LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
DEPUTY
OSCAR LUNA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

1

2

3

4  In re                                  )  Case No.: HC 4990
                                          )
5        Fred L. Baker                    )  ORDER
                                          )
6                    On Habeas Corpus.    )
                                          )

7

8        Given the complexity of the issues raised and the need for a thorough examination of the

9  file, the high number of habeas corpus petitions filed in the recent past, and staffing issues, the

10  court requires additional time to review this matter before rendering a decision.

11        Good cause appearing, pursuant to California Rules of Court, Rule 4.551(h), the court, on

12  its own motion, extends the time in which it is to issue an order to and including June 1, 2007.

13        IT IS SO ORDERED.

14  Dated: 4-24-07

15

16                              _____
                                Hon. Jonathan R. Price
17                              Judge of the Superior Court

18

19

20

21

22

23

24

25

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

April 24, 2007 I deposited true and correct copies of the following document: ORDER in

sealed envelopes with postage thereon fully prepaid, in the mail at Salinas, California,

directed to each of the following named persons at their respective addresses as

hereinafter set forth:

Michael Herro, Attorney at Law
111 W Alisal St
Salinas, CA 93901


Denise A Yates, Deputy Attorney General
California Attorney General's Office
455 Golden Gate Ave, Ste 11000
San Francisco, CA 94102


Dated:_____            LISA M. GALDOS,
                                   Clerk of the Court


                                   By: _____
                                        Deputy

Exhibit W.

1     SUPERIOR COURT OF CALIFORNIA             **FILED**

2          COUNTY OF MONTEREY                   JUN 0 1 2007

3                                              LISA M. GALDOS
                                               CLERK OF THE SUPERIOR COURT
                                                                    DEPUTY
4   In re                        )   Case No.:  HC 4990    S. GARSIDE
                                 )
5        Fred L. Baker           )   ORDER
                                 )
6              On Habeas Corpus. )

7          The background of the petition is as follows.

8          Petitioner is currently incarcerated at the Correctional Training Facility (CTF) in Soledad.

9          On September 24, 2004, the Board of Prison Terms (now Board of Parole Hearings)

10  hearing panel found Petitioner suitable for parole.

11         On November 30, 2004, the Decision Review Unit recommended that the September 24,

12  2004 hearing be disapproved and that a rehearing be conducted on the next available calendar.

13  The then-chief counsel of the Board, Terry Farmer, endorsed the Decision Review Unit's

14  recommendation.  On December 14, 2004, the en banc Board voted to disapprove the proposed

15  decision of September 24, 2004 to grant parole and to schedule a rehearing of the Petitioner's

16  subsequent parole consideration hearing on the next available calendar.

17         On January 27, 2005, Petitioner filed a petition for writ of habeas corpus, claiming that

18  the Board violated his due process rights when the Board ordered that his September 24, 2004

19  parole suitability hearing be reheard because the hearing could not be entirely transcribed.

20         On March 25, 2005, the court requested an informal response from the Attorney

21  General's Office (Respondent).  The court ordered that Petitioner may file a reply.

22         On July 28, 2005, Respondent filed an informal response.

23         On August 10, 2005, Petitioner filed a reply.

24         On August 23, 2005, the court issued an Order to Show Cause.

25

1

1    On October 4, 2005, a panel consisting of the same members who granted Petitioner

2  parole on September 24, 2004 conducted the rehearing. Petitioner waived his appearance at the

3  rehearing, but his counsel was present. Petitioner was denied parole for one year.

4    On October 7, 2005, Respondent filed a letter with the court, advising the court that

5  Petitioner's subsequent parole suitability hearing was held on October 4, 2005 and that the panel

6  denied Petitioner parole for one year.

7    On October 24, 2005, the court denied Respondent's request that the court modify its

8  Order to Show Cause. The court ordered Respondent to file a return on or before November 25,

9  2005. The court further ordered that Petitioner may file a denial on or before December 16,

10  2005.

11    On November 28, 2005, Respondent filed a return. On December 23, 2005, Petitioner

12  filed a denial.

13    Subsequently, Petitioner filed a motion to amend the denial and a request for judicial

14  notice and Respondent filed an opposition and objection.

15    On March 8, 2006, Petitioner filed a response to Respondent's opposition to request for

16  judicial notice and a response to Respondent's objection.

17    On June 5, 2006, the court found that the petition contained pleading defects which must

18  be corrected. The court granted Petitioner leave to amend or supplement his petition by

19  addressing facts and theories relevant to the Board's decision which were not expressly or

20  implicitly raised in the petition.

21    On July 10, 2006, Petitioner filed an amended/supplemental petition.

22    On August 5, 2006, Respondent filed a request for clarification and, if appropriate, the

23  issuance of an order to show cause.

24    On November 20, 2006, the court issued an order to show cause.

25

2

1    Petitioner's subsequent parole consideration hearing was scheduled for December 19,

2    2006, but it was postponed at Petitioner's request because of the instant petition.

3    Respondent was granted an extension of time to file a supplemental return by January 8,

4    2007. Subsequently, the court, on its own motion, granted Respondent an extension of time to

5    file a supplemental return within 30 days from January 5, 2007.

6    On February 1, 2007, the court denied Petitioner's "Motion to Grant Relief Requested in

7    Petition for Writ of Habeas Corpus."

8    On February 7, 2007, Respondent filed a return to the amended/supplemental petition.

9    Thereafter, Petitioner was granted an extension of time to file a supplemental denial on or

10    before March 30, 2007. On March 29, 2007, Petitioner filed a supplemental denial.

11    The court has reviewed all documents filed in this case.

12    The court finds that the Board did not lose jurisdiction to preside over Petitioner's

13    rehearing under the time limits of sections 2041, 2042, 2044 and 2451 of title 15 of the

14    California Code of Regulations and Penal Code section 3041(b). The Decision Review Unit

15    found that the September 24, 2004 hearing was not in accordance with the law because a

16    significant portion of the transcript was unable to be transcribed. In order to comply with the

17    law, the Decision Review Unit recommended that the September 24, 2004 decision be

18    disapproved and a rehearing be scheduled. (See Cal. Code Regs., tit. 15, §2042 [including that

19    *an error of law* is a basis for disapproving a decision].) On November 30, 2004, Daniel Moeller

20    signed the recommendation on behalf of the Decision Review Unit, and the then-chief counsel of

21    the Board, Terry Farmer, endorsed the Decision Review Unit's recommendation on the same

22    day. On December 14, 2004, the en banc Board considered the findings of the Decision Review

23    Unit and ordered that the panel decision be disapproved and a rehearing be scheduled. Thus, the

24    panel's September 24, 2004 decision did not become final on January 22, 2005. (Pen. Code,

25    §3041(b).) The sixty-day limit of section 2044 of the regulations does not apply to this case

1  because a hearing panel member did not request that the en banc Board consider this case. (Cal.

2  Code Regs., tit. 15, §2044(a).)  The decision to hold a rehearing was the result of the normal

3  decision review process.  (Return, Exhibits 3-4.)  Section 2042 of the regulations does not

4  provide a time limit during which the Board must act.  Section 2451 of the regulations also does

5  not provide a time limit and is not relevant because it addresses rescission hearings.

6          The court notes that Petitioner is not responsible for his September 24, 2004 parole

7  suitability hearing being transcribed in part only.

8          Nevertheless, the court finds that Petitioner's 2004 parole suitability hearing record is

9  insufficient.  The hearing transcript is incomplete and *written documents* relating to the hearing

10  are insufficient.  It would be inappropriate to order the panel to recreate their decision

11  recommending parole based on the incomplete transcript, insufficient written documents and

12  their independent recollection.  The transcript of the 2004 hearing did not contain the statements

13  by the victim and the panel's findings and reasoning for granting Petitioner parole.  In addition,

14  Petitioner and/or his attorney, as well as the deputy district attorney, likely gave a closing

15  statement that was not included in the transcript.  The Board could not effectively fulfill the

16  statutory requirement that the hearing transcripts be made available to the public and be subject

17  to different levels of review with such an incomplete transcript.  Aside from the incomplete

18  transcript, the only existing written documents relating to Petitioner's 2004 parole suitability

19  hearing are BPT1001 (Life Prisoner Hearing Decision Face Sheet), The Board's Miscellaneous

20  Decision dated December 20, 2004, BPT 1000 (Life Prisoner Consideration Worksheet) and

21  BPT1005 (Life Prisoner: Parole Consideration Proposed Decision).  Respondent has shown that

22  it would be impossible to recreate the September 24, 2004 panel decision granting parole based

23  on the incomplete transcript and other *existing* documents (See Declarations of Debra Levorse

24  and Sandra Maciel).  Regardless of whatever consultation the Board may have had with the

25  commissioners, having the panel members recreate the decision granting parole based on the

4

1  incomplete transcript, other existing documents and their independent recollection would not

2  cure the fact that the entire transcript was not recorded as required by law.

3        The court notes that in another inmate (Inmate Freddy Fikes)'s case the panel's decision

4  was recreated based on the decision work sheet that was fortuitously retained and reflected the

5  panel's reasoning.  However, the instant case is distinguishable from Freddy Fikes' case.  Fikes'

6  parole suitability hearing was held *in 1992*, the documents relating to Fikes' parole suitability

7  hearing do not reveal what part of Fikes' hearing was unable to be transcribed, and the errata

8  sheet was an available alternative because the *decision worksheet containing the decision and*

9  *reasoning for the decision was retained.*  In Petitioner's case, his parole suitability hearing took

10  place in 2004, no decision worksheet containing the decision and reasoning for the decision was

11  retained, and the significant portion of the hearing was unable to be transcribed.

12        Petitioner's due process rights were not violated when the Board ordered that his parole

13  suitability hearing be reheard.  The law requires that the entire hearing be recorded and

14  transcribed.  The victim, the district attorney, and the defendant must have an opportunity to

15  voice their opinions.  See Pen. Code, §§3043(b), 3042(a), 3041.5(a)(2).  The transcript must be

16  available to the public (Pen. Code, §3042(b)), and it must include the findings and reasons

17  supporting the decision (Pen. Code, §3042(c)).  The Board (Pen. Code, §3041(b)) and the

18  Governor (Pen. Code, 3041.1) must be able to competently review the panel's decision.  The

19  hearing transcript omitted any further questions by the deputy district attorney, the panel, or

20  Petitioner's counsel.  As also discussed above, the transcript did not contain the statements by

21  the victim and the panel's findings and reasoning for granting Petitioner parole.  During its

22  mandatory review, Daniel Moeller of the Decision Review Unit recommended that because the

23  transcript was incomplete, the Board should disapprove the September 24, 2004 decision

24  granting parole and schedule a rehearing.  Terry Farmer, the then-chief counsel of the Board,

25  endorsed the Decision Review Unit's recommendation.  A new hearing is appropriate if there

1    was an error of law or fact, or based on new information. Cal. Code Regs., tit. 15, §2042. If the

2    chief counsel recommends that a new hearing should be held, a new hearing will not be ordered

3    unless a majority of the Board sitting en banc votes to do so. Pen. Code, §3041(b). The Board

4    sitting en banc considered the *findings and recommendation* of the Decision Review Unit, and

5    voted to disapprove the September 24, 2004 proposed decision and schedule a rehearing.

6    Moreover, the panel's parole grant was a preliminary decision subject to review by the Board

7    and the Governor, and Petitioner did not have a due process liberty interest in a preliminary

8    decision. The panel notified Petitioner on multiple documents that its decision was a proposed

9    decision, it was not final, and it would be reviewed.

10       The tentative decision granting parole was reviewed and *a rehearing was held*. Upon

11   further review, the same panel concluded that public safety concerns required finding Petitioner

12   unsuitable for parole.

13       In light of the foregoing, the petition is denied.

14       IT IS SO ORDERED.

15   Dated:  6-1-07

16

17

18                                Hon. Jonathan R. Price
                                 Judge of the Superior Court

19

20

21

22

23

24

25

## CERTIFICATE OF MAILING

### C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on

_____ **JUN 0 1 2007** _____ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas,

California, directed to each of the following named persons at their respective addresses

as hereinafter set forth:

Michael Herro, Attorney at Law
111 West Alisal St
Salinas, CA 93901

Denise A. Yates, DAG
Office of the Attorney General
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7004

Dated: **JUN 0 1 2007**

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy

S. GARSIDE

Exhibit X.

SUBSEQUENT PAROLE CONSIDERATION HEARING

COURT-ORDERED REHEARING

STATE OF CALIFORNIA

BOARD OF PAROLE HEARINGS

In the matter of the Life )
Term Parole Consideration )
Hearing of: )          CDC Number C-22918
)
FRED BAKER )
)
_____)

CORRECTIONAL TRAINING FACILITY

SOLEDAD, CALIFORNIA

OCTOBER 4, 2005

COPY
INMATE

PANEL PRESENT:

Ms. Susan Fisher, Presiding Commissioner
Mr. Rolando Mejia, Deputy Commissioner

OTHERS PRESENT:

Ms. Linda Dunn, Deputy District Attorney
Mr. Val Dixon, victim
Ms. (indiscernible) Dixon, victim family member
Ms. Sara (phonetic) Balli, victim support member
Ms. Marion Tardiff, attorney for Inmate

CORRECTIONS TO THE DECISION HAVE BEEN MADE

_____ No      See Review of Hearing
_____ Yes     Transcript Memorandum

Patricia Chapin, Peters Shorthand Reporting

ii

## INDEX

| | PAGE |
|---|---|
| Proceedings | 1 |
| Case Factors | 7 |
| Pre-Commitment Factors | 8 |
| Parole Plans | 9 |
| Post-Commitment Factors | 10 |
| Closing Statements | 15 |
| Recess | 30 |
| Decision | 31 |
| Adjournment | 33 |
| Transcriber Certification | 34 |

--oOo--

1

1      P R O C E E D I N G S

2          PRESIDING COMMISSIONER FISHER:   This is a

3   court-ordered hearing for Fred Baker, CDC No. C-22918.

4   This is 10/04/05, and we're located at the

5   Correctional Training Facility at Soledad.   The inmate

6   was received on 11/6/80 from Riverside County.   The

7   life term began on 7/31/87, and the minimum eligible

8   parole date is 7/31/94.   The controlling offense for

9   which the inmate has been committed is kidnap for

10  robbery, Case No. CR-17643, Count Six, and that's

11  Penal Code Section 209.   There was an additional

12  finding in that count of the use of a firearm.   That's

13  Penal Code Section 12022.5.   Also there was Count One,

14  Penal Code Section 211 robbery.   Also with the use of

15  a firearm.   And Count Eight, that is Penal Code

16  Section 217 (indiscernible) with intent to commit

17  murder also with a finding of great bodily injury, and

18  that's Penal Code Section 12022.7.   The inmate

19  received a term of seven years to life.   Once again,

20  the minimum eligible parole date is 7/31/94.   As I

21  stated earlier, this is a court-ordered hearing.

22          ATTORNEY TARDIFF:   Rehearing.

23          PRESIDING COMMISSIONER FISHER:   Rehearing.

24  Thank you.   The court order is dated August 23, 2005,

25  signed by the Honorable Lila O. Anderson.   I'm just

26  going to read the last paragraph because that's the

27  instruction to the panel.   And it states, "Accordingly

2

1   respondent was ordered to show cause why petitioner

2   should not be" -- oh wait a minute. I'm sorry. I

3   have to start a little higher here. It's actually on

4   line two of the prior paragraph. "In the present

5   case, it would appear the most equitable solution

6   would be to reschedule the hearing before the same

7   group (indiscernible) with instructions to adopt the

8   existing transcript from the former hearing and

9   recreate their decision to recommend parole based on

10  that transcript and their independent recollection.

11  The court (indiscernible) was ordered to show cause

12  why petitioner should not be granted relief on his

13  petition. Specifically, the respondent is ordered to

14  show cause (indiscernible) the rescheduled hearing

15  should not be heard by the same board members with

16  instructions to issue a decision on it recommending

17  parole. The alternate public defender's office is

18  appointed to represent petitioner." All right. I'm

19  not going to go on with the rest of it. This is your

20  copy, Ms. Tardiff. All right. Now, regarding

21  Mr. Baker's appearance -- he's waiving his appearance

22  today; is that correct?

23          ATTORNEY TARDIFF: Yes, that is.

24          PRESIDING COMMISSIONER FISHER: Okay. And he

25  hasn't -- did he sign a waiver or did he just verbally

26  --

27          ATTORNEY TARDIFF: He verbally. I can get a

3

1   signed one later.

2       PRESIDING COMMISSIONER FISHER:  All right.  He

3   indicated to his attorney that he did not wish to

4   appear.  I'm going to go ahead and have everyone state

5   their name for the record, starting with myself.  I'm

6   going to go to the right.  Susan Fisher, F-I-S-H-E-R,

7   Commissioner.

8       DEPUTY COMMISSIONER MEJIA:  Rolando Mejia,

9   M-E-J-I-A, Deputy Commissioner.

10      DEPUTY DISTRICT ATTORNEY DUNN:  Linda Dunn

11  (phonetic), Riverside County District Attorney's

12  Office.

13      MR. DIXON:  Val Dixon (phonetic), victim.

14      DEPUTY COMMISSIONER MEJIA:  Spell your last

15  name, please.

16      PRESIDING COMMISSIONER FISHER:  Spell your last

17  name for us.

18      MR. DIXON:  Oh, Dixon, D-I-X-O-N.

19      PRESIDING COMMISSIONER FISHER:  Thank you.  And

20  ladies, go ahead.  You're on the tape.  Spell your

21  last name, please.

22      INDISCERNIBLE ATTENDANT :  D-I-X-O-N.

23      PRESIDING COMMISSIONER FISHER:  Thank you.

24  It's for the transcriber.  Go ahead.

25      MS. BALLI:  Sara Balli (phonetic), B-A-L-L-I,

26  victim (indiscernible).

27      PRESIDING COMMISSIONER FISHER:  Thank you.

4

1    ATTORNEY TARDIFF:  Marion Tardiff, T-A-R-D-I-

2   double F, attorney for inmate Fred Baker, B-A-K-E-R,

3   CDC C Charlie 22918 who's waiving his appearance since

4   this is a rehearing.

5    PRESIDING COMMISSIONER FISHER:  Okay.  Now,

6   regarding the Americans With Disabilities Act.  Are

7   you aware of any issues that we need to accommodate?

8    ATTORNEY TARDIFF:  I am not.

9    PRESIDING COMMISSIONER FISHER:  Okay.  I do

10  want to note for the record that on 4/7/05, Mr. Baker

11  signed the BPT 1073 form and stated that he has no

12  disabilities.  All right.  Counselor, I think that

13  what I will do, if you have no objections, is to

14  incorporate by reference the summary of the crime from

15  the prior transcript.

16    ATTORNEY TARDIFF:  But I have objections I want

17  to raise before we --

18    PRESIDING COMMISSIONER FISHER:  Oh, I'm sorry.

19  And I neglected to ask for those.  I'm leaping ahead

20  here.  Go ahead.  First of all, is there anything that

21  needs to be submitted?

22    ATTORNEY TARDIFF:  No.

23    PRESIDING COMMISSIONER FISHER:  All right.  Go

24  ahead with your objections.

25    ATTORNEY TARDIFF:  I'm objecting to this

26  hearing taking place since there is a current rated

27  process which basically alleges that the Board no

5

1    longer has jurisdiction over this matter to based on

2    3041(b) which states that, quote, "a decision of the

3    Parole Board finding an inmate suitable for parole

4    shall become final within 120 days of the date of the

5    hearing." And that would have been September 24, '04.

6    "During that period, the Board may review the panel's

7    decision.  The panel's decision shall become final

8    unless the Board finds that the panel made an error of

9    law.  When the panel's decision was based on an error

10   of fact or that new information should be presented to

11   the Board, any of which would correct or, considered

12   by the Board, has a substantial likelihood of

13   resulting in a substantially different decision upon a

14   rehearing.  In making this decision, the Board shall

15   consult with the commissioners who conducted the

16   parole consideration hearing." Therefore since the

17   120 days has obviously gone -- since come and gone,

18   since it's over a year, the Board has lost

19   jurisdiction of this matter.  Also I do not believe

20   that the Board consulted with the commissioners who

21   conducted this parole hearing on September 24, '04 as

22   according to this statute.  Also, that this decision,

23   while it is a rehearing -- the Board is ordered to

24   find Mr. Baker suitable again.  Mr. Baker again is

25   alleging that regardless of that, and he appreciates

26   that fact, the fact of the matter is the Board no

27   longer has even any power over the suitability of

6

1    unsuitability of Mr. Baker.  And further, the order of

2    rehearing finding for the finding of suitability

3    simply is in Danenburg (phonetic), the court said that

4    that's a decision -- it states here, I'll read it for

5    you.  "Respondents overturn and ordered rehearing the

6    granting panel's finding of suitability simply by

7    failing to record the decision portion of the hearing,

8    thus the high court rejected that."  So basically this

9    hearing should not even take place.  The only reason

10   it's taking place is the Board of Prison Terms stated

11   that they would not postpone it until the writ is gone

12   through the process and then finalized.  But if the

13   rehearing, I suppose if I weren't even here, that my

14   client could potentially receive a 115, therefore

15   jeopardizing -- if in fact, he needs to have a

16   rehearing -- jeopardize his suitability.  Simply the

17   Board has -- didn't do they're job in timely hearing

18   this matter, and he's not waiving his right to the --

19   right to prohibit the board for hearing this case, but

20   he's simply doing it because he's -- more or less it's

21   being forced upon him, therefore abolishing him of his

22   due process as well.

23          PRESIDING COMMISSIONER FISHER:  Thank you.  Is

24   that everything?

25          ATTORNEY TARDIFF:  That's it.

26          PRESIDING COMMISSIONER FISHER:  All right.  I'm

27   going to overrule your objection, and we're going to

1   in compliance with the court order, go forward with

2   the hearing.  Is there anything confidential to be

3   used today?

4          DEPUTY COMMISSIONER MEJIA:  None will be used

5   today.

6          PRESIDING COMMISSIONER FISHER:  All right.

7   Thank you.  All right.  Once again, I am specifically

8   incorporating the summary of the crime from the prior

9   transcript that starts on page 10, line 13.  It goes

10  to page 15, line 5.  It's my understanding that in

11  reading the court order, that we are to incorporate

12  essentially the entire transcript of the hearing that

13  we have available.  So --

14         ATTORNEY TARDIFF:  And so, are you going to be

15  incorporating the rest of the hearing as well?

16         PRESIDING COMMISSIONER FISHER:  Let's -- I

17  believe that that's -- that's the verbiage used in the

18  court order, and so I'm -- my assumption is that we

19  will have -- we will do that.  I'll let the lawyers

20  decide what part -- what they need to do when it comes

21  to that.  We're going to go ahead and go forward.  Is

22  there anything regarding the summary of events that

23  you need to comment upon, Counsel before we --

24         ATTORNEY TARDIFF:  No, I believe it's in the

25  body of the existing transcript.

26         PRESIDING COMMISSIONER FISHER:  All right.  I'm

27  going to go on to Mr. Baker's history.  I'm just going

8

1   to be the Board report dated September 2002 under pre-

2   conviction --

3        ATTORNEY TARDIFF:  Okay.  I need -- is there

4   any reason why you're not incorporating that as well?

5   It's to adopt the existing transcript from the former

6   hearing and recreate their decision.  I think you're

7   just supposed to recreate your decision.

8        PRESIDING COMMISSIONER FISHER:  I think that

9   that's true.  I just think for the sake of -- I just

10   want to touch on some of these things as we go along

11   just for the sake of refreshing everyone's memory as

12   we move forward.  His pre-conviction factors are:  In

13   October 2002, in the Board report under juvenile

14   record, it says that he was arrested for burglary at

15   the age of 17 and sent to juvenile camp, and escaped

16   from camp and was committed to the Youth Authority.

17   Under adult convictions, it says he has no known prior

18   convictions as an adult.  His personal history, social

19   history, is as follows:  He -- it says here that he

20   was raised by his mother and his grandparents until he

21   was 15.  At 15, he went to live with his father.  At

22   the time of this report, which was in May of '03, he

23   had two brothers, both of whom he was still in

24   communication with.  He has been -- it's my

25   understanding, let me look back up here just to

26   clarify -- he completed the 11th grade prior to his

27   incarceration, and quit school in the 10th grade.  I'm

9

1    sorry, in the 12th grade. Good grief, I'm going

2    backwards instead of forwards. He quit school in the

3    12th grade. He's been married twice. First marriage,

4    he was -- was when he was 18. And the second marriage

5    was in 2002. At the time of this psych evaluation I'm

6    looking at, which was in '03 once again, he was still

7    married. (Indiscernible) is something that we do want

8    to take a look at again. It says -- in this

9    particular report, it says that he does not have a

10   significant substance abuse history; however, was

11   under the influence of marijuana and PCP at the time

12   of this commitment offense. He stated that he used

13   marijuana only two times in his life, the second being

14   just prior to the commitment offense, and denied using

15   any substances after being incarcerated. All right.

16   And I think that that, along with the prior

17   transcript, probably covers his social history. Is

18   there anything, Counsel, that I've left out, or that

19   you need to address regarding that?

20          ATTORNEY TARDIFF:  No.

21          PRESIDING COMMISSIONER FISHER:  All right.

22   I'll take a look at parole plans. Once again, I'm

23   looking at the most recent Board report. It's dated

24   5/25/04, and it says, under future plans, that they

25   remain the same as the prior report. It says that he

26   plans to parole to his wife, that's in Rancho

27   Cucamonga. It says that his wife will help him

10

1    financially.  He has a second plan, which is for them

2    to reside in a piece of property owned by his aunt in

3    the Marino Valley, and a third plan, which is to --

4    for he and his wife to live with another aunt in

5    Fontana.  He says his last residence he offered this

6    time, if necessary, is for him and his wife to reside

7    with his uncle in Rio Linda.  Now, according to the

8    prior Board report --

9            ATTORNEY TARDIFF:  Which prior report is that?

10           PRESIDING COMMISSIONER FISHER:  October of

11   2002.  It refers us back regarding employment.  It

12   says he's received an employment offer from Mrs. Ethel

13   Martin (phonetic), who's an aunt, who's arranged

14   employment as a bookkeeper in the county for him.

15   Also he plans to upgrade his computer technology,

16   vocational skills by attending college in the evening

17   once funds are available.  Is there anything related

18   to parole plans that have changed?

19           ATTORNEY TARDIFF:  No.

20           PRESIDING COMMISSIONER FISHER:  All right.

21   Then at this --

22           ATTORNEY TARDIFF:  They're still valid.

23           PRESIDING COMMISSIONER FISHER:  All right.

24   Then at this time, I'm going to turn the hearing over

25   to Commissioner Mejia to go through the

26   post-conviction factors.

27           DEPUTY COMMISSIONER MEJIA:  (Indiscernible)

1    (indiscernible) His classification score is 19,

2    Medium-A (indiscernible) possible level.  His academic

3    history as a GED in 1989, and (indiscernible) went to

4    college in 2004/2005.  He has vocational information

5    technologies, and this is on his vocation course.

6    Self-help participation is up-to-date for AA

7    participation, June 30, 2005.  And there's numerous

8    self-help groups such as Open to Violence Project,

9    Impact, Breaking Barriers (indiscernible), Lifers

10   (indiscernible) with Dr. Fishback (phonetic).  There's

11   a laudatory chrono dated June 1st, 2005 for his good

12   work while assigned to the central clothing ward as an

13   assistant tailor written by the supervisor,

14   (indiscernible) supervisor.  NA (indiscernible) and AA

15   and (indiscernible).  January 24, 2005, Pushing Basics

16   class.  He completed a twelve-week course with that.

17   Chaplain Medsey (phonetic).  And then I go to his

18   disciplinary history.  He has only two 115s, the last

19   being in 1989.  No 128(a)s.  No gang affiliation

20   noted.  And we're going to go to the psychiatric

21   report, dated April 29, 2005, by Dr. Steward, S as in

22   Sam -T as in Tom -E as in Edward -W-A-R-D as in David,

23   Clinical Psychologist at CTF.  Diagnostic impressions,

24   Axis One:  No contributory clinical disorder.  Axis

25   Two:  No contributory personality disorder.  Axis

26   Three:  No contributory physical disorder.  Axis Four:

27   Incarceration.  Axis Five: GAF of 90.  Total