# EXHIBIT 2

Name    Fred L. Baker

Address Correctional Training Facility

        P.O. Box 689, B-321L

        Soledad, CA 93960-0689

CDC or ID Number    C-22918

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

*(Court)*

| | |
|---|---|
| **FRED L. BAKER** | PETITION FOR WRIT OF HABEAS CORPUS |
| Petitioner | |
| vs | No _____ |
| **BEN CURRY, Warden, CTF** | *(To be supplied by the Clerk of the Court)* |
| Respondent | |

## INSTRUCTIONS — READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions

- This petition must be clearly handwritten in ink or typed You should exercise care to make sure all answers are true and *correct.* Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193 You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56 5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

**Page one of six**

Form Approved by the
Judicial Council of California

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code § 1473 et seq.
Cal Rules of Court, rules 56 5, 201(h)

This petition concerns:

☐ A conviction                      ☐ Parole

☐ A sentence                        ☐ Credits

☐ Jail or prison conditions         ☐ Prison discipline

☒ XX Other (specify)  **Board of Parole Hearings, Lifer Consideration Hearing.**

1   Your name  **Fred L. Baker**

2   Where are you incarcerated?  **Correctional Training Facility (Central), Soledad.**

3   Why are you in custody?  ☒ XX Criminal Conviction   ☐ Civil Commitment

*Answer subdivisions a through i to the best of your ability*

a.  State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon")
    **Crim: Kidnap for Robbery, Robbery, Vehicle Theft, Attempted Murder,**
    **Grand Theft, Weapons Use and Possession.**

b.  Penal or other code sections:  **PC §§ 209(b), 211, 217, 487(3), 12022(a); VC 10851.**

c.  Name and location of sentencing or committing court:  **Riverside County Superior Court.**

d.  Case number:  **CR 17643.**

e.  Date convicted or committed:  **September 1980.**

f.  Date sentenced:  **October 30, 1980.**

g.  Length of sentence:  **7 yrs to Life (PC 209(b)), 8yrs (PC 217), 3yrs (PC 211).**

h.  When do you expect to be released?  **Presently Undetermined.**

i.  Were you represented by counsel in the trial court?  ☒ XX Yes.   ☐ No.  If yes, state the attorney's name and address:
    **Marvin Levy, Offices of Ira Cihen, 6238 Colony Dr. # 105, Agoura Hills,**
    **CA 91301-2600.**

4.  What was the LAST plea you entered? *(check one)*

    ☒ XX Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other:

5.  If you pleaded not guilty, what kind of trial did you have?

    ☒ XX Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6  GROUNDS FOR RELIEF
  Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

  RESPONDENT FAILED TO ADDRESS THE ALLEGATIONS OF THE HABEAS PETITION

  THAT FORM THE BASIS OF PETITIONER'S CLAIM IN VIOLATION OF PENAL CODE

  SECTION § 1480 HABEAS PROCEDURE.

  a  Supporting facts:
    Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

    On September 24, 2004, Petitioner appeared before Commissioners

    Susan Fisher and Deputy Rolando Mejia for his seventh subsequent parole

    consideration hearing and was found suitable for parole. Petitioner

    was provided appointed counsel Mary Ann Tardiff through the Board

    of Parole Hearings administrative agency. (See Board Transcript.)

    In applying the legal principles to the proceedings, the Panel

    noted that the hearing was "being conducted pursuant to Penal Code

    Sections 3041 and 3042 and the Rules and Regulations of the Board

    of [Parole Hearings] governing parole consideration hearings for life

    inmates." (Id. at p. 5.) The Panel then addressed the particulars

    of the statutory and regulatory criteria and guidelines, specifically

                                              See Page 3(a)

  b. Supporting cases, rules, or other authority (optional):
    *(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

                        See Page 3(h)

1  stating that:

2      "the purpose of the hearing today is to consider again the crimes
       that you were committed for, your prior criminal and social
3      history, and your behavior and programming since your commitment
       offense. We have had the opportunity to review your files and
4      your prior transcripts, and we'll give you the opportunity to
       make any corrections that you need to today, all right. ¶ We're
5      going to be deciding today as to your suitability. If we do
       find you suitable today we'll explain to you also today what the
6      length of your confinement will be. ¶ Prior to recessing to
       deliberate we're going to give the District Attorney and your
7      attorney and you the opportunity to make a statement about your
       suitability. And then once you've done that we'll allow Mr.
8      Dixon to make his statement. After that is completed we will
       have everyone leave the room. We'll turn off the camera here
9      and we'll deliberate. As soon as we have a decision we'll bring
       you all back in, okay. ¶ The California Code of Regulations
10     state that regardless of the time served a life inmate shall
       be found unsuitable for and denied parole if in the judgment of
11     the Panel the inmate would pose an unreasonable risk of danger
       to society if released from prison."
12

13  (Id. at pp. 5-6.) The Panel then discussed with Petitioner his

14  entitlement to "a timely notice of the hearing, the right to

15  review [his] central file, the right to present relevant

16  documents, [and] the right to an impartial panel." (Id. at pp.

17  6-7.) Prior to explaining the appeals process, the Panel added

18  "we're going to give you a written copy today of our tentative

19  decision" and then expressly noted that the decision will become

20  final withing 120 days. At which point "a copy of the decision

21  and a copy of the transcript      hearing will be sent to

22  [Petitioner]." (Id. at p. 7.)

23      In finding Petitioner suitable for parole, the Panel

24  calculated the total period of confinement at 188 months (15

25  years, 8 months.) Petitioner was then given a copy of the

26  proposed decision with the affixation "PAROLE GRANTED" Do not

27  release pending Decision Review. (See Exhibit A.)

28

                                        Page 3(a)

1    On September 28, 2004, Petitioner was summoned to the

2    counselors office to sign and receive the conditions of his

3    parole.  (See Exhibit B.)

4    On October 12, 2004, the transcription of the hearing was

5    completed.  Noteworthy, on page 85 the transcriber noted in her

6    declaration that she had "transcribed tape(s) which total one in

7    number and cover a total of pages 1 through 84."  However, on

8    page 84 Deputy Commissioner Mejia stated "Okay, we've got to go

9    to another tape."  (Board Transcript.)  Yet, as noted by the

10   transcriber "no further tapes were received for transcription."

11   (Id. at p. 84.)

12   On November 30, 2004, after reviewing the transcript, the

13   Decision Review Unit concluded "due to an apparent malfunction

14   of the recording equipment, the decision portion of the hearing

15   cannot be transcribed," and recommended disapproval of the

16   "proposed September 24, 2004 hearing decision and schedule a

17   rehearing on the next available calendar."  (See Exhibit C.)

18   On December 14, 2004, the Board of Parole Hearings, sitting

19   en banc, adopted the Decision Review Unit's recommendations in

20   full and overturned the September 2004 suitability decision.

21   (See Exhibit D.)

22   On January 27, 2005, Petitioner filed a petition

23   of Writ of Habeas Corpus challenging the Board of Parole

24   Hearings' ("Board") disapproval/Rescission of its September 24,

25   2004 finding that he was suitable for parole.  (HC 04990)

26   On March 25, 2005, the Court asked the Board[1] for informal

27   _____

28   1.  Hereafter, the Board and Respondent are interchangeable.

**Page 3(b)**

1  opposition to the habeas corpus petition.  (Exhibit E.)

2  After receiving the Respondent's opposition,[2] the Court

3  issued an order requiring Respondent to show cause why Petitioner

4  should not be granted the relief sought in his petition.  The

5  order included the following statement of issues: "the Court

6  acknowledges the requirements of Penal Code § 3042 and its

7  applicability to Petitioner's claim.  However, it is important

8  to note that it was Respondent, rather than Petitioner, who

9  failed to record the 'Decision' portion of the hearing as

10  required by Penal Code § 3042.  The informal Response fails

11  to address this apparent inequity." (Order, filed Aug. 23,

12  2005; Exh. H.)  Moreover, in so ruling, the superior court added

13  that "the most equitable solution would be to reschedule the

14  hearing before the same Board members with instructions to adopt

15  the existing transcript from the former hearing and recreate

16  their Decision to recommend parole based on that transcript

17  and their independent recollection." (Id. at p. 2.)

18  Respondent requested and was given an extension of time

19  to file his return.  In the extension, Respondent informed the

20  superior court that a hearing had been rescheduled for October

21  4, 2005 in front of the same commissioners and "the outcome

22  could render Petitioner's claims moot." (Exh.s I & J).  Respondent

23  took advantage of the superior court's granting the extension

24  by conducting a de novo hearing, which resulted in a recommendation

25  against parole.  (Exhibit X.)

26  On October 7, 2005, Respondent requested the superior court

27  to advise the parties if it was going to modify the order to

28
2.  See Respondent's Informal Response (Exh. F) and Petitioner's Reply
    (Exh. G.)

1  show cause, namely, whether Respondent should still address

2  why Petitioner's hearing should not be heard by the same Board

3  members with instructions to issued a decision recommending

4  parole, and also indicating that no response to the request

5  for an extension to file had been received. (Exhibit W. at

6  p. 2.)

7      On October 24, 2005, the court issued an order denying

8  Respondent's request that the court modify its Order to Show

9  Cause, and ordered Respondent to file a return on or before

10  November 24, 2005. In response to Respondent's question the

11  court noted, to the extent to which the transcript from the

12  September 24, 2004, hearing was incomplete and the portions

13  of the hearing that were not recorded present evidentiary issues

14  that may be addressed in Respondent's Return. Moreover, given

15  the fact that the transcript contains approximately eighty pages

16  of testimony, the Court remains interested in Respondent's

17  position as to why a de novo hearing (one which appears to have

18  reached a different conclusion) was necessary to correct

19  Respondent's failure to properly record the September 24, 2004,

20  hearing. (Exhibit J.)

21      On November 28, 2005, Respondent filed a return (Exh. K),

22  and on December 23, 2005, Petitioner filed a denial. (Exh. L.)

23  Subsequently, Petitioner filed a motion to amend the denial

24  and a request for judicial notice to include pages that were

25  inadvertently omitted (Exh. M) and Respondent filed an opposition

26  and objection.

27      On March 8, 2006 Petitioner filed a response to Respondent's

28

Page 3(d)

1  opposition to request for judicial notice and a response to

2  Respondent's objection.  (Exhibit W.)

3      On June 5, 2006, the court issued an order following the

4  filing of the return and traverse.  (Exhibit N.)  In the order

5  the court explained that Respondent's reliance on Sections

6  3041(b), 3041.1, and 3041(b)-(c) for the proposition that the

7  Board's action was proper, is in err.  The sections cited by

8  Respondent merely provides a process for the review of a parole

9  hearing decision.  The court then added "no mandate is set

10  forth requiring a rehearing where, as here, the recording

11  equipment malfunctions or staff simply neglects to produce all

12  tapes for transcription."  (Id. at p. 2.)  After pointing out

13  that a "hearing record is sufficient for the purposes of review

14  whether it be made  by transcript or written summary," the court

15  admonished that "Respondent failed to analyze or discuss the

16  relevant equities of the matter."  (Ibid.)  Further, the court

17  found that the petition contained pleading defects which must

18  be corrected, and granted Petitioner leave to amend or supple-

19  ment his petition by addressing facts and theories relevant

20  to the Board's decision which were not expressly or implicitly

21  raised in the petition.  (Id. at p. 5.)

22      On July 10, 2006, Petitioner filed an amended/supplemental

23  petition.  (Exhibit O.)

24      On August 5, 2006, Respondent filed a request for

25  clarification and, if appropriate, the issuance of an order

26  to show cause.  (Exhibit W.)

27

28                                **Page 3(e)**

1    On November 20, 2006, the court issued an order to show

2  cause directing Respondent to show cause why Petitioner should

3  not be granted the relief sought in his amended/supplemental

4  petition. Moreover, the court once again placed Respondent

5  on notice of its failure to address the relevant equities of

6  the matter. (Exhibit P.)

7    Respondent was granted an extension of time to file a

8  supplemental return by January 8, 2007. ((Exhibit Q.)

9    On December 29, 2006, the court, on its own motion, granted

10  Respondent an extension of time to file a supplemental return

11  within 30 days from January 5, 2007.$\underline{3/}$  (Exhibit R.)

12    On January 8, 2007, Petitioner filed a "Motion to Grant

13  Relief Requested in Petition for Writ of Habeas Corpus." (Exh. S.)

14    On February 1, 2007, the court denied Petitioner's "Motion

15  to Grant Relief Requested in Petition for Writ of Habeas Corpus."

16  (Exhibit W.)

17    On February 7, 2007, Respondent filed a return to the

18  amended/supplemental petition. (Exhibit T.)

19    On March 14, 2007, Petitioner was granted an extension

20  of time to file a supplemental denial on or before March 30,

21  2007. (Exh. U.). On March 29, 2007 Petitioner filed a supplemental denial.

22    On April 24, 2007, the court, on its own motion, granted

23  itself an extension of time to issue an order to and including

24  June 1, 2007, because inter alia, "the complexity of the issues

25  raised." (Exhibit V.)

26  _____

27    3. The Honorable Marla O. Anderson presided over this case from
January 27, 2005 till January 2007, but was removed prior to rendering a

28  final decision. She was replaced by the Honorable Jonathan R. Price.

1        On June 1, 2007, the court denied the petition. (Exhibit W.)

2    ///

3    ///

4    ///

5    ///

6    ///

7    ///

8    ///

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27

28

GROUND

I

**RESPONDENT FAILED TO ADDRESS THE ALLEGATIONS OF THE HABEAS PETITION THAT FORM THE BASIS OF PETITIONER'S CLAIM IN VIOLATION OF PENAL CODE SECTION § 1480 HABEAS PROCEDURE.**

The well-established rule in habeas corpus procedure is that when an order to show cause has been issued, it signifies the court's "preliminary determination that the prisoner has made a prima facie statement of specific facts which, if established, entitle [petitioner] to habeas relief." (See In re Serrano, (1995) 10 Cal.4th at 445, quoting In re Hochberg, (1970) 2 Cal.3d 870, 875.) Thus, the Supreme Court emphasized its "disapproval of the practice of filing returns that merely contain a general denial of a habeas corpus petitioner's factual allegations." (See In re Duvall, (1995) 9 Cal.4th 464, 479-480.)

Here, Respondent's consistent position throughout this litigation has been that the Panel's decision finding Petitioner suitable for parole must be disapproved and reheard based on "an apparent malfunction of the recording equipment." (See Exh(s) C, F, & K.)

Petitioner's contention throughout these proceedings has been the issue is not based on the alleged malfunction of the recording equipment, but rather, is based on a lost or missing tape as is evident by documentary evidence, transcript and declaration(s). (See Board Transcript ("BT") pp. 84-85; Exhibit L at para 4.)

1    Respondent has continuously failed to address the factual

2    allegations of the habeas petition that has form the basis of

3    Petitioner's claims whether through documentary evidence,

4    affidavit, or other material as will enable the court to

5    determine which issues are truly disputed.  (See Appendix 3.)

6

### POINTS AND AUTHORITIES

7

8    The state's highest court has repeatedly required the return

9    to "allege facts tending to establish the legality of the

10    petitioner's detention" (In re Sixto, (1989) 48 Cal.3d 1247,

11    1252; In re Romero, (1994) 8 Cal.4th 728, 738), and further

12    admonished that when the petitioner challenges his restraint in

13    prison, "the factual allegations must also respond to the

14    allegations that form the basis of the petitioner's claim that

15    the confinement is unlawful."  (See Duvall, supra, 9 Cal.4th

16    at pp. 476-477, citing Romero, supra, 8 Cal.4th at p. 738; People

17    v. Pacini, (1981) 120 Cal.App.3d 877, 884.)

18    Respondent submitted three declarations in support of the

19    return.[4] The first was by Daniel Moeller, dated November 23,

20    2005. He declared that he was familiar with the Decision Review

21    Unit's recommendation regarding the September 24, 2004, hearing,

22    and that he signed the recommendation on behalf of the Decision

23    Review Unit requesting that the decision be disapproved and

24    a rehearing be scheduled.  He also explains the statutes and

25    regulations governing parole consideration decisions, but fails

26    to explain: a) what happened to the second tape (BT at p. 84);

27

28    4.  The declaration of Debra Levorse, dated January 10, 2007, explained
which forms were made available to the Board commissioners at the hearing.

1   b) what steps were taken to locate the lost or missing tape; and

2   c) who and how was it determined that the tape containing the

3   decision portion of the hearing was unable to be transcribed.[5]

4      Next, the declaration of Sandra Maciel date January 31, 2007

5   declares that she supervises the Decision Processing and Schedul-

6   ing Unit (DPU/SCH) which performs various duties regarding the

7   parole consideration hearing process. Ms. Maciel states that

8   the DPU/SCH is responsible for retaining and destroying Board of

9   Parole Hearing documents. Specifically, the lifer packet(s),

10   the tape(s) of the hearings, and forms filled out by the Board

11   panel at the hearing. She notes that once an

12   official transcript is prepared, the corresponding hearing tapes

13   are destroyed and duplicated documents are shredded. Additional-

14   ly she declares that some forms completed by the Board panel at

15   the hearing, including hearing transcripts are saved electron-

16   ically. However, the declaration fails to address the critical

17   issue of 1) how many tapes did the DPU/SCH unit received, 2) if

18   they received two tapes was one illegible, and 3) who determined

19   that the tape was unable to be transcribed or was illegible.

20      Respondent has never directly or indirectly address the

21   method that was used to determine that a malfunction of the

22   recording equipment was the cause of the September 24, 2004

23   hearing decision not being recorded. (See Ehx(s) C, D, F, K,

24   and T.)

25

26

---

27     5. Nowhere in the transcriber's declaration does she indicate a problem with transcribing tape(s). However, after completely transcribing the tape

28   that contains 85 pages of testimony she noted that "no further tapes were receive for transcription." (See BT, page 84:5-6.)

1    The requirement that the return allege facts responsive

2  to the petition is critical, for the factual allegations in

3  the return are either admitted or disputed in the traverse and

4  this interplay frames the factual issues that the court must

5  decide. (See Duvall, supra, 9 Cal.4th at p. 477, citing

6  In re Lawler, (1979) 23 Cal.3d 190, 194.) It is through this

7  process that both factual and legal issues are joined for review

8  to assist the court in determining whether material facts are

9  in dispute. which may require the appointment of a referee to

10  hold an evidentiary hearing. (See Duvall, supra, 9 Cal.4th

11  at pp. 477-478; In re Lewallen, (1979) 23 Cal.3d 274, 278;

12  In re Hitchings, (1993) 6 Cal.4th 97; see also Appendix 1.)

13    In the present case, by failing to allege facts demonstrat-

14  ing the lawfulness of the challenged detention, Respondent's

15  return has failed to fulfill its function of narrowing the facts

16  and issues to those that are truly in dispute. Thus, preventing

17  the court from determining the necessity of an evidentiary

18  hearing. (See Romero, supra, 8 Cal.4th at pp. 739-740

19  (indicating that a court will order an evidentiary hearing only

20  if it finds material facts are in dispute); Duvall, supra,

21  9 Cal.4th at pp. 479-480 (holding that "failure to allege facts

22  in the return prevents a habeas corpus petitioner from controv-

23  erting those facts in his or her traverse"); see also Appendix 3.)

24    The court recognized in its order(s) of June 5, 2006 and

25  November 20, 2006 that Respondent either failed and/or declined

26  to discuss or address the relevant equities of the matter before

27  the court. (See Exh(s) N & P.) In acknowledging that it was

28                                          Page 3(k)

1    Respondent's responsibility, rather than Petitioner's burden

2    to produce the record pursuant to Penal Code § 3042, the court

3    fashioned an equitable remedy.  (See Exh. H.)  The equitable

4    remedy fashioned by the court took into consideration the need

5    to balance the interest of the state, as well as Petitioner.

6    (Ibid.)

7        Accordingly, Respondent's failure to address the factual

8    allegations that form the basis of the habeas petition, denied

9    Petitioner of his right to a full and fair consideration of

10   the facts.  Thus, denial of a full and fair hearing.

11   ///

12   ///

13   ///

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7. **Ground 2 or Ground _____** (*if applicable*):

**THE SUPERIOR COURT ABUSED ITS DISCRETION UNDER PENAL CODE SECTION(S) 1480 AND 1484 IN NOT FOLLOWING THE RULES GOVERNING HABEAS CORPUS PROCEDURE WHEN IT DENIED PETITIONER'S HABEAS PETITION.**

a. Supporting facts:   On June 1, 2007, the Honorable Jonathan R. Price (Hereafter "present-court") found the September 24, 2004 parole suitability hearing record unable to be transcribed without determining on the record, what happened to the tape that contained the closing statements of the victim, the deputy district attorney, petitioner or his attorney, as well as the panel's findings and reasoning for granting petitioner parole. (See Exh. W.) (Appendix 1.)

   In its denial the present-court repeatedly use the terms insufficient, incomplete transcript, and unable to be transcribed.  The present-court is correct in describing the record of the 2004 hearing as being incomplete and insufficient.  However, Petitioner takes exception to the term "unable to be transcribed."  This term gives connotation in the rules governing habeas procedure that Respondent has alleged facts that contradict the factual allegations set forth in the habeas petition.  Specifically, that there was a second tape containing the statements of the victim, deputy district attorney, Petitioner and/or his attorney, and the panel's findings and reasoning.

**See Page 4(a)**

b  Supporting cases, rules, or other authority:

**See Page 4(b)**

1        Likewise, Petitioner takes exception to the present-court's
2    reliance on the declaration of Daniel Moeller for the same
3    reasons stated above.  Moreover, the declaration contains only
4    a conclusionary statement of ultimate fact and fails to assist
5    the court in determining which issues are truly in dispute.
6    (See Moeller-Decl. attached to Exh. K, at p. 2, lns 2-3.)

7        Similarly, Petitioner takes exception to the present-court's
8    denial of the petition, when as here, Respondent's return is
9    deemed to have admitted the material factual allegations alleged
10   that it failed to dispute.

11       Finally, Petitioner takes exception to any suggestion that
12   the October 4, 2005 hearing, and any results reached therein,
13   should impact his request for relief based on the inequities
14   that occurred subsequent to the September 24, 2004 hearing.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II

**THE SUPERIOR COURT ABUSED ITS DISCRETION UNDER PENAL CODE SECTION(S) 1480 AND 1484 IN NOT FOLLOWING THE RULES GOVERNING HABEAS CORPUS PROCEDURE WHEN IT DENIED PETITIONER'S HABEAS PETITION.**

It is the function of the court to discover the truth of factual allegations set forth by a petitioner, and to provide justice by fashioning a remedy where the petitioner has stated a "prima facie case." (See <u>Board of Prison Terms v. Superior Court</u>, (2005) 130 Cal.App.4th 1212, 1238-1239, <u>Duvall</u>, supra, 9 Cal.4th at p. 475.)

### a) *Original Order to Show Cause*

In the August 23, 2005 order, the Honorable Marla O. Anderson (hereafter "original-court") found that Petitioner had stated sufficient facts and circumstances therein to state a prima facie case for relief.[6/] (See Exh. H.) The original-court explained that it is important to note that it was Respondent, rather than Petitioner, who failed to record the Decision portion of the hearing as required by law. (Id. at p. 1.) Accordingly, in fashioning an equitable remedy -- that balance the interest of the state (a complete transcript for review) and that of Petitioner (retaining finding of suitability) -- the original court ruled that "the most equitable solution would be to reschedule the hearing before the same Board members with instructions to adopt the existing transcript from the former hearing and recreate their Decision to recommend parole based on their independent recollection." (Id. at p. 2.)

---

6. Petitioner contends that the Board of [Parole Hearings] denied him Due Process by rescinding its September 24, 2004, finding that he was suitable for parole based solely on the fact that the Board lost the decision portion of the transcript from the hearing.

1    This Court's precedent has made it clear that a "parole

2 applicant's right to 'due consideration' cannot exist in any

3 practical sense unless there also exist a remedy against their

4 abrogation." (See In re Sturm, (1974) 11 Cal.3d 258, 268.)

5 The California Supreme Court further added that "the basic

6 remedy to correct arbitrary [Board] action is the writ of habeas

7 corpus." (11 Cal.3d at 269.) Thus, when determining whether

8 a procedure involved in the parole-granting process violates

9 due process, "the reviewing court must consider the objective

10 sought to be achieved by the challenged procedure, the possible

11 unfairness to the prisoner, and the availability of alternative

12 procedures which are less burdensome to the prisoner." (See

13 In re Sturm, supra, 11 Cal.3d at p. 266; In re Minnis, (1972)

14 7 Cal.3d 639, 649 [ruling that "any due process analysis

15 necessarily requires a 'balance of hurt complained of and good

16 accomplished'"].)

17    In the case at bar, the present-court conclude that

18 Respondent has shown that it would be impossible to recreate

19 the September 24, 2004 panel decision granting parole based

20 on the incomplete transcript and other existing documents.

21 (See Exh. W at p. 4, lns 21-24.) The present court base its

22 conclusion on declarations of Debra Levorse and Sandra Maciel.

23 (Ibid; see also Ground 1.)

24    Consequently, the present-court stated that "it would be

25 inappropriate to order the panel to recreate their decision

26 recommending parole based on an incomplete transcript,

27 insufficient written documents and their independent

28

Page 4(c)

1  recollection.  (See Exh. W at p. 4, lns 10-12.)  However,
2  because of the unique legal stance of Petitioner's situation
3  the present-court's consideration should not have been what
4  is appropriate, but rather, what is fair and/or equitable.  This
5  is particularly true, where as here, the the original-court
6  acknowledged that it was Respondent's neglect to produce all
7  tapes for transcription that created the apparent inequity and
8  the present-court noted in its petition-denial that Petitioner
9  is not responsible for the September 24, 2004 parole suitability
10 hearing being transcribed.[7/]  (See Exh(s) N at p. 2, lns 3-14;
11 and W at p. 4, lns 6-7.)

12      Noteworthy, the declarations submitted by Respondent and
13 cited by the present-court have been contested by Petitioner.
14 (See Exh(s) L, O, and RT at pp. 84 & 85.)  Yet, contrary to
15 habeas procedure the present-court made no inquiry into
16 determining whether there were any factual issues in dispute.
17 In Duvall, the Supreme Court ruled that when one party can
18 allege that "there is good reason to dispute certain alleged
19 facts or question the credibility of certain declarants, Courts
20 evaluating the return and traverse should endeavor to determine
21 whether there are facts legitimately in dispute that may require
22 holding an evidentiary hearing." (Duvall, supra, 9 Cal.4th
23 at p. 485.)

24      With regards to the allege inappropriateness of ordering
25 the panel to recreate their decision recommending parole based
26

27      7.  Respondent also admitted in his traverse filed November 28, 2005
   that Petitioner is not responsible for the hearing being transcribed.  (See
28 Exh. K at p. 9, ln 28.)  Respondent has the burden to produce the record.
   (See Penal Code § 3042, subd. (b).)

                                                Page 4(d)

1   on inter alia, an incomplete transcript, Penal Code section

2   1484 gave the original-court the power and authority "to do

3   and perform all other acts and things necessary to a full and

4   fair hearing and determination of the case." (See Roemero,

5   supra, 8 Cal.4th at pp. 737-738; Duvall, supra, 9 Cal.4th at

6   pp. 474-477.)

7       The subsequent orders of the original-court reaffirmed its

8   rationale and added further content to its equitable solution

9   analysis, noting that the sections cited by Respondent in

10  defense of the Board's actions as proper "merely provide a

11  process for review of a parole hearing decision"[8/] and that

12  "no mandate is set forth requiring a rehearing where, as here,

13  the recording equipment malfunctions or staff simply neglects

14  to produce all tapes for transcription." (See Exh. N at p.

15  2, lns 11-14.) The principle reiterated in the original-court's

16  June 2006 order -- that the court is not constrained in its

17  crafting of an appropriate remedy -- is firmly embedded in

18  California law. (See Board of Prison Terms v. Superior Court,

19  supra, 130 Cal.App.4th 1212; Penal Code § 1484 supra.)

20      To fashion a fair and just remedy, the original-court

21  referenced Board regulations defining the manner in which a

22  record may be made. As material the original-court cite to

23  section 2254, which provides: "A record (a verbatim transcript,

24  tape recording or written summary) shall be made of all hearings.

25  The record of the hearing shall include or incorporate by

26

_____

27      8. Respondent cite to Penal Code §§ 3041(b), 3041.4, and 3042(b)-(c).

28                                              Page 4(e)

1  reference the evidence considered, the evidence relied on, and

2  the findings of the hearing panel with supporting reasons."

3  (See 15 CCR § 2254; Exh. N at p. 2, lns 14-18.)

4       Having found this section applicable to the issues presented

5  here, in the original court's view, "the most equitable solution

6  involved (1) the adoption by the panel members of the existing

7  transcript and documents create or relied upon by the Board

8  at the hearing, and (2) a recreation of the panel's Decision based

9  upon the transcript and documents, together with the independent

10 recollection of the panel members." (Exh. N at p. 2, lns 4-7.)

11      b) **Rehearing Pursuant to Order to Show Cause**

12      On October 4, 2005, the court ordered rehearing was held

13 before the same Board members Susan Fisher and Rolando Mejia.

14 (See Exh. X.)  At the hearing, the panel addressed the

15 particulars of the court order, paying specific attention to

16 the instructions for the panel.  (Exh. X, at pp. 1-2.)  However,

17 after noting that it was "going to in compliance with the court

18 order, go forward with the hearing," contrary to the court order

19 the panel only incorporated the summary of the crime from the

20 September 24, 2004 hearing transcript.  (See Exh(s) BT at pp.

21 10-15; X at p. 7, lns 7-10 & p. 14, lns 16-18.)  And when asked

22 by Petitioner's attorney if the transcript that was being

23 incorporated into the hearing consist of the "84 page transcript

24 from the September 24, 2004" hearing, the panel replied:

25      "If my understanding of the court order is correct,
       that's what they're instructing us to do.    What I
26     have specifically incorporated for the purpose  of
       this hearing is the summary of the offense,    and
27     I'll leave it to our legal department."

28 (Exh. X at pp. 7 & 14.)  To refresh everyone's memory the panel

Page 4(f)

1    read from an October 2002 Board report (Exh. X at pp. 8-11),

2    and also from a psychiatric report completed on Petitioner in

3    April of 2005. (Exh. X at pp. 11-14.) The panel heard

4    statements from the deputy district attorney (Exh. X at pp.

5    15-22), Petitioner's attorney (Exh. X at pp. 22-28) and the

6    victim. (Exh. X at pp. 28-30.) After deliberation, the panel

7    once again defied the directive of the "court order" resulting

8    in a finding of suitability. (Exh. X at p. lns 13-15.)

9        In support of its decision the panel noted that "there is

10   information that was not presented to us in the same manner

11   that it was at this hearing." (Exh. X at p. 31, lns 10-12.)

12   Namely, the ballistics evidence and Petitioner's testimony

13   relating to the "second shot that was fired." (Exh. X at p.

14   31, lns 16-18; see also Appendix 2.)

15       The incongruity that the panel suggested existed among

16   the foregoing was created by the deputy district attorney

17   through misrepresentation of the facts during closing

18   statements. The deputy district attorney correctly noted

19   that — "the appellate opinion pointed out that the laboratory

20   test gunshot residue indicated that Petitioner was the one who

21   shot Dixon" (Exh. X at p. 16, lns 4-6) -- but incorrectly infers

22   from the appellate court opinion that Petitioner has not taken

23   responsibility by claiming that his crimie was responsible for

24   the second shot. (Exh. X at p. 16, lns 10-14.) Likewise, the

25   deputy district attorney incorrectly asserts that "the ballistics

26   test indicate [Petitioner] fired both shots" (Exh. X at p. 21,

27   lns 3-5) and that "the bullets were fired from one of the guns."

28   (Exh. X. at p. 17, ln 4.)

Page 4(g)

1    On this record, the appellate court opinion made no such

2    finding, but instead noted for the record that "Dixon tried

3    to knock the barrel away but failed and was shot twice." (Exh.

4    Y at p. 4, lns 21-23.)  The appellate opinion is not

5    inconsistent with other evidence indicating that "both Canado

6    and [Petitioner] had their guns pointed out the car window when

7    Dixon grabbed the gun both suspects fired." (Exh. BT at p.

8    14, lns 22-25.)  Dixon heard a loud bang and was shot.  Doctors

9    later discovered that he had been shot twice.  (Id. at p. 13,

10   lns 22-27.)  Accordingly, the ballistics tests done on Petitioner

11   indicated that the single "bullet" recovered from Mr. Dixon

12   had been fired from the gun in Petitioner's possession.[9/] (Exh Y.)

13   It's clear from the record that the panel relied on the

14   deputy district attorney's misrepresentation of the facts in

15   making its determination, without regard to Petitioner's right

16   to due process, the 84 page transcript from the September 2004

17   hearing, other reliable evidence before it, and disregard to

18   the court order.  (See Exh(s) H & X at pp. 31-33.)

19   The panel noted that the ballistics evidence clearly states

20   that Petitioner was the person who shot Mr. Dixon.  (Exh. X

21   at p. 31, lns 22-24.)  It then implied, because it doesn't say

22   that Petitioner and another gun shot Mr. Dixon, Petitioner's

23   statement that he only fired the gun once or that his crimie

24   shot the victim too, demonstrates a lack of "insight into his

25   culpability." (Exh. X at 32, lns 1-26.)  Therefore, a one year

26

27   9. The documented reports and findings by the doctors corroborates
     Petitioner's testimony that both he a Canado pulled the triggers
28   simultaneously (BT at pp. 13-14), but was withheld from the proceedings.
     (See Exh. X at p. 7.)

1 | year denial was issue.

2 |     It is noteworthy to point out, that the appellate opinion

3 | referred to by the district attorney and the panel is that

4 | pertaining to Petitioner and co-defendant Vernice Rose Habbitt.

5 | (See Exh. Y.)  Defendant Scoby-Canado's trial was severed from

6 | Petitioner's and he was tried in juvenile court.  (See Exh.

7 | BT at p. 83, lns 14-19.)  Accordingly, any ballistics test

8 | performed on Canado does not appear in the appellate

9 | court opinion.  Only that of Petitioner and co-defendant Habbitt.

10 |     Thus, the deputy district attorney misstated the facts

11 | in implying that both Petitioner and co-defendant Canado were

12 | tested, and that of the two defendants, Petitioner was the only

13 | one who tested positive for gunshot residue and therefore, "as

14 | recently as last September, [Petitioner ] was not taking

15 | responsibility for the victim Mr. Dixon by claiming that his

16 | crimie was responsible for the second shot."  (See Exh. X at

17 | p. 16, lns 5-14; see also Appendix 2.)

18 |

19 |                 **Original Court Questions De Novo Review**
    **c)  In Lieu of Order to Show Cause Remedy**

20 |     In its October 24, 2005, order denying Respondent's request

21 | to modify its Order to Show Cause and directing Respondent to

22 | file a return on or before November 25, 2005, the original court

23 | once again gave Respondent an opportunity to address the

24 | evidentiary issues presented in the habeas petition.[10/]  (See

25 | Exh. J.)  The original court was particularly interested in

26 |

27 |     10.  To review the Court's reasoning for the denial of Respondent's
request for modification of the OSC, please refer to exhibit J.

28 |

                                                    Page 4(i)

"Respondent's position as to why a <u>de novo</u> hearing (on which appears to have reached a different conclusion) was necessary to correct Respondent's failure to properly record the September 24, 2004, heaing." (Exh. J at p. 1, lns 23-24 - p. 2. lns 1-2.)

Rather than filing a return countering the points made in the petition or outlined in the original Order to Show Cause, as well as the issues noted above, Respondent cite to Penal Code sections 3041(b), 3041.1 and 3042(b)-(c) for the proposition that the Board's actions was proper and asserts that the Court improperly directed Respondent to justify holding a rehearing rather than having the panel recreate their decision. (See Exh. K, at pp. 6-7, & 11.) Additionally, Respondent once again failed to analyze or discuss the relevant equities of the matter.

Given that Respondent violated the court order in (1) only incorporating a portion of the September 24, 2004 hearing transcript (Exh. X at p. 14, lns 17-19), (2) finding "that there was information that was not presented in the same manner that it was at this hearing" (Exh. X. at p. 31, lns 10-12), should the court have ordered Respondent to address why the hearing panel only incorporated a portion of the hearing transcript in violation of the court order and what information was presented in such a manner that led to a finding of unsuitability.  Thus, giving Petitioner an opportunity to dispute the information. (See Appendix 1.)

Page 4(j)

1    In light of the issues presented in the order of October
2  24, 2005, the present court exceeded its authority under section
3  1484 when it denied the petition without ordering Respondent
4  to address why the hearing panel violated the original order
5  by not incorporating the entire hearing transcript into the re-
6  hearing and what information was presented in such a manner
7  that led to a recommendation of unsuitability.

8    The original court recognized in its October 2005, order,
9  that the equities of the matter lie in the 84 page transcript
10  and that justice of the case hinged upon its entire incorporation
11  into the rehearing.  The original court made it clear that it
12  was interested in receiving a response from Respondent to the
13  question presented therein, which would provide Petitioner with an
14  opportunity to deny or controvert the facts set forth in the
15  return.

16    The original court's intention is evident, where as here,
17  the court explicitly conclude "the portions of the hearing that
18  were not recorded present evidentiary issues that may be
19  addressed in Respondent's Return.  Given the fact that the
20  transcript contains approximately eighty pages of testimony,
21  the Court remains interested in why Respondent's position as
22  to why a de novo hearing was necessary." (Exh. J, at p. 1,
23  lns 23-24 & p. 2, ln 1.)  The court would then add "one which
24  appears to have reached a different conclusion." (Exh. J, at
25  p. 2, ln 1.)

26    Accordingly, when Respondent failed to address the issues
27  specified by the court order, the present court had an obligation
28

1  to compel Respondent through the provisions of section 1484

2  to file a responsive pleading in compliance with the original

3  court order.  (See <u>Duvall</u>, supra, 9 Cal.4th at pp. 474-475.)

4  Particularly, since the well-established rule is that the process

5  by which the issues are framed for judicial review "anticipates

6  the interplay between a return filed by the people and a

7  traverse by the petitioner."  (See <u>In re Serrano</u>, (1995) 10

8  Cal.4th 447, 455; see also Appendix 1.)

9      Here, Petitioner has "identified the facts he wishe[d] to

10  dispute" (<u>Duvall</u>, supra, 9 Cal.4th at p. 485), and under habeas

11  procedure the present court had a duty to "proceed in a summary

12  way to hear such proof as may be produced against imprisonment

13  or detention."  (See Pen. Code § 1484.)  In denying the petition

14  without directing Respondent to file a return responsive to

15  the original court's order, the present court abdicated the

16  "process of defining the issues" (9 Cal.4th at p. 478), and

17  reduced Petitioner's Traverse to a "useless pleading, unable

18  to assist the court in sharpening the issues that must be

19  decided."  (See <u>Duvall</u>, supra, 9 Cal.4th at p. 479-480.)

20      Had the present court followed the rules governing habeas

21  procedures, it would have discovered that Petitioner's claim did not

22  involve the October 4, 2005, hearing (Exh. J), but that the

23  hearing was allowed to go forward to accommodate the original

24  court's equitable remedy of consolidating the "result of

25  the hearing (decision and reasoning for the decision) and the

26  transcript (statements of victim, Petitioner and/or his attorney,

27  and the deputy district attorney) thereof," with the existing

28  "transcript from the September 24, 2004 hearing."  (Exh. J.)

1      Thus, not only have the present court deprived Petitioner

2  of the only available remedy fashioned to cure the abrogation

3  of his Constitutional right to due process, but further

4  exacerbate the harm done to him by not following habeas corpus

5  procedure.  As noted by the California Supreme Court, when and

6  order to show cause has been issued, it directs the Respondent

7  to address the "claims raised in the petition and the factual

8  basis for those claims alleged in the petition." (See Duvall,

9  supra, 9 Cal.4th at p. 475, [quoting In re Clark, (1993) 5

10  Cal.4th 750, 781, fn. 16].)  It directs the "respondent to

11  address only those issues." (Ibid.)  Accordingly, the present

12  court has abused its discretion.

13      Moreover, both the present court (Exh. W at p. 4, lns

14  4-5) and the Respondent (Exh. K at p. 6, lns 19-20) asserts

15  that Sections 2450 and 2451 of the regulation is not relevant

16  in this case, because it addresses rescission hearings and that

17  the Board did not rescind the panel's finding of suitability.

18      To the contrary, where the "focus is on the findings and

19  conclusions that were central to the original panel's ultimate

20  decision to grant parole" (In re Caswell, (2002) 92 Cal.App.4th

21  1017), it has been held to be a rescission review of a parole

22  grant based on "inadequate consideration of the evidence."

23  (Id. at p. 1029; see also McQuillion v. Duncan, 306 F.3d 895,

24  904-905.)  Here, a rescission has occurred.

25      In taking advantage of the original court's granting

26  the extension requested to file a return, the October 2005 panel

27  made it clear through its actions that the hearing was

28                                          **Page 4(m)**

1  being held to determine whether an improvident grant of parole
2  had occurred at the previous hearing as a result of information
3  "not [being] presented in the same manner that it was at this
4  hearing." (Exh. X at p. 31, lns 9-14.) The panel's
5  predetermined conclusion in search of justification, is amply
6  demonstrated by its statement that it was "specifically
7  incorporating the summary of the crime from the prior
8  transcript" (id. at p. 7) and shortly thereafter acknowledging
9  that they were "to incorporate essentially the entire transcript
10  of the hearing." (Exh. X at p. 7, lns 11-12.) But had no
11  intention to do so, and as a result would "let the lawyers
12  decide what they need to do when it comes to that." (Exh. X
13  at p. 7, lns 19-21.)

14          Accordingly, the Respondent has failed to exercise
15  its discretion to reach a -- "fair and just conclusion" (Sturm,
16  supra, 11 Cal.3d at p. 268) -- and has acted fraudulently.
17  Thus, Respondent has abused its discretion and the present court
18  has failed to protect the limited right of Petitioner "to be
19  free from an arbitrary decision." (Sturm, supra, 11 Cal.3d
20  at p. 268.) Habeas procedure required more. Petitioner has
21  "a concomitant right to an available remedy." (11 Cal.3d at
22  pp. 268-269.)
23  ///
24  ///
25  ///
26
27
28

12 Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☒ Yes If yes, continue with number 13  ☐ No. If no, skip to number 15

13 a  (1) Name of court  Superior Court of California, County of Monterey.

(2) Nature of proceeding (for example "habeas corpus petition")  Habeas Corpus # 04990

(3) Issues raised  (a)  See Exhibit W.

(b) _____

(4) Result (Attach order or explain why unavailable):  See Exhibit W.

(5) Date of decision _____

b  (1) Name of court _____

(2) Nature of proceeding: _____

(3) Issues raised:  (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____

(5) Date of decision: _____

c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14 If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

N/A

16 Are you presently represented by counsel?  ☐ Yes  ☒ No  If yes, state the attorney's name and address, if known:

17 Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes  ☐ No  If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 7 / 8 / 2007                    (SIGNATURE OF PETITIONER)

# PRAYER FOR RELIEF

1)  Issue an Order to Show Cause on an expedited basis directing Respondent to file a Return pursuant to California Rules of Court, Rule §4.500;

2) Issue a Writ of Habeas Corpus;

3) Order Respondents to provide Petitioner with reasonable discovery;

4) Conduct an evidentiary hearing;

5) Declare the rights of the parties;

6) Issue an Order directing Petitioner's appearance before the Court at the hearing on this matter;

7) Issue a declatory judgment;

8) Appoint Counsel;

9) Issue an Order directing Petitioner's release n parole;

10) Direct Respondent to release Petitioner forthwith upon the granting of his release on parole;

11) Issue an Order directing Petitioner's release on his own recognizance or on a reasonable bail; and

12) Grant further and/or additional relief as may be deemed necessary in the interest of justice.


DATE: 7/8/07                                    Respectfully submitted,

                                                Fred Baker
                                                Petitioner in Pro Per

## PROOF OF SERVICE BY MAIL

(C.C.P. §§1013A, 2015.5)

STATE OF CALIFORNIA )
                      ) SS.
COUNTY OF MONTEREY )

              FRED L. BAKER (C-22918)
I, _____, am a resident of the State of California,

County of Monterey. I am over the age of 18 years and I am/XXXXXX a party to the within action.

My business/residence address is P.O. Box 689, Soledad, California, 93960-0689.

         On ___July 8,_____, 20 07___. I served the foregoing:
PETITION FOR WRIT OF HABEAS CORPUS; THREE (3) DECLARATIONS BY

PETITIONER IN SUPPORT OF WRIT.

on the parties listed below by placing a true copy thereof enclosed in a sealed envelope with postage

fully prepaid in the United States mail at Soledad, California, addressed as follows:

                                  Deputy Attorney General
                                  455 Golden Gate Ave., Suite 11000
                                  San Francisco, CA 94102-7004

         There is regular delivery service by the U.S. Postal Service between the place of mailing

and the places so addressed.

         I declare under the penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

         Executed this 8th day of July_____, 20 07___, at

Soledad, California.

                            /S/ _____

APPENDIX-1

1  Fred L. Baker
   Correctional Training Facility
2  Central Facility
   C-22918
3  P.O. Box 689, B-321
   Soledad, CA 93960-0689
4

5  Petitioner in Pro Per

6

7          IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

8                      SIXTH APPELLATE DISTRICT

9

10  In re                        )    Case No.
                                 )
11      FRED L. BAKER,           )    DECLARATION BY PETITIONER OF
                                 )    COURT ABUSING ITS DISCRETION
12                               )    IN DENYING PETITIONER'S HABEAS
                                 )    PETITION IN VIOLATION OF THE
13                               )    RULES GOVERNING HABEAS CORPUS
                                 )    PROCEDURE, PENAL CODE SECTION(S)
14  On Habeas Corpus.            )    1480 AND 1484
                                 )

15

16      I Fred L. Baker, declare:

17      1.      That it is the function of the court to discover

18  the truth of factual allegations set forth by a habeas

19  petitioner, and to provide justice by fashioning a remedy where

20  the petitioner has stated a prima facie case.

21      2.      The most important factual allegation in Petitioner's

22  habeas corpus petition were that Respondent lost the second

23  tape that contained critical information needed to complete

24  the record for review.

25      3.      That by the court failing to compel Respondent to

26  respond to the material factual allegations set forth in the

27  habeas petition, the court failed to follow the procedures that

28  govern habeas corpus proceedings of fulfilling its function

                              -1-

1  in determining what material issues are truly disputed.

2        4.      That by failing to compel Respondent to respond

3  to the factual allegations set forth in the petition, the court

4  failed its function of determining what material issues are

5  truly disputed.

6        5.      That by Respondent failing to address the factual

7  allegations of the missing tape; the statutes and regulations

8  defining the distinction between the process of reviewing the

9  record and the means of recording the hearing/decision; to

10  analyze and address the equitable remedy fashioned by the court;

11  and to follow the court order, they failed to narrow the facts

12  and issues that are truly in dispute preventing Petitioner from

13  controverting those facts.

14        6.      That by Respondent failing to address the material

15  factual allegations the return was defective in two ways; It

16  failed to fulfill its function of narrowing the facts and issues

17  to those that are truly in disput; and prevents habeas corpus

18  Petitioner from controverting those facts.

19        7.      That the goal of procedure that govern habeas corpus

20  proceedings is to provide framework in which court can discover

21  truth and do justice in timely fashion.

22        8.      That because the court did not have before it the

23  facts and issues disputed, nor these controverted, it could

24  not identify the material factual issues actually in dispute.

25  Accordingly, Petitioner did not receive a full and fair

26  determination of the material factual allegations that form

27  the basis of the habeas petition.

28

-2-

9.    That the court abused its discretion in denying Petitioner's habeas petition in not following the rules governing habeas procedure.  If sworn as a witness, I would be competent to testify to the facts contained herein this declaration because they are within my personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 8, 2007, at Soledad, California.

FRED L. BAKER
Petitioner in Pro Per

-3-

APPENDIX-2.

Fred L. Baker
Correctional Training Facility
Central-Facility
C-22918
P.O. Box 689, B-321
Soledad, CA 93960-0689

Petitioner in Pro Per

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re | ) | No. |
| | ) | |
| FRED L. BAKER, | ) | DECLARATION OF FRED L. |
| | ) | BAKER IN SUPPORT OF |
| On Habeas Corpus. | ) | WRIT OF HABEAS CORPUS |

I Fred L. Baker declare:

1. That my codefendant in Case No. CR 17643 was Vernice Rose Habbitt.

2. The only time Steven Scoby-Canado was involved in the trial proceedings is when he was called as a witness for the Prosecution against Habbitt and testified to the following: 1) his relationship with other participants; 2) they had all lived in Perris; 3) that he lived in an apartment near Wood Road in Perris with his parents, his sister defendant Habbitt and another sister; 4) that at about 4 a.m. on the night in    question he was arrested at the apartment of yet another sister; and 5) that he arrived there in a red Vega and that the first time he saw the red Vega was on Wood Road.   Thereafter

-1-

1   he refused to answer any further questions and the court found

2   him in contempt.

3       3.   That Steven Scoby-Canado was adjudicated as a juvenile

4   in the Juvenile Court system.

5       4.   That at no point in the Appellate decision for case

6   no. CR 17643 or case no. 4 Crim 12415 does it state that Steven

7   Scoby-Canado and I were tested for gunshot residue and only

8   my test came back positive for gunshot residue.

9       5.   That codefendant Early Ferris admitted that defendant

10  Scoby-Canado also shot Mr. Dixon.

11      6.   That ballistics test indicated that only one of the

12  two bullets recovered from Mr. Dixon was tested due to damage.

13  If sworn as a witness, I would be competent to testify to the

14  facts contained herein because they are within my personal

15  knowledge.

16      I declare under penalty of perjury that the foregoing is

17  true and correct and that this declaration was executed on

18  July 8 , 2007, at Soledad, California.

19

20

21  _____

22  FRED L. BAKER
    Petitioner in Pro Per

23

24

25

26

27

28

APPENDIX-3.

1  Fred L. Baker
   Correctional Training Facility
2  Central-Facility
   C-22918
3  P.O. Box 689, B-321
   Soledad, CA 93960-0689
4

5  Petitioner in Pro Per

6

7          IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

8                   SIXTH APPELLATE DISTRICT

9

10 In re                          )    Case No.
                                  )
11    FRED L. BAKER,              )    DECLARATION BY PETITIONER OF
                                  )    RESPONDENT'S FAILURE TO FOLLOW
12                                )    THE RULES GOVERNING HABEAS
                                  )    CORPUS PROCEDURE DENYING
13                                )    PETITIONER A FULL AND FAIR
                                  )    DETERMINATION OF THE FACTUAL
14                                )    ALLEGATIONS THAT FORM THE BASIS
   On Habeas Corpus.             )    OF THE HABEAS PETITION
15 _____)

16         I Fred L. Baker, declare:

17         1.    The most important factual allegation in

18 Petitioner's habeas corpus petition were that Respondent lost

19 the second tape that contained the critical information needed

20 to complete the record for review.  If sworn as a witness, I

21 would be competent to testify to the facts contained herein

22 because they are within my personal knowledge.

23         2.    That Respondent has the burden of producing the

24 record.

25         3.    That Respondent has failed to satisfy its burden

26 of producing the record.

27         4.    That Respondent failed to address the factual

28 allegations of the missing tape.

                              -1-

5.      That Respondent failed to address the statutes and regulations defining the distinction between the process of reviewing the record and the means of recording the hearing/ decision.

6.      That Respondent failed to analyze and address the equitable remedy fashioned by the court.

7.      That Respondent failed to follow the court order.

8.      That because of Respondent's failure to follow the rules that govern habeas procedure by not responding, Petitioner did not receive a full and fair determination of the factual allegations that form the basis of the habeas petition.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July _8_ , 2007, at Soledad, California.

FRED L. BAKER
Petitioner in Pro Per

-2-