1  Frederick L. Baker
   Correctional Training Facility
2  C-22918 / B-321
   P.O. Box 689
3  Soledad, CA 93960-0689

4  Petitioner in Pro Se

**FILED** 

JUL 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FREDERICK LEE BAKER,<br><br>    Petitioner,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>    Respondent. | No. C 07-06289 CW (PR)<br><br>PETITIONER'S NOTICE OF<br>OPPOSITION AND OPPOSITION<br>TO RESPONDENT'S MOTION TO<br>DISMISS ON PROCEDURAL<br>GROUNDS; AND MEMORANDUM OF<br>POINTS AND AUTHORITIES |

TO DENISE A. YATES, COUNSEL OF BEN CURRY, WARDEN,

PLEASE TAKE NOTICE that Petitioner Frederick Lee Baker, a prisoner at the Correctional Training Facility in Soledad, California, moves this Court to deny the Motion to Dismiss, pursuant to 28 U.S.C § 2254 and Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts, on grounds that he is in custody in violation of the Constitution, he has exhausted all state court remedies, the factual disputes were not resolved in the State court, he did not receive a full, fair, and adequate hearing in the State court proceeding, and

-1-

**ORIGINAL**

1   he was otherwise denied due process of law in the State court
2   proceeding.  This notice is based on the notice and opposition,
3   the supporting memorandum of points and authorities, the
4   petition for writ of habeas corpus, exhibits, the Court records
5   in this action, and other such matters properly before this
6   Court.

7                            **INTRODUCTION**

8       On March 19, 2008, this Court issued an Order directing
9   Respondent to Show Cause why a writ of habeas corpus should not
10  be issued.  Respondent was instructed to either file with the
11  Court and serve upon Petitioner an Answer conforming in all
12  respects to Rule 5 of the Rules Governing Section 2254 cases, or
13  in lieu of an Answer, to file a motion to dismiss on procedural
14  grounds as set forth in the Advisory Committee Notes to Rule 4
15  of the Rules Governing Section 2254 cases.  Respondent chose the
16  latter, and on July 11, 2008 filed a motion to dismiss.

17      This Court should deny respondent's motion to dismiss
18  because 1) Petitioner's claims are cognizable under federal law,
19  2) all claims have been fully exhausted in all three state
20  courts prior to filing in this Court, and 3) Petitioner did not
21  receive a full, fair, and adequate hearing in the state courts.
22  Accordingly, the Court should deny Respondents motion to dismiss
23  and direct respondent to file with this Court and serve upon
24  Petitioner, an Answer conforming in all respects to Rule 5 of
25  the Rules Governing Section 2254 cases, showing cause why a writ
26  of habeas corpus should not be issued.
27
                                  -2-
28

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2

3     **I.  RESPONDENT ERR IN ASSERTING THAT PETITIONER
          DOES NOT ALLEGE A FEDERAL QUESTION**

4      Respondent contends that "claims one and two of the

5  Petition should be dismissed because they do not allege a

6  federal question." See Motion to Dismiss, p. 2. Respondent's

7  contentions are belied by the record before this Court.

8  For example, claim one ask:

9          "Was Petitioner deprived due process of law when the
           State court concluded contrary to 'clearly established'

10         United States Supreme court precedent that Petitioner
           has no liberty interest in parole and then denied

11         Petitioner's claim without any evidentiary support
           in the record tending to establish the Board of Parole

12         Hearings' allegation that the decision portion of the
           hearing could not be transcribed?"

13
    See Pet. at p. 1. Liberally construed, the allegation is
14
    sufficient to warrant federal review. See U.S. Const., Amend.
15
    XIV, § 1 (holding that "no state shall deprive any person of
16
    life, liberty or property without due process of law").
17
       In McQuillion v. Duncan, 306 F.3d 895 (9th Cir. 2002), the
18
    Ninth Circuit held that "'clearly established' Federal Law, as
19
    determined by the Supreme Court of the United States' provides
20
    that California prisoners⌐]have a cognizable liberty interest in
21
    release on parole." Id. at p. 900. The Court went on to
22
    explain that the "governing rule in this area was articulated by
23
    the Supreme Court in Greenholtz v. Inmates of Nebraska Penal,
24
    442 U.S. 1, 60 L.Ed.2d 668, 99 S.Ct.2100 (1979), and Board
25
    of Pardons v. Allen, 482, U.S. 369, 96 L.Ed.2d 303, 107 S.Ct.
26
    2415 (1987)." See McQuillion, supra, 306 F.3d at p. 900; see
27
                                -3-
28

1  also <u>Biggs v. Terhune</u>, 334 F.3d 910, 915 (9th Cir. 2003) (noting
2  that "[t]he liberty interest is created, not upon the grant of
3  a parole date, but upon the incarceration of the inmate").  The
4  Ninth Circuit further added in <u>Irons v. Carey</u>, 505 F.3d 864
5  (9th Cir. 2007), that a prisoner's due process rights are
6  violated if the Board's decision is not supported by "some
7  evidence in the record," or is "otherwise arbitrary."  <u>Id.</u>
8  at p. 851; see also <u>Sass v. California Bd. of Prison Terms</u>,
9  461 F.3d 1123, 1128-1129 (9th Cir. 2006), citing <u>Superintendent</u>
10 <u>v. Hill</u>, 472 U.S. 445, 457 (1985).

11      Here, the first two claims of the petition challenges the
12 superior court's decision as involving an unreasonable applicat-
13 ion of firmly established United States Supreme Court precedent
14 and an unreasonable determination of the facts in light of the
15 record.  As reflected in the superior court's order, after
16 "review[ing] all documents filed in the case" (Pet's Ex. W at
17 p. 3) the superior court disregarded the "some evidence"
18 standard articulated in <u>Hill</u>, and concluded contrary to Supreme
19 Court authority that "Petitioner did not have a liberty interest
20 in [parole]."  See Pet's Ex. W at pp. 3-6; <u>McQuillion</u>, supra,
21 306 F.3d at pp. 901-902.  Further, by failing to correctly
22 apply the "some evidence" standard to the facts of this case,
23 the court allowed an arbitrary board decision to deprive
24 Petitioner of his concomitant right to an available remedy.
25 Resp't's Ex. 1 at p. 22; Ex. 6 at p. 4(c).

26      Respondent cite to <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68
27 (1991) for the proposition that "Federal habeas relief is not
28                              -4-

1 available to 'reexamine state-court determinations on state-law
2 questions.'" See Motion to Dismiss, p. 2. However, this case
3 is not applicable to the issues before this Court because
4 Petitioner did not challenge the superior court's interpreta-
5 tion of state law. Consequently, Respondent's reliance on
6 McGuire is misplaced. Similarly, Respondent's reliance on
7 Pulley v. Harris, 465 U.S. 37, 41 (1984), is also misplaced.
8 Like McGuire, Harris has no effect when applied to Petitioner's
9 case. In fact, the Harris, Court ruled that a writ may issue
10 "if it is found that ⌈the] prisoner is in custody 'in violation
11 of the constitution or laws or treaties of the United States.'"
12 Harris, supra, 465 U.S. at 41. Such as those at issue here.

13      Respondent's final effort on the federal question front is
14 to cite Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996),
15 for the proposition that "a habeas petitioner may not transform
16 a state law issue into a federal one merely by asserting a due
17 process violation." Motion to Dismiss, p. 2. However, on this
18 record, not only has it been Petitioner's position from the
19 very beginning, -- "that the issue is not based on the alleged
20 malfunction of the recording equipment, but rather, on a lost or
21 missing tape," (Resp't's Ex. 6 at 3(h)) -- but also, the superior
22 court agreed with him on this point when it admonished that "⌈n]o
23 mandate is set forth requiring a rehearing ⌈disapproval/
24 rescission] where, as here, the recording equipment malfunctions
25 of staff simply neglects to produce all tapes for transcription.⌉
26 Pet's Ex. N at p. 2. Accordingly, Respondent's reliance on
27 Langford is misplaced.

28                                    -5-

Because California law creates a federally protected liberty interest in parole, in which board decisions must be supported by "some evidence" in the record, claims one and two are cognizable under federal law. Thus, Respondent's Motion to Dismiss should be denied.

## II. RESPONDENT ERR IN ASSERTING THAT PETITIONER'S DUE PROCESS CLAIMS IS UNEXHAUSTED

Respondent based his non-exhaustion argument on two claims he contends Petitioner did not raise "in his habeas petition filed in the appellate court." Motion to Dismiss, p. 4, lns 1-7. Respondent do not allege that the factual claims made by Petitioner have change. Instead, Respondent complains that Petitioner did not exhaust the available state court remedies with respect to his claims that "the Board violated his due process rights by finding him unsuitable for parole solely because the entire transcript was unable to be transcribed" and that "the state court determined that he did not have a liberty interest in parole." Id

Respondent err. The fundamental nature of the Due Process clause claim is based on the fact that the Board arbitrarily overturned Petitioner's finding of suitability[1] and that the superior court upheld the determination without there being any evidentiary support in the record.

---

1. The Honorable Marla O. Anderson, Monterey Superior Court Judge' Order of June 6, 2004 address this due process claim for relief. See Pet's Ex. N. at p. 2.

1    In Bland v. California Depart. of Corrections, 20 F.3d 1469

2 (9th Cir. 1994), the Ninth Circuit Court of Appeals held that:

3        "[i]n order to satisfy the exhaustion requirement,
         the petitioner must have presented the substance of
4        his federal claim to the state courts."

5 Id. at p. 1473.  The Court went on to explain that a federal

6 claim "is fairly presented if the petitioner has described the

7 operative facts and legal theories upon which his claim is

8 based."  Id. at p. 1473; see also Tamapua v. Shimoda, 796 F.2d

9 262, 262 (9th Cir. 1986).

10    Respondent rely on a number of well known cases for his

11 non-exhaustion argument, Rose v. Lundy, 455 U.S. 509, 510 (982),

12 William v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972), Johnson

13 v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996), Kim v. Villalobos,

14 799 F.2d 1317, 1318 (9th Cir. 1986) and even evoke the AEDPA

15 ("[An application shall not be deemed to have exhausted the

16 remedies...] 'if he has the right under the law of the State to

17 raise, by any available procedure, the question presented.'

18 28 U.S.C. § 2254(c).)"  See Motion to Dismiss, at p. 3.  But

19 these cases and section 2254(c) are not at issue.

20    In his state petitions, not only did Petitioner present the

21 operative facts in both the California Court of Appeal and the

22 Supreme Court, but he also presented the substance of his

23 federal habeas claims to those courts.  Specifically, in both

24 Courts he argued that on September 24, 2004, he was found

25 suitable for parole by the Board of Parole Hearings and granted

26 a parole date (Resp't's Ex. 1 at p. 4; Ex. 6 at p. 3), and that

27

28

-7-

1  shortly thereafter the Board rescinded the parole grant due to
2  an alleged "malfunction of the recording equipment." Id. He
3  further argued that the Board had deprived him of his constitut-
4  ional right to due process when it disapproved and rescinded its
5  finding of suitability based solely on the fact that the Board
6  lost the tape containing the decision portion of the hearing.
7  Resp't's Ex. 1 at pp. 4, 10, 24-26; Ex. 6 at pp. 3(b), 3(h),
8  4-4(a), 4(c).

9       After the petition was denied in the superior court,
10  Petitioner submitted a petition for writ of habeas corpus in
11  the appellate court (Resp't's Ex. 6), followed by a petition for
12  review in the Supreme Court (Resp't's Ex. 1), giving those
13  Courts a full and fair opportunity to address the substance of
14  his claims.  In the petitions, Petitioner challenged, inter
15  alia, the superior court's finding that he "did not have a
16  liberty interest in the ⌐parole⌐ decision."  Particularly, he
17  argued that the reasoning of the court not only flies in the
18  face of Ninth Circuit law, but also repudiates California
19  Supreme Court precedent which expressly provides that "prisoners
20  possess a liberty interest in connection with parole decisions
21  rendered by the Board."  Resp't's Ex. 1 at pp. 24-25.  Thus,
22  Petitioner argued, the superior court had deprived him of "the
23  only available remedy fashioned to cure the abrogation of his
24  Constitutional right to due process."  Resp't's Ex. 1 at p. 22;
25  Ex. 6, p. 4(m).  Contrary to Respondent's contention, Petitioner
26  has fulfilled the exhaustion requirement as it relates to this
27  claim.

28                              -8-

With respect to Respondent's contention that Petitioner did not raise his claim -- "that the state court determined that ⌈he⌉ did not have a liberty interest in parole" (Motion to Dismiss, p. 4) -- in his habeas petition filed in the appellate court, a review of the record clearly shows that Petitioner makes essentially the same arguments in both California courts. It appears that Respondent takes exception to the wording of the claim, rather than its substance. Namely, that Petitioner did not invoke the phrase "liberty interest." See Motion to Dismiss, p. 4. Nevertheless, as found by the Ninth Circuit, "⌈a⌉lthough a prisoner⌉ did not invoke the talismanic phrase '⌈liberty interest⌉' in state proceedings, ⌈the⌉ state prisoner will not be denied access to the federal courts⌈.⌉" <u>Tamapua</u>, supra, 796 F.2d at p. 263; see also 28 U.S.C. § 2254(d)(1)-(3).

As to the manner in which the claims were presented, the Circuit Court explained that "⌈a⌉ habeas petitioner may, however, reformulate the claims made in the state court; exhaustion requires only that the substance of the federal claim be fairly presented." <u>Id.</u>, at p. 262. Petitioner submits, on this record the operative facts and legal theory upon which his claims are based have been presented to both state courts, and therefore, the state courts had a full and fair opportunity to address the substance of Petitioner's claims. <u>Tamapua</u>, supra, 796 F.2d at p. 263; <u>Bland</u>, supra, 20 F.3d at pp. 1472-73. Thus, the exhaustion requirements have been satisfied. Respondent's contention to the contrary is wholly without support.

-9-

## CONCLUSION

For all the reasons expressed herein, this Court should deny Respondent's motion to dismiss and direct Respondent to file with this Court and serve upon Petitioner, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 cases, showing cause why a writ of habeas corpus should not be issued.  The Court should also reiterat its directive concerning "extensions of time."

Dated: 7/23/08

Respectfully submitted,

FREDERICK L. BAKER
Petitioner in Pro Se

-10-

## IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

FREDERICK LEE BAKER,

    Petitioner,

    v.

BEN CURRY, Warden,
Correctional Training Facility

    Respondent.

)  No. C07-06289 CW (PR)
)
)  **CERTIFICATE OF SERVICE**
)
)
)
)
)
)
)
)
)

    I, the undersigned, hereby certify that I am a resident of the State of California, County of Monterey. I am over the age of 18 years and a party to the within action. My business/residence address is P.O. Box 689, Soledad, California, 93960-0689.

    On _7/23_, 2008. I caused to be served the attached **PETITIONER'S NOTICE OF OPPOSITION AND OPPOSITION TO RESPONDENT'S MOTION TO DISMISS ON PROCEDURAL GROUNDS; AND MEMORANDUM OF POINTS AND AUTHORITIES** by placing a true and correct copy thereof enclosed in a sealed envelope with postage therefore fully prepaid in the internal mail collection system at the Correctional Training Facility at P.O. Box 689, Soledad, CA 93960-0689, addressed as follows:

          **Denise A. Yates**
          **Deputy Attorney General**
    **455 Golden Gate Avenue, Suite 11000**
          **San Francisco, CA 94102-7004**

    I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on _July 23_, 2008, at Soledad, California.

_____
    Frederick Lee Baker
        Declarant

_____
        Signature