EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JESSICA N. BLONIEN
Supervising Deputy Attorney General
DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5531
  Fax:  (415) 703-5843
  Email:  Denise.Yates@doj.ca.gov
Attorneys for Respondent Ben Curry, Warden at the
Correctional Training Facility
SF2008401142

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FREDERICK LEE BAKER,<br><br>                    Petitioner,<br><br>    v.<br><br>BEN CURRY, WARDEN,<br><br>                    Respondent. | No. C 07-06289 CW (PR)<br><br>**RESPONDENT'S REPLY TO OPPOSITION TO MOTION TO DISMISS** |

      This Court should dismiss prisoner Baker's habeas petition because Baker's first two claims do not allege a federal question and even if they do, Baker did not exhaust claims one and three in the state courts before filing this Petition. Specifically, Baker's first and second claims challenge the actions of the state court in applying state law, which do not warrant federal habeas relief. And although Baker appears to have raised his first and second claims in his petition for review to the California Supreme Court, he did not raise them in his appellate court habeas petition that the supreme court reviewed. By not presenting these claims to all of the state courts, these claims are unexhausted. *Casey v. Moore*, 386 F.3d 896, 916-18 (9th Cir. 2004). Baker's

1  contentions in opposition are without merit, and this Court should grant Respondent's Motion to
2  Dismiss.

3        Baker's contentions regarding his first claim are without merit because his challenge to
4  the superior court's order does not allege a federal question. The issue the superior court decided
5  was whether Baker's due process rights were violated because the Board ordered a rehearing of a
6  hearing that was unable to be completely transcribed. Citing California law, the superior court
7  concluded that the Board ordering a rehearing did not violate Baker's due process rights because
8  Baker does not have a due process liberty interest in a preliminary decision. (Pet., Ex. W at 3-6.)
9  In his federal Petition, Baker challenges the superior court's order as it is written, but tries to
10 convert it into a federal question by arguing that he has a generic federal liberty interest in parole
11 and that the superior court's decision was not supported by "some evidence." (Opp'n 3-6; Pet.,
12 Mem. of P. & A. 10-14.) Assuming that the some-evidence judicial standard of review applies in
13 the parole context, it has only been found to apply when the court is evaluating the factors the
14 executive decisionmaker relied on to deny parole, which is not the issue here. *E.g., Sass v. Cal.*
15 *Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006). And Baker cites no clearly
16 established United States Supreme Court law reflecting that he has a federally protected liberty
17 interest in having some evidence support the Board's factual conclusion that a parole
18 consideration hearing was unable to be completely transcribed. (Opp'n 3-6; Pet., Mem. of P. &
19 A. 14-15.) Accordingly, this Court should dismiss this claim for failing to allege a federal
20 question.

21       Similarly, Baker fails to validly explain how his second claim alleges a federal question.
22 (See Opp'n 3-6.) In his second claim, Baker contends the state court's denial of relief without
23 requiring respondent to file a return reflects that the state court did not resolve or adequately
24 develop the factual dispute. (Pet. 18-19.) But again, Baker does not cite any clearly established
25 United States Supreme Court law requiring the state court to order the respondent to file a return,
26 or that failing to do so violates federal due process. (See Opp'n 3-6; Pet., Mem. of P. & A. 17-
27 24.) Moreover, Baker cites to section 2254 of title 15 of the California Code of Regulations to
28 support his claim. (Pet., Mem. of P. & A. 20-22.) Accordingly, this Court should also dismiss

1 this claim for failing to allege a federal question.

2   Finally, if this Court finds that claim one raises a federal question, claims one and three are unexhausted because Baker did not raise them in his state appellate court petition. Baker contends that he fairly presented the claims to the state appellate court because he asserted the factual bases for them and the "fundamental nature of the Due Process clause claim" was evident. (Opp'n 6.) Baker's contentions are not well founded. Only once in his state appellate court petition does Baker allege any federal law and in that instance, it was only to support his position that his parole had been rescinded, which not an issue here. (Mot. to Dismiss, Ex. 2 at 4(m).) Nor does Baker ever allege in his state court petition that his liberty interest in parole was violated. (*See generally* Mot. to Dismiss, Ex. 2.) Moreover, Baker alleged two very specific claims based on state law in his state appellate court petition, and he alleges three very specific claims, at least citing to federal law in this Petition. (Mot. to Dismiss, Ex. 2 at 3(h), 4(b); Pet., Mem. of P. & A 10-20, 24-25, 27-32.)

   Further, Baker's reliance on two Ninth Circuit cases is tenuous. In *Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1472-73, *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1024-25 (9th Cir. 2000), the court found that the habeas petitioner had exhausted his claim that the state court had improperly denied his motion to discharge his counsel because the petitioner had "presented the identical federal claim to the California appellate courts." And in *Tamapua v. Shimode*, 796 F.2d 262, 262 (9th Cir. 1986), the court found that the petitioner had exhausted his state claim because it was "essentially the same" as the claim he presented in his federal petition. But based on *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam), the Ninth Circuit has recognized that the "essentially the same" language of *Tamapua* has been overruled. *Johnson v. Zenon*, 88 F.3d 828 (9th Cir. 1996). The *Henry* Court reasoned:

   > State courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

28 513 U.S. at 365-66. Baker's claims are unexhausted because nowhere in his state appellate

---

Resp't's Reply to Opp'n to Mot. to Dismiss

*Baker v. Curry*
No. C 07-06289 CW (PR)

3

petition did he assert that he was alleging a federal constitutional violation. Accordingly, this Court should dismiss this mixed Petition.

In summary, based on this reply and Respondent's Motion to Dismiss, this Court should find that claims one and two do not allege a federal question, and even if this Court finds that claim one alleges a federal question, claims one and three are unexhausted. Accordingly, this Court should dismiss these claims or this mixed Petition.

Dated: August 12, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JESSICA N. BLONIEN
Supervising Deputy Attorney General

DENISE A. YATES
Deputy Attorney General

Attorneys for Respondent Ben Curry, Warden at the Correctional Training Facility

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **Baker v. Curry**

No.:  **C 07-06289 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 12, 2008**, I served the attached

### RESPONDENT'S REPLY TO OPPOSITION TO MOTION TO DISMISS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Frederick Lee Baker, C-22918**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 12, 2008**, at San Francisco, California.

|  |  |
|---|---|
| J. Palomino | *J. Palomino* |
| Declarant | Signature |

20131483.wpd