1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JENNIFER A. NEILL
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5741
     Fax: (415) 703-5843
8    Email: Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent Ben Curry, Warden at the
   Correctional Training Facility

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FREDERICK LEE BAKER,**<br><br>                     Petitioner,<br><br>     v.<br><br>**BEN CURRY, WARDEN,**<br><br>                     Respondent. | C 07-06289 CW<br><br>**RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge:    The Honorable<br>             Claudia Wilken |

### INTRODUCTION

Petitioner Fred L. Baker moved this Court for injunctive relief requiring the Board of Parole Hearings[1/] to refrain from destroying worksheets used by the Board during parole consideration

---

1. The proper respondent in this action is Warden Ben Curry. *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (holding that the warden where the petitioner is incarcerated is the proper respondent); Rule 2(a), 28 U.S.C. § 2254. Baker's Motion for Preliminary Injunction, however, is directed at the Board of Parole Hearings, including several Board commissioners (all of whom have been served except Sandra Maciel), and appears to allege that they should be bound by the preliminary injunction because they are in "active concert or participation" regarding Baker's allegation that the rehearing of his 2004 parole hearing violated his federal due process rights. *See* Fed. R. Civ. Proc. 65(d)(2). Accordingly, because the actions complained of concern the Board's

1 hearings until the parole hearing is transcribed.[2] Baker wants to prevent the Board from destroying these worksheets so that they can be used to recreate a parole hearing that is unable to be transcribed. Baker is not entitled to a preliminary injunction because he cannot satisfy the equitable requirements for such relief.

## ARGUMENT

### I.

### BAKER IS NOT ENTITLED TO A MANDATORY PRELIMINARY INJUNCTION BECAUSE HE IS UNABLE TO SATISFY THE EQUITABLE REQUIREMENTS FOR SUCH RELIEF.

To obtain a preliminary injunction, the movant must show either: 1) a combination of probable success on the merits and the possibility of irreparable injury; or serious questions as to these matters and the balance of hardships tips sharply in plaintiff's favor. *Department of Parks & Rec. for State of Calif v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006). Preliminary injunctions that are mandatory (*i.e.*, require a party to act) are subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party. *Dahl v. HEM Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993). Judicial restraint is especially called for in dealing with "the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 519 (8th Cir. 1995)(quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). The court should afford great deference to the expertise of prison officials. *See, e.g., Procunier v. Martinez*, 416 U.S. 396, 404-05 (1974) (*overruled on different grounds in Thornburgh v. Abbott*, 490 U.S. 401 (1989). Here, Baker has proved none of the requirements entitling him to injunctive relief.

//

//

---

procedures, the Board of Parole Hearings is used interchangeably with Respondent in this Opposition to Preliminary Injunction for convenience only.

2. The underlying issue in Baker's Petition is a decision by the Decision Review Unit of the Board of Parole Hearings that Baker's September 24, 2004 parole consideration hearing must be reheard because the entire parole consideration hearing transcript could not be transcribed.

Resp't's Opp. to Pet'r's Mot. for Preliminary Injunction

*Baker v. Curry*
C 07-06289 CW

2

**A. Baker Has Not Shown a Likelihood of Success on the Merits.**

Baker has not — and cannot — show a likelihood of success on the merits.[3] Baker's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), prohibiting the federal court from granting a writ of habeas corpus unless the state court's adjudication was either: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding." 28 U.S.C. § 2254(d)(1-2) (2000). Baker cannot show that he is entitled to relief under this standard.

First, Baker's Petition is partially predicated on state law and is not cognizable in federal habeas corpus. 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975); *Gutierrez v. Griggs*, 695 F.2d 1195, 1197-98 (1983). Specifically, his Petition fails to implicate a federal claim because it is based on his construction of the state statutes and regulations regarding the Board's procedures for ordering a rehearing and the manner in which the state courts handled and decided Baker's state habeas petitions. (*See generally*, Pet., Resp't's Mot. to Dismiss.) Indeed, a federal court may not challenge a state court's interpretation or application of state law, *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985), or grant relief "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Moreover, Baker cannot show a likelihood of success on the merits because there is no United States Supreme Court law mandating that the Board retain parole hearing records created in determining a prisoner's parole suitability. Likewise, there is no United States Supreme Court law requiring that the Board recreate its parole decision based on these documents if the hearing cannot be transcribed. Indeed, the state court rejected Baker's claims, concluding that his 2004 hearing transcript was incomplete and that it would be inappropriate to order the Board panel to recreate their decision based on an incomplete transcript, insufficient written documents, and the

---

3. Respondent filed a Motion to Dismiss Baker's Petition for failing to allege a federal question and for failing to exhaust all his current federal claims in the state courts.

1  Board panel's independent recollection. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991)
2  (federal court looks to the last reasoned state court decision as the basis for the state court
3  judgment); (Ex. A, Sup. Ct. Order 4.) Specifically, the court found that the 2004 hearing
4  transcript did not include closing statements by Baker, his attorney, or the district attorney, and
5  did not contain the victim's statement or the Board panel's findings and reasons for granting
6  Baker parole — all of which are required by California law. (*Id.* at 4-5.) In addition, the court
7  noted that having the panel members recreate their decision granting parole based on the
8  incomplete transcript, other existing documents, and their independent recollection would not
9  cure the fact that the entire transcript was not recorded as required by law and thus, the Board
10 panel's decision was not available for proper review by the public, Board, or Governor. (*Id.* at
11 5.) Accordingly, because the state courts' decision was not contrary to United States Supreme
12 Court law nor an unreasonable determination of the facts in light of the evidence presented,
13 Baker's Petition will fail on the merits.

14       Finally, contrary to Baker's assertions, there is no evidence that it is illegal for the Board to
15 destroy worksheets used during parole consideration hearings. Indeed, the retention of these
16 document is irrelevant: the state courts determined that recreating the parole hearing from
17 written documents and <u>not</u> ordering a rehearing would have been contrary to California law and
18 public policy. (Ex. A.)

19       Thus, based on the foregoing reasons, it is legally impossible for Baker to succeed on the
20 merits and his request for a preliminary injunction should be denied.

21       **B.   Baker Has Not Alleged Facts Demonstrating the Possibility of Immediate and Irreparable Injury.**
22

23       Baker has failed to allege facts demonstrating how he will be immediately and irreparably
24 harmed if his request for a preliminary injunction is not granted. To the extent he seeks relief for
25 the Board's destruction of its worksheets in 2004, and its failure to recreate the hearing based on
26 those documents, his claim is moot: the Board has already provided Baker with a new parole
27 hearing that the state courts have determined is consistent with California state law. (Ex. A);
28 *Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308 (5th Cir. 1997); *City of Los Angeles v. Lyons*,

Resp't's Opp. to Pet'r's Mot. for Preliminary Injunction                              *Baker v. Curry*
                                                                                      C 07-06289 CW

461 U.S. 95, 102 (1983) (plaintiff seeking injunctive relief based on an alleged past wrong must show that there is a real or immediate threat that he will be wronged again). In fact, Baker's delay in filing this Motion — nearly four years after the rehearing — suggests that such an injunction is unnecessary because there is no immediate, irreparable harm.

Likewise, to the extent Baker wants to prohibit the Board from destroying the worksheets in the future, his claim is speculative. In order for an injunction to issue, Baker must produce evidence of an actual injury — speculative or potential future injuries are not sufficient. *Lyons*, 461 U.S. at 102; see also, e.g., *Goldie's Bookstore v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984). Here, there is no evidence that the Board will be unable to transcribe Baker's future parole hearings. Moreover, even assuming that the Board retains the worksheets, the state courts concluded that under California law, these incomplete documents are insufficient to recreate a hearing that cannot be transcribed. Recreation of the hearing would not cure the fact that the entire transcript would not be recorded as required by law; nor would it allow the Board panel's decision to be available for review by the public, Board, or Governor. (*See* Arg. I.A.) Accordingly, Baker has not proved he will be immediately and irreparably harmed.

### C. Baker Has Not Alleged "Serious Questions" of Federal Law.

Baker has not alleged serious questions of federal law. As previously noted, Baker's claim is partially predicated on state law and not cognizable in federal habeas corpus. Moreover, the state courts have already determined that the worksheets used by the Board panel are insufficient to recreate a parole hearing that cannot be completely transcribed. (Ex. A.) Thus, because the state courts decision is proper under AEDPA, Baker has not alleged any "serious questions" of federal law and has not shown any overriding potential for success on the merits.

### D. Baker Has Not Proved that the Balance of Hardships Tips Sharply in His Favor.

Baker has not proved that the balance of hardships tips sharply in his favor. Baker's hardship is that his 2004 parole hearing, in which he was granted parole, was disapproved of because the hearing transcript was incomplete. During rehearing, the Board panel determined he was not yet suitable for parole and denied him parole for one year. However, maintaining the

Resp't's Opp. to Pet'r's Mot. for Preliminary Injunction

*Baker v. Curry*
C 07-06289 CW

Board's worksheets from the 2004 hearing would not have changed the outcome — the Board was required to conduct a rehearing, and relying on the worksheets would have been insufficient to fulfill the Board's statutory requirement that the hearing transcripts be made available to the public, include public opposition to parole, and be subject to different levels of executive review. (Ex. A.) Likewise, Baker was not served an injustice. As noted by the state court, he was aware that the panel's decision finding him suitable for parole was not a final decision and was subject to further review. (Ex. A at 6.)

Conversely, were Baker's Motion to be granted, requiring the Board to maintain the hearing worksheets and perhaps, compelling the Board to rely on these documents to recreate the hearing, would force the Board to act contrary to California law and inconsistently with public policy. (Ex. A.) Such reliance is perverse considering that the paramount concern when determining whether someone is suitable for parole is ensuring public safety. Requiring the reviewers of the hearing to rely on the panel's re-created version of a significant part of the hearing, including its decision and reasoning, would be antithetical to ensuring that the soundness of the panel's decision.

Accordingly, the balance of the hardships weighs significantly against Baker and he has failed to prove he is entitled to a preliminary injunction

## II.

**EVEN IF THE PRELIMINARY INJUNCTION IS GRANTED, ITS EFFECT IS LIMITED UNTIL THE FINAL RESOLUTION OF THE CASE.**

A preliminary injunction remains in effect until the final resolution of a case. *Fundicao Tupy S.A. v. United States*, 841 F.2d 1101, 1103 (Fed. Cir. 1988). To obtain a permanent injunction, a complaint must expressly request such relief. Fed. R. Civ. Proc. 8(a)(3); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1155 (5th Cir. 1992.) Here, Baker did not request a permanent injunction in his Petition. (*See generally*, Pet.) Thus, even if a

Resp't's Opp. to Pet'r's Mot. for Preliminary Injunction                                   Baker v. Curry
                                                                                             C 07-06289 CW

6

preliminary injunction is granted, its effect does not last beyond the resolution of this case.[4]

## CONCLUSION

Baker has failed to substantiate his requests for a preliminary injunction. As such, this Court should deny Baker's motion.

Dated: August 19, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JENNIFER A. NEILL
Supervising Deputy Attorney General

AMANDA J. MURRAY
Deputy Attorney General
Attorneys for Respondent

20131404.wpd
SF2008401142

---

4. If this Court grants the preliminary injunction, Respondent respectfully requests that Baker give "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. Proc. 65(c).

Resp't's Opp. to Pet'r's Mot. for Preliminary Injunction

*Baker v. Curry*
C 07-06289 CW

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Baker v. Curry**

No.:   **C 07-06289 CW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 19, 2008**, I served the attached

**RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Frederick Lee Baker, C-22918**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **August 19, 2008**, at San Francisco, California.

_____J. Palomino_____           _____/s/ J. Palomino_____
        Declarant                              Signature

20132836.wpd