# EXHIBIT A

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MONTEREY

**FILED**
JUN 0 1 2007
LISA M. GALDOS
CLERK OF THE SUPERIOR COURT
_____ DEPUTY
S. GARSIDE

In re

Fred L. Baker                    ) Case No.: HC 4990
                                 ) ORDER
                                 )
On Habeas Corpus.                )

The background of the petition is as follows.

Petitioner is currently incarcerated at the Correctional Training Facility (CTF) in Soledad.

On September 24, 2004, the Board of Prison Terms (now Board of Parole Hearings) hearing panel found Petitioner suitable for parole.

On November 30, 2004, the Decision Review Unit recommended that the September 24, 2004 hearing be disapproved and that a rehearing be conducted on the next available calendar. The then-chief counsel of the Board, Terry Farmer, endorsed the Decision Review Unit's recommendation. On December 14, 2004, the en banc Board voted to disapprove the proposed decision of September 24, 2004 to grant parole and to schedule a rehearing of the Petitioner's subsequent parole consideration hearing on the next available calendar.

On January 27, 2005, Petitioner filed a petition for writ of habeas corpus, claiming that the Board violated his due process rights when the Board ordered that his September 24, 2004 parole suitability hearing be reheard because the hearing could not be entirely transcribed.

On March 25, 2005, the court requested an informal response from the Attorney General's Office (Respondent). The court ordered that Petitioner may file a reply.

On July 28, 2005, Respondent filed an informal response.

On August 10, 2005, Petitioner filed a reply.

On August 23, 2005, the court issued an Order to Show Cause.

1

1  On October 4, 2005, a panel consisting of the same members who granted Petitioner parole on September 24, 2004 conducted the rehearing. Petitioner waived his appearance at the rehearing, but his counsel was present. Petitioner was denied parole for one year.

On October 7, 2005, Respondent filed a letter with the court, advising the court that Petitioner's subsequent parole suitability hearing was held on October 4, 2005 and that the panel denied Petitioner parole for one year.

On October 24, 2005, the court denied Respondent's request that the court modify its Order to Show Cause. The court ordered Respondent to file a return on or before November 25, 2005. The court further ordered that Petitioner may file a denial on or before December 16, 2005.

On November 28, 2005, Respondent filed a return. On December 23, 2005, Petitioner filed a denial.

Subsequently, Petitioner filed a motion to amend the denial and a request for judicial notice and Respondent filed an opposition and objection.

On March 8, 2006, Petitioner filed a response to Respondent's opposition to request for judicial notice and a response to Respondent's objection.

On June 5, 2006, the court found that the petition contained pleading defects which must be corrected. The court granted Petitioner leave to amend or supplement his petition by addressing facts and theories relevant to the Board's decision which were not expressly or implicitly raised in the petition.

On July 10, 2006, Petitioner filed an amended/supplemental petition.

On August 5, 2006, Respondent filed a request for clarification and, if appropriate, the issuance of an order to show cause.

On November 20, 2006, the court issued an order to show cause.

1    Petitioner's subsequent parole consideration hearing was scheduled for December 19, 2006, but it was postponed at Petitioner's request because of the instant petition.

Respondent was granted an extension of time to file a supplemental return by January 8, 2007. Subsequently, the court, on its own motion, granted Respondent an extension of time to file a supplemental return within 30 days from January 5, 2007.

On February 1, 2007, the court denied Petitioner's "Motion to Grant Relief Requested in Petition for Writ of Habeas Corpus."

On February 7, 2007, Respondent filed a return to the amended/supplemental petition.

Thereafter, Petitioner was granted an extension of time to file a supplemental denial on or before March 30, 2007. On March 29, 2007, Petitioner filed a supplemental denial.

The court has reviewed all documents filed in this case.

The court finds that the Board did not lose jurisdiction to preside over Petitioner's rehearing under the time limits of sections 2041, 2042, 2044 and 2451 of title 15 of the California Code of Regulations and Penal Code section 3041(b). The Decision Review Unit found that the September 24, 2004 hearing was not in accordance with the law because a significant portion of the transcript was unable to be transcribed. In order to comply with the law, the Decision Review Unit recommended that the September 24, 2004 decision be disapproved and a rehearing be scheduled. (See Cal. Code Regs., tit. 15, §2042 [including that *an error of law* is a basis for disapproving a decision].) On November 30, 2004, Daniel Moeller signed the recommendation on behalf of the Decision Review Unit, and the then-chief counsel of the Board, Terry Farmer, endorsed the Decision Review Unit's recommendation on the same day. On December 14, 2004, the en banc Board considered the findings of the Decision Review Unit and ordered that the panel decision be disapproved and a rehearing be scheduled. Thus, the panel's September 24, 2004 decision did not become final on January 22, 2005. (Pen. Code, §3041(b).) The sixty-day limit of section 2044 of the regulations does not apply to this case

because a hearing panel member did not request that the en banc Board consider this case. (Cal. Code Regs., tit. 15, §2044(a).) The decision to hold a rehearing was the result of the normal decision review process. (Return, Exhibits 3-4.) Section 2042 of the regulations does not provide a time limit during which the Board must act. Section 2451 of the regulations also does not provide a time limit and is not relevant because it addresses rescission hearings.

The court notes that Petitioner is not responsible for his September 24, 2004 parole suitability hearing being transcribed in part only.

Nevertheless, the court finds that Petitioner's 2004 parole suitability hearing record is insufficient. The hearing transcript is incomplete and *written documents* relating to the hearing are insufficient. It would be inappropriate to order the panel to recreate their decision recommending parole based on the incomplete transcript, insufficient written documents and their independent recollection. The transcript of the 2004 hearing did not contain the statements by the victim and the panel's findings and reasoning for granting Petitioner parole. In addition, Petitioner and/or his attorney, as well as the deputy district attorney, likely gave a closing statement that was not included in the transcript. The Board could not effectively fulfill the statutory requirement that the hearing transcripts be made available to the public and be subject to different levels of review with such an incomplete transcript. Aside from the incomplete transcript, the only existing written documents relating to Petitioner's 2004 parole suitability hearing are BPT1001 (Life Prisoner Hearing Decision Face Sheet), The Board's Miscellaneous Decision dated December 20, 2004, BPT 1000 (Life Prisoner Consideration Worksheet) and BPT1005 (Life Prisoner: Parole Consideration Proposed Decision). Respondent has shown that it would be impossible to recreate the September 24, 2004 panel decision granting parole based on the incomplete transcript and other *existing* documents (See Declarations of Debra Levorse and Sandra Maciel). Regardless of whatever consultation the Board may have had with the commissioners, having the panel members recreate the decision granting parole based on the

incomplete transcript, other existing documents and their independent recollection would not cure the fact that the entire transcript was not recorded as required by law.

The court notes that in another inmate (Inmate Freddy Fikes)'s case the panel's decision was recreated based on the decision work sheet that was fortuitously retained and reflected the panel's reasoning. However, the instant case is distinguishable from Freddy Fikes' case. Fikes' parole suitability hearing was held *in 1992*, the documents relating to Fikes' parole suitability hearing do not reveal what part of Fikes' hearing was unable to be transcribed, and the errata sheet was an available alternative because the *decision worksheet containing the decision and reasoning for the decision was retained*. In Petitioner's case, his parole suitability hearing took place in 2004, no decision worksheet containing the decision and reasoning for the decision was retained, and the significant portion of the hearing was unable to be transcribed.

Petitioner's due process rights were not violated when the Board ordered that his parole suitability hearing be reheard. The law requires that the entire hearing be recorded and transcribed. The victim, the district attorney, and the defendant must have an opportunity to voice their opinions. See Pen. Code, §§3043(b), 3042(a), 3041.5(a)(2). The transcript must be available to the public (Pen. Code, §3042(b)), and it must include the findings and reasons supporting the decision (Pen. Code, §3042(c)). The Board (Pen. Code, §3041(b)) and the Governor (Pen. Code, 3041.1) must be able to competently review the panel's decision. The hearing transcript omitted any further questions by the deputy district attorney, the panel, or Petitioner's counsel. As also discussed above, the transcript did not contain the statements by the victim and the panel's findings and reasoning for granting Petitioner parole. During its mandatory review, Daniel Moeller of the Decision Review Unit recommended that because the transcript was incomplete, the Board should disapprove the September 24, 2004 decision granting parole and schedule a rehearing. Terry Farmer, the then-chief counsel of the Board, endorsed the Decision Review Unit's recommendation. A new hearing is appropriate if there

was an error of law or fact, or based on new information. Cal. Code Regs., tit. 15, §2042. If the chief counsel recommends that a new hearing should be held, a new hearing will not be ordered unless a majority of the Board sitting en banc votes to do so. Pen. Code, §3041(b). The Board sitting en banc considered the *findings and recommendation* of the Decision Review Unit, and voted to disapprove the September 24, 2004 proposed decision and schedule a rehearing. Moreover, the panel's parole grant was a preliminary decision subject to review by the Board and the Governor, and Petitioner did not have a due process liberty interest in a preliminary decision. The panel notified Petitioner on multiple documents that its decision was a proposed decision, it was not final, and it would be reviewed.

The tentative decision granting parole was reviewed and *a rehearing was held*. Upon further review, the same panel concluded that public safety concerns required finding Petitioner unsuitable for parole.

In light of the foregoing, the petition is denied.

IT IS SO ORDERED.

Dated: 6-1-07

Hon. Jonathan R. Price
Judge of the Superior Court

# CERTIFICATE OF MAILING

## C.C.P. SEC. 1013a

I do hereby certify that I am not a party to the within stated cause and that on ___JUN 0 1 2007___ I deposited true and correct copies of the following document:

ORDER in sealed envelopes with postage thereon fully prepaid, in the mail at Salinas, California, directed to each of the following named persons at their respective addresses as hereinafter set forth:

Michael Herro, Attorney at Law
111 West Alisal St
Salinas, CA 93901

Denise A. Yates, DAG
Office of the Attorney General
455 Golden Gate Ave, Suite 11000
San Francisco, CA 94102-7004

Dated: JUN 0 1 2007

LISA M. GALDOS,
Clerk of the Court

By: _____
Deputy   S. GARSIDE